Regina S.E. Murphy (NJ Bar No. 031712010)
BARNES & THORNBURG, LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel:   (302) 300-3434
Fax:   (302) 300-3456
Email: gigi.murphy@btlaw.com

Charles M. Denton (*pro hac vice* application pending)
BARNES & THORNBURG, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:   (616) 742-3974
Fax:   (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant, Flint Group Incorporated*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>Plaintiff,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC.; 3M COMPANY; A.E. STALEY MANUFACTURING COMPANY; AKZO NOBEL COATINGS, INC.; ALDEN LEEDS INC.; ALLIANCE CHEMICAL INC.; AMERICAN INKS & COATINGS CORPORATION; APOLAN INTERNATIONAL, INC.; ARKEMA INC.; ASHLAND LLC; ATLANTIC RICHFIELD COMPANY; ATLAS REFINERY, INC.; AVENTISUB LLC; BASF CATALYSTS LLC; BASF CORPORATION; BATH IRON WORKS CORPORATION; BENJAMIN MOORE & CO.; BEROL CORPORATION; BORDEN & REMINGTON CORP.; CAMPBELL FOUNDRY COMPANY; CANNING GUMM LLC; CBS CORPORATION; CHARGEURS WOOL (USA) INC.; CHARGEURS, INC.; CHEMTRADE CHEMICALS CORPORATION; CLEAN EARTH OF NORTH JERSEY, INC.; CNA HOLDINGS LLC; COATS & CLARK INC.; CONOPCO, INC.; COOPER INDUSTRIES, LLC; COVANTA ESSEX CO.; CRODA INC.; | Civil Action No.: 2:18-cv-11273-JLL-JAD<br><br>**ANSWER AND ADDITIONAL DEFENSES OF DEFENDANT FLINT GROUP INCORPORATED** |

| | |
|---|---|
| CURTISS-WRIGHT CORPORATION; DARLING INGREDIENTS INC.; DII INDUSTRIES, LLC; E.I. DU PONT DE NEMOURS AND COMPANY; EDEN WOOD CORPORATION; ELAN CHEMICAL CO., INC.; EMERALD KALAMA CHEMICAL, LLC; ENPRO INDUSTRIES, INC.; ESSEX CHEMICAL CORPORATION; EVERETT SMITH GROUP LTD.; FLINT GROUP INCORPORATED; FORT JAMES LLC; FOUNDRY STREET CORPORATION; FOUNDRY STREET DEVELOPMENT, LLC; FRANKLIN-BURLINGTON PLASTICS, INC.; GARFIELD MOLDING COMPANY, INC.; GENERAL ELECTRIC COMPANY; GIVAUDAN FRAGRANCES CORPORATION; GOODRICH CORPORATION; HARRIS CORPORATION; HEXCEL CORPORATION; HEXION INC.; HOFFMANN-LA ROCHE, INC.; HONEYWELL INTERNATIONAL, INC.; HOUGHTON INTERNATIONAL INC.; INGREDION INCORPORATED; INNOSPEC ACTIVE CHEMICALS LLC; INX INTERNATIONAL INK CO.; ISP CHEMICALS LLC; JOHNSON & JOHNSON; KALAMA SPECIALTY CHEMICALS, INC.; KEARNY SMELTING & REFINING CORP.; LEEMILT'S PETROLEUM, INC.; LEGACY VULCAN, LLC; MALLINCKRODT LLC; MARATHON OIL CORPORATION; MCKESSON CORPORATION; MELON LEASING CORPORATION, INC.; MELTSER-TONNELE AVENUE LLC; MI HOLDINGS, INC.; NAPPWOOD LAND CORPORATION; NATIONAL-STANDARD LLC; NEWELL BRANDS INC.; NOKIA OF AMERICA CORPORATION; NOVARTIS CORPORATION; NOVELIS CORPORATION; NOVEON HILTON DAVIS, INC.; OTIS ELEVATOR COMPANY; PABST BREWING COMPANY, LLC; PALIN ENTERPRISES L.L.C.; PFISTER URBAN RENEWAL CORPORATION; PHARMACIA LLC; PITT-CONSOL CHEMICAL COMPANY; PMC GLOBAL, INC.; PPG INDUSTRIES, INC.; | |

| | |
|---|---|
| PUBLIC SERVICE ELECTRIC AND GAS COMPANY; PURDUE PHARMA TECHNOLOGIES, INC.; QUALA SYSTEMS, INC.; QUALITY CARRIERS, INC.; R. T. VANDERBILT HOLDING COMPANY, INC.; RECKITT BENCKISER LLC; REVERE SMELTING & REFINING CORPORATION; REXAM BEVERAGE CAN COMPANY; ROSELLE MAUSOLEUM MAINTENANCE FUND, INC.; ROYCE ASSOCIATES, A LIMITED PARTNERSHIP; RTC PROPERTIES, INC.; SAFETY-KLEEN ENVIROSYSTEMS COMPANY; SCHIFFENHAUS PACKAGING CORPORATION; SEQUA CORPORATION; SETON COMPANY, INC.; SPECTRASERV, INC.; STALEY HOLDINGS LLC; STANLEY BLACK & DECKER INC.; STWB INC.; SUN CHEMICAL CORPORATION; SUNOCO (R&M), LLC; SUNOCO PARTNERS MARKETING & TERMINALS L.P.; TATE & LYLE INGREDIENTS AMERICAS LLC; TEVAL CORPORATION; TEXTRON, INC.; THE HARTZ MOUNTAIN CORPORATION; THE NEWARK GROUP, INC.; THE OKONITE COMPANY, INC.; THE SHERWIN-WILLIAMS COMPANY; TIFFANY AND COMPANY; UNITED STATES STEEL CORPORATION; WIGGINS PLASTICS, INC.; AND ZENECA INC.<br><br>     Defendants | |

## ANSWER AND ADDITIONAL DEFENSES
## OF DEFENDANT FLINT GROUP INCORPORATED

NOW COMES Defendant Flint Group Incorporated, by and through its counsel of record Barnes & Thornburg LLP, and for its Answer to Plaintiff's Complaint, paragraph by paragraph, states as follows:

1 – 33: The allegations in Paragraphs 1 through 33 do not pertain to this Defendant directly, and are therefore neither admitted nor denied for lack of information sufficient to form a

3

belief as to the truth thereof.  To the extent such allegations constitute conclusions of law, no answer is required.

34 – 44: The conclusions of law contained in Paragraphs 34 through 44 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

45 – 50: Being conclusions of law, Paragraphs 45 through 50 on jurisdiction and venue require no answer.  Any remaining allegations are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

51 – 173: The allegations in Paragraphs 51 through 173, other than Paragraph 94, do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.  Furthermore, the allegations in **Paragraph 94** are denied as untrue, as this Defendant is not a Michigan corporation and does not maintain its principal place of business in East Lansing, Michigan; and Defendant affirmatively states that Flint Group Incorporated is now known as Flint CPS Inks Holdings LLC of Texas.

174 – 200: The allegations in Paragraphs 174 through 200 do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.  To the extent such allegations constitute conclusions of law, no answer is required.

201. To the extent the allegations contained in Paragraph 201 regarding the Central Steel Drum ("CSD") property state conclusions of law, no answer is required.  This Defendant specifically denies that it "contracted for the disposal or treatment of hazardous substances at the CSD Property" as untrue.  Any and all remaining allegations contained in this paragraph are

neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

202 – 226: The allegations in Paragraphs 202 through 226 do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

227 - 228: The conclusions of law contained in Paragraphs 227 through 228 require no answer.  This Defendant specifically denies any responsibility for the alleged "releases of dieldrin" into the Lower Passaic River.  Any and all further allegations in these paragraphs do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

229 – 270: The conclusions of law contained in Paragraphs 229 through 270 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

**CAUSES OF ACTION**

**COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)**

271.    Defendant incorporates by reference its Answers to Paragraphs 1 through 270 above as if fully set forth therein.

272.    The conclusions of law contained in Paragraph 272 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

273.    The conclusions of law contained in Paragraph 273 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all

further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

274. The conclusions of law contained in Paragraph 274 require no answer. Defendant specifically denies that Plaintiff is entitled to proceed pursuant to CERCLA Section 107(a) as a responsible party. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

**COUNT II: CERCLA CONTRIBUTION UNDER SECTION 113(f)(1) and 113(f)(3)(B)**

275. Defendant incorporates by reference its Answers to Paragraphs 1 through 274 above as if fully set forth therein.

276. The conclusions of law contained in Paragraph 276 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

277. The conclusions of law contained in Paragraph 277 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

278. The conclusions of law contained in Paragraph 278 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

279. The conclusions of law contained in Paragraph 279 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

280. The conclusions of law contained in Paragraph 280 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

281. The conclusions of law contained in Paragraph 281 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

## COUNT III: CERCLA DECLARATORY JUDGMENT

282. Defendant incorporates by reference its Answers to Paragraphs 1 through 281 above as if fully set forth therein.

283. The conclusions of law contained in Paragraph 283 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

284. The conclusions of law contained in Paragraph 284 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

285. The conclusions of law contained in Paragraph 285 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

286. The conclusions of law contained in Paragraph 286 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

287. The conclusions of law contained in Paragraph 287 require no answer. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

WHEREFORE, Defendant Flint Group Incorporated respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant Flint Group; award Defendant Flint Group its attorneys' fees and costs for having to defend this action; and award Defendant such further and other legal and equitable relief as this Court deems just and proper.

## ADDITIONAL DEFENSES

NOW COMES Defendant Flint Group Incorporated, by and through its attorneys Barnes & Thornburg LLP, and for its Additional Defenses to Plaintiff's Complaint hereby states as follows:

1. The Complaint fails to state a claim against Flint Group upon which relief can be granted.

2. The claims asserted in the Complaint are barred in whole or in part by the applicable statutes of limitations, statute of repose and/or laches.

3. The Complaint is barred in whole or in part by Defendant's contribution protection pursuant to CERCLA Section 113(f)(2).

4. The Plaintiff is barred from recovering some or all costs alleged in the Complaint because, upon information and belief, the costs allegedly incurred by the Plaintiff were not reasonable, necessary and/or consistent with the National Contingency Plan.

5. Upon information and belief, the claims under CERCLA are barred insofar as the Plaintiff seeks to recover costs, expenses and damages other than response costs or for responsive activity, as such terms are defined by CERCLA.

6. The Plaintiff is barred from recovering some or all of the costs alleged in the Complaint because, upon information and belief, Plaintiff has failed to properly mitigate its damages or to take reasonable steps to prevent its damages.

7. Flint Group's acts did not cause any of the injuries, costs or damages of which the Plaintiff now complains; therefore, no liability exists on the part of Flint Group for any such injuries, costs or damages.

8. In the alternative, in the event Flint Group is found to be liable for response costs or response activity costs alleged by the Plaintiff, Flint Group should be liable only for its proportionate share of such costs because the harms alleged by the Plaintiff are distinct and reasonably capable of division, and because there is a reasonable basis for determining the contribution of each party to the alleged harm or harms.

9. Plaintiff's claims against Flint Group are barred insofar as they are the result of intervening and superseding acts and omissions of Plaintiff and/or third-parties over whom Flint Group had no control or due to an Act of God.

10. Plaintiff is barred from recovering some or all of the costs alleged in the Complaint because (a) such costs were caused by acts or omissions of a third-party other than an employee or agent of Flint Group or one with a contractual relationship with Flint Group; (b) Flint Group exercised due care with respect to any alleged hazardous substances concerned; and (c) Flint Group took precautions against foreseeable acts or omissions of any third-party and the consequences that could foreseeably result from such acts or omissions.

11. Flint Group is not liable under CERCLA because there is no evidence that any hazardous substance allegedly generated by it was disposed of, released or threatened to be released at the site.

12. To the extent that Plaintiff has received payments of its claimed costs from others, the full amount of such payments should be credited to reduce the costs that the Plaintiff seeks to recover against Flint Group.

13. Plaintiff has failed to join all parties whose presence is needed for a just adjudication.

14. Plaintiff's claims are barred based upon its own contributory negligence.

15. Plaintiff is not entitled to relief to the extent it failed to exercise due care with respect to, or take reasonable steps to respond to, the releases or threatened releases of hazardous substances alleged in the Complaint.

16. Plaintiff's claims are barred by application of the equitable doctrines of waiver, estoppel and/or unclean hands.

17. Plaintiff's claims are barred by prior release or settlement.

18. Flint Group reserves the right to assert and rely on any additional defenses as may become available or apparent through discovery and during the course of this action.

WHEREFORE, Defendant Flint Group Incorporated respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant Flint Group; award Defendant Flint Group its attorneys' fees and costs for having to defend this action; and award Defendant such further and other legal and equitable relief as this Court deems just and proper.

| | |
|---|---|
| Dated:  September 11, 2018 | BARNES & THORNBURG LLP |
| | /s/      *Regina S.E. Murphy*<br>Regina S.E. Murphy (NJ Bar No. 031712010)<br>1000 N. West Street, Suite 1500<br>Wilmington, DE 19801<br>Tel:    (302) 300-3434<br>Fax:   (302) 300-3456<br>Email: gigi.murphy@btlaw.com |
| | Charles M. Denton (*pro hac vice* application pending)<br>171 Monroe Avenue N.W., Suite 1000<br>Grand Rapids, MI 49503-2694<br>Tel:    (616) 742-3974<br>Fax:   (616) 742-3999<br>Email: charles.denton@btlaw.com |
| | *Attorneys for Defendant, Flint Group Incorporated* |

## CERTIFICATE OF SERVICE

I, Regina S.E. Murphy, hereby certify that on this 11th day of September, 2018, I caused a copy of the **Answer and Additional Defenses of Defendant Flint Group Incorporated** to be served on counsel of record for Plaintiff via email and first class mail pursuant to the Court's Order of July 25, 2018 (Dkt. No. 12).

*/s/ Regina S.E. Murphy*
Regina S.E. Murphy

DMS 13220443v3