Chiesa Shahinian & Giantomasi PC
One Boland Drive
West Orange, NJ  07052
973.325.1500
Attorneys for Defendant
PALIN ENTERPRISES, LLC

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>    Plaintiff,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC., ET AL.,<br><br>    Defendant. | Civil Action No. 2:18-CV-11273-JLL-JAD<br><br>**PALIN ENTERPRISES, LLC'S ANSWER TO PLAINTIFF OCCIDENTAL CHEMICAL CORPORATION'S COMPLAINT WITH AFFIRMATIVE DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS** |

Defendant Palin Enterprises, LLC, ("Palin") by and through its attorneys, Chiesa Shahinian & Giantomasi PC, by way of Answer to the specific allegations in the Complaint of Plaintiff Occidental Chemical Corporation ("Plaintiff"), hereby responds as follows:

### GENERALLY

Palin denies each and every allegation contained in the Complaint that is not otherwise herein addressed, including, without limitation, any allegations concerning the relief sought in Counts I, II, III, and all headings and titles used in the Complaint.

### I.    INTRODUCTION

1 – 13.        To the extent that the allegations in Paragraphs 1 through 13 seek to set forth the purported history of the Passaic River or relate to other parties, no answer is required.

7774354.1

To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 1 through 13 of the Complaint.

## II.     HISTORY OF THE DISPUTE

14 – 36.          To the extent that the allegations in Paragraphs 14 through 36 seek to set forth the purported history of the dispute regarding the liability of OxyChem or relate to other parties, no answer is required.  To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 14 through 36 of the Complaint.

## III.     EIGHT CONTAMINANTS OF CONCERN DRIVE EPA'S SELECTED REMEDY AT THE SITE, AND EVERY PARTY THAT RELEASED ANY COC MUST PAY ITS FAIR SHARE OF THE RESPONSE COSTS

37 – 44.          To the extent that the allegations in Paragraphs 37 through 44 reference documents other than the Complaint, those documents speak for themselves, and any inaccuracies or misrepresentations thereof are denied.  To the extent that the allegations in Paragraphs 37 through 44 relate to other parties, no answer is required.  To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 37 through 44 of the Complaint.

## IV.     JURISDICTION AND VENUE

45 – 50.          To the extent that the allegations in Paragraphs 45 through 50 relate to other parties, no answer is required.  To the extent that an answer is required, Palin admits that the District Court has jurisdiction over it and that venue is properly laid in the District of New Jersey.  Palin denies the remaining allegations contained in Paragraphs 45 through 50 of the Complaint.

## V.    PARTIES

51 – 132.        To the extent that the allegations in Paragraphs 51 through 132 relate to other parties, no answer is required.  To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 51 through 132 of the Complaint.

133.        Palin admits that it is a limited liability company organized under the laws of the State of New Jersey with its principal place of business at 235 Park Avenue, South, 8th Floor, New York, New York.

134 - 173.        To the extent that the allegations in Paragraphs 134 through 173 relate to other parties, no answer is required.  To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 134 through 173 of the Complaint.

## VI.    ALLEGATIONS AGAINST INDIVIDUAL PARTIES BY PRIMARY COC

174 – 223.        To the extent that the allegations in Paragraphs 174 through 223 relate to other parties, no answer is required.  To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 174 through 223 of the Complaint.

224.        Palin admits that:

    a.        From 1959 to 1981, it maintained a master leasehold interest in the real property located at 25 Belgrove Drive and 60-65 Passaic Avenue, a/k/a Block 1, Lots 9, 10 and 11; Block 14, Lots 3 and 4 on the tax map of Kearny, New Jersey (the "Property").

    b.        During the period of its master leasehold Palin never operated at the Property itself.

3

7774354.1

        c.      During the period of its master leasehold, manufacturing activity at the Site included the manufacturing of aluminum products by American Modern Metals.

        d.      PAHs have been detected at the Property in historic fill.

Palin denies the remaining allegations contained in Paragraph 224. To the extent that Paragraph 224 contains Plaintiff's conclusions of law, no answer is required. To the extent that this paragraph is deemed to express facts, the allegations are denied.

225 – 270.     To the extent that the allegations in Paragraphs 225 through 270 relate to other parties, no answer is required. To the extent that an answer is required, Palin denies each of the allegations in Paragraphs 225 through 270 of the Complaint.

## VII.   CAUSES OF ACTION

### COUNT I: CERCLA Cost Recovery Under Section 107(a)

271.     Palin incorporates by reference its responses and denials as asserted in Paragraphs 1 through 270 as if fully set forth herein.

272.     Paragraph 272 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required. To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

273.     Paragraph 273 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required. To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

274.     Paragraph 274 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required. To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

4

WHEREFORE, Palin demands judgment, dismissing the Complaint and all claims therein with prejudice, to enter judgment against Plaintiff and in favor of Palin, to award Palin its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

## COUNT II: CERCLA Contribution Under Sections 113(f)(1) and 113(f)(3)(B)

275.        Palin incorporates by reference its responses and denials as asserted in Paragraphs 1 through 274 as if fully set forth herein.

276.        Paragraph 276 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

277.        Paragraph 277 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

278.        Paragraph 278 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

279.        Paragraph 279 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

280.        Paragraph 280 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

5

281.          Paragraph 281 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

**WHEREFORE**, Palin demands judgment, dismissing the Complaint and all claims therein with prejudice, to enter judgment against Plaintiff and in favor of Palin, to award Palin its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

### COUNT III: CERCLA Declaratory Judgment

281.          Palin incorporates by reference its responses and denials as asserted in Paragraphs 1 through 281 as if fully set forth herein.

282.          Paragraph 282 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

283.          Paragraph 283 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

284.          Paragraph 284 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

285.          Paragraph 285 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

7774354.1

286.        Paragraph 286 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

287.        Paragraph 287 of the Complaint contains Plaintiff's conclusions of law and therefore no answer is required.  To the extent that this paragraph is deemed to allege facts against Palin, the allegations are denied.

**WHEREFORE**, Palin demands judgment, dismissing the Complaint and all claims therein with prejudice, to enter judgment against Plaintiff and in favor of Palin, to award Palin its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint fails to state a claim against Palin, in whole or in part, upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff has not incurred recoverable response costs.

### THIRD AFFIRMATIVE DEFENSE

If Palin is found liable to Plaintiff, its liability is limited because the injury is divisible from injuries that are attributable to other parties, and, therefore, Palin's liability is several.

7774354.1

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Palin fail because Palin does not fall within any of the four classes of potentially responsible parties under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a).

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because Plaintiff's costs are not necessary costs under CERCLA.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the alleged costs are not consistent with the National Contingency Plan.

## SEVENTH AFFIRMATIVE DEFENSE

Any and all damages allegedly sustained, or to be sustained, by Plaintiff are the result of acts or omissions of third parties over whom Palin had no control.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Palin shall be reduced and/or offset by any settlements entered into by Plaintiff with any other potentially responsible party.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Palin are barred because they seek costs that would violate the restrictions on double recovery.

## TENTH AFFIRMATIVE DEFENSE

Plaintiff's claims against Palin, in whole or in part, are barred by the applicable statutes of limitations and/or statutes of repose and/or other applicable law, rule, statute, or regulation controlling or regulating the time by which a suit must be commenced.

8

7774354.1

## ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff failed to join necessary parties needed for a just adjudication of the claims asserted in this action, in whose absence complete relief cannot be accorded the existing parties.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by reason of the equitable doctrines of laches, release, waiver, estoppel, and unclean hands.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its failure to properly mitigate damages.

## FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because the damages are a result of federal or state permitted releases.

## FIFTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, because they seek costs beyond costs allowed for under CERCLA.

## SIXTEENTH AFFIRMATIVE DEFENSE

If Palin is found liable to Plaintiff, which it denies, such activities resulting in liability were de minimis and not the cause of any damages or injuries alleged to have been sustained by Plaintiff.

## SEVENTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, to the extent they seek to recover costs incurred prior to the effective date of CERCLA.

7774354.1

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because neither the Site nor the Property are "facilities" as defined in CERCLA section 101(9), 42 U.S.C. § 9601(9).

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there was no release or threatened release of hazardous substances at Site that caused the EPA or OxyChem to incur response costs.

### TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because there was no release or threatened release of hazardous substances at the Site that caused and/or threatened to cause contamination of soil, surface water or groundwater resources at, upon, or under the Lower Passaic River Study Area.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

If Palin is found liable to Plaintiff, which it denies, its liability is limited to its fair, equitable, and proportionate share of the response costs incurred, taking into account: (a) the liability and prior and subsequent conduct of the Plaintiff and other defendants/third-party defendants in the action; and (b) Palin's rights to set-off and/or recoupment.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Palin hereby incorporates by reference all affirmative defenses raised by any other defendant to the extent those defenses respond to allegations of the Complaint as similar to those addressed to Palin except to the extent such defenses would shift liability to Palin.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are limited and/or barred by the application of the Entire Controversy Doctrine and/or other issue preclusion principles of Law or Equity.

7774354.1

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Palin reserves the right to assert any affirmative defenses that may become available between now and the time that judgment, if any, is rendered in this action. **WHEREFORE**, Palin demands judgment, dismissing the Complaint and all claims therein with prejudice, to enter judgment against Plaintiff and in favor of Palin, to award Palin its costs and attorney's fees in defending this action, and such other relief as the Court deems proper and just.

## COUNTERCLAIMS

Palin, by way of its Counterclaims against Plaintiff, states as follows:

## JURISDICTION AND VENUE

1.       The Counterclaims set forth herein arise out of the same transactions and occurrences that are set forth in the Complaint.

2.       If jurisdiction is proper with respect to the Complaint, it is proper with respect to Palin for the purpose of these Counterclaims.

3.       If venue is proper with respect to the Complaint, it is proper with respect to Palin for the purpose of these Counterclaims.

## FIRST COUNTERCLAIM

### Contribution Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9613(f)(1)

4.       Palin repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

5.       CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

7774354.1

6.        CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in CERCLA sections 101(23), (24), and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and CERCLA section 101(6), 42 U.S.C. § 9601(6).

7.        Plaintiff is a "person" as defined in CERCLA section 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

8.        To the extent that the Site is found to be a "facility" as defined in CERCLA section 101(9), 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances upon, or adjacent to the Site is found to have resulted in a "release," or "threatened release," of a hazardous substance, as these terms are defined in CERCLA section 101(22), 42 U.S.C. § 9601(22), which release has caused, continues to cause, and/or threatens to cause contamination of soil, surface water, or groundwater resources at, upon, or under OU2, then Plaintiff, as the entity that released, discharged, and/or disposed and/or arranged for the treatment or disposal of hazardous substances, as defined under CERCLA section 101(14), 42 U.S.C. § 9601(14), is liable pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a), for response costs and damages, incurred at the Site consistent with the National Contingency Plan ("NCP").

9.        Pursuant to CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), in the event Palin is held liable in connection with the Site, Palin is entitled to contribution from Plaintiff for all or part of the response costs and damages Palin has incurred or may incur with regard to the Site.

7774354.1

10.        Pursuant to CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), Palin is entitled to a declaration that Plaintiff is liable to Palin for all or part of the response costs and damages which Palin has incurred or may incur in connection with the Site.

**WHEREFORE**, Palin requests that this Court:

a.        Order Plaintiff to reimburse Palin for Plaintiff's share of any judgment, damages, natural resource damages, costs, legal fees or any other expenses, with interest, relating to the claims asserted in the Complaint.

b.        Enter declaratory judgment against Plaintiff for Plaintiff's share of any judgment, damages, natural resource damages, costs, legal fees or any other expenses that Palin has incurred or may incur in the future relating to the claims asserted in the Complaint;

c.        Award Palin any such other relief as this Court deems just and appropriate.

## SECOND COUNTERCLAIM

### Cost Recovery Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)

11.        Palin repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

12.        Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that any person who is liable or potentially liable under CERCLA section 107(a) is jointly and severally liable for any necessary costs of response incurred by any other person consistent with the NCP.

13.        Plaintiff is potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

7774354.1

14.     The harm at issue in the Complaint is divisible and capable of apportionment.

15.     To the extent Palin incurs any response costs, past or future, in connection with the Site, Palin is entitled to recover such costs from Plaintiff pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).

**WHEREFORE**, Palin requests that this Court:

a.     Order Plaintiff to reimburse Palin for any judgment, damages, natural resource damages, costs, legal fees or any other expenses, with interest, relating to the claims asserted in the Complaint.

b.     Enter declaratory judgment against Plaintiff for any judgment, damages, natural resource damages, costs, legal fees or any other expenses that Palin has incurred or may incur in the future relating to the claims in the Complaint;

c.     Award Palin any such other relief as this Court deems just and appropriate.

## CROSS-CLAIMS

Palin, by way of its Cross-claims against Co-Defendants, states as follows:

## JURISDICTION AND VENUE

1.     The Cross-claims set forth herein arise out of the same transactions and occurrences that are set forth in the Complaint.

2.     If jurisdiction is proper with respect to the Complaint, it is proper with respect to Palin for the purpose of these Cross-claims.

3.     If venue is proper with respect to the Complaint, it is proper with respect to Palin for the purpose of these Cross-claims.

7774354.1

## FIRST CROSS-CLAIM

### Contribution Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9613(f)(1)

4.       Palin repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

5.       CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

6.       CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in CERCLA sections 101(23), (24), and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and CERCLA section 101(6), 42 U.S.C. § 9601(6).

7.       Co-Defendants are "persons" as defined in CERCLA section 101(21) and 107(a) of CERCLA, 42 U.S.C. §§ 9601(21) and 9607(a).

8.       To the extent that the Site is found to be a "facility" as defined in CERCLA section 101(9), 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances upon, or adjacent to the Site is found to have resulted in a "release," or "threatened release," of a hazardous substance, as these terms are defined in CERCLA section 101(22), 42 U.S.C. § 9601(22), which release has caused, continues to cause, and/or threatens to cause contamination of soil, surface water, or groundwater resources at, upon, or under the Site, then Co-Defendants, as the entities that released, discharged, and/or disposed and/or arranged for the treatment or disposal of hazardous substances, as defined under CERCLA section 101(14), 42 U.S.C. § 9601(14), are liable

7774354.1

pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a), for response costs and damages, incurred at the Site consistent with the National Contingency Plan ("NCP").

9.          Pursuant to CERCLA section 113(f)(1), 42 U.S.C. § 9613(f)(1), in the event Palin is held liable in connection with the Site, Palin is entitled to contribution from Co-Defendants for all or part of the response costs and damages Palin has incurred or may incur with regard to the Site.

10.          Pursuant to CERCLA section 113(g)(2), 42 U.S.C. § 9613(g)(2), Palin is entitled to a declaration that Co-Defendants are liable to Palin for all or part of the response costs and damages which Palin has incurred or may incur in connection with the Site.

**WHEREFORE**, Palin requests that this Court:

a.          Order Co-Defendants to reimburse Palin for Co-Defendants' share of any judgment, damages, natural resource damages, costs, legal fees or any other expenses, with interest, relating to the claims asserted in the Complaint.

b.          Enter declaratory judgment against Co-Defendants for Co-Defendants' share of any judgment, damages, natural resource damages, costs, legal fees or any other expenses that Palin has incurred or may incur in the future relating to the claims asserted in the Complaint;

c.          Award Palin any such other relief as this Court deems just and appropriate.

## SECOND CROSS-CLAIM

### Cost Recovery Pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. § 9607(a)

11.          Palin repeats and realleges the allegations set forth in the preceding paragraphs as if fully set forth herein.

7774354.1

12.          Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides that any person who is liable or potentially liable under CERCLA section 107(a) is jointly and severally liable for any necessary costs of response incurred by any other person consistent with the NCP.

13.          Co-Defendants are potentially liable under CERCLA section 107(a), 42 U.S.C. § 9607(a).

14.          The harm at issue in the Complaint is divisible and capable of apportionment.

15.          To the extent Palin incurs any response costs, past or future, in connection with the Site, Palin is entitled to recover such costs from Co-Defendants pursuant to CERCLA section 107(a), 42 U.S.C. § 9607(a).WHEREFORE, Palin requests that this Court:

a.          Order Co-Defendants to reimburse Palin for any judgment, damages, natural resource damages, costs, legal fees or any other expenses, with interest, relating to the claims asserted in the Complaint.

b.          Enter declaratory judgment against Co-Defendants for any judgment, damages, natural resource damages, costs, legal fees or any other expenses that Palin has incurred or may incur in the future relating to the claims in the Complaint;

c.          Award Palin any such other relief as this Court deems just and appropriate.

## <u>ANSWER TO ALL CROSS-CLAIMS</u>

Palin hereby denies any and all cross-claims filed or to be filed in this matter.

CHIESA SHAHINIAN & GIANTOMASI PC
Attorneys for Defendant
PALIN ENTERPRISES


By _____ /s/ Diana L. Buongiorno _____
            DIANA L. BUONGIORNO

Dated: November 9, 2018

18