**MCGRATH NORTH MULLIN & KRATZ PC LLO**
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Telephone: 402.341.3070
By: Thomas C. McGowan, Esq. (*pro hac vice application to be filed*)
  (tmcgowan@mcgrathnorth.com)

**MCCARTER & ENGLISH, LLP**
Renaissance Center
405 N. King Street, 8th Floor
Wilmington, DE 19801
Telephone: 302.984.6391
By: Joe Yeager
  (jyeager@mccarter.com)

*Attorneys for Defendant*
*Zeneca Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>21st CENTURY FOX AMERICA, INC., ET AL.,<br><br>Defendants. | Civil Action No: 2:18-CV-11273<br><br>**DEFENDANT ZENECA INC.'S ANSWER TO COMPLAINT** |

Defendant, Zeneca Inc. ("Zeneca"), by and through its attorneys, hereby answers the allegations in Plaintiff's Complaint, specifically addressing Zeneca.

**GENERALLY**

Zeneca denies each and every allegation contained in Plaintiff's Complaint that is not otherwise herein addressed, including, without limitation, any allegations concerning the relief sought in the First Count; Second Count; and Third Count and all headings and titles used in

Plaintiff's Complaint. Zeneca admits that various documents referenced in Plaintiff's Complaint exist, but state that each document speaks for itself and denies any characterization of the content of those documents that is inconsistent with the document itself. Zeneca denies that any referenced document creates any liability for any cause of action herein and Zeneca further denies that it has any liability at the Bayonne Barrel and Drum Site.

## I.   INTRODUCTION

<u>1-11.</u>   In response to Paragraphs 1-11 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response. Further, to the extent the allegations contained in these Paragraphs are not factual and instead amount to legal conclusions or a prayer for relief, no response is required. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs and based upon such lack of knowledge, information and belief, denies each and every one.

12.   The allegations contained in Paragraph 12 set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph to the extent such allegations are directed to answering Defendant.

13.   The allegations contained in Paragraph 13 set forth legal conclusions for which no response is required. To the extent a response is required, Defendant denies the allegations contained in this Paragraph to the extent such allegations are directed to answering Defendant.

## II.   HISTORY OF THE DISPUTE

<u>14 -36</u>.   In response to Paragraphs 14-36 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response. Further, to the extent the allegations contained in these Paragraphs are not factual and instead

ME1 28505107v.1

amount to legal conclusions or a prayer for relief, no response is required. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs and based upon such lack of knowledge, information and belief, denies each and every one.

### III. EIGHT CONTAMINANTS OF CONCERN DRIVE EPA'S SELECTED REMEDY AT THE SITE, AND EVERY PARTY THAT RELEASED ANY COC MUST PAY ITS FAIR SHARE OF RESPONSE COSTS

37-44. In response to Paragraphs 37-44 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response. Further, to the extent the allegations contained in these Paragraphs are not factual and instead amount to legal conclusions or a prayer for relief, no response is required. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs and based upon such lack of knowledge, information and belief, denies each and every one.

### IV. JURISDICTION AND VENUE

45. Zeneca admits that Plaintiff filed this civil action pursuant to Sections 107(a)(1), (a)(2), (a)(3), (a)(4), and (a)(4)(B) and 113(f)(1) and (f)(3)(B) of CERCLA, as amended, 42 U.S.C. §§ 9607(a)(1), (a)(2), (a)(3), (a)(4), and (a)(4)(B) and 9613(f)(1) and (f)(3)(B). Zeneca denies the balance of Paragraph 45.

46. Zeneca admits this Court has jurisdiction over this matter.

47. Zeneca admits that it is doing business in the State of New Jersey, but lacks sufficient knowledge, information or belief to truthfully admit or deny the balance of the allegations contained in Paragraph 47, and based upon such lack of knowledge, information and

belief, denies them.

48. Zeneca admits that venue is proper in this District. Zeneca denies the balance of Paragraph 48.

49-50. In response to Paragraphs 49-50 of Plaintiff's Complaint, Zeneca states that to the extent the allegations are not factual and instead amount to legal conclusions or a prayer for relief, no response is required. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs, and based upon such lack of knowledge, information and belief, denies each and every one.

## V. PARTIES

51-170. In response to Paragraphs 51-170 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs, and based upon such lack of knowledge, information and belief, denies each and every one.

171. Zeneca admits that it is a Delaware corporation, but denies that its principal place of business is at 10 Finderne Avenue, Bridgewater, New Jersey.

172-173. In response to Paragraphs 172-173 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response. To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs, and based upon such lack of knowledge, information and belief, denies each and every one.

## VI. ALLEGATIONS AGAINST INDIVIDUAL PARTIES BY PRIMARY COC

<u>174-205.</u>  In response to Paragraphs 174-205 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response.  To the extent the allegations in these Paragraphs are not factual and instead amount to legal conclusions, no response is required.  To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs, and based upon such lack of knowledge, information and belief, denies each and every one.

206.  In response to Paragraph 206 of Plaintiff's Complaint, Zeneca admits the Bayonne Barrel & Drum Property was a former drum processing plant, located at 150-154 Raymond Boulevard, Newark, New Jersey.  Zeneca denies it was ever issued an Administrative Order, but admits that it entered into a Consent Judgment on or about March 19, 2013 and that said Consent Judgment speaks for itself and Zeneca specifically denies any characterization of the terms of that agreement that are inconsistent with the judgment itself.  Zeneca denies that such judgment creates any liability for any cause of action herein and Zeneca further denies that it has any liability to the Plaintiff.

<u>207-270.</u>  In response to Paragraphs 207-270 of Plaintiff's Complaint, the allegations contained therein are not directed towards Zeneca and therefore do not require a response.  To the extent the allegations in these Paragraphs are not factual and instead amount to legal conclusions, no response is required.  To the extent the allegations are deemed factual or a response is otherwise deemed to be required, Zeneca lacks sufficient knowledge, information or belief to truthfully admit or deny the allegations contained in those Paragraphs, and based upon such lack of knowledge, information and belief, denies each and every one.

ME1 28505107v.1

## VII. CAUSES OF ACTION

### COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)

271. In response to paragraph 271 of Plaintiff's Complaint, Zeneca incorporates by reference as if fully set forth herein its responses and denials as asserted in Paragraphs 1 through 270 herein.

272-274. Zeneca is without knowledge and information sufficient to form a belief as to the truth of the matters stated in Paragraphs 272-274, and therefore denies each and every one. By way of further pleading, Zeneca denies: that it ever owned or operated the facility, or any portion thereof; arranged for disposal, treatment, or transport for treatment of any hazardous substances; transported hazardous substances to the facility, or that it is responsible to the Plaintiff for any costs it has allegedly incurred, if any.

WHEREFORE, Defendant Zeneca hereby requests that this Court dismiss Plaintiff's Complaint against it with prejudice and award Zeneca such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, reasonable cost and attorneys' fees.

### COUNT II: CERCLA CONTRIBUTION UNDER SECTION 113(f)(1) and 113(f)(3)(B)

275. In response to Paragraph 275 of Plaintiff's Complaint, Zeneca incorporates by reference as if fully set forth herein its responses and denials as asserted in Paragraphs 1 through 274 herein.

276-281. Zeneca is without knowledge and information sufficient to form a belief as to the truth of the matters stated in Paragraphs 276-281, and therefore denies each and every one. By way of further pleading, Zeneca denies: that it ever owned or operated the facility, or any portion thereof; arranged for disposal, treatment, or transport for treatment of any hazardous

substances; transported hazardous substances to the facility, or that it is responsible to the Plaintiff for any costs it has allegedly incurred, if any.

WHEREFORE, Defendant Zeneca hereby requests that this Court dismiss Plaintiff's Complaint against it with prejudice and award Zeneca such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, reasonable cost and attorneys' fees.

## COUNT III: CERCLA DECLARATORY JUDGMENT

282. In response to Paragraph 282 of Plaintiff's Complaint, Zeneca incorporates by reference as if fully set forth herein its responses and denials as asserted in Paragraphs 1 through 281 herein.

283-287. Zeneca is without knowledge and information sufficient to form a belief as to the truth of the matters stated in Paragraphs 283-287, and therefore denies each and every one. By way of further pleading, Zeneca denies that: an actual controversy exists; that Plaintiff has incurred any response costs; nor is Plaintiff entitled to a declaratory judgment.

288. Further answering Plaintiff's Complaint, to the extent not otherwise denied or denied for lack of knowledge, information and belief above, Zeneca denies each and every cause of action or allegation asserted against it in Plaintiff's Complaint, and further denies that the relief requested by Plaintiff's Complaint is appropriate and/or that the damages were sustained as alleged, or at all, by reason of any act, fault, breach or omission on the part of Zeneca.

WHEREFORE, Defendant Zeneca hereby requests that this Court dismiss Plaintiff's Complaint against it with prejudice and award Zeneca such other relief as this Court deems just, proper and equitable under the circumstances, including, without limitation, reasonable cost and attorneys' fees.

ME1 28505107v.1

## AFFIRMATIVE DEFENSES

As separate and distinct affirmative defenses to Plaintiff's Complaint and alleged causes of action, and each of them, Zeneca alleges as follows:

## FIRST AFFIRMATIVE DEFENSE

### (Failure to State a Cause of Action)

Plaintiff's alleged causes of action, and each of them, in whole or in part fail to state a claim or cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

### (Harm)

Zeneca denies that Plaintiff has suffered any harm whatsoever, but in the event that Plaintiff did suffer any form of injury or damage cognizable under applicable environmental law, such injury was caused by the intervening acts, omissions, or superseding acts of persons or entities over whom Zeneca exercised no control and for whose conduct Zeneca was not responsible including, without limitation, unpermitted and storm event discharges from publicly owned treatment works.

## THIRD AFFIRMATIVE DEFENSE

### (Vague, Ambiguous, and Uncertain)

The Complaint and alleged causes of action, and each of them, are vague, ambiguous, and uncertain.

## FOURTH AFFIRMATIVE DEFENSE

### (Failure to Join an Indispensable Party)

Zeneca is informed and believes, and on that basis alleges, that there is a nonjoinder of party defendants. These indispensable parties claim an interest relating to the subject matter of

this action and are so situated that the disposition of this action in their absence may impair or impede their ability to protect that interest. The indispensable parties are subject to service of process in New Jersey and their joinder will not deprive this Court of jurisdiction of the subject matter of this action.

## FIFTH AFFIRMATIVE DEFENSE
### (Statute of Limitations)

The claims asserted in the Complaint are barred, in whole or in part, by the applicable statute(s) of limitations or other rule, regulation or doctrine requiring the institution of an action within a certain prescribed period of time or by a certain date.

## SIXTH AFFIRMATIVE DEFENSE

### (Laches)

Plaintiff has inexcusably and unreasonably delayed commencement of this action to the prejudice of Zeneca. Plaintiff's alleged causes of action, and each of them, are therefore barred by the doctrine of laches.

## SEVENTH AFFIRMATIVE DEFENSE

### (Estoppel)

Plaintiff's alleged causes of action, and each of them, which Plaintiff seeks to assert, are barred, in whole or in part, by the doctrine of estoppel.

## EIGHTH AFFIRMATIVE DEFENSE

### (Waiver)

As a result of its own acts and omissions, Plaintiff has waived any right to recover under each and every cause of action purportedly alleged in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

### (Unclean Hands)

Plaintiff's Complaint and the alleged causes of action therein are barred by the doctrine of unclean hands.

## TENTH AFFIRMATIVE DEFENSE

### (Prerequisites to Suit)

Plaintiff's Complaint, and each and every cause of action set forth herein, is barred, in whole or in part, because Plaintiff has failed to meet the prerequisites for filing and maintaining a lawsuit pursuant to CERCLA.

## ELEVENTH AFFIRMATIVE DEFENSE

### (Failure to do Equity)

Plaintiff's Complaint and the alleged causes of action therein are barred, in whole or in part, by Plaintiff's failure to do equity.

## TWELFTH AFFIRMATIVE DEFENSE

### (Failure to Mitigate)

Zeneca is informed and believes, and on that basis alleges, that Plaintiff has failed to mitigate or attempt to mitigate damages. Therefore, any damages that have or will be sustained, and any recovery by Plaintiff must be diminished by reason thereof.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Other Parties Responsible)

If anyone is legally responsible for the alleged harm or damage suffered by Plaintiff, it is someone other than Zeneca, and the liability of Zeneca, if any, should be reduced proportionally.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Indemnity)

Zeneca alleges that others caused and are primarily liable for the injuries and damages alleged by Plaintiff and that those others should be required to indemnify Zeneca from or contribute to the satisfaction of any liability assessed against Zeneca.

### FIFTEENTH AFFIRMATIVE DEFENSE

### (Superseding or Intervening Independent Cause)

Any and all wrongful acts alleged in the Complaint, including any and all violations, losses, injuries, or damages alleged therein, were the result of superseding or intervening causes arising from the acts or omissions of individuals and/or entities, which Zeneca neither controlled, nor had the legal right to control.  Thus, any and all alleged violations, losses, injuries or damages were not proximately caused by any act, omission, or other conduct of Zeneca.

### SIXTEENTH AFFIRMATIVE DEFENSE

### (Joint and Several Liability Improper)

The damages alleged in the Complaint, if any, may be reasonably apportioned among the defendants and/or any other person or entity who allegedly damaged Plaintiff, since each person or entity who alleged acts and omissions, including Zeneca's, is divisible and distinct. Therefore, Zeneca is not jointly and severally liable to Plaintiff for any claim alleged in the Complaint.

### SEVENTEENTH AFFIRMATIVE DEFENSE

### (Setoff)

To the extent Plaintiff has received or hereafter receives any of the requested relief from a person or entity other than Zeneca, including a governmental agency, a named defendant, or other third party, Zeneca is entitled to an appropriate setoff or reduction of any judgment against it.

11

### EIGHTEENTH AFFIRMATIVE DEFENSE

### (No Proximate Cause; Speculative Damages)

The damages alleged by Plaintiff in the Complaint are not recoverable because such alleged damages are purely speculative and not proximately caused by any action of Zeneca alleged in the Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

### (Response Costs Not Reasonable or Necessary)

Plaintiff's alleged response costs are neither reasonable or necessary.  The claims alleged in the Complaint are barred, in whole or in part, to the extent that Plaintiff's claimed response costs have not been incurred consistent with the National Contingency Plan.

### TWENTIETH AFFIRMATIVE DEFENSE

### (Other Defendants' Affirmative Defenses)

Zeneca adopts and reasserts by reference all applicable affirmative defenses asserted by its co-defendants to the Complaint.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

### (Reservation)

Zeneca reserves the right to rely on all further affirmative defenses that become available or appear during discovery in this action, and Zeneca reserves the right to amend this Answer for the purpose of asserting any such additional affirmative defenses.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the statutory defenses to liability provided by CERCLA, 42 U.S.C. § 9601, *et seq*.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Plaintiff has not incurred any costs that are recoverable under CERCLA. Any cost or damage incurred by Plaintiff were unreasonable, duplicative, wasteful, speculative, remote, and/or not authorized under CERCLA or any implementing regulations.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Defendant Zeneca hereby incorporates by reference to the fullest extent possible all affirmative defenses of other defendants in this action to the extent such defenses would apply to claims asserted against Defendant Zeneca .

## RESERVATIONS

Zeneca reserves the right to assert any affirmative defense that may become available between now and the time that judgment, if any, is rendered in this action, based upon facts obtained during discovery and investigation.

## COUNTERCLAIMS AND CROSS-CLAIMS FOR STATUTORY AND COMMON-LAW CONTRIBUTION

Zeneca anticipates that a Discovery Plan and Scheduling Order will be entered that will deem all statutory and common-law cross-claims and counterclaims for contribution and/or indemnification, as well as all other generally asserted, non-particularized counter- and cross-claims, to be asserted and denied among all of the parties. Should such an order not be entered, Zeneca reserves the right to assert statutory and common-law cross-claims and counterclaims for contribution and/or indemnification, as well as other more general, non-particularized counter-

and cross-claims, against all other parties and to deny such claims asserted by the other parties against it.

                                        Respectfully submitted,

DATED: November 9, 2018

**MCCARTER & ENGLISH, LLP**

By: */s/ Joe P. Yeager*_____
    Joe P. Yeager, Esq.
    (jyeager@mccarter.com)
    405 N. King Street, 8th Floor
    Wilmington, DE 19801
    Telephone: 302.984.6300

**MCGRATH NORTH MULLIN & KRATZ PC LLO**
Thomas C. McGown, Esq.*
(tmcgowan@mcgrathnorth.com)
First National Tower, Suite 3700
1601 Dodge Street
Omaha, NE 68102
Telephone: 402.341.3070

*Attorneys for Defendant Zeneca, Inc.*

*Pro hac vice application to be filed