ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel: (856) 795-2121
By:   John J. McDermott, Esq.
      (jmcdermott@archerlaw.com)
      William J. Stack, Esq.
      Charles J. Dennen, Esq.

GIBBS & BRUNS, LLP
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
By:   Kathy D. Patrick, Esq.
      (kpatrick@gibbsbruns.com)
      Anthony N. Kaim, Esq.
      Jorge M. Gutierrez, Esq.

LANGSAM STEVENS SILVER & HOLLAENDER, LLP
1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel: (215) 732-3255
By:   Larry D. Silver, Esq.
      (lsilver@lssh-law.com)
      David E. Romine, Esq.
      Jennifer Graham Meyer, Esq.
      Erin M. Carter, Esq.

*Attorneys for Plaintiff*
*Occidental Chemical Corporation*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION | ) Hon. Jose L. Linares |
| | ) |
| | ) Hon. Joseph A. Dickson |
| Plaintiff, | ) |
| | ) Civil Action No. 2:18-cv-11273-JLL-JAD |
| v. | ) Electronically Filed |
| | ) |
| 21ST CENTURY FOX AMERICA, INC., *et al.* | ) **OCCIDENTAL CHEMICAL** |
| | ) **CORPORATION'S ANSWER TO** |
| Defendants. | ) **CERTAIN DEFENDANTS'** |
| | ) **COUNTERCLAIMS** |

Occidental Chemical Corporation ("OxyChem") hereby answers the counterclaims lodged by (1) Chargeurs, Inc., (2) Chargeurs Wool, Inc., (3) the Curtiss-Wright Corporation, (4) Palin Enterprises, LLC, (5) Spectraserv, Inc., (6) and the Rexam Beverage Can Company (collectively, the "Defendants").

## Generally

The Defendants' counterclaims are devoid of explicit factual allegations that give rise to even a plausible inference that they are entitled to the relief they seek. Defendants seek contribution for costs they "have incurred or may incur" at Diamond Alkali Superfund Site (the "Site")—but fail to specify what those costs are (or might be). To the extent Defendants impliedly allege that they have in fact incurred response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations.

## Chargeurs, Inc.

6 – 8.	These paragraphs set out conclusions of law and therefore no answer is required.

9 – 10.	These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Chargeurs has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations. OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

## Chargeurs Wool, Inc.

6 – 8.	These paragraphs set out conclusions of law and therefore no answer is required.

9 – 10.	These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Chargeurs Wool has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of

these allegations.  OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

### Curtiss-Wright Corporation

5 – 8.	These paragraphs set out conclusions of law and therefore no answer is required.

9 –10.	These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Curtiss-Wright has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations.  OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

12 – 14.	These paragraphs set out conclusions of law and therefore no answer is required.

15.	This paragraph sets out conclusions of law and therefore no answer is required. To the extent that this paragraph alleges that Curtiss-Wright has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations.  OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

### Palin Enterprises, LLC

5 – 8.	These paragraphs set out conclusions of law and therefore no answer is required.

9 – 10.	These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Palin Enterprises has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations.  OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

12 – 14.	These paragraphs set out conclusions of law and therefore no answer is required.

15. This paragraph sets out conclusions of law and therefore no answer is required. To the extent that this paragraph alleges that Palin Enterprises has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations. OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

**Spectraserv, Inc.**

5 – 8. These paragraphs set out conclusions of law and therefore no answer is required.

9 – 10. These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Spectraserv has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations. OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

12 – 14. These paragraphs set out conclusions of law and therefore no answer is required.

15. This paragraph sets out conclusions of law and therefore no answer is required. To the extent that this paragraph alleges that Spectraserv has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these allegations. OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

**Rexam Beverage Can Company**

5 – 8. These paragraphs set out conclusions of law and therefore no answer is required.

9 – 10. These paragraphs set out conclusions of law and therefore no answer is required. To the extent these paragraphs allege that Rexam has in fact incurred or will incur response costs at the Site, OxyChem lacks knowledge or information sufficient to form a belief about the truth of these

allegations. OxyChem intends this statement to have the effect of a denial under Federal Rule of Civil Procedure 8(b)(5).

**Affirmative Defenses**

OxyChem is largely unable to formulate affirmative defenses without more information about the factual allegations underlying the Defendants' counterclaims. OxyChem reserves the right to assert further affirmative defenses as discovery progresses in addition to those listed below.

First Affirmative Defense

Defendants' counterclaims may be barred by the applicable statute of limitations and/or statutes of repose.

Second Affirmative Defense

Defendants' counterclaims may be barred by the doctrines of estoppel, collateral estoppel, release, res judicata, and/or laches.

Third Affirmative Defense

Defendants' counterclaims may be barred by the contribution protection afforded OxyChem by prior settlement agreements between OxyChem and the Environmental Protection Agency.

Fourth Affirmative Defense

Defendants may not have incurred any CERCLA-recoverable response costs or damages.

Dated: October 17, 2018            Respectfully submitted,

By:   *s/ John J. McDermott*
ARCHER & GREINER, P.C.
John J. McDermott, Esq.
(jmcdermott@archerlaw.com)
William J. Stack, Esq.
Charles J. Dennen, Esq.
One Centennial Square
Haddonfield, NJ 08033
Tel: (856) 795-2121
Fax: (856) 795-0574

GIBBS & BRUNS, LLP
Kathy D. Patrick, Esq.
(kpatrick@gibbsbruns.com)
Anthony N. Kaim, Esq.
Jorge M. Gutierrez, Esq.
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
Fax: (713) 750-0903

LANGSAM STEVENS SILVER &
HOLLAENDER, LLP
Larry D. Silver, Esq.
(lsilver@lssh-law.com)
David E. Romine, Esq.
Jennifer Graham Meyer, Esq.
Erin M. Carter, Esq.
1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel: (215) 732-3255
Fax: (215) 732-3260

*Attorneys for Plaintiff
Occidental Chemical Corporation*

215347064v1