UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION, | Hon. Madeline Cox Arleo |
| Plaintiff, | Hon. Joseph A. Dickson |
| v. | Civil Action No. 2:18-cv-11273-MCA-JAD |
| 21ST CENTURY FOX AMERICA, INC. *et al.*, | Electronically Filed |
| Defendants. | **[PROPOSED] THIRD PRETRIAL SCHEDULING ORDER** |

The Court held a Status Conference in this matter on August 27, 2019, before Magistrate Judge Joseph A. Dickson and Special Master Thomas P. Scrivo and after hearing the positions of counsel and reviewing the submissions from the parties, it is **ORDERED**[1] that:

### Site Sampling

1.   On or before **September 30, 2019**, Plaintiff Occidental Chemical Corporation ("Plaintiff") shall produce all sampling data, documents, and communications associated with or with regard to the sampling of the Lower 8.3 miles of the Lower Passaic River ("OU2) or the former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey ("OU1") not produced to date, including but not limited to: data obtained from January 1, 2018 through December 31, 2018, sampling undertaken pursuant to the 2016 ASAOC and pursuant to the EPA five-year review of the OU1 remedy, and any other sampling of OU1 or OU2 ("Sampling Data").  Data and information should be produced by sampling event and in a usable format

---

[1] Any deadlines or procedures that were previously ordered by the Court and that are not otherwise addressed herein shall remain in effect.

pursuant to the Protocol for Production of Documents and Electronically-Stored Information (ECF No. 544).

2.  Unless otherwise agreed upon by the parties, within 120 days from Plaintiff's production of Sampling Data and information in paragraph 1 above, the parties shall agree upon site sampling to be conducted, including resolution of any issues (such as sampling through caps) pursuant to the Joint Sampling Protocol (ECF No. 585).

3.  Plaintiff shall complete site sampling on or before **December 20, 2019** for sites without a cap.

## Production of Documents

4.  On or before **September 30, 2019**, the parties shall make all paper documents responsive to outstanding document requests and that they are required to produce pursuant to the Second Pretrial Scheduling Order (ECF No. 550) available for review and inspection, in accordance with the procedures set forth in the Protocol for Production of Documents and Electronically-Stored Information (ECF No. 544) that pertain to the production of hard-copy documents. The reviewing party shall notify the producing party and liaison counsel once it has completed scanning of produced documents and at the same time shall provide copy of same.

5.  On or before **November 29, 2019**, the reviewing party shall notify the party that made the documents available for review or inspection which documents it has selected for production.

6.  On or before **January 31, 2020**, the parties shall complete the rolling production of paper documents required by the Second Pretrial Scheduling Order (ECF No. 550), with the exception of documents withheld from production for privilege and confidentiality. Within 120 after the production, the parties shall produce a privilege log.

14659193.1
14670655.1

7. Within 120 days after the completion of paper document production and/or the production of a privilege log, the parties shall meet and confer regarding any privilege or document production issues. Within thirty days of the meet and confer, the parties shall notify the Special Master regarding any disputes. The Special Master will schedule conferences with the parties to resolve any document disputes or set dates to file any motions to compel document production.

8. Each party shall have an ongoing obligation to supplement its production and amend disclosures and responses pursuant to Fed. R. Civ. P. 26(e). Every 30 days each party shall supplement its production related to ongoing clean-up activities or claims, including the Remedial Design for OU2, RM 10.9, and Remedial Investigation/Feasibility Study materials.

### Interrogatory Responses

9. On or before **September 30, 2019,** the parties shall meet and confer to resolve any disputes raised as of the date of the August 27, 2019 Status Conference regarding interrogatory responses, or the production of documents referenced therein. Parties shall have until **September 30, 2019**, to raise any objections to interrogatory responses and shall meet and confer within 30 days thereafter to resolve any subsequent disputes.

### Motions to Streamline Issues and Parties

10. The parties have identified the following threshold motions, set forth in paragraphs 11–18 below, that may narrow the issues to be addressed, the number of parties and claims, and the scope and extent of additional discovery. Pursuant to Local Rule 72.1(2) and the Order Appointing Special Master (ECF No. 646), Findings of Fact and Recommendations will be issued by the Special Master on the motions identified below and pursuant to this paragraph.

### Motions on Corporate Successor Liability and Intentional Conduct

11. On or before **October 31, 2019**, Defendants shall file their motion for partial summary judgment on the issue of whether OxyChem is the corporate successor to the companies that owned and operated the pesticide manufacturing facility at 80-120 Lister Avenue in Newark, New Jersey (the "Lister Plant") from the mid-1940s through 1969, including but not limited to Kolker Chemical Works, Inc., Diamond Alkali Company, and Diamond Shamrock Chemicals Company ("DSCC"), and is liable for discharges from the Lister Plant.

### Discovery and Motions Regarding Statute of Limitations

12. On or before **November 22, 2019,** the parties shall complete limited discovery regarding the 2007 Lower Passaic River Study Area Site Cooperating Parties Group Cost Standstill Agreement and other issues related to statute of limitations.

13. On or before **January 31, 2020**, the parties shall file any motions for summary judgment related to the issues identified in paragraph 12 above.

### Discovery and Motions Regarding Costs Associated with Claims at Issue

14. On or before **November 22, 2019,** the parties shall complete limited discovery regarding: (1) the costs incurred by the parties that are the subject of the claims and counterclaims in this matter, including OxyChem's alleged costs associated with the 2012 Unilateral Administrative Order; and (2) the Mutual Contribution Release Agreement.

15. On or before **January 31, 2020**, the parties shall file any motions for summary judgment on the issues identified in paragraph 14 above, including cost-related issues, such as Plaintiff's 107 claim for RM 10.9, and the Mutual Contribution Release Agreement.

### Treatment of Shares of Non-Parties Under Section 113 of CERCLA

16. On or before **October 31, 2019,** Plaintiff shall file its motion related to the treatment of shares of non-parties under CERCLA Section 113.

### Admissibility and Authentication of Ancient Documents

17. On or before **October 31, 2019**, the parties shall meet and confer regarding issues of admissibility of evidence that may streamline the scope and amount of discovery and depositions needed for this proceeding, including but not limited to the admissibility or authentication of ancient documents.

18. On or before **November 22, 2019**, Plaintiffs shall file its motion related to admissibility or authentication of ancient documents.

### Additional Motions

19. Parties wishing to bring motions on threshold issues not addressed in paragraphs 11–18 above shall notify the Special Master by letter no later than **November 30, 2019**.

### Further Proceedings

20. Within thirty days of the last Recommendation by the Special Master or the last Court order on the motions brought pursuant to paragraphs 11–19 above, whichever is later, the parties shall meet and confer and propose to the Special Master a new Scheduling Order that will govern further proceedings in this case, including a new deadline for the close of fact discovery.

21. Parties shall meet in person or telephonically with the Special Master on [    ] 2019 and every month thereafter.

### Joinder and Third-Party Claims

22. The deadline set forth in paragraph 5 of the Order Regarding Pleadings (ECF No. 391) for joining new parties, including but not limited to third parties, is hereby adjourned and extended to thirty days after the last Recommendation by the Special Master or the last Court order on the motions brought pursuant to paragraphs 11–19 above, whichever is later.

### Deposition Protocol

23. The parties shall meet and confer to develop a Deposition Protocol to be submitted to the Court by **December 31, 2019**. Such Deposition Protocol shall include, but not be limited to: (a) procedures regarding notice; (b) scope of notices; (c) length of depositions; and (4) number of witnesses. If the parties cannot reach agreement on a Deposition Protocol, the parties shall submit alternative forms of such Protocol along with a brief letter summarizing the disputed issue(s) and the party's position with respect to the issue(s).

### Electronically Stored Information

24. On or before **October 31, 2019**, the parties shall begin negotiating proposed search terms and additional production protocols for the production of Electronically Stored Information, including identification of custodians, the process for production of information from structured sources, and methodologies to identify the ESI documents to be reviewed for production.

### Settlement Discussions

25. The parties are encouraged to discuss settlement. Within 90 days of this Third Pretrial Scheduling Order the parties will provide a report to the Special Master regarding the status of settlement discussions.

**IT IS SO ORDERED.**

Dated: _____   _____
Hon. Joseph A. Dickson
United States Magistrate Judge

_____
Special Master Thomas P. Scrivo

14659193.1
14670655.1