Regina S.E. Murphy (NJ Bar No. 031712010)
BARNES & THORNBURG, LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel:   (302) 300-3434
Fax:   (302) 300-3456
Email: gigi.murphy@btlaw.com

Charles M. Denton (*Pro Hac Vice*)
BARNES & THORNBURG, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:   (616) 742-3974
Fax:   (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant Flint Group Incorporated*

**IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>　　　Plaintiff,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC., *et al.*,<br><br>　　　Defendants | Civil Action No.: 2:18-cv-11273-MCA-JAD<br><br>**DEFENDANT FLINT GROUP INCORPORATED'S COUNTERCLAIMS AND ANSWER TO CROSS-CLAIMS** |

NOW COMES Defendant Flint Group Incorporated ("Flint"), by and through its counsel of record Barnes & Thornburg LLP, and for its Counterclaims against Plaintiff Occidental Chemical Corporation ("OxyChem") hereby alleges:

1. Flint hereby incorporates by reference its previously filed Answer and Defenses to Plaintiff's Complaint (Dkt No. 421).

<u>JURISDICTION AND VENUE</u>

2. The Counterclaims set forth herein arise out of the same transactions and occurrences that are set forth in the Complaint.

3. If jurisdiction is proper with respect to the Complaint, it is proper with respect to these Counterclaims.

4. If venue is proper with respect to the Complaint, it is proper with respect to these Counterclaims.

## THE PARTIES

5. Upon information and belief, Plaintiff/Counter-Defendant OxyChem is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 5005 LBJ Freeway, Dallas, Texas 75380.

6. Plaintiff/Counter-Defendant OxyChem is Diamond Alkali Company, or at least the corporate successor to all the liabilities of Diamond Alkali Company ("successor-in-interest"), which owned and/or operated the Diamond Alkali Plant at the time 2,3,7,8-TCDD and other Hazardous Substances were disposed and released into the Passaic River and other parts of the Diamond Alkali "Superfund" Site.  OxyChem is the same entity as, or the successor-in-interest to, numerous other entities involved in the ownership and/or operation of the Diamond Alkali Plant, including but limited to Kolker Realty Company, Kolker Chemical Works, Inc., Diamond Alkali Organic Chemical Division, Inc., Diamond Alkali Company, Diamond Chemicals Company, Diamond Shamrock Chemicals Company, Occidental Electrochemicals Corporation, Occidental Diamond Alkali Corporation, and Occidental Agricultural Products, Inc. (with OxyChem hereinafter at times collectively referred to as "OxyChem").

7. Defendant Flint Group Incorporated is improperly named in the Plaintiff's Complaint, and Defendant has affirmatively stated that Flint Group Incorporated no longer exists and is now known as Flint CPS Inks Holdings LLC of Texas; nevertheless Plaintiff has failed and refused to amend its Complaint to correct this error; by filing this Counterclaim, Defendant

does not admit or waive this objection that Plaintiff's Complaint against Flint Group Incorporated should be dismissed.

## GENERAL ALLEGATIONS

8. Plaintiff OxyChem has refused to perform response activities and pay its share of response costs at the Diamond Alkali "Superfund" Site, which is comprised of the former pesticides manufacturing plant and surrounding properties at 80 and 120 Lister Avenue in Newark, New Jersey (Operable Unit 1 ("OU-1")), the Lower Passaic River Study Area, the Newark Bay Study Area and the areal extent of contamination. The United States Environmental Protection Agency ("EPA") defines these areas as including the 17-mile stretch of the Lower Passaic River and its tributaries from the Dundee Dam to Newark Bay, along with the Newark Bay and portions of the Hackensack River, Arthur Kill and Kill Van Kull.

9. Plaintiff is liable for all response costs caused by disposal, releases and/or threatened releases of Hazardous Substances at and from facilities owned and/or operated by OxyChem and its predecessors-in-interest at 80 and 120 Lister Avenue, Newark, New Jersey (the "Diamond Alkali Plant") and facilities where OxyChem and its predecessors-in- interest disposed of Hazardous Substances, including 2,3,7,8-tetrachlorodibenzo-p-dioxin ("2,3,7,8-TCDD"), a particularly potent form of Dioxin. Releases and disposals from the Diamond Alkali Plant are the driving force behind ongoing and future investigations and remedial actions at the Diamond Alkali "Superfund" Site.

10. If Defendant has any liability under Plaintiff's Complaint, which is denied, then Defendant seeks contribution from Plaintiff OxyChem pursuant to Section 113 of the Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613.

11. If Defendant is found to be liable pursuant to Plaintiff's CERCLA Section 107 claim for costs allegedly incurred pursuant to the RM 10.9 Removal UAO, as described in the Complaint at ¶30, then Defendant is entitled to a set-off pursuant to Section 113 of CERCLA for the amounts found to be attributable to Plaintiff to the full extent of Plaintiff's equitable share of those costs considering the significant Dioxin concentrations at that location, the refusal of Plaintiff to participate in the EPA Consent Order for the removal action, and the lack of any U.S. EPA claim against this Defendant.

12. Plaintiff has the burden to prove that each Defendant is not a CERCLA-exempt *de micromis* party as defined in CERCLA §107(o), and failing such proof Defendant is statutorily entitled to its attorneys' fees, expert witness fees and costs associated with defending this suit.

13. In addition, Defendant seeks a declaration that Plaintiff OxyChem is liable under CERCLA for future costs that will be incurred as a result of releases of Dioxin and other Hazardous Substances to the Diamond Alkali Superfund Site by OxyChem and its predecessors-in-interest.

## FIRST COUNTERCLAIM

Attorneys' Fees and Costs Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607 (o)(4) and §9607 (p)(7)

14. Congress enacted the Small Business Liability Protection Act because "too often, small-volume contributors of wastes at a Superfund site…have been sued to contribute to Superfund cleanups." *See* Small Business Liability Protection Act, May 21, 2001, H.R. Report No. 107-70, Part 2, at Background and Need for Legislation. Congress addressed this matter "by providing statutory exemptions from liability for certain parties, and by adjusting the burden of proof in actions against these parties."

15. Accordingly, CERCLA contains a *de micromis* exemption from liability at Section 107(o), that applies, *inter alia*, to those who arranged for disposal of less than 110 gallons of liquid materials or 200 pounds of solid materials containing Hazardous Substances. *See* 42 U.S.C. § 9607(o).

16. Section 107(o) of CERCLA provides that "[a] person shall not be liable, with respect to response costs at a facility on the National Priorities List, under this Act if liability is based solely on paragraph (3) [as "arranger"] or (4) [as "transporter"] of subsection (a) [Section 107(a)(3) or (4)] and the person, except as provided in paragraph (4) of this Section, can demonstrate that:

> (A)   the total amount of material containing hazardous substances that the person arranged for disposal or treatment of, or arranged with a transporter for transport for disposal or treatment of, or excepted for transport for disposal or treatment, at the facility was less than 110 gallons of liquid materials were less than 200 pounds of solid materials (or such greater or lesser amounts as the administrator may determine by regulation; and
>
> (B)   all or part of the disposal, treatment, or transport concerned occurred before April 1, 2001.

17. In a contribution action, the burden of proof is on the party bringing the action to demonstrate that the *de micromis* exemption is not applicable. *See* CERCLA § 107(o)(4).

18. CERCLA provides that a nongovernmental entity that commences a contribution action shall be liable to the defendant for all reasonable costs of defending the action, including all reasonable attorney's fees and expert witness fees, if defendant is not liable for contribution based on the *de micromis* exemption. *See* 42 U.S.C. § 9607(p)(7).

19. While Defendant denies any liability on Plaintiff's Complaint, Plaintiff has not alleged nor can it prove that Defendant is more than a *de micromis* party completely exempt from CERCLA liability. If Plaintiff OxyChem fails to meet its burden of proof, Defendant shall

be entitled to recover from Plaintiff the statutory costs and fees set forth in 42 U.S.C. § 9607(p)(7).

## SECOND COUNTERCLAIM

<u>Contribution and Declaratory Judgment Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9613(f)(1)</u>

20. Defendant repeats and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein.

21. CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

22. CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in CERCLA Sections 101(23), (24), and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and CERCLA Section 101(6), 42 U.S.C. § 9601(6).

23. Defendant is alleged by Plaintiff to be a "person" as defined in CERCLA Section 101(21), 42 U.S.C. §§ 9601(21).

24. To the extent that the Site is found to be a "Facility" as defined in CERCLA Section 101(9), 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances upon, or adjacent to the Site is found to have resulted in a "release," or "threatened release," of a Hazardous Substance, as these terms are defined in CERCLA Section 101(22), 42 U.S.C. § 9601(22), which release has caused, continues to cause, and/or threatens to cause contamination of soil, surface water, or groundwater resources at, upon, or under the Diamond Alkali Site or the Lower Passaic River, then Plaintiff/Counter-Defendant, as the entity or successor-in-interest to the persons that released, discharged, and/or disposed and/or arranged for the treatment or disposal of Hazardous Substances, as defined under

CERCLA Section 101(14), 42 U.S.C. § 9601(14), is liable pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a), for response costs and damages, incurred at the Site not inconsistent with the National Contingency Plan.

25. Plaintiff/Counter-Defendant OxyChem is liable under CERCLA Section 113 for response costs resulting from its disposal and releases of Hazardous Substances from the Diamond Alkali Plant and into the Passaic River and the surrounding area.

26. Pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), if Defendant is held liable in connection with the Site, it is entitled to contribution from Plaintiff for all or part of the response costs and damages Defendant has incurred or may incur with regard to the Site.

27. Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), Defendant is entitled to a declaration that Plaintiff is liable to the Defendant for all or part of the response costs and damages which the Defendant has incurred or may incur in connection with the Site.

WHEREFORE, the Defendant respectfully requests that this Court:

a. Dismiss Plaintiff's Complaint against this Defendant;

b. Enter a declaratory judgment that Plaintiff/Counter-Defendant OxyChem is a liable party under 42 U.S.C. § 9607(a)(2) and (a)(3) for disposal and releases of Hazardous Substances at and from the Diamond Alkali Plant, other disposal areas within the LPRSA, and the Diamond Alkali "Superfund" Site, and that OxyChem is liable for any and all response costs that may be incurred in the future.

c. Enter judgment under 42 U.S.C. § 9613 against Plaintiff/Counter-Defendant OxyChem finding that OxyChem is liable to Defendant for any and all response costs which may be incurred by Defendant in connection with the disposal and releases of Hazardous Substances at or from the Diamond Alkali Plant and other disposal areas within the LPRSA, to the LPRSA (including the RM 10.9 Removal Area) and the Diamond Alkali "Superfund"

Site, or, in the alternative, for a 100 percent allocation by the Court (using such equitable factors as the Court determines are appropriate) to OxyChem of response costs incurred and to be incurred in connection with the disposal and release of Hazardous Substances at or from the Diamond Alkali Plant and other disposal areas within the LPRSA to the LPRSA (including the RM 10.9 Removal Area) and the Diamond Alkali "Superfund" Site;

   d. Enter a declaratory judgment against Plaintiff for Plaintiff's future share of work to be undertaken, past and future costs, and past and future damages;

   e. Award damages against Plaintiff to this Defendant as no more than a CERCLA-exempt *de micromis* party for costs and fees incurred defending against the claims asserted by Plaintiff in the Complaint;

   f. Award Defendant all recoverable compensatory and other damages for which Plaintiff is responsible;

   g. Award Defendant prejudgment interest, costs, and attorneys' and experts' fees; and

   h. Award Defendant such further and other legal and equitable relief as this Court deems just and appropriate.

## CROSS-CLAIMS

Defendant denies any and all Cross-Claims filed or to be filed in this matter and reserves the right to assert Cross-Claims for contribution and other relief.

Dated: August 27, 2019       BARNES & THORNBURG LLP

                  /s/ *Regina S.E. Murphy*
                  Regina S.E. Murphy (NJ Bar No. 031712010)
                  1000 N. West Street, Suite 1500
                  Wilmington, DE 19801
                  Tel: (302) 300-3434
                  Fax: (302) 300-3456
                  Email: gigi.murphy@btlaw.com

Charles M. Denton (*Pro Hac Vice*)
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:   (616) 742-3974
Fax:   (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant Flint Group Incorporated*

9