

September 11, 2019

Special Master Thomas P. Scrivo
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

Re:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*,
      Docket No. 2:18-cv-11273-MCA-JAD

Dear Special Master Scrivo,

The Small Parties Group ("SPG"), the Gordon Rees Group ("GR Group"), and the CSG Group Defendants ("CSG Group") (collectively "Defendants") write this letter in response to your September 6, 2019 letter requesting the parties set forth their positions regarding the allocation of the Special Master's fees. *See* ECF No. 755 at 2. Defendants reiterate their support for the position set forth by the GR group and the CSG Group in their June 26, 2019 letter (ECF No. 635) proposing that Plaintiff Occidental Chemical Corporation ("OxyChem") pay fifty percent and Defendants and third-party defendants collectively pay fifty percent of the Special Master's fees. Defendants believe a traditional split in which OxyChem and Defendants each pay half of the "case-wide or administrative matters" is appropriate.

Special Master fees are generally allocated in a fair and reasonable manner based upon several factors. Federal Rule of Civil Procedure 53(g)(3). A typical allocation where OxyChem and Defendants each pay half of the case-wide and administrative costs is more than fair considering the nature and circumstances of this matter and is amply supported by precedent from this jurisdiction and previous CERCLA case law.[1]

---

[1] *See, e.g., Glover v. Wells Fargo Home Mortg.*, 629 F.App'x 331, 339 (3d Cir. 2015) (affirming district court's fifty/fifty fee allocation, which district court found "reflected 'a thoughtful consideration of the equities, balanced against the need to protect against unreasonable expense or delay,' and consideration of 'the extent to which any party is more responsible than the other party for the reference'"); *T.B. v. San Diego Unified Sch. Dist.*, 293 F. Supp. 3d 1177, 1208 (S.D. Cal. 2018) ("The Court must allocate payment of the Special Master's fees in a fair and reasonable manner . . . ."); *Ingersoll-Rand Co. v. Barnett*, Civil Action No. 05-1636, 2007 WL 203944, *4 (D.N.J. Jan. 24, 2007) (concluding special master's fees should be divided equally between parties, with half borne by plaintiff and half borne by defendants); *Unihealth v. United States Healthcare, Inc.*, 14 F. Supp. 2d 623, 644 (D.N.J. 1998) (ordering parties equally responsible for special master's fees); "Order Appointing Special Master," *ADP, LLC v. Ultimate Software Grp., Inc.*, Civil Action No. 16-8664 (D.N.J. Oct. 4, 2018) (ECF No. 145) at 4 (ordering Special Master's fees shall be split evenly between plaintiff and defendant); "Order Regarding Special Master's Duties and Authority," *In re: Johnson & Johnson Talcum Powder Prods. Mktg., Sales Practices & Prods. Liab. Litig.*, Civil Action No. 3:16-md-2738-FLW-LHG (D.N.J. Sept. 11, 2017) (ECF No. 704) at 3-4 (ordering Special Master's fees "shall be split equally, with Defendants collectively responsible for half and Plaintiffs collectively responsible for half"); "Order Appointing Special Master," *Wachtel v. Guardian Life Ins.*, Civil No. 03-1801 (D.N.J. June 24, 2005) (ECF No. 217) at 3-4 (ordering compensation for Special Master shall be split between the parties); *Atl. Richfield Co. v Am. Airlines, Inc.*, 98 F.3d 564, 571–72 (10th Cir. 1996) (holding in multi-party CERCLA contribution action that district court did not abuse its discretion in requiring plaintiff to pay fifty percent of special master's fees and defendants to pay fifty percent).

Deviating from a fifty-fifty split is not justified here, especially considering OxyChem's conduct. OxyChem alone is the subject of judicial findings that its predecessors knowingly and intentionally discharged the most toxic contaminant—2,3,7,8-TCDD dioxin—into the Passaic River from the facility at 80 and 120 Lister Avenue in Newark, New Jersey (the "Lister Plant") as a matter of routine practice over a period of decades. *Diamond Shamrock Chems. Co. v. Aetna Cas. & Sur. Co.*, 258 N.J. Super. 167 (App. Div. 1992). Peer-reviewed literature demonstrates that these discharges from the Lister Plant account for substantially all the dioxin remaining in the Passaic River.[2] And contrary to OxyChem's attempts to disassociate itself from its predecessors, the New Jersey Superior Court already held that OxyChem is liable as the successor-by-merger to these entities that knowingly and deliberately discharged dioxin and additional contaminants of concern to the Passaic River from the Lister Plant. *See* Order Partially Granting Pls'. Mot. for Partial Summ. J. Against Occidental Chem. Corp., *N.J. Dep't of Envtl. Prot. v. Occidental Chem. Corp.*, No. ESX-L-9868-05, N.J. Super. Ct. Law Div. (July 19, 2011).

In contrast to OxyChem, most Defendants produced relatively small amounts of less harmful chemicals—if any at all—and many sent their waste streams to the Passaic Valley Sewer Commission, a public sewage treatment facility that was permitted to legally accept, treat and discharge wastewater to the Upper New York Harbor. OxyChem alone decided to sue an inordinate number of entities that have little or no connection with the disposal of chemicals of concern into the Passaic River. Based upon these and other facts, Defendants are confident the Court will ultimately find that it is fair and reasonable for OxyChem to pay all or substantially all of the costs to clean up the River.

Since OxyChem is responsible for substantially all the dioxin in the River, it is fair for OxyChem to pay substantially all the Special Master's fees as well. In the face of such overwhelming responsibility, there is no basis for OxyChem to pay only a per capita share of the Special Master's fees, which would result in OxyChem paying less than 1% of the Special Master's fees. Accordingly, a typical allocation where OxyChem and Defendants each pay half of the case-wide and administrative costs for the Special Master is appropriate at this time.

Respectfully submitted,

David R. Erickson (admitted *pro hac vice*)
Joseph H. Blum (NJ Bar No. 010211984)
Shook, Hardy & Bacon, L.L.P.
    and
Jeffrey D. Talbert, Esq. (admitted *pro hac vice*)
Preti, Flaherty, Beliveau & Pachios, LLP
*Common Counsel for the Small Parties Group*

Lee Henig-Elona
Gordon Rees Scully Mansukhani, LLP
*Liaison Counsel for the Gordon Rees Group*

Diana L. Buongiorno
Chisea Shahinian & Giantomasi PC
*Liaison Counsel for the CSG Group*

---

[2] R. Parette, D.J. Velinsky, and W. Pearson, "Reconstruction of historical 2,3,7,8-tetrachlorodibenzo-p-dioxin discharges from a former pesticide manufacturing plant to the Lower Passaic River," Chemosphere 212 (2018), 1125-1132.