**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION | ) Hon. Madeline Cox Arleo |
| | ) Hon. Joseph A. Dickson |
| | ) |
| Plaintiff, | ) Civil Action No. 2:18-cv-11273-MCA-JAD |
| | ) |
| v. | ) **PLAINTIFF OCCIDENTAL** |
| | ) **CHEMICAL CORPORATION'S** |
| 21ST CENTURY FOX AMERICA, INC., *et al.* | ) **ANSWER, ADDITIONAL DEFENSES,** |
| | ) **AND COUNTERCLAIMS AGAINST** |
| Defendants. | ) **DEFENDANT FLINT GROUP** |
| | ) |

ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel. (856) 795-2121
By: John J. McDermott, Esq.
(jmcdermott@archerlaw.com)
William J. Stack, Esq.
Charles J. Dennen, Esq.

GIBBS & BRUNS, LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel. (713) 650-8805
By: Kathy D. Patrick, Esq.
(kpatrick@gibbsbruns.com)
Anthony N. Kaim, Esq.
Katherine H. Kunz, Esq.
Jorge M. Gutierrez, Esq.
Marshal J. Hoda, Esq.

LANGSAM STEVENS SILVER &
HOLLAENDER LLP
1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel. (215) 732-3255
By: Larry D. Silver, Esq.
(lsilver@lssh-law.com)
David E. Romine, Esq.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel. (310) 553-3610
By: Peter A. Nyquist, Esq.
(pnyquist@ggfirm.com)
Noah Perch-Ahern, Esq.
Sherry E. Jackman, Esq.

*Attorneys for Plaintiff Occidental Chemical Corporation*

1

Plaintiff, Occidental Chemical Corporation ("OxyChem"), hereby answers Defendant Flint Group Incorporated's ("Defendant") Counterclaim.

1. OxyChem hereby incorporates by reference its previously filed Complaint (Dkt. 1). Paragraph 1 also references conclusions of law to which no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 1.

## JURISDICTION AND VENUE[1]

2. OxyChem admits the allegations in Paragraph 2.

3. OxyChem admits the allegations in Paragraph 3.

4. OxyChem admits the allegations in Paragraph 4.

## PARTIES

5. OxyChem denies the allegations set forth in Paragraph 5.

6. OxyChem denies it is the Diamond Alkali Company or that it is the corporate successor to "all the liabilities of Diamond Alkali Company" as alleged in this paragraph. OxyChem admits that the Diamond Shamrock Chemicals Company[2] ("DSCC") owned and/or operated the Lister Plant at the time 2,3,7,8-tetrachlorodibenzo-p-dioxin ("2,3,7,8-TCDD") and the other "contaminants of concern" ("COCs"), as defined in OU2 ROD § 5.2, were allegedly disposed and released into the Passaic River and other parts of the Diamond Alkali Superfund Site. OxyChem further denies it is the Successor-in-interest to Kolker Realty Company, Kolker Chemical Works, Inc., Diamond Alkali Organic Chemical Division, Diamond Alkali Company,

---

[1] For ease of reference, OxyChem's Answer replicates the headings contained in the Counterclaim. Although OxyChem believes no response is required to such headings, to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, those allegations are denied.

[2] Throughout this Answer, OxyChem will use "DSCC" to refer to Diamond Shamrock Chemicals Company and its corporate predecessors, including Diamond Shamrock Corporation and Diamond Alkali Company.

Diamond Chemicals Company, Diamond Shamrock Chemicals Company, Occidental Diamond Alkali Corporation, and Occidental Agricultural Products, Inc. OxyChem admits it is a successor by merger, but denies it is the Successor-in-interest to all the liabilities of, Occidental Electrochemicals Corporation, Oxy-Diamond Alkali Corporation, and Occidental Chemical Agricultural Products, Inc. OxyChem acknowledges that Defendant asserts that when it uses the term "OxyChem," it is purporting to include within that term other entities that Defendant alleges are OxyChem's predecessors-in-interest, but OxyChem denies it is the Successor-in-interest to those entities and otherwise denies the allegations set forth in Paragraph 6.

7. OxyChem lacks knowledge of or information sufficient to form a belief about the truth of the allegations in Paragraph 7 concerning Defendant's correct business name, so such allegations are denied under Fed. R. Civ. P. 8(b)(5). OxyChem otherwise denies the allegations in Paragraph 7.

## GENERAL ALLEGATIONS

8. OxyChem admits that the Diamond Alkali Superfund Site (the "Site") is defined by the United States Environmental Protection Agency ("EPA") as the former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey, the Lower Passaic River Study Area ("LPRSA"), and the Newark Bay Study Area. OxyChem admits that EPA's definition of the Site is described at pp. 1-2 Record of Decision, Lower 8.3 Miles of the Lower Passaic River Part of the Diamond Alkali Superfund Site (Mar. 3, 2016) ("OU2 ROD"). OxyChem otherwise denies the allegations in Paragraph 8.

9. Paragraph 9 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 9.

10. Paragraph 10 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 10.

11. Paragraph 11 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 11.

12. Paragraph 12 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 12.

13. Paragraph 13 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 13.

## FIRST COUNTERCLAIM

### Attorneys' Fees and Costs Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9607 (o)(4) and §9607 (p)(7)

14. OxyChem admits the quoted language in Paragraph 14 appears in the Small Business Liability Protection Act, May 21, 2001, H.R. Report No. 107-70, Part 2, at Background and Need for legislation, albeit without surrounding context. OxyChem otherwise denies the allegations in Paragraph 14.

15. Paragraph 15 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 15.

16. OxyChem admits the quoted language in Paragraph 16 appears in CERCLA Section 107(o), albeit without surrounding context. OxyChem otherwise denies the allegations in Paragraph 16.

17. Paragraph 17 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 17.

18. Paragraph 18 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 18.

19. Paragraph 19 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 19.

To the extent any further response is required to Defendant's First Counterclaim, OxyChem submits that Defendant's Prayer for Relief in its First Counterclaim should be denied and OxyChem demands strict proof of Defendant's allegations.

## SECOND COUNTERCLAIM

<u>Contribution and Declaratory Judgment Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. §9607 (o)(4) and §9607 (p)(7)</u>

20. OxyChem re-alleges and incorporates by reference its responses to Paragraphs 1 through 19 of the Counterclaim as if fully set forth herein.

21. Paragraph 21 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 21.

22. Paragraph 22 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 22.

23. OxyChem admits that, as alleged in Paragraph 23, Defendant is a "person" as defined in CERCLA Section 101(21).

24. Paragraph 24 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 24.

25. Paragraph 25 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 25.

26. Paragraph 26 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 26.

27. Paragraph 27 sets forth conclusions of law and therefore no answer is required. To the extent any additional response is required, OxyChem denies the allegations in Paragraph 27.

To the extent any further response is required to Defendant's Second Counterclaim, OxyChem submits that Defendant's Prayer for Relief in its Second Counterclaim should be denied and OxyChem demands strict proof of Defendant's allegations.

## AFFIRMATIVE DEFENSES

The following are defenses OxyChem may assert based on the facts alleged in the Counterclaim or based on facts adduced in discovery. In disclosing these defenses, OxyChem does not assume any burden of proof not otherwise required by law. Moreover, OxyChem undertakes the burden of proof only as to those defenses deemed "affirmative" defenses by law, regardless of how defenses are denominated herein. OxyChem reserves the right to assert further defenses that may become apparent during the course of discovery.

## FIRST SEPARATE DEFENSE

The Counterclaim fails, in whole or in part, to state a claim upon which relief can be granted.

## SECOND SEPARATE DEFENSE

The Counterclaim is barred, in whole or in part, by the applicable statutes of limitations and/or repose.

## THIRD SEPARATE DEFENSE

Defendant lacks standing to assert some or all the claims and the demands for relief in the Counterclaim.

## FOURTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of estoppel, quasi-estoppel, and judicial estoppel.

### FIFTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, because none of the alleged acts or omissions of OxyChem proximately caused Defendant's alleged damages.

### SIXTH SEPARATE DEFENSE

The claims and/or damages alleged in the Counterclaim are barred, in whole or in part, by Defendant's failure to mitigate Defendant's "necessary response costs," if any.

### SEVENTH SEPARATE DEFENSE

Defendant cannot recover costs under CERCLA Section 107, 42 U.S.C. § 9607, because Defendant has not incurred any necessary response costs.

### EIGHTH SEPARATE DEFENSE

Defendant has failed to join parties in whose absence complete relief cannot be accorded among existing parties as required by Fed. R. Civ. P. 19(a)(1).

### NINTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrines of waiver and/or ratification.

### TENTH SEPARATE DEFENSE

Any recoverable necessary response costs must be allocated among all parties in accordance with those factors recognized under Section 113(f) of CERCLA, 42 U.S.C. §9613(f), and other equitable considerations, including without limitation, Defendant's recalcitrance and intentional conduct.

### ELEVENTH SEPARATE DEFENSE

Some or all costs alleged in the Counterclaim were or are unnecessary and/or inconsistent with the National Contingency Plan as set forth at 40 CFR § 300, *et seq.,* and are not "necessary

7

costs of response" as required by CERCLA, and therefore cannot be reimbursed in whole or in part.

## TWELFTH SEPARATE DEFENSE

CERCLA does not permit an award of attorney's fees, experts' fees, consulting fees, costs of litigation, oversight or other costs, or interest, as sought by Defendant.

## THIRTEENTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of release.

## FOURTEENTH SEPARATE DEFENSE

Defendant's recovery is barred by the doctrine of unclean hands.

## FIFTEENTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, and costs claimed, if any, should be limited, to the extent any fault, negligence, assumption of risk, or other culpable conduct by Defendant caused, proximately caused, and/or contributed to the alleged injuries and damages, or to the extent that the doctrines of contributory negligence, comparative fault, avoidable consequences, and/or other applicable common-law or statutory doctrines apply.

## SIXTEENTH SEPARATE DEFENSE

Defendant's claims are barred by Defendant's own, prior material breach of the contracts at issue in its claims.

## SEVENTEENTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, by the doctrine of laches.

## EIGHTEENTH SEPARATE DEFENSE

OxyChem adopts by reference all affirmative defenses heretofore and hereafter pleaded by the other parties as may be applicable to the facts alleged against OxyChem.

## NINETEENTH SEPARATE DEFENSE

Defendant's claims are barred, in whole or in part, to the extent that the alleged damages in the Counterclaim were proximately caused by persons or entities other than OxyChem, including intervening and/or superseding acts or omissions.

## TWENTIETH SEPARATE DEFENSE

Defendant's causes of action are barred, in whole or in part, because Defendant would be unjustly enriched if it were to prevail on any of the causes of action.

## TWENTY-FIRST SEPARATE DEFENSE

Defendant is not entitled to recover from OxyChem because Defendant has not incurred costs in excess of its fair, equitable and proportionate share of necessary response costs.

## TWENTY-SECOND SEPARATE DEFENSE

OxyChem is not responsible or liable for any acts or omissions undertaken by or at the direction of any governmental authority or agency.

## TWENTY-THIRD SEPARATE DEFENSE

In the event OxyChem is found to be liable for response costs or response activity costs alleged by Defendant, OxyChem cannot be liable for any costs beyond its proportionate share because the harms alleged by Defendant are distinct and reasonably capable of division, and because there is a reasonable basis for determining the contribution of each party to the alleged harm or harms.

## TWENTY-FOURTH SEPARATE DEFENSE

Defendant is not entitled to recover from OxyChem more than its respective fair, equitable, and proportionate share, if any, of the necessary response costs allegedly expended by Defendant

or to otherwise recover from OxyChem more than the amount of such relief, if any, for which OxyChem is liable.

## TWENTY-FIFTH SEPARATE DEFENSE

To the extent some or all of Defendant's claims relate to COCs that are present in historic fill, such claims are barred in whole or in part under CERCLA.

## TWENTY-SIXTH SEPARATE DEFENSE

OxyChem is entitled to a setoff against Defendant's claims.

## TWENTY-SEVENTH SEPARATE DEFENSE

To the extent Defendant seeks relief regarding alleged future costs, Defendant may only recover, if at all, for future response costs incurred in connection with an existing legal obligation.

## PLAINTIFF OXYCHEM'S COUNTERCLAIMS AND CROSS-CLAIMS

For its Counterclaims against Defendant Flint Group, Incorporated ("Counter-Defendant"), Occidental Chemical Corporation ("OxyChem") specifically refers to and incorporates by reference OxyChem's Consolidated Counterclaims and Crossclaims Against All Defendants, Docket no. 763.

WHEREFORE, Plaintiff requests that the Court enter a judgment in its favor and against Counter-Defendant as follows:

(a) declaring that Counter-Defendant is liable for all or its proper shares, determined by the Court using such equitable factors as the Court determines are appropriate, of the response costs incurred and to be incurred by Plaintiff resulting from releases or threatened releases of hazardous substances at the Facility throughout the entire 17 mile reach of the LPRSA;

(b) declaring that the Court's judgment on Counter-Defendant's liability for response costs and/or damages is binding on any subsequent action or actions to recover further response costs or damages in the entire 17-mile reach of the LPRSA;

(c) awarding Plaintiff an amount determined by the Court to satisfy the obligation of Counter-Defendant for all necessary response costs incurred and to be incurred by Plaintiff in connection with the LPRSA, and work performed in identifying other PRPs for such response costs, whether such costs are incurred directly or as a result of counterclaims or cross-claims by other parties to this litigation; and

(d) awarding Plaintiff prejudgment interest, costs, and attorneys' and expert fees against Counter-Defendant as allowed by law, and such other and further relief as the Court determines is just, equitable, and appropriate.

Dated:  September 26, 2019                             Respectfully submitted,

  /s/ *John J. McDermott*
John J. McDermott, Esq.
(jmcdermott@archerlaw.com)
William J. Stack, Esq.
Charles J. Dennen, Esq.
ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel. (856) 795-2121

GIBBS & BRUNS, LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel. (713) 650-8805
By:    Kathy D. Patrick, Esq.
          (kpatrick@gibbsbruns.com)
          Anthony N. Kaim, Esq.
          Katherine H. Kunz, Esq.
          Jorge M. Gutierrez, Esq.
          Marshal J. Hoda, Esq.

        LANGSAM STEVENS SILVER & HOLLAENDER LLP
1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel. (215) 732-3255
By:    Larry D. Silver, Esq.
        (lsilver@lssh-law.com)
        David E. Romine, Esq.

GREENBERG CLUSKER FIELDS CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel. (310)553-3610
By:    Peter A. Nyquist, Esq.
        (pnyquist@ggfirm.com)
        Noah Perch-Ahern, Esq.
        Sherry E. Jackman, Esq.

*Attorneys for Plaintiff Occidental Chemical Corporation*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on September 26, 2019, a copy of the Occidental Chemical Corporation's Answer, Additional Defenses, and Counterclaims to Flint Group Incorporated's Counterclaim was served on counsel via electronic mail.

Dated:  September 26, 2019	By:   /s/ *John J. McDermott*
	       John M. McDermott, Esq.