**PretiFlaherty**                                                                                    **SHOOK**
                                                                                                     HARDY & BACON

October 14, 2019

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009

> Re:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
>       **Docket No. 2:18-cv-11273-MCA-JAD**

Dear Special Master Scrivo:

We write on behalf of the Small Parties Group ("SPG") to respond to OxyChem's October 10, 2019 letter requesting: (1) an order compelling the production of sampling data in the possession of Defendants; and (2) a global order requiring all parties to amend their interrogatory responses.

As framed, OxyChem's requests are overly broad, misleading, and ignore the Court's procedural rules for resolving discovery disputes.

By seeking global orders on individual discovery disputes with over 100 Defendants, OxyChem's requests fail to recognize the specific and unique nature of individual party's discovery responses, their different factual and legal circumstances, and differences in the timing and substance of alleged deficiencies.

OxyChem has skirted the Court's rules by not properly meeting and conferring with the parties on specific alleged deficiencies. Moreover, OxyChem fails to disclose the timing of its communication of alleged deficiencies to the parties and misleadingly represents the current status of the meet and confers.

As explained in more detail below, OxyChem raised specific deficiencies related to the production of sampling data and interrogatory responses for the first time in its October 10 submission and served parties with notice of alleged interrogatory response deficiencies in an "omnibus" fashion at the same time (October 10) as it requested an order from the Court compelling amended responses.

The Court should reject OxyChem's requests and instead order it to: (1) comply with applicable federal rules and the Special Master's protocols for resolving discovery disputes; and (2) only raise such specific disputes with the Special Master that it cannot resolve with the individual parties or liaison counsel.

**Procedure for Resolving Disputes**

Federal Rule of Civil Procedure Rule 37(a)(1) provides that a party moving to compel discovery must certify that it "has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

The requirement that a party must confer in good faith prior to seeking an order compelling discovery is reiterated in Local Rule 37(a) of the District of New Jersey, which states "[c]ounsel shall confer to resolve any discovery dispute" and shall present "[a]ny such dispute not resolved" to the Magistrate Judge. Local Civ. R. 37(a). "[B]efore moving to compel discovery, 'a party must first prove that it sought discovery from its opponent.'" *Naviant Mktg. Sols., Inc. v. Larry Tucker, Inc.*, 339 F.3d 180, 186 (3d Cir. 2003) (quoting *Petrucelli v. Bohringer & Ratzinger*, 46 F.3d 1298, 1310 (3d Cir. 1995)). "If a party does not comply with this requirement, the court may dismiss the discovery motion." *Locascio v. Balicki*, Civil No. 07–4834 (RBK/AMD), 2010 WL 5418906, at *3 (D.N.J. Dec. 23, 2010) (citing *Huertas v. City of Camden*, No. 06–4676, 2008 WL 4845241, at *4–5 (D.N.J. Nov. 6, 2008)). "Deficiency letters are not sufficient" to meet the good faith requirement of Rule 37. *Locascio*, 2010 WL 5418906, at *3 (citing *FDIC v. Modular Homes*, 859 F. Supp. 117, 125 (D.N.J. 1994)).

The Special Master's September 6, 2019 letter to the parties, ECF No. 755 ("September 6 Letter"), sets forth the protocol the parties must follow when seeking relief on discovery issues, which incorporates the good faith requirement of Rule 37. The September 6 Letter provides that "[p]rior to any formal application, the Parties shall make a good faith effort to resolve any dispute in discovery." (Sept. 6 Letter at 2.)

**Sampling Data**

OxyChem seeks an order compelling the production of Sampling Data and Sampling Data Documentation it alleges is in the possession of Defendants. In its letter, OxyChem lists certain examples of data from sampling allegedly conducted by Defendants. OxyChem argues that it requested this data and the related documents in Requests for Production served in January and references, by way of example, its January 23, 2019 Requests for Production to Defendant Givaudan.

OxyChem does not, however, claim that it has made *any* effort to confer with Defendants to obtain allegedly unproduced data and related documents, let alone a "good faith" effort.[1] Not only has OxyChem not met and conferred with Defendants on this issue, undersigned counsel is not aware of OxyChem having sent any deficiency letters to  raising this issue. Moreover, OxyChem does not identify any responses it has received to its Requests for Production as deficient.

Instead, OxyChem appears to assume that because Defendants' motion to compel was granted, it is entitled to a reciprocal order despite not having made any efforts to obtain this discovery without court intervention as the rules require. Defendants, on the other hand, have been making continuing efforts to obtain OxyChem's sampling data since at least January 2019. Defendants raised this issue at the status conference with Judge Dickson in January and OxyChem asserted that it would not produce unvalidated data. Ex. 1, Tr. Jan. 28, 2019 Status

---

[1] Although OxyChem asserts in Exhibit A that is has met and conferred with the Defendants, the efforts it describes were all raised in the context of Defendants' efforts to obtain the discovery they sought in their motion to compel *after* Defendants' filed their motion to compel.  OxyChem proposed in August, while the Defendants' motion to compel was pending, that it would only produce its sampling data—sampling data it was required to produce pursuant to the Court's Second Pretrial Scheduling Order—if Defendants did the same.

2

Conf. at 35:8–25. Thereafter, the Court ordered OxyChem to "produce *all* sampling data." (Second Pretrial Scheduling Order ¶2, ECF No. 550 (emphasis added).) OxyChem produced certain sampling data in April 2019 but objected to the production of "raw sampling data." Thereafter, the parties met and conferred and exchanged further correspondence on this issue in May. Finally, during a May telephonic status conference with the Court, the Court instructed Defendants to file a motion to compel. (*See* Affidavit of Compliance with Local Civ. R. 37.1, ECF No. 622-1.)

In contrast, OxyChem has not complied with Federal Rule 37, Local Rule 37.1, or the protocol governing discovery disputes in this matter (as set forth in the September 6 Letter). OxyChem has not served individual parties with deficiency notices related to sampling data or sought specific meet and confers with parties on document production deficiencies related to its request for sampling data.

The Special Master should therefore deny OxyChem's request and instruct it to comply with Rule 37 and the Special Master's protocol. *See Locascio*, 2010 WL 5418906, at *3 (affirming district court's denial of motion to compel for failure to comply with Rule 37).

**Alleged Deficiencies in Interrogatory Responses**

OxyChem's request for a "globally applicable" order requiring all parties to amend their interrogatory responses similarly fails to comply with the requirement to meet and confer in good faith and is premature. Moreover, entering a globally applicable order requiring all parties to amend their interrogatory responses without any individualized evaluation of the sufficiency of these responses would be improper and would only result in needlessly incurred litigation costs.

In Exhibit C of OxyChem's letter, OxyChem claims that it has sent individual deficiency letters to 36 Defendants and has included an additional 45 Defendants in an "omnibus deficiency letter." OxyChem fails to mention that it sent the "omnibus deficiency letter" to these additional 45 Defendants on October 10, 2019—*the same day* it filed its letter with the Special Master. (*See* Ex. 2, Omnibus Letter from OxyChem to Liaison Counsel (Sept. 10, 2019)). Thus, as to these additional 45 Defendants, OxyChem has made no good faith effort to resolve any alleged deficiencies in their interrogatory responses. *See Naviant Mktg. Sols., Inc.*, 339 F.3d at 186 (finding counsel's letter demanding more complete answers to interrogatories and notifying opposing party of its intent to file a motion to compel by the end of the day if it did not receive by the end of next day confirmation that more complete answers would be provided by end of the week "was hardly a good faith attempt to confer"); *Cannon v. Cherry Hill Toyota, Inc.*, 190 F.R.D. 147, 153 (D.N.J. 1999) (concluding that sending a fax demanding a response the next day was a "token effort" and "does not satisfy the obligations under Fed. R. Civ. P. 37(a) and Local Rule 37.1(a)(1) to confer with his adversary and make a good faith effort to resolve the dispute"). Many, if not all, of these Defendants first learned of these alleged deficiencies at the same time that OxyChem filed its letter with the Special Master.

As to the 36 Defendants who received individualized deficiency letters, OxyChem's request is premature and not in good faith. Many [at least 10] of these Defendants have responded to OxyChem's letter. As OxyChem acknowledges, it has "met and conferred with

many [of these 36] Defendants and resolved certain deficiencies by agreement" and "[e]fforts to reach further agreements to resolve deficiencies, including the deficiencies enumerated in OxyChem's accompanying letter, are ongoing." (OxyChem's Sept. 10, 2019 Letter, Ex. C.) "Filing a motion to compel with the knowledge that defense counsel is in the process of obtaining the requested information clearly does not constitute a good faith effort to resolve the dispute without court action." *Huertas*, 2008 WL 4845241, at *5. Because OxyChem has failed to comply with the Rules of Federal Procedure, the Local Rules, and the protocol governing this case, OxyChem's request for a globally applicable order should be denied.

In addition, OxyChem's request is an attempt to sidestep any analysis by the Special Master of the sufficiency of Defendants' individual responses. OxyChem requests a determination from the Special Master that all Defendants' interrogatory responses are "deficient and must be promptly amended." (OxyChem's Sept. 10, 2019 Letter at 3.) However, such a determination cannot be made without evaluating Defendants' individual interrogatory responses. The Special Master has already acknowledged that he cannot enter generalized rulings on interrogatory responses and that instead he will address specific disputes as they arise. (*See* Ex. 3, Tr. Sept. 9, 2019 Status Conf. at 52:20–53:16.) Moreover, requiring all Defendants to amend their interrogatory responses when some of those responses may actually be sufficient would only result in needlessly incurred litigation costs.

\* \* \*

Thank you for your consideration. We look forward to discussing this matter further on October 16th.

Respectfully submitted,


/s/ Jeffrey D. Talbert
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center
Portland, ME 04101
Telephone: 207.791.3239
Jeffrey D. Talbert, Esq. (admitted *pro hac vice*)
*Common Counsel for the Small Parties Group*

/s/ David R. Erickson
**SHOOK, HARDY & BACON, L.L.P.**
2555 Grand Blvd.
Kansas City, MO 64108
Telephone: 816.474.6550
David R. Erickson, Esq. (admitted *pro hac vice*)
Joseph H. Blum, Esq, (NJ Bar No. 010211984)
*Common Counsel for the Small Parties Group*