Steven M. Richman, Esq. (NJ ID 017391980)
CLARK HILL PLC
210 Carnegie Center
Suite 102
Princeton, NJ  08540
(609) 785-2911

    (srichman@clarkhill.com)

CLARK HILL PLC
One Oxford Centre
301 Grant Street, 14th Floor
Pittsburgh, PA 15219-1425
(412) 394-7711
By:  David G. Ries, Esq. (admitted pro hac vice)
    (dries@clarkhill.com)
    Joseph R. Brendel, Esq. (admitted pro hac vice)
    (jbrendel@clarkhill.com)

*Attorneys for Defendant,*
*Chargeurs, Inc.*

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | | |
|---|---|---|
| OCCIDENTAL CHEMICAL CORPORATION, | ) | Hon. Joseph A. Dickson |
| | ) | |
| Plaintiff, | ) | Civil Action No. 2:18-cv-11273 |
| | ) | |
| v. | ) | Electronically Filed |
| | ) | |
| 21ST CENTURY FOX AMERICA, INC., *et al.*, | ) | **DEFENDANT CHARGEURS,** |
| | ) | **INC.'S STATEMENT OF** |
| Defendants. | ) | **MATERIAL FACTS NOT IN** |
| _____ | ) | **DISPUTE PURSUANT TO RULE** |
| | ) | **56 AND LOCAL CIVIL RULE** |
| | ) | **56.1** |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |

**DEFENDANT CHARGEURS, INC.'S STATEMENT OF MATERIAL FACTS NOT IN DISPUTE PURSUANT TO RULE 56 AND LOCAL CIVIL RULE 56.1**

Pursuant to Federal Rule of Civil Procedure 56, and pursuant to Local Civil Rule 56.1(a), Defendant Chargeurs, Inc. ("Chargeurs") [1] submits the following Statement of Material Facts Not in Dispute.

1. The United Piece Dye Works ("United"), a New Jersey Corporation incorporated on June 10, 1912, operated at two locations in New Jersey: (1) 199 and 205 Main Street, Lodi, New Jersey ("Main Street Property"), and (2) 42 Arnot Street, Lodi, New Jersey ("Arnot Street Property"). (Stipulation,[2] Exh. 1, Certificate of Incorporation of United Piece Dye Works; Richman Decl.,[3] Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 2; Richman Decl., Exh. C, Doldan Depo. T38:17-18).

2. United's ownership of and operations at the Main Street Property ceased by 1944 and United's ownership of and operations at the Arnot Street Property ceased by 1959. (*Id.*, Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1, 2 and 3; *Id.*, Exh. C, Doldan Depo. T38:18-19 and T46:2-15).

3. In 1972 and 1977 (*i.e.*, after United ceased operations and sold the Main Street Property and Arnot Street Property), non-United States companies acquired approximately 94% of the common stock of United. (*Id.*, Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4).

---

[1] In its Complaint, OxyChem named both Chargeurs, Inc. and Chargeurs Wool (USA) Inc. as Defendants. On October 2, 2019, this Court entered an Order (ECF No. 848) dismissing Chargeurs Wool (USA) Inc. without prejudice pursuant to a Stipulation of Partial Dismissal executed and filed by OxyChem and the other Defendants on September 27, 2019 (ECF No. 845).

[2] Plaintiff Occidental Chemical Corporation's and Defendant Chargeurs, Inc.'s Stipulation of Authenticity of Documents ("Stipulation").

[3] Declaration of Steven M. Richman dated December 16, 2019 ("Richman Decl.").

      4. On January 18, 1979, UPDW, Inc. ("UPDW") was incorporated under the laws of the State of Delaware. (Stipulation, Exh. 2, Certificate of Incorporation of UPDW, Inc.). On the same day, the three foreign companies transferred their shares of the stock (approximately 94%) of United in exchange for 100% of the shares of common stock of UPDW. (*Id.*, Exh. 3, Letters dated January 18, 1979; Richman Decl., Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T25:4-10).

      5. On January 26, 1979, United was merged with and into UPDW, with UPDW being the surviving corporation of that merger. (Stipulation, Exh. 5, Certificate of Ownership and Merger; Richman Decl., Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T24:4-7, T46:16-22 and T48:17-24). In connection with the merger, the approximately 6% of common stock of United not owned by UPDW was cancelled and the holders of those shares were entitled to receive cash in the amount of $8.00 per share for each share held. (Stipulation, Exh. 5, Certificate of Ownership and Merger; Richman Decl., Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T24:4-7).

      6. On December 28, 1978, Chargeurs was incorporated under the laws of the State of Delaware under the name "Pricel, Inc." (Stipulation, Exh. 6, Certificate of Incorporation of Pricel, Inc.; Richman Decl., Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T 47:16-20). In connection with the organization of Pricel, Inc., the shares of the common stock of UPDW owned by the three foreign companies were contributed to the capital of Pricel, Inc. with the result that UPDW became a wholly-owned subsidiary of Pricel, Inc. (*Id.*, Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T25:4-8).

7. Pricel, Inc.'s name was changed to "Chargeurs, Inc." on December 21, 1982. (Stipulation, Exh. 7, Certificate of Amendment of the Certificate of Incorporation of Pricel, Inc.; Richman Decl., Exh. C, Doldan Depo. T48:10-12 and T60:12-16). Chargeurs, therefore, was the parent company of UPDW from 1979-1983. (*Id.*, Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 4; *Id.*, Exh. C, Doldan Depo. T44:10-17, T46:23-25 and T47:1-3)

8. UPDW's operations ceased by 1983. (*Id.*, Exh. C, Doldan Depo. T169:6-10).

9. A special meeting of the Board of Directors of UPDW was held on December 22, 1982, to authorize the liquidation and dissolution of UPDW, as well as UPDW's wholly-owned subsidiary, The United Piece Dye Works, Inc., a Pennsylvania corporation. (Stipulation, Exh. 10, Minutes of the Special Meeting of the Board of Directors of UPDW, Inc. on December 22, 1982).

10. In the document titled "Plan of Liquidation and Dissolution" adopted at the December 22, 1982 meeting, the Board of Directors of UPDW resolved:

> that where any liability will be assumed by Chargeurs, the President and Secretary of the Corporation be, and each of them hereby is, authorized to execute and deliver such documents and take such other action as they may deem necessary or proper in order to effectuate the assumption by Chargeurs of such liability; (Stipulation, Ex. 10)

No separate document outlining a "plan of liquidation" is known to exist. (Richman Decl., Exh. C, Doldan Depo. T81-T82 and T99:18-21).

11. A special meeting of the Board of Directors of Chargeurs was also held on December 22, 1982. (Stipulation, Exh. 11, Minutes of the Special Meeting of the Board of Directors of Chargeurs, Inc. on December 22, 1982). Among other things, the Board of Directors of Chargeurs resolved as follows:

FURTHER RESOLVED, that the President and Secretary of the Corporation [Chargeurs] be, and each of them hereby is, authorized and directed to sign on behalf of the Corporation a certificate of consent of sole stockholder to the dissolution of UPDW; to adopt and approve the plan of liquidation of UPDW on behalf of the Corporation; and to take any and all action and to file such documents, instruments and papers as they may deem necessary or desirable to effectuate and consummate the liquidation and dissolution of UPDW; and be it

FURTHER RESOLVED, that, in connection with the plans of liquidation referred to in the foregoing resolutions, the Corporation shall assume the liabilities of UPDW and United [The United Piece Dye Works, a Pennsylvania corporation and wholly-owned subsidiary of UPDW] not paid or otherwise provided for by UPDW and United, whether or not related to specific assets, and that the President and Secretary of the Corporation be, and each of the hereby is, authorized to execute such mortgages, indentures, guarantees or other documents as may be required in connection with such assumption of liabilities; and be it

FURTHER RESOLVED, that the proper officers of the Corporation, be and they hereby are, authorized to take all steps necessary or appropriate to carry out the intentions and accomplish the purposes of the foregoing resolutions.  (Stipulation, Exh. 11).

12. On January 23, 1983, UPDW was dissolved under the laws of the State of Delaware.  (Stipulation, Exh. 8, Certificate of Dissolution of UPDW, Inc.; Richman Decl., Exh. B, Chargeurs Answer to Standard Interrogatory No. 4; *Id.*, Exh. C Doldan Depo. T47:6-9).  At that time, Chargeurs was the sole shareholder of UPDW.  (Stipulation, Exh. 9, Consent of the Sole Shareholder of UPDW, Inc. to the liquidation and dissolution of UPDW, Inc. executed by Chargeurs, Inc. on December 24, 1982; Richman Decl., Exh. B, Chargeurs Answer to Standard Interrogatory No. 4; *Id.*, Exh. C, Doldan Depo. T49:7-9 and T56:11-13).

13. There are no other corporate documents in the books and records relating to what, if any, liabilities were to be assumed by Chargeurs from UPDW in connection with the dissolution of UPDW.  (*Id.*, Exh. C, Doldan Depo. T69-T70, T72, T123:9-13 and T127:13-19).

14. There is no schedule of liabilities that were paid or provided for by UPDW. (*Id.*, Exh. C, Doldan Depo. T81-T82 and T99:18-21). There is no separate "plan of liquidation" that indicates how or when it would be accomplished. (*Id.*).

15. Although the U.S. Environmental Protection Agency ("EPA") previously had identified Chargeurs as a potentially responsible party ("PRP") with respect to the Diamond Alkali Superfund Site (Stipulation, Exh. 17, General Notice Letter from USEPA Region 2 to Chargeurs), Chargeurs denied any liability with respect to the Site (Stipulation, Exh. 19, letter from counsel for Chargeurs, Inc., dated October 6, 2006). In response to Chargeurs' submittal of a detailed analysis of the corporate history of Chargeurs, the EPA subsequently advised Chargeurs, in writing, that the EPA no longer considered Chargeurs to be a PRP at the Diamond Alkali Superfund Site. (ECF 450-1; Richman Decl., Exh. C, Doldan Depo. T30:7-19).

16. Chargeurs itself never engaged in operations of any kind in New Jersey, does not own property in New Jersey, and did not hire any UPDW employees or conduct the same business of UPDW in New Jersey. (*Id.*, Exh. B, Chargeurs Answers to Standard Interrogatories Nos. 1 and 2; *Id.*, Exh. D, Chargeurs Answers to OxyChem's Interrogatories Regarding Jurisdiction Nos. 7 and 8; *Id.*, Exh. E, Chargeurs Responses to OxyChem's First Request for Production Nos. 1 and 2; *Id.*, Exh. C, Doldan Depo. T168:23-25 and T169:11-15).

|  |  |
|---|---|
|  | Respectfully submitted, |
| Dated:  December 16, 2019 | CLARK HILL PLC |
|  | By: */s/ Steven M. Richman* |

        Steven M. Richman, Esq.
        *srichman@clarkhill.com*

        210 Carnegie Center
        Suite 102
        Princeton, NJ  08540
        (609) 785-2911

        David G. Ries, Esq.*
        *dries@clarkhill.com*
        Joseph R. Brendel, Esq.*
        *jbrendel@clarkhill.com*

        One Oxford Centre
        301 Grant Street, 14th Floor
        Pittsburgh, PA  15219-1425
        (412) 394-7711

        Attorneys for Defendant,
        Chargeurs, Inc.

        *Admitted *Pro hac vice*