**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**
**NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION | ) Hon. Madeline Cox Arleo |
| | ) Hon. Joseph A. Dickson |
| | ) |
| Plaintiff, | ) Civil Action No. 2:18-cv-11273-MCA-JAD |
| | ) Electronically Filed |
| v. | ) |
| | ) **PLAINTIFF OCCIDENTAL** |
| 21ST CENTURY FOX AMERICA, INC., *et al.* | ) **CHEMICAL CORPORATION'S** |
| | ) **RULE 56.1 STATEMENT OF** |
| Defendants. | ) **MATERIAL FACTS** |
| | ) |

ARCHER & GREINER, P.C.
One Centennial Square
Haddonfield, NJ 08033
Tel.   (856) 795-2121
By:   John J. McDermott, Esq.
         (jmcdermott@archerlaw.com)
         Charles J. Dennen, Esq.
         Lauren E. Krohn, Esq.

GIBBS & BRUNS, LLP
1100 Louisiana Street, Suite 5300
Houston, TX 77002
Tel.   (713) 650-8805
By:   Kathy D. Patrick, Esq.
         (kpatrick@gibbsbruns.com)
         Anthony N. Kaim, Esq.
         Katherine H. Kunz, Esq.
         Jorge M. Gutierrez, Esq.
         Marshal J. Hoda, Esq.

LANGSAM STEVENS SILVER &
HOLLAENDER LLP
1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel.   (215) 732-3255
By:   Larry D. Silver, Esq.
         (lsilver@lssh-law.com)
         David E. Romine, Esq.

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel.   (310) 553-3610
By:   Peter A. Nyquist, Esq.
         (pnyquist@ggfirm.com)
         Noah Perch-Ahern, Esq.
         Sherry E. Jackman, Esq.

*Attorneys for Plaintiff Occidental Chemical Corporation*

Pursuant to Federal Rule of Civil Procedure 56 and Local Civil Rule 56.1(a), Plaintiff Occidental Chemical Corporation ("OxyChem") provides the following Statement of Material Facts in Opposition to Chargeurs, Inc.'s Motions to Dismiss and for Summary Judgment and in Support of OxyChem's Cross-Motion for Summary Judgment.

1. From at least 1912 to 1944, The United Piece Die Works, Inc. ("United") operated on the Passaic River on the Main Street Property, and from 1912 to 1959 on the Arnot Street Property. *See* Ex. 1 (Doldan Depo Tr.) at 46:5-47:9.[1] United manufactured dyestuffs for the textile industry at the Main Street Property from the early 1900s to at least 1957 and perhaps as late as 1968. *See* Ex. 2 (2-6-18 Ltr. from Brendel to Fajardo).

2. EPA has alleged that hazardous substances were released from the United facilities at the Main Street Property and the Arnot Street Property. *See* Ex. 1 (Doldan Depo. Tr.) at 28:13-29:2.

3. Chargeurs was the corporate parent and sole shareholder of UPDW from 1978 or 1979 until its dissolution (discussed below) in 1983. *See* Ex. 10 (Std. ROG) at Nos. 1 & 4; Ex. 11 (12-22-82 Chargeurs Meeting Minutes); Ex. 1 (Doldan Depo. Tr.) 49:7-9, 56:11-13.

4. In late 1982 and early 1983, Chargeurs assumed its subsidiaries' liabilities, acquired their assets, and dissolved them. *See, e.g.*, Ex. 12 (6-18-18 Ltr. from Brendel to Fajardo at 4-5).

5. Chargeurs' board unanimously voted to assume its subsidiaries' liabilities:

> FURTHER RESOLVED, that, in connection with the plans of liquidation referred to in the foregoing resolutions, **the Corporation shall assume the liabilities of UPDW and United [The United Piece Dye Works, a Pennsylvania corporation and wholly-owned subsidiary of UPDW] not**

---

[1] All exhibits referenced in OxyChem's Rule 56.1 Statement are appended to the Declaration of John J. McDermott, dated January 22, 2020, filed with OxyChem's Opposition to Chargeurs' Motions to Dismiss and for Summary Judgment and Brief In Support of Plaintiff's Cross-Motion for Summary Judgment.

> **paid or otherwise provided for by UPDW and United, whether or not related to specific assets**, and that the President and Secretary of the Corporation be, and each of them hereby is, authorized to execute such mortgages, indentures, guarantees or other documents as may be required in connection with such assumption of liabilities . . . .

Ex. 11 (12-22-82 Chargeurs Meeting Minutes) at CH_000308.

6. On December 22, 1982, UPDW's board voted to liquidate and dissolve UPDW, as well as UPDW's wholly-owned subsidiary, The United Piece Dye Works, Inc., a Pennsylvania corporation ("United PA"). Ex. 13 (12-22-82 UPDW Meeting Minutes) at CHGR_000196-97.

7. UPDW's board of directors recognized that Chargeurs was assuming its liabilities, and thus authorized its officers to effectuate that assumption:

> [Resolved] that where any liability will be assumed by Chargeurs, the President and Secretary of the Corporation be, and each of them hereby is, authorized to execute and deliver such documents and take such other action as they may deem necessary or proper in order to effectuate the assumption by Chargeurs of such liability;

*Id.* at CHGR_000197.

8. UPDW also transferred to Chargeurs all of its assets, including shares in its subsidiaries and a $4.2 million promissory note. *Id.*; *see also* Ex. 12 (6-18-18 Ltr. from Brendel to Fajardo) at 6. UPDW's minutes set out and adopted a Plan of Liquidation and Dissolution. *See* Ex. 13, (12-22-82 UPDW Meeting Minutes) at CHGR_000197.

9. United PA's authorized its officers to effectuate UPDW's assumption of its liabilities, which would in turn be assumed by Chargeurs. *See* Ex. 14 (12-22-82 United PA Meeting Minutes) at CHGR_000369-70. And again, like UPDW, United PA's minutes set out and adopted a Plan of Liquidation and Dissolution. *See id.*

10. At least the board minutes of Chargeurs, UPDW, and United PA effectuate the dissolution of UPDW and United PA, and the assumption by Chargeurs of UPDW and United's liabilities. Ex. 11 (12-22-82 Chargeurs Meeting Minutes) at CH_000307-08; Ex. 13 (12-22-82 UPDW Meeting Minutes) at CHGR_000196-97; Ex. 14 (12-22-82 United PA Meeting Minutes) at CHGR_000369-70. The Plan of Liquidation and Dissolution of UPDW is in the Minutes of Special Meeting of the Board of Directors of UPDW, Inc. dated December 22, 1982. *See* Ex. 13 (12-22-82 UPDW Minutes) at CHGR_000196-97. The Plan of Liquidation and Dissolution of United PA is in the Minutes of Special Meeting of the Board of Directors of United Piece Dye Works, Inc. dated December 24, 1982. *See* Ex. 14 (12-22-82 United PA Meeting Minutes) at CHGR_000369-70. Chargeurs wrote in certified submission to EPA that "The Plan of Liquidation and Dissolution of UPDW (the 'Plan') is contained in the 'Minutes of Special Meeting of the Board of Directors of UPDW, Inc. dated December 22, 1982,'" and proceeded to quote from the Plan of Liquidation set out in UPDW's meeting minutes. Ex. 12 (06-08-18 Ltr. from Brendel to Yeh) at 3-4.

11. As confirmed in discovery and by Chargeurs' corporate representative, apart from these minutes, there were no other corporate documents relating to the liabilities assumed by Chargeurs from UPDW. *See* Ex. 1 (Doldan Depo. Tr.) at 69-70, 72, 123:9-13, 127:15-128:19; Ex. 15 (summary of Chargeurs' production).

12. UPDW did not separately settle or transfer their environmental liabilities to any entity other than Chargeurs. There was no schedule of liabilities that were paid or provided for by UPDW. *See* Ex. 1 (Doldan Depo. Tr.) at 81-82 and 99:18-21; Ex. 15 (summary of Chargeurs' production). There were no documents showing that any liabilities of UPDW were paid or otherwise provided for by UPDW. *See* Ex. 1 (Doldan Depo Tr.) at 135:7-11; Ex. 15 (summary of

3

Chargeurs' production). There were no documents showing that any other entity assumed UPDW's liabilities; that UPDW transferred its liabilities to any other entity; or that UPDW settled such liabilities. *See* Ex. 1 (Doldan Depo Tr.) at 123:14-25, 135:7-11, 136:7-19.

13. On or around September 11, 2006, EPA sent Chargeurs a General Notice Letter, alleging that United had released hazardous substances into Diamond Alkali Superfund Site, for which Chargeurs, as successor to United, was potentially responsible. *See* Ex. 16 (EPA General Notice Letter) at CHGR_000033.

14. On March 31, 2016, EPA notified Chargeurs that it had commenced negotiations for the design of a remedy for the lower 8.3 miles of the Passaic River, sometimes referred to as Operable Unit 2 or OU2. *See* Ex. 17 (EPA Notice re: Potential Liability) at CHGR_000131. EPA continued to correspond with Chargeurs as a PRP for OU2, so that Chargeurs could be involved in implementing the remedy EPA selected. *See, e.g.*, Ex. 18 (EPA Notice re: Cash Out Settlements) at CHGR_000104; Ex. 19 (EPA Notice re: Passaic Conference Call) at CHGR_00058; Ex. 20 (EPA Notice re: Passaic Allocation) at CHGR_000036.

15. In 2017, Chargeurs began to urge EPA to drop its claim that Chargeurs was a PRP, arguing that it was not a successor to UPDW. *See* Ex. 21 (1-10-18 email from Brendel to Fajardo) at CHGR_000018. Around April 2018, EPA requested information from Chargeurs regarding the corporate succession of its former subsidiaries. *See* Ex. 22 (4-12-13 EPA Request for Information to Chargeurs) at CHGR_000174. On June 18, 2018, Chargeurs answered a request for information from EPA. Mr. Doldan, Secretary of Chargeurs, certified the submission to EPA, stating under penalty of law that he personally examined and was familiar with the information and all documents submitted to EPA. *See* Ex. 1, (Doldan Depo Tr.) 104:9-17, Ex. 12 (6-18-18 Ltr. from Brendel to Yeh). In the certified responses, Chargeurs stated that it had assumed its subsidiaries'

4

liabilities, but that this assumption was not broad enough to include CERCLA liability.  *See* Ex. 23 (Brendel Ltr. to Yeh) at 5-6.  Specifically, Mr. Doldan certified to EPA as "true, accurate, and complete" the statements that "Chargeurs, Inc. did not assume any unknown and future alleged liability of UPDW with respect to the Diamond Alkali Site" and that the assumption of liability was "neither specific enough to include CERCLA liability nor general enough to include any and all environmental liability."  *Id*. at 5, 6, 10.

16. In response to Chargeurs' certified submission that it did not assume the CERCLA liability of UPDW, EPA advised Chargeurs by email that EPA no longer considered Chargeurs to be a PRP at the Diamond Alkali Superfund Site.  *See* Ex. 24 (7-24-18 email from Flanagan to Brendel) at CHGR_000030.

17. Mr. Doldan certified to EPA as "true, accurate, and complete" the statements that "Chargeurs, Inc. did not assume any unknown and future alleged liability of UPDW with respect to the Diamond Alkali Site" and that the assumption of liability was "neither specific enough to include CERCLA liability nor general enough to include any and all environmental liability."  *See* Ex. 23 (6-18-18 Brendel Ltr. to Yeh, Ex. 8) at 5-6.  But at his deposition, Mr. Doldan confirmed he did not know one way or the other whether Chargeurs actually assumed any liabilities of its former subsidiary UPDW.  *See* Ex. 1 (Doldan Depo. Tr.) 57:19-22, 67:12-68:16, 76:7-21, 78:8-17, 118:19-22, 122:16-19.

18. Doldan was born in 1973 in Argentina and was a child when the relevant transactions occurred.  *See id.* at 8:24-9:7, 17:22-18:2, 18:17-24, 26:9-13.  Doldan had no personal knowledge of the relevant transactions and had no involvement in the operations of United or the transactions leading to its dissolution.  *See id.*  Doldan did not review the submission to EPA for

5

factual accuracy and made no corrections or adjustments to them; his review of the EPA submission took approximately one hour. *Id.* at 20:23-21:6, 107:5-19.

19. Chargeurs' corporate representative did not know whether Chargeurs retained any of UPDW's management personnel after dissolution; did not know whether Chargeurs retained any of UPDW's physical locations after its dissolution; and did not know whether Chargeurs retained or continued any of the operations of UPDW after its dissolution. *See* Ex. 1 (Doldan Depo Tr.) at 165:8-14, 169:16-19, 170:10-17, 171:5-17, 127:9-12.

Dated: January 22, 2020

Respectfully submitted,

ARCHER & GREINER, P.C.

By:   /s/ *John J. McDermott*
John J. McDermott, Esq.
(jmcdermott@archerlaw.com)
Charles J. Dennen, Esq.
Lauren E. Krohn, Esq.
One Centennial Square
Haddonfield, NJ 08033
Tel: (856) 795-2121
Fax: (856) 795-0574

GIBBS & BRUNS, LLP
Kathy D. Patrick, Esq.
(kpatrick@gibbsbruns.com)
Anthony N. Kaim, Esq.
Katherine H. Kunz, Esq.
Jorge M. Gutierrez, Esq.
Marshal J. Hoda, Esq.
1100 Louisiana, Suite 5300
Houston, TX 77002
Tel: (713) 650-8805
Fax: (713) 750-0903

LANGSAM STEVENS SILVER & HOLLAENDER, LLP
Larry D. Silver, Esq.
(lsilver@lssh-law.com)
David E. Romine, Esq.

6

        1818 Market Street, Suite 2610
Philadelphia, PA 19103
Tel: (215) 732-3255
Fax: (215) 732-3260

GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
Peter A. Nyquist, Esq.
(pnyquist@ggfirm.com)
Noah Perch-Ahern, Esq.
Sherry E. Jackman, Esq.
1900 Avenue of the Stars, 21st Floor
Los Angeles, CA 90067
Tel: (310) 553-3610
Fax: (310) 553-0687

*Attorneys for Plaintiff*
*Occidental Chemical Corporation*