UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>     Plaintiff,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC., et al.,<br><br>     Defendants. | Civil Action No. 18-11273 (MCA)(JD)<br><br>**ORDER OF THE SPECIAL MASTER REGARDING ELECTRONICALLY STORED INFORMATION** |

**WHEREAS**, the Special Master held a monthly conference with the parties on February 12, 2020 ("February Conference") to discuss issues related to discovery; and

**WHEREAS**, over the course of several prior monthly conferences, the parties have raised numerous issues related to the production of Electronically Stored Information ("ESI"), which has yet to commence; and

**WHEREAS**, Plaintiff has requested that Defendants immediately begin producing ESI; and

**WHEREAS**, the Small Parties Group and numerous additional Defendants have proposed that the parties reach an agreement regarding search terms and custodians before any ESI searches are commenced; and

**WHEREAS**, in furtherance of that position, on or about December 19, 2019, the Small Parties Group proposed a list of common search terms ("Common Terms") to be used by Defendants in searching for ESI responsive to Plaintiff's discovery demands; and

**WHEREAS**, several other Defendants have expressed that the Common Terms need to be modified for most individual Defendants to provide appropriate and complete ESI search results;

and

**WHEREAS**, another issue in dispute among the parties is the scope of relevant ESI discovery, and in particular, whether ESI should be limited to documents and other information that references the eight (8) chemicals of concern ("COCs"); and

**WHEREAS**, in connection with this dispute, Plaintiff has proposed a list of more than 1,200 chemicals ("Chemical List") that, while not meant to be treated as search terms, Plaintiff argues are relevant to this matter; and

**WHEREAS**, Defendants have objected to Plaintiff's Chemical List as being irrelevant and overbroad; and

**WHEREAS**, during the February Conference, the Special Master determined that based on the months of discussions related to ESI, pre-negotiation and agreement of all issues related to ESI will result in unnecessary delay and complication; and

**WHEREAS**, the Special Master determined that, in accordance with a lengthy discussion and the terms of this Order, ESI searches must commence to ensure that discovery in this matter continues to progress; and

**IT IS** on this 18th day of February 2020,

**ORDERED** that Plaintiff shall file a motion ("Chemical List Motion"), in accordance with the briefing schedule set forth below, regarding the relevancy of the chemicals listed on the Chemical List:

1. Plaintiff shall file the Chemical List Motion on or before February 21, 2020;

2. Any Defendant shall file opposition to the Chemical List Motion on or before March 2, 2020;

3. Plaintiff shall file a reply brief on or before March 5, 2020; and

4. The Special Master shall conduct a hearing on the Chemical List Motion on March

11, 2020, at the monthly conference; and it is further

**ORDERED** that all parties possessing ESI shall commence searches of ESI by no later than April 1, 2020, in accordance with the following:

1. Defendants shall either adopt the Common Terms proposed by the Small Parties Group; or modify the Common Terms in a good faith attempt to ensure their individual ESI production complies with all applicable requirements.

2. Defendants may seek to negotiate modified Common Terms and custodian lists with Plaintiff in advance of searching ESI in an effort to reach an agreement. As is always required, parties shall negotiate in good faith and make every effort to timely respond to each other. If no agreement is reached by April 1, 2020, the parties reserve all rights to challenge and defend any modified Common Terms and custodian lists following the production of documents. In reviewing such challenges and defenses, the Special Master will consider the efforts made prior to April 1, 2020 to come to an agreement.

3. All parties shall provide a complete list of search terms and custodians utilized in their ESI searches when their production is made.

4. The parties have leave to directly communicate with the Special Master related to ESI and negotiations of search terms and custodians.

5. Nothing in this Order shall restrict the ability of any party to make additional inquiries regarding the amount and scope of ESI in a party's possession or the manner in which ESI searches were conducted.

*/s/ Thomas P. Scrivo*
**THOMAS P. SCRIVO**
**Special Master**