UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>          *Plaintiff*,<br>     v.<br>21ST CENTURY FOX AMERICA, et al.,<br><br>          *Defendants*. | Civil Action No. 18-11273<br><br>ORDER |

**THIS MATTER** comes before the Court on the Small Parties Group's ("SPG")[1] Motion to Strike or Dismiss, ECF No. 873, Plaintiff Occidental Chemical Corporation's ("Plaintiff" or "OxyChem") Counterclaims-in-Reply ("CIRs"), ECF Nos. 763-833, pursuant to Federal Rules of Civil Procedure 12(b)(6) and 12(f);

and it appearing that Plaintiff opposes Defendants' Motion, ECF No. 882;

and it appearing that Plaintiff filed this action for cost recovery and contribution from Defendants based on response costs that it expended and will expend to address "releases and threatened releases of hazardous substances in the Lower Passaic River and elsewhere within the Diamond Alkali Superfund Site," Compl. at 4, ECF No. 1;[2]

---

[1] As previously noted by the Court, the SPG includes sixty-six defendants to this action. See ECF No. 647 (the "July 31 Order") at 1 n.1. After the SPG filed the instant Motion, the Gordon Rees Group of twenty-five defendants, the CSG Liaison Group of six defendants, and Defendant Innospec Active Chemical, LLC ("Innospec") filed letters joining the SPG's Motion. See ECF Nos. 874-76. The Court refers to the SPG, the Gordon Rees Group, the CSG Liaison Group, and Innospec collectively as "Defendants."

[2] Because the parties are familiar with Plaintiff's Complaint, the Court briefly summarizes the facts from its July 31 Order. Diamond Shamrock Chemicals Company ("DSCC") or its predecessors in interest owned and operated a chemical plant on Lister Avenue in Newark, New Jersey (the "Lister Plant"), and in the 1980s, DSCC was merged into OxyChem after an affiliate purchased DSCC's stock from DSCC's corporate parent, Maxus Energy Corporation ("Maxus"). July 31 Order at 1-2. Maxus and its affiliate, Tierra Solutions, Inc. ("Tierra"), agreed to indemnify, defend, and hold harmless OxyChem against all liabilities arising from the Lister Plant's environmental contamination. Id. at 2. The United States Environmental Protection Agency (the "EPA") determined that the Lister Plant, among others, discharged contaminated sediment into the Lower Passaic River Study Area ("LPRSA") and entered into a series of settlement agreements with OxyChem regarding this contamination. Id. at 2-3; see also ECF Nos. 476.2 (the

and it appearing that Defendants filed counterclaims seeking contribution from Plaintiff pursuant to CERCLA Section 113(f), 42 U.S.C. § 9613(f) ("Section 113"), for costs arising out of several EPA settlement agreements involving contamination of the LPRSA, see ECF Nos. 660-739;[3]

and it appearing that Plaintiff filed Answers to those counterclaims with CIRs that seek, in relevant part: (1) cost recovery pursuant to CERCLA Section 107(a), 42 U.S.C. § 9607(a) ("Section 107"), for costs related to the 2004 Settlement and the 2007 Settlement (the "Section 107 CIRs"); (2) contribution pursuant to Section 113(f) for costs related to the 2004 Settlement, the 2007 Settlement, and the 2012 UAO (the "Section 113 CIRs"); and (3) a declaration of Defendants' liability pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2) (the "Declaratory Judgment CIRs"), see ECF No. 763 at 39-45;[4]

---

"2008 Settlement"), 476.4 (the "2011 Settlement"), 476.5 (the "2016 Settlement"). The EPA also issued a Unilateral Administrative Order for Removal Response Activities ("UAO") which directed OxyChem to remove contaminated sediments from the Passaic River at River Mile ("RM") 10.9. July 31 Order at 2; see also ECF No. 476.6 (the "2012 UAO"). OxyChem has incurred and will continue to incur response costs related to these settlements and the UAO, as well as costs to identify other potentially responsible parties ("PRPs"). As such, it brought an action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq. to recover costs and/or seek contribution from Defendants. July 31 Order at 3.

[3] Specifically, Defendants seek contribution for costs related to three EPA settlements. The first is a 2004 agreement under which the parties agreed to fund certain EPA expenses to perform a remedial investigation/feasibility study ("RI/FS") for all seventeen miles of the LPRSA. See ECF No. 660 ¶ 74 (because Defendants' counterclaims are substantively identical and the pleadings are voluminous, the Court refers only to the first-filed Answer with Counterclaims); see also ECF No. 873.3 (the "2004 Settlement"). The second is a 2007 agreement wherein the parties agreed to perform the RI/FS that the EPA developed pursuant to the 2004 Settlement. See ECF No. 660 ¶ 75; see also ECF No. 873.4 (the "2007 Settlement"). The third is the 2012 UAO. See ECF No. 660 ¶¶ 90-91.

[4] Because Plaintiff's CIRs are identical as against all Defendants, see ECF Nos. 763-833, the Court refers only to Plaintiff's first-filed Answer with CIRs, ECF No. 763.

Additionally, Plaintiff frames their claims as both CIRs and crossclaims. See id. at 39-45. A crossclaim is "any claim by one party against a coparty." See Fed. R. Civ. P. 13(g) (emphasis added). "Clearly, a crossclaim may not be asserted against a party on the opposite side of the action." 6 Wright & Miller, Federal Practice & Procedure § 1431 (3d ed. 2004). Plaintiff's crossclaims against Defendants are dismissed as improperly pled because Plaintiff and Defendants are on opposite sides of this action. The Court analyzes Plaintiff's claims as CIRs.

2

and it appearing that Defendants argue the Court should strike the CIRs as procedurally improper because a counterclaim-in-reply is not a permissible pleading, see Def. Br. at 3-7, ECF No. 873.1;

and it appearing that, while Federal Rule of Civil Procedure 7 does not expressly list a CIR as a form of pleading, courts in this District have allowed CIRs to proceed, particularly where the opposing party "ha[s] fair notice" of the claims and "the discovery needed to prosecute and defend the CIR . . . is virtually identical to that needed to prosecute and defend" the counterclaims, see, e.g., Aleynikov v. The Goldman Sachs Grp., Inc., No. 12-5994, 2016 WL 6440122, at *6 n.6, *7-8 (D.N.J. Oct. 28, 2016);

and it appearing that Plaintiff's CIRs are procedurally permissible because they arise out of the same conduct and present the same issues as Defendants' counterclaims, namely, allocation of contamination cleanup costs related to the 2004 Settlement, the 2007 Settlement, and the 2012 UAO, compare supra n.3 (describing Defendants' counterclaims) with ECF No. 763 at 39-45 (describing Plaintiff's CIRs); see also Aleynikov, 2016 WL 6440122, at *7-8;

and it appearing that Defendants argue the Section 107 CIRs should be dismissed under Federal Rule of Civil Procedure 12(b)(6) for the same reasons the Court dismissed Plaintiff's Section 107(a) claims related to the 2008, 2011, and 2016 Settlements in the July 31 Order, see Def. Br. at 7-10;[5]

---

[5] In considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all of the facts in the complaint and draws all reasonable inferences in favor of the nonmoving party. Phillips v. Cty. of Allegheny, 515 F.3d 224, 233 (3d Cir. 2008). The facts alleged must be "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint will survive a motion to dismiss if it provides a sufficient factual basis such that it states a facially plausible claim for relief. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). Moreover, the Court may consider "a document integral to or explicitly relied upon in the complaint." In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir. 1997) (internal quotations omitted) (emphasis added). Accordingly, the Court considers the 2004 Settlement, the 2007 Settlement, and the 2012 UAO because they are raised in the CIR pleading.

and it appearing that parties cannot bring Section 107(a) claims for costs incurred pursuant to settlements or consent decrees if they "would be shielded from contribution counterclaims under [Section] 113(f)(2)," Agere Sys., Inc. v. Advanced Envtl. Tech. Corp., 602 F.3d 204, 229 (3d Cir. 2010); see also July 31 Order at 6;

and it appearing that the Court previously dismissed Plaintiff's Section 107(a) claims related to the 2008, 2011, and 2016 Settlements because those Settlements "resolved [Plaintiff's] liability to the United States for purposes of Section 113(f)(2)" such that Plaintiff would be shielded from contribution liability, July 31 Order at 6-7;

and it appearing that the 2004 and 2007 Settlements contain substantively identical language that shields Plaintiff from contribution liability under Section 113(f), compare 2004 Settlement ¶ 31 ("[The] Settling Parties are entitled . . . to protection from contribution actions or claims as provided by Sections 113(f)(2) and 112(h)(4) of CERCLA . . . for 'matters addressed' in this Agreement.") and 2007 Settlement ¶ 92(a) ("[T]his Settlement Agreement constitutes an administrative settlement for purposes of Section 113(f)(2) of CERCLA . . . [and] Settling Parties are entitled . . . to protection from contribution actions or claims as provided by Section[] 113(f)(2) . . . for 'matters addressed' in this Settlement Agreement.") with July 31 Order at 7 n.5 ("In all three settlement agreements, OxyChem and the EPA explicitly agreed that the 'Settlement Agreement constitutes an administrative settlement . . . pursuant to which Respondent has . . . resolved its liability to the United States for the Work and Future Response Costs.'") (quoting 2008 Settlement ¶ 82(b); 2011 Settlement ¶ 104(b); 2016 Settlement ¶ 105);

and it appearing that the Court therefore dismisses the Section 107 CIRs for the reasons explained in the July 31 Order and the law of the case doctrine, see In re Cont'l Airlines, Inc., 279 F.3d 226, 232-33 (3d Cir. 2002) (noting that "the law of the case" is "a precept that posits that

4

when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case . . . [to] promote[] the finality and efficiency of the judicial process");

and it appearing that Defendants argue the Court should dismiss the Section 113 CIRs related to the 2004 Settlement because Plaintiff did not itself incur any costs under that settlement, see Def. Br. at 11;

and it appearing that Plaintiff alleges that "[it,] through its indemnitors Maxus and Tierra, paid significant costs associated with the [2004 Settlement] for" the LPRSA, ECF No. 763 at 38;

and it appearing that the Court previously concluded that Plaintiff "cannot recover the costs that [its indemnitors] incurred," July 31 Order at 5 n.4;

and it appearing that the Section 113 CIRs related to the 2004 Settlement are therefore dismissed because Plaintiff does not allege it personally incurred any costs;

and it appearing that the Court also dismisses the Section 113 CIRs based on the 2012 UAO because they rest on identical allegations to Plaintiff's 2012 UAO Section 113(f) claims, which the Court has already rejected, see July 31 Order at 8-10; ECF No. 763 at 42-43;

and it appearing that Defendants argue the Court should dismiss the Declaratory Judgment CIRs if it dismisses the Section 107 and Section 113 CIRs, see Def. Br. at 12;

and it appearing that "a party seeking declaratory judgment establishing liability for contribution in the context of CERCLA must demonstrate the existence of an actual case or controversy," and that "[t]o be entitled to declaratory relief under [Section] 107(a), a party need only prove liability for costs already incurred," Reichhold, Inc. v. U.S. Metals Refining Co., 522 F. Supp. 2d 724, 728-29 (D.N.J. 2007);

and it appearing that because the Court has dismissed the Section 107 CIRs, Plaintiff cannot "prove liability for costs already incurred" with respect to those claims, see id.;

and it appearing that because the Court dismisses the Section 113 CIRs as they relate to the 2004 Settlement and the 2012 UAO, an actual case or controversy under the Section 113 CIRs exists only as to the 2007 Settlement, see Black Horse Lane Assocs., L.P. v. Dow Chem. Corp., 228 F.3d 275, 291-92 (3d Cir. 2000);

and it appearing that the Court therefore dismisses the Declaratory Judgment CIRs except as they relate to the 2007 Settlement;

**IT IS** on this 26th day of May, 2020;

**ORDERED** that Defendants' Motion to Strike or Dismiss, ECF No. 873, is **GRANTED in part** and **DENIED in part**; and it is further

**ORDERED** that Plaintiff's crossclaims, ECF Nos. 763-833, are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Section 107 CIRs are **DISMISSED**; and it is further

**ORDERED** that Plaintiff's Section 113 CIRs are **DISMISSED** to the extent that they seek contributions for costs arising out of the 2004 Settlement or 2012 UAO.  Plaintiff's Section 113 and Declaratory Judgment CIRs related to the 2007 Settlement may proceed.[6]

> */s Madeline Cox Arleo*
> **HON. MADELINE COX ARLEO**
> **UNITED STATES DISTRICT JUDGE**

---

[6] Plaintiff styled the Section 107 CIRs as "Count IV," the Section 113 CIRs as "Count V," and the Declaratory Judgment CIRs as "Count VI" in its Answer with CIRs. See ECF No. 763 at 39-45. As such, Count IV is dismissed in its entirety, and Counts V and VI are dismissed except as they relate to the 2007 Settlement.