Regina S.E. Murphy (NJ Bar No. 031712010)
BARNES & THORNBURG, LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel:    (302) 300-3434
Fax:    (302) 300-3456
Email: gigi.murphy@btlaw.com

Charles M. Denton (admitted *pro hac vice*)
BARNES & THORNBURG, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:    (616) 742-3974
Fax:    (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant Flint Group
Incorporated*

## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br>        Plaintiff,<br><br>v.<br><br>21ST CENTURY FOX AMERICA, INC.; ET AL.,<br><br>        Defendants. | Civil Action No.:  2:18-cv-11273- MCA-JAD<br><br>**DEFENDANT FLINT GROUP INCORPORATED'S ANSWER AND DEFENSES TO PLAINTIFF'S CROSS-CLAIMS AND COUNTERCLAIMS** |

Defendant Flint Group Incorporated ("Defendant"),[1] by and through counsel, hereby answers Plaintiff Occidental Chemical Corporation's Counterclaims and Cross-Claims, filed on September 13, 2019, ECF No. 763 ("Counterclaim"), as set forth below.  Except as specifically admitted herein, Defendant denies each and every allegation of the Counterclaim.  Defendant expressly reserves the right to amend and/or supplement its Answer and Defenses to Plaintiff's Counterclaim.  Defendant further responds paragraph-by-paragraph as follows:

1.    The first sentence of Paragraph 1 of the Counterclaim references and purports to

---

[1] As Defendant has repeatedly informed Plaintiff throughout this litigation, Flint Group Incorporated is now Flint CPS Inks Holdings LLC, such that Plaintiff is proceeding against an improper entity.

characterize and quote from Plaintiff's Complaint, a document which speaks for itself. Defendant denies any statements or allegations in the first sentence of Paragraph 1 that mischaracterize or misquote the referenced Complaint or take it out of context. Defendant further denies that Plaintiff's Complaint was limited to claims related to the Lower 8.3 miles of the Lower Passaic River and denies any remaining allegations, characterizations, or implications in the first sentence of Paragraph 1. Defendant incorporates as if fully set forth herein its responses to all the allegations and claims in Plaintiff's Complaint, as set forth in Defendant's Answer and Additional Defenses, ECF No. 421 ("Answer to Complaint").

2.      Paragraph 2 of the Counterclaim references and purports to characterize and quote from Defendants' Counterclaims filed in this matter. These documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 2 that mischaracterize or misquote Defendant's Counterclaims or take them out of context.  Defendant denies any remaining allegations, characterizations, and implications in Paragraph 2 and re-asserts its claim for relief in Defendant's Counterclaims and Answer to Cross-Claims (ECF No. 751).

3.      To the extent the allegations in Paragraph 3 and footnote 4 of the Counterclaim relate to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 3 and footnote 4 of the Counterclaim contain references to and characterizations of Plaintiff's Complaint, Defendants' Counterclaims, and a certain 2007 Standstill Agreement. Those documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 3 or footnote 4 that mischaracterize or misquote such documents or take them out of context.  Defendant further denies that Defendants broadened the scope of this litigation.  Paragraph 3 and footnote 4 of the Counterclaim contain legal conclusions

and Plaintiff's characterization of its own claims, to which no response is required.    However, Plaintiff's Cross-Claims, its CERCLA Section 107 counterclaims-in-reply, and its CERCLA Section 113 and declaratory judgment counterclaims-in-reply except as they relate to the 2007 remedial investigation and feasibility study ("RI/FS") administrative settlement agreement and order on  consent ("2007 RI/FS ASAOC") have been dismissed pursuant to the Court's May 26, 2020 Order partially granting Defendants' Motion to Strike or Dismiss (ECF No. 968) ("May 26, 2020 Order").   With respect to Plaintiff's remaining declaratory judgment and Section 113 Counterclaims-in-Reply relating to the 2007 RI/FS ASAOC, Defendant denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief. Footnote 4 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in footnote 4 and expressly denies that Plaintiff has the "right" to amend its Counterclaim (or, for that matter, its Complaint). Defendant denies any remaining allegations, characterizations, and implications in Paragraph 3 and footnote 4, including any which seek to impute liability to Defendant.

4.     Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 44 of Plaintiff's Complaint, as set forth in Paragraphs 1 through 44 of its Answer to Plaintiff's Complaint (ECF No. 421).

5.     To the extent the allegations contained in Paragraph 5 of the Counterclaim relate to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 5 of the Counterclaim references and purports to characterize a 2016 Record of Decision for the Lower 8.3 Miles of the Lower Passaic River Part of the Diamond Alkali Superfund Site ("2016 ROD"), a document which speaks for itself in the appropriate context.  Defendant denies

any statements or allegations in Paragraph 5 that mischaracterize this document or take it out of context. Defendant denies any remaining allegations, characterizations, and implications in Paragraph 5.

6.      To the extent the allegations in Paragraph 6 of Plaintiff's Counterclaims seek to paraphrase or characterize the 2004 RI/FS AOC and amendments thereto and the 2007 RI/FS ASAOC referred to in Paragraph 6, these documents speak for themselves in the appropriate context.  Defendant denies any statements or allegations in Paragraph 6 that pertain to Defendant. Defendant denies any statements or allegations in Paragraph 6 that mischaracterize the referenced settlement agreements and amendments and/or take them out of context.  To the extent the allegations in Paragraph 6 relate to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same.  Defendant admits that in Plaintiff's Counterclaims and Cross-Claims, Plaintiff seeks a money judgment for cost recovery and contribution for response costs allegedly incurred in connection with the 2007 RI/FS ASAOC but denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief.  Defendant denies any remaining allegations, characterizations, or implications in Paragraph 6, including any which seek to impute liability to Defendant.

7.      Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 45 through 50 of its Answer to Complaint.

8.      Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 51 through 173 of its Answer to Complaint.

9.      Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 174 through 270 of its Answer to Complaint.

<u>**COUNT IV**</u>
**(Counterclaim and Cross-Claim against all Defendants for CERCLA Cost Recovery Under Section 107(a))**

10.    Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV.  To the extent a response is required, Defendant denies any liability to Plaintiff on its Counterclaim pursuant to CERCLA Section 107(a), and refers to and specifically incorporates by reference its responses to Paragraphs 1 through 9 of Plaintiff's Counterclaim.

11.    Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV.  Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other Defendants and therefore denies the same.  Paragraph 11 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 11, including any which seek to impute liability to Defendant.

12.    Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV.  To the extent a response is required, Paragraph 12 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 12.

13.    Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV or to Plaintiff's prayer for relief.  To the extent a response is required, Defendant denies the allegations in Paragraph 13 and denies that Plaintiff is entitled to any relief.

## COUNT V
### (Counterclaim and Cross-Claim against all Defendants for CERCLA Cost Recovery Under Section 113(f))

14.    Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 13 of Plaintiff's Counterclaim.

15.    Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other Defendants and therefore denies the same.  Paragraph 15 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 15, including any which seek to impute liability to Defendant.

16.    Paragraph 16 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17.    Plaintiff's CERCLA Section 113(f) claim relating to the 2004 RI/FS AOC and the 2012 River Mile 10.9 Removal Unilateral Administrative Order ("2012 RM 10.9 Removal UAO) and Plaintiff's Cross-Claims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to those administrative orders.  Defendant further states that Paragraph 17 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 17.  Additionally, no response is required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## COUNT VI
### (Counterclaim and Cross-Claim against all Defendants for Declaratory Judgment –

**CERCLA)**

18.     Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Counterclaim.

19.     Defendant denies each and every allegation in Paragraph 19 to the extent directed to it.  Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other Defendants and therefore denies the same.  Paragraph 19 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 19, including any which seek to impute liability to Defendant.

20.     Paragraph 20 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21.     Plaintiff's declaratory judgment counterclaims-in-reply except as they relate to the 2007 RI/FS ASAOC and Plaintiff's Cros-Claims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to other administrative orders.  Defendant further states that Paragraph 21 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22.     Plaintiff's declaratory judgment Counterclaims-in-Reply except as they relate to the 2007 RI/FS ASAOC and Plaintiff's Cross-Claims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to other administrative orders.  Defendant further states that Paragraph 22 of the Counterclaim consists of one or more conclusions of law, to which no response is required.  Additionally, no response is

required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

Defendant refers to and specifically incorporates by reference as if fully set forth herein each and every defense asserted in Defendant's Answer to Complaint and Additional Defenses (ECF No. 421).

Plaintiff has not alleged nor can it prove that Defendant is more than a *de micromis* party completely exempt from CERCLA liability; Defendant shall therefore be entitled to recover from Plaintiff the statutory costs and fees set forth in 42 U.S.C. § 9607(p)(7) incurred defending against the claims asserted by Plaintiff.

Defendant continues its objection that this Defendant is not a Michigan corporation and does not maintain its principal place of business in East Lansing, Michigan as alleged by Plaintiff; and Defendant affirmatively states that Flint Group Incorporated is now known as Flint CPS Inks Holdings LLC of Texas, such that Plaintiff is proceeding against an improper entity.

Defendant reserves the right to assert further defenses that may become apparent during the course of discovery and pretrial proceedings.

WHEREFORE, Defendant Flint Group Incorporated respectfully requests that this Court dismiss Plaintiff's Complaint and Counterclaim with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant Flint Group Incorporated; award Defendant Flint Group Incorporated its attorneys' fees and costs for having to defend this action; and award Defendant Flint Group Incorporated such further and other legal and equitable relief as this Court deems just and proper.

Dated:  June 17, 2020                    Respectfully submitted,

                                         BARNES & THORNBURG LLP

                                         */s/ Regina S.E. Murphy*
                                         Regina S.E. Murphy (NJ Bar No. 031712010)
                                         1000 N. West Street, Suite 1500
                                         Wilmington, DE 19801
                                         Tel:    (302) 300-3434
                                         Fax:    (302) 300-3456
                                         Email: gigi.murphy@btlaw.com

                                         Charles M. Denton (*admitted pro hac vice*)
                                         171 Monroe Avenue N.W., Suite 1000
                                         Grand Rapids, MI 49503-2694
                                         Tel:    (616) 742-3974
                                         Fax:    (616) 742-3999
                                         Email: charles.denton@btlaw.com

                                         *Attorneys for Defendant Flint Group*
                                         *Incorporated*

## CERTIFICATE OF SERVICE

I hereby certify that on June 17, 2020, the foregoing **Defendant Flint Group**

**Incorporated's Answer and Defenses to Plaintiff's Cross-Claims and Counterclaims**

was filed using CM/ECF Electronic filing system of the United States District Court for the

District of New Jersey, which will serve a copy on all counsel of record.


 */s/ Regina S.E. Murphy*
Regina S.E. Murphy (NJ Bar No. 031712010)