Wendy F. Klein, Esq.
Heather L. Demirjian, Esq.
**COLE SCHOTZ P.C.**
25 Main Street
Hackensack, NJ 07601
(201) 489-3000
wklein@coleschotz.com
hdemirjian@coleschotz.com
*Attorneys for Defendant Pabst Brewing Company, LLC*

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>21ST CENTURY FOX AMERICA, INC., *et al.*,<br><br>Defendants. | Case No: 2:18-cv-11273-MCA-JAD<br><br>**PABST BREWING COMPANY, LLC'S ANSWER AND DEFENSES TO PLAINTIFF'S CROSSCLAIMS AND COUNTERCLAIMS** |

Defendant Pabst Brewing Company, LLC ("Defendant"), by and through counsel, hereby answers Plaintiff Occidental Chemical Corporation's Counterclaims and Crossclaims, filed on September 13, 2019, ECF No. 773 ("Counterclaim"), as set forth below. Except as specifically admitted herein, Defendant denies each and every allegation of the Counterclaim. Defendant expressly reserves the right to amend and/or supplement its Answer and Defenses to Counterclaim. Defendant further responds paragraph-by-paragraph as follows:

    1.    The first sentence of Paragraph 1 of the Counterclaim references and purports to

characterize and quote from Plaintiff's Complaint, a document which speaks for itself. Defendant denies any statements or allegations in the first sentence of Paragraph 1 that mischaracterize or misquote the referenced Complaint or take it out of context. Defendant further denies that Plaintiff's Complaint was limited to claims related to the Lower 8.3 miles of the Lower Passaic River and denies any remaining allegations, characterizations, or implications in the first sentence of Paragraph 1. Defendant incorporates as if fully set forth herein its responses to all the allegations and claims in Plaintiff's Complaint, as set forth in its Answer to Plaintiff's Complaint, filed on August 14, 2019, ECF No. 735 ("Answer to Complaint").

2. Paragraph 2 of the Counterclaim references and purports to characterize and quote from Defendants' Counterclaims filed in this matter. These documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 2 that mischaracterize or misquote Defendant's Counterclaims or take them out of context. Defendant denies any remaining allegations, characterizations, and implications in Paragraph 2.

3. To the extent the allegations in Paragraph 3 and footnote 4 of the Counterclaim relate to individuals or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 3 and footnote 4 of the Counterclaim contain references to and characterizations of Plaintiff's Complaint, Defendants' Counterclaims, and a certain 2007 Standstill Agreement. Those documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 3 or footnote 4 that mischaracterize or misquote such documents or take them out of context. Defendant further denies that Defendants broadened the scope of this litigation. Paragraph 3 and footnote 4 of the Counterclaim contain Plaintiff's characterization of its own claims, to which no response is required. To the extent a

response is required, Defendant admits that Plaintiff's counter- and cross-claims assert claims under Sections 107 and 113 of CERCLA and for declaratory judgment. However, Plaintiff's crossclaims, its Section 107 counterclaims-in-reply, and its Section 113 and declaratory judgment counterclaims-in-reply except as they relate to the 2007 remedial investigation and feasibility study ("RI/FS") administrative settlement agreement and order on consent ("2007 RI/FS ASAOC") have been dismissed pursuant to the Court's May 26, 2020 Order granting in part Defendants' Motion to Strike or Dismiss (ECF No. 968) ("May 26, 2020 Order").  With respect to Plaintiff's remaining declaratory judgment and Section 113 counterclaims-in-reply relating to the 2007 RI/FS ASAOC, Defendant denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief. Footnote 4 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in footnote 4 and expressly denies that Plaintiff has the "right" to amend its Counterclaim (or, for that matter, its Complaint). Defendant denies any remaining allegations, characterizations, and implications in Paragraph 3 and footnote 4, including any which seek to impute liability to Defendant.

4.   Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 44 of Plaintiff's Complaint, as set forth in Paragraphs 1 through 44 of its Answer to Complaint.

5.   To the extent the allegations contained in Paragraph 5 of the Counterclaim relate to individuals or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 5 of the Counterclaim references and purports to characterize a 2016 Record of Decision, Lower 8.3 Miles of the Lower Passaic River Part of the Diamond Alkali Superfund Site

("2016 ROD"), a document which speaks for itself in the appropriate context. Defendant denies any statements or allegations in Paragraph 5 that mischaracterize this document or take it out of context. Defendant denies any remaining allegations, characterizations, and implications in Paragraph 5.

6. To the extent the allegations in Paragraph 6 relate to individuals or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. To the extent the allegations in Paragraph 6 seek to paraphrase or characterize a 2004 RI/FS AOC for the Lower 17 and amendments thereto and a 2007 RI/FS ASAOC, these documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 6 that mischaracterize the referenced settlement agreements and amendments and/or take them out of context. Defendant admits that in Plaintiff's Counterclaims and Crossclaims, Plaintiff seeks a money judgment for cost recovery and contribution for response costs in connection with the 2007 RI/FS ASAOC but denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief. Defendant denies any remaining allegations, characterizations, or implications in Paragraph 6, including any which seek to impute liability to Defendant.

7. Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 45 through 50 of its Answer to Complaint.

8. Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 51 through 173 of its Answer to Complaint.

9. Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 174 through 270 of its Answer to Complaint.

## COUNT IV
### (Counterclaim and Crossclaim against all Defendants for CERCLA Cost Recovery Under Section 107(a))

10. Count IV (Plaintiff's Section 107(a) counterclaim and crossclaim) has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV. To the extent a response is required, Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 9 of Plaintiff's Counterclaim.[1]

11. Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV. To the extent a response is required, Defendant admits it is a "person" as defined in CERCLA Section 101(21), 42 U.S.C. § 9601(21), but denies each and every allegation in Paragraph 11 to the extent directed to it. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other defendants and therefore denies the same. Paragraph 11 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 11, including any which seek to impute liability to Defendant.

12. Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV. To the extent a response is required, Paragraph 12 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 12.

---

[1] Paragraphs 10, 14, and 18 of Plaintiff's Counterclaim state that they incorporate Plaintiff's "responses" to certain paragraphs of the Counterclaim. Defendant assumes this is a typographical error and that Plaintiff intended in Paragraphs 10, 14, and 18 to incorporate certain preceding paragraphs of its Counterclaim, not Plaintiff's "responses" to paragraphs of the Counterclaim.

13. Count IV has been dismissed in its entirety pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to Count IV or to Plaintiff's prayer for relief. To the extent a response is required, Defendant denies the allegations in Paragraph 13 and denies that Plaintiff is entitled to any relief.

## COUNT V
### (Counterclaim and Crossclaim against all Defendants for CERCLA Cost Recovery Under Section 113(f))

14. Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 13 of Plaintiff's Counterclaim.[2]

15. Defendant admits it is a "person" as defined in CERCLA Section 101(21), 42 U.S.C. § 9601(21), but denies each and every allegation in Paragraph 15 to the extent directed to it. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other defendants and therefore denies the same. Paragraph 15 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 15, including any which seek to impute liability to Defendant.

16. Paragraph 16 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 16.

17. Plaintiff's Section 113(f) claim relating to the 2004 RI/FS AOC and the 2012 River Mile 10.9 Removal Unilateral Administrative Order ("2012 RM 10.9 Removal UAO) and Plaintiff's crossclaims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to those agreements/orders. Defendant further states

---

[2] *See supra* note 1.

-6-

that Paragraph 17 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.  Additionally, no response is required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

### COUNT VI
### (Counterclaim and Crossclaim against all Defendants for Declaratory Judgment – CERCLA)

18. Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 17 of Plaintiff's Counterclaim.[3]

19. Defendant admits it is a "person" as defined in CERCLA Section 101(21), 42 U.S.C. § 9601(21), but denies each and every allegation in Paragraph 19 to the extent directed to it. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other defendants and therefore denies the same. Paragraph 19 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 19, including any which seek to impute liability to Defendant.

20. Paragraph 20 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 20.

21. Plaintiff's declaratory judgment counterclaims-in-reply except as they relate to the 2007 RI/FS ASAOC and Plaintiff's crossclaims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to other agreements/orders. Defendant further states that Paragraph 21 of the Counterclaim consists of one or more conclusions

---

[3] *See supra* note 1.

of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 21.

22. Plaintiff's declaratory judgment counterclaims-in-reply except as they relate to the 2007 RI/FS ASAOC and Plaintiff's crossclaims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to other agreements/orders. Defendant further states that Paragraph 22 of the Counterclaim consists of one or more conclusions of law, to which no response is required. Additionally, no response is required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

## DEFENSES

Defendant refers to and specifically incorporates by reference as if fully set forth herein each and every defense asserted in Defendant's Answer to Complaint. Defendant reserves the right to assert further defenses that may become apparent during the course of discovery.

Dated: June 19, 2020                             Respectfully submitted,

                                               /s/ *Heather L. Demirjian*
                                               Wendy F. Klein, Esq.
                                               Heather L. Demirjian, Esq.
                                               **COLE SCHOTZ P.C.**
                                               25 Main Street
                                               Hackensack, NJ 07601
                                               (201) 489-3000
                                               wklein@coleschotz.com
                                               hdemirjian@coleschotz.com
                                               *Attorneys for Defendant Pabst Brewing Company, LLC*

## CERTIFICATE OF SERVICE

I, Heather L. Demirjian, hereby certify that on June 19, 2020, I caused a true copy of the foregoing ANSWER AND DEFENSES TO PLAINTIFF'S CROSSCLAIMS AND COUNTERCLAIMS of Defendant Pabst Brewing Company, LLC to be filed on the Court's ECF system on all counsel of record.

       /s/ *Heather L. Demirjian*
       Heather L. Demirjian