**PretiFlaherty**

July 13, 2020

**VIA EMAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

    Re:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
              **Docket No. 2:18-cv-11273-MCA-JAD**

Dear Special Master Scrivo:

    I write on behalf of the Small Parties Group ("SPG") in advance of the July 15, 2020 meeting to respectfully request the addition of the following topics to the meeting agenda:

    (1) Electronically Stored Information ("ESI") discovery;

    (2) Privilege issues; and

    (3) Fact-discovery tasks and deadline.

**1. ESI**

    The SPG's letter to you dated July 8, 2020 addressed the status of ESI discovery. As explained therein, the ESI discovery process is moving forward, but it will be several months before it is complete. At this point, the SPG does not have any disputes to address with the Special Master related to ESI but anticipates that the status of ESI (discussed below) will be relevant to discussions of the commencement of depositions and the fact-discovery deadline.

**2. Privilege Logs**

    The SPG's July 8 letter to you also addressed the ongoing disputes regarding documents OxyChem claims as privileged or protected. As stated therein, those issues have been narrowed but are not resolved. The SPG does not seek the Special Master's assistance in resolving those issues at this time, but, as with ESI discovery, the status of the privilege disputes is relevant to the timing of deposition commencement and the fact-discovery deadline.

**3. Fact-Discovery Tasks and Deadline**

    The parties and the Court should discuss the fact-discovery deadline (currently July 31) and the timing to complete ongoing and upcoming fact-discovery tasks. OxyChem's July 8 letter to you raised the issue of depositions, requesting that the parties be given leave to notice depositions after the July 15 meeting. OxyChem's request is premature and unrealistic, ignoring numerous outstanding and upcoming tasks that should be completed before depositions can begin

1

in earnest. To commence depositions before those tasks have been completed would be inefficient and potentially wasteful. OxyChem's push to initiate deposition discovery also ignores the challenges of proceeding with depositions given Covid-19 impacts, including the complexities associated with taking remote depositions with the number of parties involved in this case.

Although it is premature to begin depositions in earnest, the SPG is amenable to proceeding with some limited, targeted depositions. The SPG is willing to confer with OxyChem to discuss whether there are certain witnesses who may be appropriate to depose before document discovery is substantially complete and a protocol for depositions.

That said, depositions should be discussed as part of the overall schedule of tasks that are ongoing or upcoming. Outstanding fact-discovery tasks that warrant discussion include the following:

- Completing discovery of hard-copy documents;
    - OxyChem just recently agreed to produce hundreds of documents it had previously withheld as privileged, and even with that production, the SPG anticipates that there will continue to be deficiencies with OxyChem's privilege and work-product claims with respect to other documents it has withheld;
- Moving through ESI discovery, including a schedule that takes into account the following:
    - It will require several additional months to complete search, review, and production of ESI;
    - ESI privilege logs will not be served until "within 120 days following the production of documents from which the privilege documents are withheld," pursuant to the Joint Protocol for Production of Documents and Electronically Stored Information (ECF No. 544) ¶ 4(c);
    - Parties will need an opportunity to review ESI produced by other parties and to raise and if necessary, seek resolution of, privilege disputes related to ESI; and
    - There will be a need to manage ongoing impacts of Covid-19 on the completion of ESI discovery;
- Joinder of third parties and third-party discovery[1];
- Negotiating and agreeing upon a protocol, applicable time and numerical limits, and an overall schedule for depositions;

---

[1] The Court and Special Master have previously continued the establishment of a third-party joinder deadline, but such a deadline can now be set. The Special Master stated during the October 16, 2019, status conference that a joinder deadline would be set after Judge Arleo's resolution of the SPG's motion to dismiss OxyChem's counterclaims-in-reply. (Oct. 16, 2019 Status Conference at 96:1-14.) During the subsequent status conference on November 20, the Special Master remarked that the joinder deadline remained continued pursuant to an "indefinite extension." (Nov. 20, 2019 Status Conference at 96:18-20, 103:11-17.) On May 26, 2020, Judge Arleo issued her order on the SPG's motion to dismiss OxyChem's counterclaims-in-reply, granting the motion in large part. (Order (ECF No. 968).) Judge Arleo granted the SPG's motion with respect to OxyChem's CERCLA Section 107 counterclaims-in-reply and its Section 113 counterclaims-in-reply to the extent they sought contributions for costs arising out of two out of the three EPA settlements serving the basis of OxyChem's claims. The Order preserved only OxyChem's Section 113 and declaratory judgment counterclaims-in-reply related to one EPA settlement.

The course of the SPG's privilege dispute with OxyChem illustrates why adequate time is required to complete ESI discovery (including the resolution of disputes regarding privilege claims) before any deposition discovery begins. The SPG first disputed OxyChem's privilege claims related to hard-copy productions more than six months ago.[2] Since that time, OxyChem has twice amended its log entries and twice agreed to produce documents it had previously withheld as privileged or protected, amounting to more than 500 documents.[3] Given the time involved in this process (which is not yet complete), the schedule should take into account the time needed to determine whether OxyChem's ESI production is complete and to address any privilege disputes regarding that production.

In addition, the Covid-19 pandemic has complicated and delayed tasks in this case, as it has with undertakings worldwide, and it will undoubtedly continue to impact the case going forward. The SPG's July 8 letter to you explained some of the pandemic's impacts on ESI discovery. Moreover, OxyChem's July 8 letter notes that depositions will need to be held remotely, at least at the outset. The SPG agrees that this may well be feasible (at least with respect to certain witnesses), but it will require planning, patience, and flexibility from all parties. Discovery should proceed with diligence, but it would be particularly imprudent, given the pandemic, to proceed with haste.

Instead, fact discovery should proceed in a sequential manner so as to minimize, to the greatest extent possible, any duplication of effort and resources expended by the parties. As a general matter, document production should be complete or close to completion before the commencement of depositions. As long as document discovery remains incomplete, commencing depositions will likely waste resources and duplicate efforts. The production of important documents after witnesses have been deposed would create a need to reopen depositions to question the witnesses about those documents. Reopening depositions would be particularly burdensome, inefficient, and logistically difficult in this case due to the number of parties (over 100 parties). Moreover, scheduling depositions after document production is complete will allow for more informed and meaningful deposition examination.

For similar reasons, depositions should not begin until after the third-party joinder deadline. All of the eventual parties to this case will want an opportunity to participate in the planning and taking of depositions. Preparation and negotiation of a deposition protocol for a case of this scope and complexity should be done with all parties at the table. If depositions are taken before third parties are joined, many of those depositions would likely need to be reopened to allow those parties an opportunity for examination. Since third-party joinder might involve many additional parties, this issue should be addressed in the short term as it could necessitate a stay of at least certain discovery tasks for some period of time.

The foregoing establishes the need to extend the fact-discovery deadline, which is currently July 31, 2020, and discuss realistic deadlines for document discovery and third-party joinder. The

---

[2] The early history of this dispute was set forth in the SPG's letter to you in advance of the January 15, 2020 meeting. *See* ECF No. 920.

[3] *See* March 9, 2020 correspondence from OxyChem to SPG, attached hereto as Exhibit A; July 2, 2020 correspondence from OxyChem to SPG, attached hereto as Exhibit B.

SPG does not anticipate that any party will dispute the need to do so. Given the significant number of tasks remaining along with challenges posed by Covid-19, setting an aspirational deadline for fact discovery at least a year from now seems reasonable and consistent with prior practice.

*   *   *

Thank you for your time and consideration. I look forward to discussing these issues further on July 15, 2020.

Respectfully submitted,

*Common Counsel for the Small Parties Group*

/s/ Jeffrey D. Talbert
**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center
Portland, ME 04101
Telephone: 207.791.3239
Jeffrey D. Talbert, Esq. (admitted *pro hac vice*)