**PretiFlaherty**

Portland, ME

Augusta, ME

Concord, NH

Boston, MA

Washington, DC

October 12, 2020

**VIA E-MAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

> RE:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
> **Docket No. 2:18-cv-11273-MCA-JAD**

Dear Special Master Scrivo:

I write on behalf of the Small Parties Group ("SPG") in advance of the October 14, 2020 status conference. As indicated this past Friday, the SPG does not believe any specific issues are ripe for the Special Master's consideration at the conference on Wednesday. Nevertheless, the SPG does have updates to share on the following discovery-related issues:

(1) The SPG's Motion to Compel Production of Documents Withheld as Privileged;

(2) Status of the SPG Members' Electronically Stored Information ("ESI") Discovery;

(3) Deposition Protocols;

(4) The SPG's Proposed Admissibility Stipulation; and

(5) Other Discovery Issues

**1.   The SPG's Motion to Compel**

On August 11, 2020, the SPG filed its Motion to Compel the production of documents OxyChem has wrongly withheld as privileged or protected. Conceding certain aspects of the SPG's motion, OxyChem focused its August 28, 2020 Opposition primarily on its purported common interest privilege with Maxus and new claims not asserted during meet-and-confers over the past 8 months (that the documents turned over by Maxus to OxyChem after Maxus went into bankruptcy are protected by a "joint-client" privilege). On the day of its filing, OxyChem also amended its privilege log for a fourth time and released numerous additional documents that had previously been withheld as privileged. The SPG's Reply was filed on September 18, 2020, and the Motion is now ripe for the Special Master's resolution.

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101   |   PO Box 9546, Portland, ME 04112-9546   |   Tel 207.791.3000   |   **www.preti.com**

16141654.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 12, 2020
Page 2

## 2.  Status of the SPG's ESI Discovery

Pursuant to the Special Master's August 3, 2020 Order[1] instructing the parties to provide monthly updates on their ESI production, the SPG reports that the SPG parties have continued to make substantial progress on their production of ESI since the August 12th status conference. As of the writing of this letter, roughly 30 SPG parties (with ESI) have completed their ESI searches and production. Attached please find a chart with the current status of ESI production for the remaining SPG parties.[2]

## 3.  Deposition Protocols

During the August status conference, the parties and the Special Master discussed issues related to the scheduling of depositions in this case. Subsequently, on August 24, the SPG provided a draft deposition protocol to OxyChem. On August 26, the parties held a meet-and-confer to discuss the SPG's draft protocol. At the conclusion of the meet-and-confer, counsel for OxyChem indicated that OxyChem would provide comments on the SPG's draft deposition protocol. Four weeks later, on September 23, OxyChem finally provided its comments to the SPG.

On October 9, 2020, the parties conducted a follow-up meet-and-confer to discuss the OxyChem's proposed revisions to the SPG's draft deposition protocol, as well as other discovery issues. During the conference, counsel for the SPG advised OxyChem that the SPG would consider the points raised during the October 9 meet-and-confer, and circulate responsive comments to the latest draft by the end of the week of October 12.  The parties should be able to submit a joint proposed protocol to the Special Master in advance of the next status conference, highlighting any areas of disagreement.

While the SPG remains hopeful that the parties will agree on many aspects of a deposition protocol, it is likely that some issues will require the Special Master's attention, including issues relating to number of depositions the parties are permitted to take, the time limits applicable to those depositions, and issues relating to the Rule 30(b)(6) deposition process.

## 4.  The SPG's Proposed Admissibility Stipulation

On September 22, 2020, the SPG proposed a stipulation to OxyChem addressing admissibility issues related to ancient documents and prior deposition and trial testimony. In a case like this one, where many of the documents date back several decades and a large number of witnesses are already deceased, the SPG believes that engaging in this stipulation process would promote judicial economy, enhance the efficacy of the fact discovery process, and conserve valuable time and resources for the sake of all of the parties in this litigation. The SPG's proposal is to establish a structured process whereby parties can exchange lists of documents or transcripts of former testimony which parties may use in this litigation and receiving parties can accordingly object to such use. The process would simplify and organize efforts by the parties to resolve, at an

---

[1] Order Extending the Fact Discovery End Date (ECF No. 1084).
[2] ESI Production Status Update, attached as **Exhibit 1.**

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 12, 2020
Page 3

early stage in discovery, threshold admissibility issues relating to certain categories of documents and transcripts, such as ancient documents under Rule 803(16) of the Federal Rules of Evidence, or decades-old former testimony for unavailable witnesses under Rule 804(b)(1).

The parties discussed the SPG's proposal during their October 9th meet-and-confer. On October 12, OxyChem provided redlines that largely rejected the SPG's proposed stipulation and indicated an unwillingness to consider whether prior testimony should qualify as non-hearsay. While the SPG is still considering OxyChem's proposed revisions, the SPG anticipates that it may have to file a motion on certain issues that it hoped to address through the stipulation process it proposed. The benefit of addressing these issues in the near term is that it will provide clarity to the parties on the admissibility of certain key evidence in advance of deposition discovery. As with the deposition protocol, the SPG believes it is premature to raise these topics at the status conference on October 14.

## 5.   Other Discovery Issues

### a.   Deficiencies in OxyChem's ESI Production

In the August 3, 2020 Order, the parties were also instructed "to alert the Special Master of any issues that may result in delay or disputes related to ESI."[3] Accordingly, the SPG provides the following potential disputes related to OxyChem's ESI production efforts to date, which increasingly reveal a fundamental deficiency in its overall discovery approach in this case, an approach seemingly designed to exclude relevant witnesses, documents, and information.

While OxyChem has been claiming for months now that its production is nearly complete, it actually has produced very little non-duplicative ESI in this case thus far. Although OxyChem represented to the Special Master ahead of the August status conference that it had by that point produced 141,688 "total ESI", the vast majority of that production is of Tierra's documents or comes from the Intelligence Group, a non-party consultant who made productions in response to an SPG subpoena. The reality is that OxyChem has produced little more than 10,000 non-sampling data related documents. Furthermore, as of the time of this letter, OxyChem has produced ESI from only 8 of the 26 custodians it identified in September 2019, and the largest production has no individual custodian data at all, as it was simply transferred from a hard drive labeled "GSH_S_DRIVE".

### b.   OxyChem's Omission of Numerous Custodians with Relevant Information

The SPG's review of OxyChem's ESI also indicates that OxyChem has omitted several relevant custodians from its productions in this case. The SPG provided OxyChem with a list of 25 potentially-relevant omitted custodians. During the October 9th meet-and-confer, OxyChem indicated that it would shortly be providing additional information to the SPG in writing about its

---

[3] Order Extending the Fact Discovery End Date (ECF No. 1084).

16141654.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 12, 2020
Page 4

efforts to locate relevant custodians in this case. After the SPG receives that correspondence, it will be in a position to address whether this issue warrants the Special Master's attention.

One notable omission from OxyChem's custodian list is Frank Parigi, Vice President and General Counsel for Glenn Springs, who: (1) was identified on OxyChem's initial disclosures; (2) verified OxyChem's interrogatory answers; and (3) was OxyChem's corporate representative for four days of Rule 30(b)(6) testimony in the Spill Act litigation. While OxyChem has pointed to the discovery protocol as not requiring the search of in-house counsel files for responsive documents,[4] that provision clearly cannot be invoked to protect relevant documents of a potential trial witness like Mr. Parigi, who has been Vice President of Glenn Springs, the environmental remediation arm of the Occidental companies, for more than a decade. The parties also discussed the issue of Frank Parigi specifically during their October 9, 2020 meet-and-confer, after OxyChem indicated in prior correspondence that the parties were at an impasse on the issue. During the conference, OxyChem reiterated that it would not change its position as to Mr. Parigi's documents. Thus, while this issue is not yet ripe for the Special Master, the SPG believes it may be necessary for the Special Master to address the issue at the next conference, as OxyChem cannot shield relevant documents from one of the witnesses it chose to identify on its Rule 26 disclosures in this case.

### c.  OxyChem's Withholding Spill Act Transcripts and Exhibits

The SPG would also like to update the Special Master on its efforts to rectify OxyChem's failure to produce 100 deposition transcripts and related exhibits from the Spill Act litigation, which are directly responsive to a Request for Production served by the SPG on March 5, 2019. After repeated inquiries by the SPG, OxyChem finally completed its production of 97 of these transcripts on October 6, 2020.[5]

While the SPG is still conducting its review of these transcripts, it is already apparent that much of this testimony is highly relevant to this case in general, as well as to specific arguments made by OxyChem in support of its claim that it shared a common interest privilege with Maxus and Tierra. For example, two transcripts produced for the first time on October 6, 2020 are depositions of David Rabbe, the former president of Tierra, who OxyChem relied upon for a foundational affidavit attached to its recent Response to the SPG's Motion to Compel. Another transcript was of a deposition of James F. Kelley, former Vice President of Diamond Shamrock Chemical Corporation. Portions of Mr. Kelley's testimony relate to a 1975 tolling agreement, or production contract, whereby Chemicaland Corporation would produce 2,4-D acid exclusively for OxyChem, in effect making OxyChem a CERCLA "operator" of the Lister Facility during that

---

[4] Emails between James W. Beers, Jr. and John J. McDermott (June 22, 2020 to July 31, 2020), attached as **Exhibit 2**; Dkt. 544 at ¶ 4(c).
[5] Letter from John J. McDermott to James W. Beers (Aug. 7, 2020), attached as **Exhibit 3**. OxyChem produced 47 transcripts on August 6, 2020 and another 47 on October 6, 2020.

4

16141654.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 12, 2020
Page 5

time period.[6] Despite the undeniable relevance of these and other transcripts, OxyChem delayed producing them to the SPG for more than a year and still has not produced the related exhibits.

During the meet-and-confer on October 9, 2020, OxyChem again promised—as it has for months—to produce the deposition exhibits. However, OxyChem continues to withhold three remaining transcripts, because they relate to OxyChem's $190 million settlement with NJDEP for its direct liability for its own "distinct conduct" at the Lister Facility.[7] The SPG continues to review the transcripts that were just produced, after which the SPG will determine whether the issue needs to be brought to the Special Master's attention. Regardless, OxyChem's delay in producing this discovery has hindered the SPG's ability to prepare for deposition discovery.

### d.   OxyChem's Deficient Response to Interrogatory No. 14

The SPG has been conferring with OxyChem for several months in an effort to persuade OxyChem to amend its evasive and incomplete response to Interrogatory No. 14. Interrogatory No. 14 is straightforward and designed to obtain information about individuals who may have knowledge relevant to this litigation.[8] Rather than provide this information, OxyChem interpreted the request so narrowly as to preclude the identification of even a single current or former employee with job responsibilities related to the Lister Avenue site or the associated contamination of the Lower Passaic River.[9] In doing so, OxyChem parses the language of the request and suggests the SPG did not use the "magic language" that would have elicited information about its own employees and agents.[10] Furthermore, while OxyChem insists it has a "bedrock alliance" with its indemnitors, Maxus and Tierra, in its opposition to the SPG's motion to compel,[11] it rejects the characterization of these same allies as agents for purposes of this request.

During the meet-and-confer on October 9, OxyChem acknowledged that the requested information was discoverable, but still refused to amend its response to this interrogatory. Instead, OxyChem stated that it preferred that the SPG to serve additional interrogatories to obtain this information.

### e.   The SPG's Supplemental Responses to Interrogatory No. 22

Finally, as discussed during the August 12, 2020 status conference, in addition to the aggregate cost information that has been provided, the SPG is working expeditiously to identify and produce information regarding individual SPG parties' past costs.[12] The SPG continues to

---

[6] Notably, OxyChem declined to name James F. Kelley in its initial disclosures, despite doing so in the Spill Act litigation.

[7] *See* Exhibit 10 to Plaintiff Occidental Chemical Corporation's Response to Motion by the Small Parties Group for an Order Compelling Plaintiff to Produce Documents It Has Withheld as Privileged.

[8] Letter from James W. Beers, Jr. to John J. McDermott & Kathy D. Patrick (July 21, 2020), attached as **Exhibit 4**.

[9] Letter from Kathy D. Patrick to Jeffrey D. Talbert & James W. Beers, Jr. (Aug. 10, 2020), attached as **Exhibit 5**.

[10] Letter James W. Beers, Jr. to John J. McDermott & Kathy D. Patrick (Aug. 17, 2020), attached as **Exhibit 6**.

[11] Plaintiff Occidental Chemical Corporation's Response to Motion by the Small Parties Group for an Order Compelling Plaintiff to Produce Documents it has Withheld as Privileged or Protected, Dkt 1102, at 27.

[12] August 12, 2020, Conf. Tr. 49:18-25.

16141654.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 12, 2020
Page 6

make progress on this effort, including production of supporting documents. The SPG plans to serve supplemental Initial Disclosures and responses to Interrogatory No. 22 shortly.

*      *      *

Thank you for your time and consideration. I look forward to discussing these and other matters further with you on October 14, 2020.

Respectfully Submitted,

*Common Counsel for the Small Parties Group*

/s/ Jeffrey D. Talbert

**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
One City Center
Portland, ME 04101
Telephone: 207.791.3239
Jeffrey D. Talbert, Esq. (admitted *pro hac vice*)

16141654.1