**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

November 16, 2020

**VIA E-MAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

RE:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc. et al.*
      **Docket No. 2:18-cv-11273-MCA-JAD**

Dear Special Master Scrivo:

I write on behalf of the Small Parties Group ("SPG") in advance of the November 18, 2020 Status Conference. While the SPG does not have any major questions for the Special Master to resolve at the upcoming Status Conference, this letter provides brief updates on the following:

(1) Deposition Protocol and Admissibility Stipulation;

(2) *In Camera* Review of Documents Withheld by OxyChem;

(3) OxyChem Custodian Frank Parigi's Documents;

(4) Electronically Stored Information ("ESI") Discovery Status and Deadline; and

(5) OxyChem's Response to the SPG's Second Set of Requests for Production

I.   **Deposition Protocol and Admissibility Stipulation**

As discussed in the SPG's November 6, 2020 letter, the parties agree on most terms of the draft joint deposition protocol (sent to Special Master on Nov. 6). There are two issues that require resolution by the Special Master: limits on the (1) number and (2) duration of depositions.

First, the SPG proposes a limit on the number of depositions consistent with the Federal Rules of Civil Procedure as opposed to a total *time* limit for depositions. Second, regarding time limit for each deposition, the SPG proposes a protocol that incorporates the presumptive 7-hour limit that is consistent with the rules. *See* Fed. R. Civ. P. 30(d)(1). Pursuant to Rule 30(d)(1), the SPG's proposal provides additional time – in this case 3 hours – for questioning by other parties. *Id.* The SPG's proposal would accomplish the goals of a joint deposition protocol—to enhance efficiency and fairness throughout the discovery process—while preserving the integrity of the

Preti Flaherty

Special Master Thomas P. Scrivo, Esq.
November 16, 2020
Page 2

process by maintaining close alignment with the Federal Rules of Civil Procedure.[1] Furthermore, recognizing the variety in witness roles and importance and the likely necessity of some deviation from these time limits in this case, the SPG's proposal assumes that the parties will attempt to resolve such issues in good faith through the meet and confer process.

Second, the parties agree on most aspects of an admissibility stipulation. There is only one main point of disagreement on the stipulation that requires resolution. The parties agree with the value of an admissibility stipulation and at this point, OxyChem appears to agree with the SPG that the stipulation process should include former testimony that may be admissible under, for example, Federal Rule of Evidence 804(b)(1) and Federal Rule of Civil Procedure 32. The parties disagree, however, on how to handle the stipulation process as it relates to the admissibility of ancient documents under Federal Rule of Evidence 803(16). As discussed in the SPG's November 6th letter, it is important to establish a process for stipulations relating to a limited number of specific ancient documents rather than create a blanket presumption that would apply to all documents that pre-date January 1, 1998 (as OxyChem proposes). Through the SPG's proposed stipulation process (which tracks OxyChem's previously suggested process), the parties would be able to resolve evidentiary issues relating to specifically identified ancient documents well in advance of trial. This would achieve the overall goal of a stipulation process: to resolve evidentiary issues *now* to avoid unnecessary deposition discovery and simplify the pre-trial process. In contrast, OxyChem's proposed presumption would effectively defeat the value of the stipulation process, shifting burdens but providing no further clarity on the resolution of these key admissibility issues.

## II.     *In Camera* Review of Documents Withheld by OxyChem

As a follow-up to the Interim Order of November 4, 2020 (Dkt No. 1124) ("Interim Order") on the SPG's motion to compel, several issues require resolution. As discussed in the SPG's letter to you dated November 16, 2020, clarification is needed as to whether the Special Master has made a determination that any entries that identify Outside Counsel or Consultants (as those terms are defined in the Interim Order) are categorically privileged or protected.

The parties have proceeded as directed in your Interim Order. On November 11, OxyChem provided the H-1 and H-4 privilege logs filtered to remove entries for documents identified as being sent to, received by, or drafted by Outside Counsel and Consultants. On November 13, the parties met and conferred in an effort to agree upon a joint list of 200 sample documents from the filtered H-1 log to produce to the Special Master for *in camera* review. The SPG sent OxyChem a proposed list of 200 documents for *in camera* review. On November 16, the parties met again to discuss which documents should be proposed for *in camera* review, and OxyChem agrees that the Special Master can review those documents.

---

[1] *See* Fed. R. Civ. P. 1 (providing that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding.").

Preti Flaherty

Special Master Thomas P. Scrivo, Esq.
November 16, 2020
Page 3

### III. OxyChem Custodian Frank Parigi's Documents

Following the filing of the SPG's motion to compel the custodial files of Frank Parigi on November 12, 2020, OxyChem informed the SPG at a meet-and-confer on November 16, that it will remove Mr. Parigi from its initial disclosures and not call him as a witness. The SPG is considering OxyChem's decision and the impact on its request. In the meantime, no action is required by the Special Master on this letter motion at the upcoming Status Conference.

### IV. ESI Status and Deadline

The SPG and OxyChem have agreed to a deadline of December 31, 2020 by which all parties must substantially complete ESI discovery. Should individual circumstances arise that impede any SPG party's ability to meet that deadline and warrant additional time to complete their productions, parties will bring these issues to the Special Master's attention on an individual basis. The SPG parties continue to make progress on their ESI productions and will make every reasonable effort to comply with the deadline. Common Counsel anticipates that all SPG members will complete their production by that date. An update on progress for SPG members with ongoing ESI production is attached as **Exhibit 1**.

Regarding OxyChem's ESI production, OxyChem recently provided a letter to the SPG containing additional information regarding its selection of ESI custodians and agreeing to broaden its custodian list based on a list of individuals the SPG provided. However, OxyChem has also declined to include certain individuals from the SPG's list. The SPG is still reviewing the additional information provided by OxyChem concerning its custodians, including its decision to exclude certain potential custodians, and will provide an update at a later date if the issue requires the Special Master's attention.

### V. OxyChem's Response to the SPG's Second Set of Requests for Production

While not currently ripe, OxyChem's response to the SPG's Second Set of Requests for Production ("Second RFPs") may require the Special Master's attention in the near future. On October 28, 2020, OxyChem submitted its objections and responses to the SPG's Second RFPs. In a similar vein as the privilege disputes discussed above, there appear to be several glaring deficiencies in OxyChem's response. OxyChem has refused to produce a number of categories of documents that are plainly discoverable, including, for example, corporate organization charts, relevant communications with regulatory agencies, and documents relating to its decision to cease participating in the Cooperating Parties Group (a group of parties cooperating with EPA to perform the Remedial Investigation/Feasibility Study for the Lower Passaic River Study Area). The SPG intends to seek a resolution of these issues through the meet-and-confer process, but if this proves unsuccessful, the SPG anticipates bringing this issue to the Special Master's attention at the next Status Conference.

Preti Flaherty

Special Master Thomas P. Scrivo, Esq.
November 16, 2020
Page 4

      We look forward to discussing these matters further at the November 18 Status Conference.

Regards,

Jeffrey D. Talbert

JDT:klo
Attachment – Exhibit 1

16260766.1