**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **OCCIDENTAL CHEMICAL CORPORATION,** *Plaintiff*, **v.** **21ST CENTURY FOX AMERICA, et al.,** *Defendants.* | **Civil Action No. 18-11273** **ORDER** |

**THIS MATTER** comes before the Court on Defendant Melon Leasing Corporation, Inc.'s ("Melon") Motion for Summary Judgment, ECF No. 972, against Cross-Defendant Clean Earth North Jersey, Inc. ("Clean Earth"), pursuant to Federal Rule of Civil Procedure 56;

and it appearing that Clean Earth opposes the Motion, ECF No. 1068;

and it appearing that Plaintiff Occidental Chemical Corporation filed this action under the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), 42 U.S.C. § 9601 et seq., for cost recovery and contribution from multiple defendants based on response costs that it expended and will expend to address "releases and threatened releases of hazardous substances in the Lower Passaic River and elsewhere within the Diamond Alkali Superfund Site," Compl. at 4, ECF No. 1;[1]

and it appearing that the Complaint names both Melon and Clean Earth as defendants, see Compl. ¶ 205 ("Clean Earth and Melon Leasing Corporation, Inc. are liable as current owners and/or operators of the property. . . . Under CERCLA §§ 107(a)(1) and/or 107(a)(3) and CERCLA

---

[1] The Court assumes the Parties' familiarity with the facts of the underlying CERCLA action and focuses its recitation of facts on those relevant to the Motion at issue. The facts are drawn from Melon's Statement of Undisputed Facts ("SOUF"), ECF No. 972.1, and Clean Earth's Response and Counterstatement of Facts ("RCOF"), ECF No. 1068.1.

§ 113, Clean Earth and Melon Leasing Corporation, Inc. are therefore liable for the costs of response resulting from the release of hazardous substances from the Facility…");

and it appearing that Clean Earth and its predecessor, S & W Waste, Inc. ("S&W"), operated at 101-115 Jacobus Avenue, Kearny, New Jersey (the "Jacobus Site") from 1984 to the present, RCOF ¶ 2;

and it appearing that Clean Earth presently disputes whether Clean Earth and S&W have "exclusively" operated on the Jacobus Site since at least 1984 "because this contention is not conclusively established by the evidence," RCOF ¶ 6;

and it appearing that Melon entered into a Lease Agreement with Clean Earth dated January 12, 2005 for property in Kearny, New Jersey, known as 115 Jacobus Avenue, Block 289, Lots 15 and 15.01 (the "Premises"), SOUF ¶ 1;

and it appearing that the Lease Agreement provides "[i]t is expressly agreed and understood by and between the parties to this agreement, that the Landlord shall not be liable for any damage or injury to person or property caused by or resulting from steam, electricity, gas, water, rain, ice or snow, or any leak or flow from or into any part of said building, or from any damage or injury resulting or arising from any other cause or happening whatsoever," Certification of Randy T. Pearce, Esq., Ex. D ("Lease Agreement") ¶ 14, ECF No. 972.3;

and it appearing that the Complaint alleges that there has been a release of hazardous substances within the meaning of 42 U.S.C. §9601(22) and §9607(a) on or from the Premises, but that this allegation remains disputed, RCOF ¶7;

and it appearing that on August 30, 2019 Melon filed a cross-claim against Clean Earth asserting (1) contractual indemnity, Cross-Claim ¶¶ 9-15, ECF No. 754; (2) contribution under Section 113 of CERCLA, 42 U.S.C. § 9613(f)(1) ("Section 113"), id. ¶¶ 16-20; and (3) declaratory

judgment as to costs incurred in connection with the Premises pursuant to 28 U.S.C. § 2201 and Section 113(g)(2), id. ¶¶ 21-24;

and it appearing that Melon now seeks summary judgment on its cross-claims;[2]

and it appearing that to succeed on a motion for summary judgment to establish "contribution under § 113, the potentially responsible person seeking contribution must prove four elements that establish the defendant's liability under § 107: (1) that the property is a 'facility;' (2) that a 'release' or 'threatened release' of a hazardous substance from the property has occurred; (3) that a release or threatened release has caused the claimant to incur 'response costs;' and (4) that the defendant falls within one of the four categories of 'responsible parties,'" United States v. Lightman, 87 F. Supp. 2d 373, 378 (D.N.J. 1999) (citing United States v. CDMG Realty Co., 96 F.3d 706, 712 (3d Cir.1996));

and it appearing that Melon has not put forth any arguments or evidence demonstrating that it has already incurred any "response costs" or damages related to the alleged releases described in the Complaint, and therefore cannot establish an essential element of a claim for contribution under Section 113, see United States v. Atl. Research Corp., 551 U.S. 128, 139 (2007) ("Hence, a [potentially responsible party] that pays money to satisfy a settlement agreement or a court judgment may pursue § 113(f) contribution.");[3]

---

[2] Under Federal Rule of Civil Procedure 56(c), a court should grant summary judgment when there is no genuine issue as to any material fact "that would permit a reasonable jury to find for the nonmoving party," Boyle v. Cnty. of Allegheny, 139 F.3d 386, 393 (3d Cir. 1998) (citation omitted), and "the moving party is entitled to judgment as a matter of law," Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).  Moreover, the summary judgment standard "on a request for declaratory judgment is the same as for any other type of relief," Cloverland-Green Spring Dairies, Inc. v. Pa. Milk Mktg. Bd., 298 F.3d 201, 210 n.12 (3d Cir. 2002), and in considering a motion for summary judgment, a court views all evidence in the light most favorable to the non-moving party, Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

[3] Clean Earth argues in Opposition to the Motion that summary judgment on liability or Section 113 claims would be premature given that Melon has yet to establish, inter alia, response costs.  In its Reply, Melon concedes it "does not allege, and does not base its Motion, on any claim that it has incurred any response costs outside of defense costs." Reply at 2.  Melon further clarified that the point of its Motion is "to enforce the terms of its Lease Agreement with Clean Earth which indemnifies Melon from CERCLA liability." Id.  Melon made that point in Reply despite the fact

and it appearing that Melon also seeks summary judgment on its cross claim to enforce its Lease Agreement with Clean Earth, which Melon argues grants it indemnification here, see Cross-Claim ¶ 15 ("Melon brings this Cross-Claim against Clean Earth for indemnity pursuant to the parties' Lease Agreement for any and all amounts for which Melon may be held liable as a defendant in the claim filed by the Plaintiff herein.");

and it appearing that whether there has been a release of hazardous substances on or from the Premises remains in dispute and at this time neither Melon nor Clean Earth have been found liable under CERCLA, see RCOF ¶ 7;[4]

and it appearing therefore that summary judgment on Melon's cross-claims is premature, see Jones Lang Lasalle Americas, Inc. v. PK Welding LLC, No. 1602804, 2017 WL 2712941, at *7 (D.N.J. June 22, 2017) (explaining summary judgment may be deferred where "liability remains a disputed fact necessary to resolve" a declaratory judgment claim);

**IT IS** on this 14th day of January, 2021;

**ORDERED** that Defendant Melon's Motion for Summary Judgment, ECF No. 972, is **DENIED** without prejudice.

**SO ORDERED.**

*/s/ Madeline Cox Arleo*
**MADELINE COX ARLEO**
**UNITED STATES DISTRICT JUDGE**

---

its Motion requests that the Court enter "declaratory judgment against Clean Earth finding that it is liable under CERCLA" and argues that "as a result of the terms of the Lease Agreement between Melon and Clean Earth, Melon is entitled to contribution and indemnification from Clean Earth under CERCLA 113(f)." Motion at 6. The Court herein finds that a motion for summary judgment on Melon's Section 113 cross-claims is premature as Melon has not alleged or established it has incurred any response costs.

[4] Clean Earth disputes that the Lease Agreement unambiguously compels indemnification of Melon here. See RCOF ¶¶ 11-14. Paragraph 14 of the Lease Agreement does not expressly mention "indemnification," but it does appear to broadly waive Melon's liability for any "leak" or "flow" from the Premises. Lease Agreement at ¶ 14. However, since the Court finds that summary judgment is premature given that the issue of liability has yet to be established, the Court does not reach the question of contract interpretation at this time.