**EXHIBIT B**

**SHOOK, HARDY & BACON LLP**
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816.474.6550
Facsimile: 816.421.5547
By: David R. Erickson, Esq. (admitted *pro hac vice*)
Joseph H. Blum (NJ Bar No. 010211984)
*Common Counsel for the Small Parties Group*

**CHISEA SHAHINIAN & GIANTOMASI PC**
One Boland Drive
West Orange, NJ 07052
Telephone: 973.325.1500
By: Diana L. Buongiorno, Esq.
*Liaison Counsel for the CSG Group*

**GORDON REES SCULLY MANSUKHANI, LLP**
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone: 973.549.2520
By: Lee Henig-Elona, Esq.
*Liaison Counsel for the Gordon Rees Group*

### UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION, | Hon. Judge Madeleine Cox Arleo |
| Plaintiff, | Hon. Magistrate Judge Joseph A. Dickson. |
| v. | Civil Action No. 2:18-CV-11273 (MCA-JAD) |
| 21ST CENTURY FOX AMERICA, INC., *et al.,* | **DEFENDANTS' OMNIBUS OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** |
| Defendants. | |

Pursuant to Federal Rules of Civil Procedure 26 and 34 and the Second Pretrial Scheduling Order (ECF No. 550), Defendants, through their undersigned Common Counsel and Liaison Counsel, submit the following Omnibus Objections to Plaintiff Occidental Chemical Corporation's First Request for Production of Documents ("First Request"), which was served individually on all Defendants on January 23, 2019.

Each Defendant reserves the right to raise additional objections to the First Request in its individual response to the First Request, to be served on March 8, 2019. Defendants

also reserve the right to advance additional objections specific to electronically-stored information ("ESI") in their omnibus objections and in their individual responses. Additionally, Defendants will not know whether any documents are being withheld pursuant to their objections until they complete their record review and make document productions beginning on April 19, 2019. To the extent any documents are withheld from production subject to a particular objection, Defendants will supplement their responses accordingly.

<u>OBJECTIONS TO INSTRUCTIONS, DEFINITIONS, AND SCOPE</u>

1.     Defendants object to the Instructions in the First Request, as well as the additional directions provided on page 2 of the First Request, to the extent they seek to impose obligations that are inconsistent with or broader than those imposed by the Federal Rules of Civil Procedure or the Joint Protocol for Production of Documents and Electronically-Stored Information entered by the Court in this litigation (ECF No. 544). Defendants shall make productions in accordance with the timing specified in the Second Pretrial Scheduling Order (ECF No. 550), at the offices of a Defendant's individual counsel or the location of the documents unless otherwise agreed to by the Parties.

2.     Defendants object to Instruction No. 5 because it seeks to impose obligations on Defendants that are broader than and inconsistent with those in the Federal Rules of Civil Procedure.

3.     Defendants object to the inclusion in Instruction No. 6 of "employees, predecessors, successors, parents, … affiliates, partners, joint venturers, brokers, accountants, financial advisors, representatives, and agents or other persons acting on Defendant's behalf, without regard to the physical location of such documents" as

exceeding the scope of permissible discovery under Fed. R. Civ. P. 26. Defendants object to the inclusion in the definition of "Defendant" of predecessors and successors in interest on the same basis.

4.    Defendants object to Instruction No. 7 because it calls for the production of attorney work product by seeking "documents obtained on Defendant's behalf by counsel" and demanding that Defendants "describe in detail the unsuccessful efforts Defendant made to locate each such document."

5.    Defendants object to Instruction No. 8 in its entirety because it seeks to impose obligations on Defendants that exceed those under the Federal Rules of Civil Procedure.

6.    Defendants object to the demand in Instruction No. 12 that Defendants produce documents that are in the possession, custody, or control of their attorneys and that are therefore potentially subject to attorney-client privilege or work product protections.

7.    Defendants each assume that the First Request seeks production only of those documents which are not protected from discovery or disclosure and object to the First Request to the extent that it seeks the production of documents that are subject to the attorney-client privilege, the work product doctrine, the settlement privilege, the common interest privilege, the joint defense privilege, or are otherwise protected from discovery or disclosure under any other relevant statutory or case law or other applicable privilege or protection, including those documents prepared for purposes of the EPA Allocation and/or submitted to EPA or the Allocator ("EPA Allocation Documents," and collectively, "Privileged/Protected Documents"). *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects

submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants each reserve the right to demand the return and/or destruction of any inadvertently produced Privileged/Protected Documents. Any such inadvertent production does not constitute a knowing waiver of the attorney-client privilege, the work-product doctrine, the settlement privilege, the common interest privilege, the joint defense privilege, or other protection from discovery or disclosure under any other relevant statutory or case law or other applicable privilege or protection.

8.   The definition of "Discoverable Area" in the First Request, which forms the basis for many of the individual requests (including each request that uses the term "Defendant's Property"), is vague, ambiguous, and overly broad. "Discoverable Area" is defined to include "all areas included within the Diamond Alkali Superfund Site and all other areas which at any time contained hazardous substances, chemicals, or chemical waste products which became deposited in the Diamond Alkali Superfund Site." *See* First Request ¶ 25. The definition of "Diamond Alkali Superfund Site" in turn is defined to include "[t]he former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey, the Lower Passaic River Study Area (LPRSA), the Newark Bay Study Area and the areal extent of contamination." *Id.* ¶ 24.

The definition of "Discoverable Area" therefore includes not only the entire Diamond Alkali Superfund Site (including Newark Bay), but also extends to "all other areas *which at any time* contained hazardous substances, chemicals, or chemical waste products which became deposited in the Diamond Alkali Superfund Site." (emphasis

added). The definition necessarily implicates locations outside (and potentially far beyond) the geographic boundaries of the Diamond Alkali Superfund Site. By contrast, the Complaint, which addresses three administrative orders on consent ("AOCs") and a unilateral administrative order ("UAO"), implicates only a portion of the Diamond Alkali Superfund Site. The Tierra Removal ASAOC concerns River Mile 3.0 to River Mile 3.8; the CSO ASAOC is limited to a sewer overflow and storm water outfall investigation; the 2016 ASAOC concerns the lower 8.3 miles of the River; and the UAO involves River Mile 10.9. Further, the phrase "all other areas which at any time contained hazardous substances, chemicals, or chemical waste products which became deposited in the Diamond Alkali Superfund Site," as used in the definition of "Discoverable Area," is vague, ambiguous, undefined, and subject to differing interpretations.

9.      The definition of "Hazardous Substances," which is also incorporated into other definitions and used in many of the individual requests, is overly broad and inconsistent with Plaintiff's assertion that the Operable Unit 2 Record of Decision ("ROD"), which identifies eight Contaminants of Concern ("COCs"), is the focus of this litigation. It is also inconsistent with the Parties' agreement, as reflected in the Proposed Joint Sampling Protocol (ECF No. 531-3), that sampling conducted for purposes of this litigation would be limited to the eight COCs and any tracers, congeners, or isomers of those COCs, and analytes related to identification of sources of contamination by COCs because those are the only chemicals driving the EPA remedy. Producing information related to other hazardous substances, chemicals, chemical compounds, or chemical waste products would cause an unacceptable burden with no proportionate benefit to advancing the litigation.

10.     In addition, the definition of "Defendant's Property" is overly broad. "Defendant's Property" is defined as "any facility(ies) or property(ies) within the Discoverable Area that Defendant has owned, operated, leased, or at which it arranged for disposal of hazardous substances." First Request ¶ 26. The expansive and all-inclusive term "any facility(ies) or property(ies)" would include multiple sites that have no bearing on the claims asserted in the Complaint.

11.     Finally, some of the Defendants in this litigation are not themselves alleged to be dischargers or direct successors to alleged dischargers but are defending these claims as a result of corporate transactions or agreements. These Defendants may not be in possession of or have access to responsive documents, other than those that have been provided to them.

On February 15, 2019, pursuant to paragraph 6(i) of the Court's Second Pretrial Scheduling Order (ECF No. 550), Defendants served a letter regarding "Preliminary Objections to Occidental's First Request for Production of Documents" and "Defendants' Omnibus Preliminary Objections to Plaintiff's First Request for Production of Documents." In the Omnibus Preliminary Objections, Defendants objected to the definitions of "Defendant," "Defendant's Property," "Discoverable Area," and "Hazardous substance(s)" in the First Request. On February 27, 2019, Plaintiff sent a letter to Defendants agreeing to limit the definitions of "Defendant," "Defendant's Property," and "Discoverable Area." This proposal was reaffirmed during the February 28, 2019 meet and

confer.[1] During the meeting and confer, Plaintiff also agreed to modify the definition of "Diamond Alkali Superfund Site."

Defendants have incorporated the approach described in the previous paragraphs to the following definitions:

- "Defendant" means "[Defendant Entity] and its legal predecessors or legal successors in interest."

- "Defendant's Property" means "those 'Properties at Issue' in the Complaint (i.e., 'any property alleged in OxyChem's Complaint (and any amended Complaints) to be owned or operated by a Defendant at any time'.)" Therefore, Defendants will only produce documents related to properties specifically identified in Occidental's Complaint. Also, to be consistent with these limitations, Defendants also interpret the terms "property" or "properties," as used in the Requests, to mean "Defendant's Property" or those "Properties at Issue" as described above.

- "Diamond Alkali Superfund Site" is defined to mean the "Discoverable Area" or the "Lower Passaic River Study Area." As indicated below, this definition will also be modified as it relates to the definition of "Discoverable Area."

- "Discoverable Area" means "the Lower Passaic River Study Area, which is defined in the United States Environmental Protection Agency's Record of Decision for the Lower 8.3 miles of the Passaic River as 'the 17-mile, tidal portion of the Passaic River, from RM 0 to the Dundee Dam and its watershed' and all Properties at Issue and Disposal Sites. The Discoverable Area includes the 'aerial extent of contamination,' including the upland sources of that contamination, as that term is delineated for the Lower Passaic River Study Area by the United States Environmental Protection Agency." As noted above, and to be consistent with this modification to the meaning of "Discoverable Area," Defendants are also interpreting any reference to "Diamond Alkali Superfund Site" to mean the "Discoverable Area" or the "Lower Passaic River Study Area."

Defendants' responses are served in reliance on Plaintiff's agreement to modify the scope of these definitions. To the extent Plaintiff does not agree to modify the definitions

---

[1] The parties did not reach agreement on the definition of "Hazardous substance(s)." Accordingly, Defendants continue to object to this definition for the reasons raised in their Omnibus Preliminary Objections.

as set forth above, Defendants object to these definitions for the reasons stated in Defendants' Omnibus Preliminary Objections and as noted above. Specifically, to the extent Plaintiff does not agree to modify the definitions as set forth above, Defendants object to the definition of:

- "Defendant" in request numbers 1, 6, 7, 8, 9, 11, 23, 24, 25, and 26;
- "Defendant's Property" in request numbers 2, 3, 4, 5, 6, 10, 11, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 23;
- "Property" or "properties" in request numbers 1, 7, 8, 9, and 24;
- "Diamond Alkali Superfund Site" in request numbers 7, 8, 9, and 24; and
- "Discoverable Area" in request numbers 1, 6, 7, 8, 9, 12, 19, and 24.

<u>REQUESTS</u>

1.    All information relating to Defendant's ownership, lease, or operation of any property within the Discoverable Area.

<u>OBJECTIONS</u>: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA. The request for *all information* regarding the ownership, lease, or operation of each property is extremely and overly broad and would encompass many categories and types of information that are entirely unrelated to the subject matter of the claims asserted in this litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to

have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

Defendants object to the expansive and unlimited request for "all information relating to Defendant's ownership, lease, or operation of any property" to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants also object to the Request to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). This Request is also premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of this Request.

Finally, Defendants object to this Request because it is unduly burdensome and disproportionate to the needs of the case. The cost and burden that would be imposed on Defendants to attempt to identify, collect, and produce *all information* regarding the ownership, lease, or operation of any property within the Diamond Alkali Superfund Site or any other area "which at any time contained hazardous substances, chemicals, or

9

chemical waste products which became deposited in the Diamond Alkali Superfund Site," would be disproportionate to the needs of the case and would not advance the litigation.

2.     All information relating to manufacturing processes or other activities which may have resulted in the release of hazardous substances conducted at Defendant's Property.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to documents and information relating to releases of the eight COCs to portions of the Passaic River that are at issue in the Complaint.

Additionally, the request for *all information* regarding manufacturing processes or other activities is overly broad and encompasses many categories and types of information that are entirely unrelated to the claims asserted in this litigation. Defendants further object to the phrases "may have resulted in" and "other activities" as vague and ambiguous because they are undefined and subject to varying interpretations. Defendants object to the phrase "the release of hazardous substances *conducted* at Defendant's Property" because it renders the entire Request nonsensical or, at a minimum, vague and ambiguous.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to

10

have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

This Request is premature and improper to the extent it prematurely calls for an expert opinion as to whether manufacturing processes or activities at Defendant properties may have resulted in the release of hazardous substances or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. It is also objectionable because it assumes facts that are in dispute (i.e., the existence of releases of hazardous substances).

Defendants object to the expansive and unlimited request for "all information relating to manufacturing processes or other activities" to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

Finally, Defendants object to this Request as unduly burdensome. The cost and burden that would be imposed on Defendants to attempt to identify, collect, and produce *all information* regarding manufacturing processes or other activities at all Defendant

properties, regardless of whether such processes or activities have any connection to releases of COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

3.      All air, water, disposal, and/or other operating permits pertaining to Defendant's Property, and all applications and correspondence related to such permits.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs. The request for permits and related information is also irrelevant because the existence of a permit in no way indicates the extent of an actual discharge, but rather only the maximum amount allowed to be discharged.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to the request for permit applications and correspondence to the extent it would encompass documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or

joint representation privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

4.      Information sufficient to identify the volume and type of chemical constituents manufactured, sold, and disposed of as a result of manufacturing processes or other activities conducted at Defendant's Property.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to releases of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. Defendants object to the phrase "other activities" as vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request encompasses documents that have no bearing on the issues in this litigation, including

documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

This Request is premature and inappropriate to the extent it calls for an expert opinion on the volumes and types of constituents associated with Defendant facilities or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. The request for information "sufficient" to identify the volume and type of chemical constituents manufactured, sold, or disposed of is also objectionable, and inconsistent with the obligations imposed by the Federal Rules of Civil Procedure, to the extent it seeks to require Defendants to create information or documents that do not already exist.

Defendants further object to the request for volumes and types of constituents associated with Defendant facilities to the extent it would encompass documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint representation privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information.  Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

14

5.      All information regarding manufacturing process manuals, blueprints, flow diagrams, policies, procedures, or specifications used during the manufacture or disposal of chemicals and chemical constituents at Defendant's Property.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The reference to "chemicals and chemical constituents" in the Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to releases of the eight COCs to portions of the Passaic River that are at issue in the Complaint. Finally, the request for *all information* regarding manufacturing manuals, diagrams, policies, procedures, specifications, etc. is overly broad and would encompass many categories and types of information that are entirely unrelated to the claims asserted by Plaintiff in this litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to the broad request for *all information* regarding manuals, diagrams, policies, and procedures to the extent it seeks documents or

information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

This Request is also unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding a broad list of manufacturing documents, policies, procedures, etc., regardless of whether such documents, policies, or procedures have any connection to releases of the eight COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

6.      All information relating to any insurance coverage or insurance coverage litigation pertaining to Defendant's Property or Defendant's activity(ies) or operation(s) within the Discoverable Area.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would

encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA to the portions of the Passaic River at issue in the Complaint. Finally, the request for *all information* regarding any insurance coverage or insurance coverage litigation relating to the Defendant's property, activities, or operations, without limitation to those subject matters implicated by Plaintiff's Complaint, is overly broad and would encompass many categories of information that are entirely unrelated to the claims in this litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to the broad request for all information regarding insurance coverage and insurance coverage litigation to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. This Request is also objectionable to the extent it seeks information regarding the settlement of insurance coverage litigation subject to the settlement privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order

17

(Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

Finally, Defendants object to this Request as unduly burdensome and disproportionate to the needs of the case. The cost and burden that would be imposed on Defendants to attempt to identify, collect, and produce *all information* regarding any insurance coverage or insurance coverage litigation pertaining to Defendant's Property or Defendant's activity(ies) or operation(s) within the Discoverable Area, regardless of whether such information relates to insurance coverage with any potential to cover the claims asserted in this litigation, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

7.     All information regarding any agreements to indemnify, hold harmless, or assume the liability of any defendant or potentially responsible party with regard to the Diamond Alkali Superfund Site or any property within the Discoverable Area.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA. The Request additionally seeks indemnity materials that are not limited to the scope of the issues raised in the Complaint and litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. This Request is objectionable to the extent it seeks information or documents regarding indemnification agreements that are protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks information or documents protected by the settlement privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants also object to this Request to the extent agreements covered by this Request may contain or be subject to confidentiality provisions.

Finally, Defendants object to this Request as unduly burdensome and disproportionate to the needs of the case. The cost and burden that would be imposed on

Defendants to attempt to identify, collect, and produce *all information* regarding any agreements to indemnify, hold harmless, or assume the liability of any defendant or potentially responsible party with regard to the Diamond Alkali Superfund Site or any property within the Discoverable Area, regardless of whether such information relates to agreements with the potential to impact liability for the claims asserted in this litigation, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

8.     All information regarding Defendant's  settlements (including insurance settlements) and/or litigation of alleged liability arising from the Diamond Alkali Superfund Site, or any property or activity within the Discoverable Area, whether such settlements are public or not.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA to the portions of the Passaic River at issue in the Complaint. Finally, the request for information regarding settlement agreements or litigation with regard to "any property or activity within the Discoverable Area" could encompass settlements that are entirely unrelated to the issues in the litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad in several respects, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to

have discharged any of the relevant COCs or that fall within categories that are not relevant to the subject matter of the claims asserted in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. The Request is objectionable to the extent it seeks information or documents relating to settlement agreements and litigation that are protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks information or documents subject to the settlement privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants object to this Request to the extent agreements or orders covered by this Request may contain or be subject to confidentiality provisions.

Defendants object to this Request to the extent it seeks information or documents that are already in Plaintiff's possession, custody, or control or is a public record that is equally available to Plaintiff.

Finally, Defendants object to this Request as unduly burdensome and disproportionate to the needs of the case. The cost and burden that would be imposed on Defendants to attempt to identify, collect, and produce *all information* regarding

21

settlements (including insurance settlements) and/or litigation of alleged liability arising from the Diamond Alkali Superfund Site, or any property or activity within the Discoverable Area, regardless of whether such information relates to settlements with any relation to the claims asserted in this litigation, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

9.      All information submitted by Defendant to the Environmental Protection Agency or the New Jersey Department of Environmental Protection pertaining to any property or activity within the boundaries of the Diamond Alkali Superfund Site or within the Discoverable Area.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. Likewise, the terms "property" and "activity" are not properly tailored to those sites that would be included within the scope of claims in Plaintiff's Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA to the portions of the Passaic River that are at issue in the Complaint. Defendants object to the phrase "activity within the boundaries of the Diamond Alkali Superfund Site or within the Discoverable Area" as vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request encompasses documents that have no bearing on the issues in this litigation, including

documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants further object to this Request to the extent it seeks information that is already in Plaintiff's possession, custody, or control or is a public record that is equally available to Plaintiff.

10.     All information pertaining to the historical ownership, lease, and/or operation of Defendant's Property.

OBJECTIONS: Defendants object to this Request because it is duplicative of or overlaps Request No. 1, which seeks documents relating to Defendant's ownership, lease, and/or operation of the properties, and incorporate by reference the objections raised to Request No. 1.

Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs

identified in EPA's ROD for the LPRSA. Additionally, the request for *all information* regarding the historical ownership, lease, or operation of the property is overly broad and encompasses many categories and types of information that are entirely unrelated to the claims asserted by Plaintiff in this litigation. Defendants further object to this Request because it is not Defendants' burden to obtain or produce information pertaining to the historical ownership, lease, and/or operation of other entities at Defendant's Property.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to the expansive and unlimited request for "all information relating to the historical ownership, lease, and/or operation of Defendant's Property" to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants also object to the Request to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557)

at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants object to this Request to the extent it seeks information that is already in Plaintiff's possession, custody, or control or is a public record that is equally available to Plaintiff.

Finally, Defendants object to this Request because it is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding the ownership, lease, or operation of any property within the Diamond Alkali Superfund Site or any other area "which at any time contained hazardous substances, chemicals, or chemical waste products which became deposited in the Diamond Alkali Superfund Site," would be disproportionate to the needs of the case and would not advance the litigation.

11.    Information sufficient to identify all releases of chemicals and/or hazardous substances from Defendant's Property during Defendant's period of ownership and/or operation. For example: a pipeline or any other facility that may have released material over the Passaic River or its tributaries. This request will include information about appurtenances (e.g., a dock, maintenance facility, fueling equipment, berth, moorage dolphin) that are or were in the Passaic River or its tributaries

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the

eight COCs identified in EPA's ROD for the LPRSA to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

This Request is premature and improper to the extent it calls for an expert opinion on the existence of releases of chemicals or hazardous substances from Defendant's Property or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Also, the request for information "sufficient" to identify releases is objectionable to the extent it seeks to require Defendants to create information that does not already exist. It is also objectionable because it assumes facts that are in dispute (i.e., it assumes a release of hazardous substances from Defendant's Property occurred during Defendant's period of ownership and also assumes that Defendant in fact owned the Property).

Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557)

at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

12.     All information pertaining to physical sampling of any medium (including, without limitation, soils, groundwater, surface water, structures, air and indoor air) at Defendant's Property or waterways within the Discoverable Area and any requests for additional sampling of same.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

The request for "all information pertaining to physical sampling" is premature to the extent it calls for an expert opinion on sampling results or data or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants further object to this Request to the extent it seeks information

that is already in Plaintiff's possession, custody, or control or is a public record that is equally available to Plaintiff.

Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks documents that contain confidential, trade secret, private or otherwise protected or proprietary information. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

Finally, Defendants object to this Request as unduly burdensome and disproportionate to the needs of the case. The cost and burden that would be imposed on Defendants to attempt to identify, collect, and produce *all information* pertaining to physical sampling of any medium (including, without limitation, soils, groundwater, surface water, structures, air and indoor air) at Defendant's Property or waterways within the Discoverable Area and any requests for additional sampling of same would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

13.     All information regarding whether Defendant's Property was serviced by, or connected to, a sanitary sewer or septic tank, and information about the use of the sewer or tank and what chemicals or chemical constituents were discharged into it.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The reference in the Request to "chemicals or chemical constituents" is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs. This Request is premature and improper to the extent it calls for an expert opinion as to whether any property was serviced by or connected to a sanitary sewer or septic tank. It is also objectionable because it assumes facts that are in dispute (i.e., that chemicals or chemical constituents were discharged into sewers or septic tanks) or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request.

Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this

Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). Defendants further object to this Request to the extent it seeks information that is already in Plaintiff's possession, custody, or control or is a public record that is equally available to Plaintiff.

This Request is also objectionable because it is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding any sanitary sewer or septic tank at their properties, regardless of whether such sewer or septic tank had any connection to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

14.     All information regarding drains at or in Defendant's Property, including process and floor drains, tanks, and sinks and how they were used to dispose of chemicals or chemical constituents.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The reference in the Request to "chemicals or chemical constituents" is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in

EPA's ROD for the LPRSA. This Request is likewise overly broad because it would cover topics that have no connection to or bearing on the litigation (e.g., kitchen or bathroom sinks) and because it is not limited to releases of the eight COCs to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it calls for an expert opinion as to how drains may have been used to dispose of chemical constituents at Defendant properties or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request.  It is also objectionable because it assumes facts that are in dispute (i.e., that chemicals or chemical constituents were discharged through drains).

Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants

31

to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

This Request is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding all drains at their properties, regardless of whether such drains had any connection to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

15.     All information regarding stormwater and storm sewer pathways at Defendant's Property, including pathways over landfills and chemical storage areas.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to pathways to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

The term "stormwater and storm sewer pathways" is also vague and ambiguous because it is undefined and subject to varying interpretations. The Request is overly broad and seeks irrelevant information unless this term is construed to mean pathways to the portions of the Passaic River at issue in the Complaint. This Request is also premature and improper to the extent it calls for an expert opinion on the existence of potential pathways from a Defendant property to the River or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request.

Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

This Request is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding stormwater and sewer pathways at their properties, regardless of whether such pathways had any connection to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

16.     All information regarding landfills at or near Defendant's Property, including any agreements with such landfills.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to releases of COCs to the portions of the Passaic River that are at issue in the Complaint. The term "agreements" is overly broad and could encompass agreements that are entirely unrelated to the subject matter of Plaintiff's claims in this litigation. The term "near" is vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but

not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). The Request is objectionable to the extent it seeks information already in Plaintiff's possession or public records that are equally available to Plaintiff and to the extent it seeks information regarding entities other than the Defendant or documents that are not in the Defendant's custody or control.

17.     All information regarding bank erosion at or near Defendant's Property and what chemicals or chemical constituents may have been exposed to pathways to the Passaic River as a result.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The reference in the Request to "chemicals or chemical constituents" is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to releases of COCs to the portions of the Passaic River at issue in the Complaint. Defendants object to the term "near" as vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation,

including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

This Request is premature and improper to the extent it calls for an expert opinion on whether constituents "may have been exposed to pathways to the Passaic River" as a result of bank erosion or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Further, the term "bank erosion" is undefined and not limited in any respect. This Request would encompass minor bank erosion on another property that had no connection to the Passaic River. It is reasonable to interpret it as including only bank erosion in a location and of a level of significance that potentially could have resulted in discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint.

Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)). It is also objectionable to the extent it seeks information concerning river bank erosion that is in the possession of entities other than the Defendant or outside Defendant's custody or control.

This Request is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding bank erosion in the vicinity of their properties, regardless of whether such erosion had any connection to discharges of the eight COCs to the portions of the Passaic River at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

18.    All information regarding air emission impacts to the Passaic River or its tributaries from any operation on Defendant's Property.

OBJECTIONS:  Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA.  The term "air emissions impacts" is vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs. The requested documents and information relating to air emissions also have no relevance to the claims in Plaintiff's Complaint.

This Request is premature and improper to the extent it calls for an expert opinion on potential emission impacts from Defendant properties or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the

Request. Additionally, it is objectionable because it assumes facts that are in dispute (i.e., the existence of air emission impacts).

Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

This Request is unduly burdensome. The cost and burden imposed on Defendants to attempt to identify, collect, and produce *all information* regarding air emissions from Defendant properties, regardless of whether such emissions had any connection to discharges of the eight COCs to the portions of the Passaic River at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

19.    The Bayonne Barrel and Drum Site, and the Central Steel Drum Site (the "Disposal Sites") are located within the Discoverable Area.  All information about any link between any of these Disposal Sites and Defendant's Property, including types of materials that were disposed of, the amounts disposed of, and the arrangements made pertaining to this disposal.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. The Request is vague and ambiguous because the term "link" is undefined and subject to varying interpretations.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants also object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend

to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

This Request is objectionable to the extent it seeks information already in Plaintiff's possession or public documents relating to the Bayonne Barrel and Drum Site and Central Steel Drum Site that are equally available to Plaintiff and to the extent it seeks information regarding entities other than the Defendant or documents that are not in the Defendant's custody or control.

20.    Documents sufficient to identify any persons knowledgeable of the ownership, operation, investigation and/or remediation of Defendant's Property, whether they are still living, and contact information if they are still living.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. The request for information regarding the ownership, lease, operation, or remediation of the property is overbroad because it could encompass categories of information entirely unrelated to the claims asserted by Plaintiff in this litigation.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged

any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation. Defendants further object to this Request as an improper interrogatory request.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. The request for information "sufficient" to identify all persons knowledgeable about Defendant properties is objectionable, and exceeds the requirements imposed by the Federal Rules of Civil Procedure, to the extent it seeks to require Defendants to create or compile information or documents that do not already exist.

Finally, the Request is unduly burdensome because the cost and burden imposed on Defendants to attempt to identify, collect, and produce information on the identity of *any* person with knowledge of *any* aspect of Defendant's operations, regardless of which such aspect of the operation was related to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint, would be disproportionate to the needs of the case and would not serve the purpose of advancing the litigation.

21.    Copies of any written interviews, witness statements, or depositions regarding the ownership, lease, operation, investigation and/or remediation of Defendant's Property.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and because it seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to

discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. The request for information regarding the ownership, lease, operation, investigation and/or remediation of property is overbroad because it could encompass categories of information entirely unrelated to the claims asserted by Plaintiff in this litigation.

Defendants object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

42

22.     Copies of depositions, affidavits, and/or declarations made under penalty of perjury that contain factual information or expert analysis or opinions pertaining to the ownership, lease, operation, investigation and/or remediation of Defendant's Property by any person, alive, deceased, or otherwise not available to testify.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or in scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. The request for information regarding the ownership, lease, operation, investigation and/or remediation of property is overbroad because it could encompass categories of information entirely unrelated to the claims asserted by Plaintiff in this litigation.

Defendants object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it calls for any expert analysis or opinions developed in connection with this litigation or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the

Request. Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

23.     A copy of Defendant's document retention policy and any document retention policy used by Defendant since the time when Defendant's ownership, lease, or operation of Defendant's Property began.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation,

including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs.

Defendants further object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege. This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. The Request constitutes impermissible discovery-on-discovery that is not permitted without a showing of bad faith or unlawful withholding of documents.

24.     Information on the nexus of other persons or entities to the Diamond Alkali Superfund Site, including but not limited to documents related to other defendants' ownership, operation, and/or remediation of facilities and/or properties in the Discoverable Area.

OBJECTIONS: Defendants object to this Request as overly broad because it is not limited in time or scope and seeks documents that are beyond the subject matter of this litigation as asserted in the Complaint. The Request is also overly broad because it would encompass Defendant sites and facilities that are not alleged to have discharged any of the eight COCs identified in EPA's ROD for the LPRSA and because it is not limited to discharges of the eight COCs to the portions of the Passaic River that are at issue in the Complaint. The request for information regarding the ownership, operation, or remediation of property is overbroad because it could encompass categories of information entirely unrelated to the claims asserted by Plaintiff in this litigation. Defendants also object to the

term "nexus" as vague and ambiguous because it is undefined and subject to varying interpretations.

Defendants object to this Request because it is not Defendants' burden to obtain or produce information pertaining to documents related to other entities, including other defendants', ownership, operation, and/or remediation of facilities and/or properties in the Discoverable Area.

Defendants also object to this Request on the basis that it seeks the production of documents that are of no or little relevance. Because it is overly broad, the Request would encompass documents that have no bearing on or relevance to the issues in this litigation, including documents that relate to sites or facilities that are not alleged to have discharged any of the relevant COCs or that fall within categories that are not relevant to the claims asserted by Plaintiff in this litigation.

This Request is premature and improper to the extent it calls for expert opinions on the "nexus" of any person or entity to the Diamond Alkali Superfund Site or seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request.

Defendants object to this Request to the extent it seeks documents or information protected by the attorney-client privilege, work product doctrine, common interest privilege, and/or joint defense privilege and to the extent it seeks documents or information subject to the settlement or mediation privilege. Defendants additionally object to this Request to the extent it seeks documents associated with any mediation/ADR process, including but not limited to the ongoing EPA allocation proceeding. *See, e.g.,* Letter Order (Mar. 4, 2019) (ECF No. 557) at p. 3 (the Court recognizing that Occidental "has

acknowledged that the ADR Act protects submissions made by the allocation participants to the allocator, and has affirmed that it 'has not sought, and does not intend to seek in this litigation, information regarding the Batson process'" (citing Occidental's Br. at pp. 1-2, ECF No. 449)).

25.     If Defendant intends to make an inability to pay claim, information relevant to that claim including tax returns, financial statements, and similar information.

OBJECTIONS: Defendants object to this Request as overly broad and premature.  Moreover, the Request seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants further object to this Request as premature and because it assumes conclusions that have not been reached.

26.     All joint defense agreements and/or communications related to joint defense agreements between Defendants.

OBJECTIONS: Defendants object to this Request because it seeks information protected from disclosure by the attorney-client privilege, work product doctrine, common interest privilege, and joint defense privilege. Further, joint defense agreements and related communications are not relevant to any claim or defense in this litigation. This Request is premature and improper to the extent it prematurely seeks production of documents or information that may relate to expert opinions regarding the subject matter of the Request. Defendants state that the issue of joint defense agreements and communications will be addressed by Defendants in response to interrogatories.

/s/ Joseph H. Blum
_____
David R. Erickson (admitted *pro hac vice*)
Joseph H. Blum (NJ Bar No. 010211984)
SHOOK, HARDY & BACON LLP
2555 Grand Boulevard
Kansas City, MO 64108-2613
Telephone: 816.474.6550
*Common Counsel for the Small Parties Group*


Dated: March 8, 2019

/s/ Diana L. Buongiorno
_____
Diana L. Buongiorno, Esq.
CHISEA SHAHINIAN & GIANTOMASI PC
One Boland Drive
West Orange, NJ 07052
Telephone: 973.325.1500
*Liaison Counsel for the CSG Group*

/s/ Lee Henig-Elona
_____
Lee Henig-Elona, Esq.
GORDON REES SCULLY MANSUKHANI, LLP
18 Columbia Turnpike, Suite 220
Florham Park, NJ 07932
Telephone: 973.549.2520
*Liaison Counsel for the Gordon Rees Group*

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on March 8, 2019, a true copy of **DEFENDANTS' OMNIBUS OBJECTIONS TO PLAINTIFF'S FIRST REQUEST FOR PRODUCTION OF DOCUMENTS** was electronically served on counsel of record.

<u>/s/ Joseph H. Blum</u>
Joseph H. Blum