**EXHIBIT D**

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>　　　　　Plaintiff,<br><br>　v.<br><br>21ST CENTURY FOX AMERICA, INC., ET AL.,<br><br>　　　　　Defendants. | Hon. Judge Madeline Cox Arleo<br>Hon. Joseph A. Dickson<br><br>Civil Action No. 2:18-CV-11273 (MCA-JAD)<br><br>**SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS IN A CIVIL ACTION** |

To:　Arcadis U.S. Inc., Office of the General Counsel, 630 Plaza Drive, Suite 200, Highlands Ranch, CO 80129

☒ *Production*: **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

**See Attached Exhibit A.**

| Place: | Date and Time: |
|---|---|
| Lower Passaic River Small Parties Group<br>c/o Christopher M. McDonald, Esq.<br>Robert G. Rooney, Esq.<br>Shook, Hardy, & Bacon LLP<br>1660 17th St., Suite 450<br>Denver, CO 80202 | 30 days from the date of service of this subpoena |

☐ *Inspection of Premises*: **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|
| | |

2

Date: August 26, 2020

      *CLERK OF COURT*

                                          OR

_____            /s/ *Jeffrey D. Talbert*
*Signature of Clerk or Deputy Clerk*            *Attorney's signature*

The name, address, e-mail address, and telephone number of the attorneys representing The Small Parties Group, a group of defendants in this litigation, who issues or requests this subpoena, are: Jeffrey D. Talbert (admitted *pro hac vice*), Preti Flaherty Beliveau & Pachios LLP, One City Center, Portland, ME 04101, jtalbert@preti.com, 207-791-3000, and David Erickson (admitted *pro hac vice*) and Joseph Blum (NJ Bar No. 010211984), Shook, Hardy & Bacon LLP, 2555 Grand Blvd., Kansas City, MO 64108, derickson@shb.com, 816-474-6550.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>                Plaintiff,<br><br>v.<br><br>21ST CENTURY FOX AMERICA, INC., ET AL.,<br>                Defendants. | Hon. Judge Madeline Cox Arleo<br>Hon. Joseph A. Dickson<br><br>Civil Action No. 2:18-CV-11273 (MCA-JAD)<br><br><br>**EXHIBIT A** |

Pursuant to Federal Rules of Civil Procedure 34(c) and 45, the Lower Passaic River Small Parties Group (the "SPG"),[1] through its undersigned Common Counsel, subject to the Definitions and Instructions contained below, requests that Arcadis U.S., Inc. ("Arcadis" or "You") respond to the following Non-Party Subpoena Requests within the time prescribed in the Subpoena.

## DEFINITIONS

The following definitions shall apply to these subpoena requests and instructions.

"Arcadis" means Arcadis U.S., Inc., including without limitation all predecessors, subsidiaries, affiliates, subunits, officers, directors, agents, and employees thereof.

"Communicate," "Communicates," "Communicated," "Communication" or "Communications" refer to all written, magnetic, digital, analog, electronic, and oral transfers, discussions or exchanges of information or ideas, comprising or contained in conversations, conferences, meetings, seminars, presentations, correspondence, documents, brochures, pamphlets, records, facsimiles, telecopies, voice mail, electronic mail, digital media, analog media,

---

[1] The members of the SPG joining in this Subpoena are identified in Exhibit B.

magnetic media, and/or telex transmissions. However, in the event any portion of this definition directly conflicts with a subsequent definition of "communication" or "communications" approved by the Court currently or at a later date, including as to electronically stored information ("ESI"), the Court's definition shall control.

"Diamond Alkali Co. Superfund Site" or the "Site" means the Superfund Site defined by the U.S. EPA to include the former Diamond Alkali facility at 80-120 Lister Avenue in Newark, New Jersey; the Lower Passaic River Study (LPRSA); the Newark Bay Study Area; and the areal extent of contamination. The Site specifically includes Operable Units 01-04.

"Document" or "Documents" means anything that may be considered to be a document or tangible thing including any writings of every kind, source, and authorship, both originals and non-identical copies thereof, as well as all drafts or summaries, in whole or in part, in your possession, custody, or control. The term shall include any and all handwritten, typewritten, printed, photocopied, or recorded matter, regardless of the media used to record and/or store such matter, including, but not limited to, audio and video recordings, photographic images and all electronically recorded or stored documents and databases of any kind, including, but not limited to, any and all correspondence, email, transcripts of testimonies, letters, memoranda, notes, reports, papers, files, books, records, contracts, agreements, telegrams, teletypes and other communications sent or received, diaries, calendars, telephone logs, drafts, work papers, spreadsheets, PowerPoint presentations, agenda, bulletins, notices, announcements, instructions, charts, manuals, brochures, schedules, summaries, notes, minutes and other records and recordings of any conferences, meetings, visits, statements, interviews, or telephone conversations, bills, statements, and other records of obligations and expenditures, canceled checks, vouchers, receipts, and other records of payments, financial data, analysis, statements, interviews, affidavits, printed

matter (including public books, articles, speeches, newspaper clippings), press releases, file memoranda or other internal documents, and photographs, studies, data or data compilations, maps, drawings, illustrations, diagrams, schematics and all drafts and/or non-identical copies thereof.  However, in the event any portion of this definition directly conflicts with a definition of "Document(s)" and/or "Electronic Document(s)" approved by the Court currently or at a later date, including as to ESI, the Court's definition shall control.

The "Lister Facility" means the property located at 80-120 Lister Avenue, Newark, New Jersey.

"LPRSA" means the Lower Passaic River Study Area, as defined by the U.S. EPA, which is comprised of the Passaic River from the Dundee Dam around river mile 17 to its confluence with Newark Bay.

"Maxus" means Maxus Energy Corporation, including without limitation all predecessors, subunits, officers, directors, agents, and employees thereof.

"NJDEP" means the New Jersey Department of Environmental Protection, including without limitation all subunits, officers, directors, agents, and employees thereof.

"OxyChem" means Occidental Chemical Corporation, including without limitation all of its subsidiaries, affiliates, predecessors, subunits, officers, directors, agents, and employees thereof.  The definition of OxyChem specifically includes Glenn Springs Holdings, Inc. and all of its officers, directors, agents, and employees.

"Potentially responsible party" or "PRP" means any individual or organization that has been identified as potentially responsible for contamination of the LPRSA.

"Project File" means an electronic or physical file or folder that contains Communications and Documents related to the same matter, client, or engagement.  This term shall refer to the

highest-level file or folder that relates to the same matter, client, or engagement, and all of the subfiles and subfolders therein.

The "8 ROD COCs" means dioxins and furans, polychlorinated biphenyls (PCBs), polycyclic aromatic hydrocarbons (PAHs), DDT, dieldrin, mercury, copper, and lead.

The "Spill Act Litigation" means the proceeding captioned *NJDEP et al. v. Occidental Chemical Corporation et al.*, Superior Court of New Jersey, Essex County, DOCKET NO. ESX-L9868-05 (PASR).

"Tierra" means Tierra Solutions, Inc. (f/k/a Chemical Land Holdings, Inc.), including without limitation all predecessors, subunits, officers, directors, agents, and employees thereof.

"U.S. EPA" means the United States Environmental Protection Agency, including without limitation all subunits, officers, directors, agents, and employees thereof.

## INSTRUCTIONS

A. Each request shall be responded to completely, separately and fully in writing.

B. Any request propounded in the disjunctive shall also be read as if it is propounded in the conjunctive, and vice versa. Any request propounded in the singular shall also be read as if propounded in the plural, and vice versa. Any request propounded in the present tense shall also be read as if propounded in the past tense, and vice versa. The terms "any" and "all" each mean "any and all."

C. If, in responding to the requests, you encounter an ambiguity in construing either the request, definition, or an instruction pertaining to the request, set forth the matter deemed ambiguous and the construction that you used in responding.

D. If you delete or redact anything from a document produced in response to a request, state the reason for the redaction and the subject matter of the redaction.

E. In answering the requests below, you shall furnish not only such information as is available to the particular individual(s) answering the request, but also such information as is known to you including, without limit, each of your officers, employees, representatives, or agents, including their attorneys, investigators and experts.

F. These requests shall be deemed to be continuing and any Documents or information secured subsequent to the filing of the answers thereto, which would have been included in the answers to these requests had it been known or available, shall be supplied by supplemental answers in accordance with the Rules of this Court.

G. If your response is that Document(s) are not in your possession, custody or control, identify who has possession, custody or control and the location of the Document(s).

H. Documents produced in response to these requests shall be produced in such a manner as to identify the specific request to which they relate.

I. If a portion of any document is responsive to any of these Requests, produce the entire document, including all appendices, tables and attachments.

J. Should you fail to respond fully to any of these Requests based on a claim of any type of privilege, you shall, as part of such response:

   1. State the nature of the claim of privilege;
   2. State all facts relied upon in support of the claim of privilege or related thereto;
   3. Identify and describe the subject matter of all documents related to the claim of privilege;
   4. Provide a description of each document withheld sufficient to validate the privilege claimed, including the date of each document, its author and all recipients; and

7

5. Describe the subject matter of the document.

K. Please produce all documents in accordance with the attached Joint Protocol for Production of Documents and Electronically Stored Information.

L. The terms of the attached Protective Order apply to these requests.

M. Contact with the requesting attorney is encouraged to address the scope of this Subpoena and address logistical issues for the production of documents.

N. **The categories of documents requested below shall not be construed to include:**

1. Publicly available and/or published documents.

2. Raw and/or unverified sampling data.

3. Any Documents or Communications related to work done by Arcadis, or its predecessors, related to the LPRSA and/or adjacent properties on behalf of any entity listed in Exhibit B.

## DOCUMENTS REQUESTED

1. All documents and communications sent to or received from OxyChem, Maxus, Tierra, or Diamond Shamrock Chemical Company, or any of their employees, agents, attorneys, or other consultants relating to the Site, the Lister Facility, or the LPRSA.

2. All documents and communications regarding meetings or conversations with OxyChem, Maxus, Tierra, Diamond Shamrock Chemical Company, or any of their employees, agents, attorneys, or consultants relating to the Site, the Lister Facility, or the LPRSA.

3. All documents and communications exchanged between Arcadis, on the one hand, and NJDEP and/or the U.S. EPA, on the other, relating to the Site, the Lister Facility, or the LPRSA.

4.	All documents and communications sent to or received from parties other than those mentioned in Request Nos. 1 through 3 regarding Arcadis's work on the Site, the Lister Facility, or the LPRSA for or on behalf of OxyChem, Maxus, Tierra, or Diamond Shamrock Chemical Company.

5.	All documents and communications relating to past costs expended by or estimated future costs that may be expended by Arcadis relating to work on the Site, the Lister Facility, or the LPRSA for OxyChem, Maxus, Tierra, or Diamond Shamrock Chemical Company.

6.	All consulting or contracting agreements relating to work on the Site, the Lister Facility, or the LPRSA between Arcadis, or its predecessors, and OxyChem, Maxus, Tierra, or Diamond Shamrock Chemical Company, including any sub-contracts.

7.	To the extent not covered by prior requests, the Project File of Mike Erickson for the Site, the Lister Facility, or the LPRSA, including but not limited to any work on the Remedial Design of OU2, whether such work was performed by or for Arcadis, its predecessors, or any other organization.

8.	To the extent not covered by prior requests, the Project File of Timothy Iannuzzi for the Site, the Lister Facility, or the LPRSA, including but not limited to any work on the Human Health Risk Assessment and Ecological Risk Assessment of the Remedial Investigation of OU2, whether such work was performed by or for Arcadis, its predecessors, or any other organization.

9.	To the extent not covered by prior requests, the Project File of Nancy Bonnevie for the Site, the Lister Facility, or the LPRSA, including but not limited to any work on the Human Health Risk Assessment and Ecological Risk Assessment of the Remedial Investigation

of OU2, whether such work was performed by or for Arcadis, its predecessors, or any other organization.

10. All final and draft reports, memoranda and other documents relating to the Remedial Design Work for OU2 of the LPRSA.

11. All documents and communications in possession of Arcadis relating to work performed for OxyChem, Maxus, Tierra, or Diamond Shamrock Chemical Company regarding the Site, the Lister Facility, or the LPRSA, regardless of whether such work was performed by Arcadis, its predecessors, or any other organization, including but not limited to Blasland, Bouck & Lee, Ramboll Environ, Geosyntec, the Intelligence Group, ChemRisk, and Mclaren-Hart Environmental Engineering.

# EXHIBIT B
Small Parties Group Members Joining in Subpoena

1. 20th (21st) Century Fox America, Inc.
2. Akzo Nobel Coatings Inc.
3. Arkema Inc. (Agent-Legacy Site Services)
4. Ashland LLC
5. Atlantic Richfield Company
6. BASF Corporation (on its own behalf and on behalf of BASF Catalysts LLC)
7. Bath Iron Works Corporation
8. Benjamin Moore & Co.
9. Canning Gumm LLC
10. CBS Corporation
11. Clean Earth of North Jersey, Inc.
12. CNA Holdings LLC (by and through its indemnitor Essex County Improvement Authority); Celanese Ltd.
13. Coats & Clark Inc.
14. Conopco, Inc., d/b/a Unilever (as successor to CPC/Bestfoods, former parent of Penick Corporation)
15. Cooper Industries, LLC
16. Covanta Essex Company
17. Croda, Inc.
18. DII Industries, LLC
19. E.I. du Pont de Nemours and Company on its own behalf and on behalf of Pitt-Consol Chemical Company
20. EnPro Holdings, Inc.
21. Essex Chemical Corporation
22. Franklin-Burlington Plastics, Inc.
23. Garfield Molding Company, Inc.
24. General Electric Company
25. Givaudan Fragrances Corporation
26. Goodrich Corporation for itself and for Kalama Specialty Chemicals, Inc.. Emerald Kalama Chemical, LLC and Noveon Hilton Davis, Inc.
27. Harris Corporation for itself and as successor in interest by merger to Exelis Inc., successor in interest to ITT Corporation, Avionics Division
28. Hartz Consumer Group Inc.
29. Hexcel Corporation
30. Hoffman-LaRoche Inc.

31. Honeywell International Inc. (General Chemical)
32. ISP Chemicals LLC
33. Johnson & Johnson
34. Leemilt's Petroleum, Inc.
35. Legacy Vulcan, LLC
36. Mallinckrodt LLC (MI Holdings, Inc.)
37. Nappwood Land Corporation
38. National-Standard, LLC
39. Newark Group, Inc., The
40. Newell Brands Inc. (f/k/a Newell Rubbermaid Inc.), on behalf of itself and its subsidiaries Goody Products, Inc. and Berol Corporation (as successor by merger to Faber-Castell Corporation)
41. Nokia of America (Alcatel-Lucent USA Inc.)
42. Novartis Corporation
43. Novelis Corporation (Alcan Corp.)
44. Okonite Company, Inc., The
45. Otis Elevator Company
46. Pabst Brewing Company, LLC
47. Pharmacia LLC
48. Pitt-Consol Chemical Company
49. PPG Industries, Inc.
50. Public Service Electric & Gas Company (PSE&G)
51. Purdue Pharma Technologies, Inc.
52. Quality Carriers, Inc.
53. Quala Systems, Inc.
54. Revere Smelting & Refining Corporation
55. Royce Associates, A Limited Partnership
56. RTC Properties, Inc.
57. Safety-Kleen Envirosystems Company, by McKesson Corporation, and McKesson Corporation, for itself
58. Sequa Corporation
59. Sherwin-Williams Company, The
60. Staley Holdings LLC
61. Stanley Black & Decker, Inc.
62. STWB Inc.
63. Sun Chemical Corporation

64. Tate & Lyle Ingredients Americas LLC (formerly known as defendant A.E. Staley Manufacturing Company) and its parent defendant Staley Holdings LLC
65. Textron Inc.
66. Tiffany & Company
67. TPL Management Operations, a series of Evergreen Resources Group, LLC on behalf of itself and Sunoco (R&M), LLC and Sunoco Partners Marketing & Terminals L.P.
68. United States Steel Corporation

# **EXHIBIT C**
Federal Rules of Civil Procedure 45(d) and (e)

(d) PROTECTING A PERSON SUBJECT TO A SUBPOENA; ENFORCEMENT.

(1) *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

(2) *Command to Produce Materials or Permit Inspection.*

(A) *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) *Quashing or Modifying a Subpoena.*

(A) *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person to comply beyond the geographical limits specified in Rule 45(c);

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information; or

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.

(C) *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(e) DUTIES IN RESPONDING TO A SUBPOENA.

(1) *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:

(A) *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.

(D) *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) *Claiming Privilege or Protection.*

(A) *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.