**EXHIBIT E**

**PretiFlaherty** 

November 11, 2020

**VIA E-MAIL**

John J. McDermott, Esq.
Archer & Greiner, P.C.
Once Centennial Square
Haddonfield, NJ 08033

jmcdermott@archerlaw.com

      RE:   *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
              **Civil Action No. 2:18-cv-11273-MCA-JAD**

Dear Jack:

We write on behalf of the Lower Passaic River Study Area ("LPRSA") Small Parties Group ("SPG") and the LPRSA Cooperating Parties Group ("CPG") regarding the seven subpoenas that Occidental Chemical Corporation ("OxyChem") recently served on various consulting firms retained by the SPG, CPG, or both (the "Subpoenas"). The Subpoenas were all dated October 12, 2020, but were served between October 14-26, 2020.[1]

The SPG and CPG[2] object to the Subpoenas, which, as written, impermissibly seek broad swaths of material protected from discovery by various privileges, protections, and immunities held by the SPG and CPG. The Subpoenas' overly broad temporal and geographic scope only exacerbates OxyChem's attempt to intrude upon these privileges. And OxyChem has already tried to invade these privileges by requesting substantially the same information in its subpoena to the CPG, which further calls into question the utility and need to seek such information again by means of these Subpoenas to the SPG's and CPG's consultants. Although we understand that the individual recipients of the Subpoenas are asserting general objections to each Subpoena, this letter serves to notify OxyChem of the general objections of the SPG and CPG members, collectively and individually, to all of the Subpoenas. In lieu of motion practice, we further request a meet-and-confer with OxyChem to resolve these and other concerns regarding the Subpoenas.

---

[1] In particular, the Subpoenas are directed at: AECOM Technology Corporation; Anchor QEA, LLC; Jacobs Engineering Group Inc.; De Maximis, Inc.; Integral Consulting, Inc.; MAB Environmental, LLC; Moffatt & Nichol, Inc.; and Windward Environmental LLC.

[2] To be clear, and in an effort to streamline communication and avoid resort to formal motions practice, this letter notifies OxyChem of the general objections and meet-and-confer request of the SPG and CPG as well as their constituent members, in both their collective and individual capacities.

16228602.8

John J. McDermott, Esq.
November 11, 2020
Page 2

## GENERAL OBJECTIONS

**First**, the SPG and CPG object to the Subpoenas on the grounds that they call for the production of documents, information, or things protected from disclosure by the attorney-client privilege, the work product doctrine, the joint-defense or common-interest privileges, or any other applicable privilege, protection, or immunity from discovery, including applicable confidentiality agreements and orders and relevant statutory authorities (such as the Administrative Dispute Resolution Act of 1996). The Subpoenas wrongfully seek to invade privileges held by the SPG, CPG, and their members, collectively and individually. As just one example, the Subpoenas inappropriately seek documents and things that were prepared at the direction of counsel (and information constituting, reflecting, or revealing the same)—including not only communications with counsel but also, for example, data, data summaries, reports, and other communications created or prepared at the direction of counsel. This is not appropriate. OxyChem may only "obtain discovery regarding . . . nonprivileged matter[s]". Fed. R. Civ. P. 26(b)(1). As noted in the CPG's objections to OxyChem's subpoena directed at it, OxyChem may not obtain such privileged information from the parties themselves, and OxyChem cannot do so now by means of an end-run around the parties to their consultants.

**Second**, the Subpoenas are inappropriately overbroad and seek material that is irrelevant to the claims or defenses of any party to this action and not proportional to the needs of the case. None of the Subpoenas identifies a timeframe for any of the requests. As OxyChem well knows, the consultants targeted by the instant Subpoenas have provided a variety of services to a variety of clients regarding the Passaic River over a significant time period—in some instances, for decades. But the Subpoenas make no attempt to narrowly target documents or information relevant to the above-captioned litigation (to the extent any of it is not privileged or otherwise immune from discovery). This wild temporal overbreadth only compounds the intrusion upon the various privileges held by the SPG, CPG, and their members.

**Third**, in addition to temporal overbreadth, the Subpoenas are overbroad in a geographic sense as well. As an example, the Subpoenas purport to seek "all" materials relating to "any Upland Site," which is defined to include "any property directly proximate to the Passaic River, including locations upriver of the Dundee Dam and properties proximate to wetlands, creeks, drainage areas, riparian areas, and sewers that ultimately lead to the Lower Passaic River." But the above-captioned action only pertains to the LPRSA—the Subpoenas' vague and unintelligible requests for information regarding locations "upriver of the Dundee Dam" or "proximate" to areas "that ultimately lead to the Lower Passaic River" is hopelessly overbroad. Again, this overbreadth only worsens the intrusion into the privileges of the SPG, CPG, and their individual members, by seeking information from consultants that is not only protected from discovery, but that is not even remotely related to the issues in this litigation.

The SPG, CPG, and their members reserve the right to supplement this letter with additional objections to the Subpoenas, including to their individual requests. As previously stated, the SPG, CPG, and their members are prepared to work with counsel for all parties (and counsel for the recipients of the Subpoenas) to resolve the aforementioned and other objections, and to negotiate a reasonable scope of production on acceptable terms and conditions.

16228602.8

John J. McDermott, Esq.
November 11, 2020
Page 3

Sincerely,

| */s/ Jeffrey D. Talbert, Esq.* | */s/ William H. Hyatt, Jr., Esq.* |
|---|---|
| **Jeffrey D. Talbert, Esq.** | **William H. Hyatt, Jr., Esq.** |
| **Preti, Flaherty, Beliveau & Pachios, LLP** | **K&L Gates LLP** |
| **One City Center, P.O. Box 9546** | **One Newark Center, 10th Fl.** |
| **Portland, ME 04112** | **Newark, NJ 07102** |
| | |
| ***Common Counsel for the Small Parties Group*** | ***Common Counsel for the Cooperating Parties Group*** |

cc: SPG Members
     CPG Members

16228602.8