Regina S.E. Murphy (NJ Bar No. 031712010)
BARNES & THORNBURG, LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel:    (302) 300-3434
Fax:    (302) 300-3456
Email: gigi.murphy@btlaw.com

Charles M. Denton (admitted p*ro hac vice*)
BARNES & THORNBURG, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:    (616) 742-3974
Fax:    (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant, Flint CPS Inks Holdings LLC*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>       Plaintiff,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC.; 3M COMPANY; AKZO NOBEL COATINGS, INC.; ALDEN LEEDS INC.; ALLIANCE CHEMICAL INC.; AMERICAN INKS & COATINGS CORPORATION; ARKEMA INC.; ASHLAND LLC; ATLANTIC RICHFIELD COMPANY; ATLAS REFINERY, INC.; BASF CATALYSTS LLC; BASF CORPORATION; BATH IRON WORKS CORPORATION; BENJAMIN MOORE & CO.; BEROL CORPORATION; BORDEN & REMINGTON CORP.; CAMPBELL FOUNDRY COMPANY; CANNING GUMM LLC; CBS CORPORATION; CHARGEURS, INC.; CHEMTRADE CHEMICALS CORPORATION; CLEAN EARTH OF NORTH JERSEY, INC.; CNA HOLDINGS LLC; COATS & CLARK INC.; CONOPCO, INC.; COOPER INDUSTRIES, LLC; COVANTA ESSEX CO.; CRODA INC.; CURTISS-WRIGHT CORPORATION; DARLING INGREDIENTS INC.; DII INDUSTRIES, LLC; E.I. DU PONT DE | Civil Action No.:  2:18-cv-11273-JLL-JAD<br><br>**ANSWER, ADDITIONAL DEFENSES, COUNTERCLAIMS, AND CROSS-CLAIMS OF DEFENDANT FLINT CPS INKS HOLDING LLC** |

NEMOURS AND COMPANY; ELAN
CHEMICAL CO., INC.; EMERALD KALAMA
CHEMICAL, LLC; ENPRO INDUSTRIES,
INC.; ESSEX CHEMICAL CORPORATION;
EVERETT SMITH GROUP LTD.; FLINT CPS
INKS HOLDINGS LLC; FORT JAMES LLC;
FOUNDRY STREET CORPORATION;
FOUNDRY STREET DEVELOPMENT, LLC;
FRANKLIN-BURLINGTON PLASTICS, INC.;
GARFIELD MOLDING COMPANY, INC.;
GENERAL ELECTRIC COMPANY;
GIVAUDAN FRAGRANCES
CORPORATION; GOODRICH
CORPORATION; HARRIS CORPORATION;
HEXCEL CORPORATION; HEXION INC.;
HOFFMANN-LA ROCHE, INC.;
HONEYWELL INTERNATIONAL, INC.;
HOUGHTON INTERNATIONAL INC.;
INNOSPEC ACTIVE CHEMICALS LLC; INX
INTERNATIONAL INK CO.; ISP
CHEMICALS LLC; JOHNSON & JOHNSON
CONSUMER INC.; KALAMA SPECIALTY
CHEMICALS, INC.; KEARNY SMELTING &
REFINING CORP.; LEEMILT'S
PETROLEUM, INC.; LEGACY VULCAN,
LLC; MALLINCKRODT LLC; MCKESSON
CORPORATION; MELON LEASING
CORPORATION, INC.; MELTSER TONNELE
AVENUE LLC; MI HOLDINGS, INC.;
NAPPWOOD LAND CORPORATION;
NATIONAL-STANDARD LLC; NEU
HOLDINGS U.S. CORPORATION; NEWELL
BRANDS INC.; NOKIA OF AMERICA
CORPORATION; NOVARTIS
CORPORATION; NOVELIS CORPORATION;
NOVEON HILTON DAVIS, INC.; OTIS
ELEVATOR COMPANY; PABST BREWING
COMPANY, LLC; PALIN ENTERPRISES
L.L.C.; PFISTER URBAN RENEWAL
CORPORATION; PHARMACIA LLC; PITT-
CONSOL CHEMICAL COMPANY; PMC
GLOBAL, INC.; PPG INDUSTRIES, INC.;
PUBLIC SERVICE ELECTRIC AND GAS
COMPANY; PURDUE PHARMA
TECHNOLOGIES, INC.; QUALA SYSTEMS,
INC.; QUALITY CARRIERS, INC.; REVERE

SMELTING & REFINING CORPORATION;
REXAM BEVERAGE CAN COMPANY;
ROSELLE MAUSOLEUM MAINTENANCE
FUND, INC.; ROYCE ASSOCIATES, A
LIMITED PARTNERSHIP; RTC
PROPERTIES, INC.; SAFETY-KLEEN
ENVIROSYSTEMS COMPANY; SEQUA
CORPORATION; SETON COMPANY, INC.;
SPECTRASERV, INC.; STANLEY BLACK &
DECKER INC.; STWB INC.; SUN
CHEMICAL CORPORATION; SUNOCO
(R&M), LLC; SUNOCO PARTNERS
MARKETING & TERMINALS L.P.; TATE &
LYLE INGREDIENTS AMERICAS LLC;
TEVAL CORPORATION; TEXTRON, INC.;
THE HARTZ MOUNTAIN CORPORATION;
THE NEWARK GROUP, INC.; THE
OKONITE COMPANY, INC.; THE
SHERWIN-WILLIAMS COMPANY;
TIFFANY AND COMPANY; UNITED
STATES STEEL CORPORATION;
VANDERBILT MINERALS, LLC;
WESTROCK-SOUTHERN CONTAINER,
LLC; WIGGINS PLASTICS, INC.; AND
ZENECA INC.,

       Defendants and Third-Party Plaintiffs

v.

PASSAIC VALLEY SEWERAGE
COMMISSIONERS,
BOROUGH OF EAST NEWARK,
BOROUGH OF EAST RUTHERFORD,
BOROUGH OF ELMWOOD PARK,
BOROUGH OF FAIR LAWN,
BOROUGH OF FRANKLIN LAKES,
BOROUGH OF GLEN RIDGE,
BOROUGH OF GLEN ROCK,
BOROUGH OF HALEDON,
BOROUGH OF HASBROUCK HEIGHTS,
BOROUGH OF HAWTHORNE,
BOROUGH OF LODI,
BOROUGH OF NORTH ARLINGTON,
BOROUGH OF NORTH CALDWELL,

| | |
|---|---|
| BOROUGH OF NORTH HALEDON,<br>BOROUGH OF PROSPECT PARK,<br>BOROUGH OF RUTHERFORD,<br>BOROUGH OF TOTOWA,<br>BOROUGH OF WALLINGTON,<br>BOROUGH OF WOODLAND PARK f/k/a<br>BOROUGH OF WEST PATERSON,<br>BOROUGH OF WOOD-RIDGE,<br>CITY OF CLIFTON,<br>CITY OF EAST ORANGE,<br>CITY OF GARFIELD,<br>CITY OF NEWARK,<br>CITY OF ORANGE TOWNSHIP,<br>CITY OF PASSAIC,<br>CITY OF PATERSON,<br>TOWNSHIP OF BELLEVILLE,<br>TOWN OF HARRISON,<br>TOWN OF KEARNY,<br>TOWN OF NUTLEY,<br>TOWNSHIP OF BLOOMFIELD,<br>TOWNSHIP OF CEDAR GROVE,<br>TOWNSHIP OF LITTLE FALLS,<br>TOWNSHIP OF LYNDHURST,<br>TOWNSHIP OF MONTCLAIR,<br>TOWNSHIP OF SADDLE BROOK,<br>TOWNSHIP OF SOUTH HACKENSACK,<br>TOWNSHIP OF SOUTH ORANGE VILLAGE,<br>TOWNSHIP OF WEST ORANGE, and<br>VILLAGE OF RIDGEWOOD,<br><br>     Defendants and Third-Party Defendants. | |

**ANSWER AND ADDITIONAL DEFENSES**
**OF DEFENDANT FLINT CPS INKS HOLDINGS LLC**

NOW COMES Defendant Flint CPS Inks Holdings LLC , by and through its counsel of

record Barnes & Thornburg LLP, and for its Answer to Plaintiff's Amended Complaint, paragraph

by paragraph, states as follows:

1 – 37: The allegations in Paragraphs 1 through 37 do not pertain to this Defendant directly, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.  To the extent such allegations constitute conclusions of law, no answer is required.

38 – 51: The conclusions of law contained in Paragraphs 38 through 51 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

52: The referenced Counterclaim pleadings speak for themselves, and Defendant reaffirms such allegations and claims; to the extent Plaintiff mischaracterizes such pleadings or alleges facts to the contrary, such allegations of Plaintiff are denied as untrue.

53: The conclusions of law contained in Paragraph 53 require no answer.  The referenced pleadings speak for themselves, and Defendant reaffirms such allegations and claims; to the extent Plaintiff mischaracterizes such pleadings or alleges facts to the contrary, such allegations of Plaintiff are denied as untrue.

54:  The conclusions of law contained in Paragraph 54 require no answer.  Any remaining allegations are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

55: The conclusions of law contained in Paragraph 55 require no answer.  The referenced pleadings speak for themselves, and Defendant reaffirms such allegations and claims; to the extent Plaintiff mischaracterizes such pleadings or alleges facts to the contrary, such allegations of Plaintiff are denied as untrue.

56: The conclusions of law contained in Paragraph 56 require no answer. Any remaining allegations are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

57-59: The conclusions of law contained in Paragraphs 57 through 59 require no answer. To the extent the remaining allegations pertain to this Defendant, they are denied as untrue. Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

60-65: Being conclusions of law, Paragraphs 60 through 65 on jurisdiction and venue require no answer. Any remaining allegations are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

66 – 231: The allegations in Paragraphs 66 through 231, other than Paragraph 108, do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof. Furthermore, the allegations in Paragraph 108 are denied as untrue, as this Defendant is not a Michigan corporation; Defendant affirmatively states that Flint CPS Inks Holdings LLC is a Texas limited liability company with its principal place of business at 17177 N. Laurel Park Drive, Suite 300, Livonia, Michigan 48152.

232 – 258: The allegations in Paragraphs 232 through 258 do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof. To the extent such allegations constitute conclusions of law, no answer is required.

259. To the extent the allegations contained in Paragraph 259 regarding the Central Steel Drum ("CSD") property state conclusions of law, no answer is required. This Defendant specifically denies that it "contracted for the disposal or treatment of hazardous substances at the

CSD Property" as untrue.  Any and all remaining allegations contained in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

260 – 284: The allegations in Paragraphs 260 through 284 do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

285 – 286: The conclusions of law contained in Paragraphs 285 through 286 require no answer.  This Defendant specifically denies any responsibility for the alleged "releases of dieldrin" into the Lower Passaic River.  Any and all further allegations in these paragraphs do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

287– 328: The conclusions of law contained in Paragraphs 287 through 328 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in these paragraphs are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

329 – 333: The conclusions of law contained in Paragraphs 329 through 333 require no answer, and the referenced Third-Party Complaint pleadings and writings speak for themselves.

## CAUSES OF ACTION

## COUNT I: CERCLA COST RECOVERY UNDER SECTION 107(a)

334.    Defendant incorporates by reference its Answers to Paragraphs 1 through 333 above as if fully set forth therein.

335.    The conclusions of law contained in Paragraph 335 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

336.     The conclusions of law contained in Paragraph 336 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

337.     The conclusions of law contained in Paragraph 337 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

338.     The conclusions of law contained in Paragraph 338 require no answer.  Defendant specifically denies that Plaintiff is entitled to proceed pursuant to CERCLA Section 107(a) as a responsible party.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

## COUNT II: CONTRIBUTION UNDER CERCLA SECTION 113
## FOR RESPONSE COSTS INCURRED BY PLAINTIFF

339.     Defendant incorporates by reference its Answers to Paragraphs 1 through 338 above as if fully set forth therein.

340.     The conclusions of law contained in Paragraph 340 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.T

341.     The conclusions of law contained in Paragraph 341 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

342.    The conclusions of law contained in Paragraph 342 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

343.    The conclusions of law contained in Paragraph 343 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

344.    The conclusions of law contained in Paragraph 344 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

345.    The conclusions of law contained in Paragraph 345 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

346.    The conclusions of law contained in Paragraph 346 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

## COUNT III: CERCLA DECLARATORY JUDGMENT

347.    Defendant incorporates by reference its Answers to Paragraphs 1 through 346 above as if fully set forth therein.

348.    The conclusions of law contained in Paragraph 348 require no answer.  To the extent the remaining allegations pertain to this Defendant, they are denied as untrue.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

9

349.    The conclusions of law contained in Paragraph 349 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

350.    The conclusions of law contained in Paragraph 350 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

351.    The conclusions of law contained in Paragraph 351 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

352.    The conclusions of law contained in Paragraph 352 require no answer.  Any and all further allegations in this paragraph are neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.

## COUNT IV: CONTRIBUTION UNDER CERCLA SECTION 113 FOR RESPONSE COSTS INCURRED BY PLAINTIFF AS A RESULT OF DEFENDANTS' COUNTERCLAIMS

353 – 363: The allegations in Paragraphs 353 through 363 do not pertain to this Defendant, and are therefore neither admitted nor denied for lack of information sufficient to form a belief as to the truth thereof.  To the extent such allegations constitute conclusions of law, no answer is required.

WHEREFORE, Defendant Flint CPS Inks Holdings LLC respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant; award Defendant its attorneys' fees and costs for having to defend this action; and award Defendant such further and other legal and equitable relief as this Court deems just and proper.

## <u>ADDITIONAL DEFENSES</u>

NOW COMES Defendant Flint CPS Inks Holdings LLC, by and through its attorneys Barnes & Thornburg LLP, and for its Additional Defenses to Plaintiff's Amended Complaint hereby states as follows:

1.      The Amended Complaint fails to state a claim against Defendant upon which relief can be granted.

2.      The claims asserted in the Amended Complaint are barred in whole or in part by the applicable statutes of limitations, statute of repose and/or laches.

3.      The Amended Complaint is barred in whole or in part by Defendant's contribution protection pursuant to CERCLA Section 113(f)(2).

4.      The Plaintiff is barred from recovering some or all costs alleged in the Amended Complaint because, upon information and belief, the costs allegedly incurred by the Plaintiff were not reasonable, necessary and/or consistent with the National Contingency Plan.

5.      Upon information and belief, the claims under CERCLA are barred insofar as the Plaintiff seeks to recover costs, expenses and damages other than response costs or for responsive activity, as such terms are defined by CERCLA.

6.      The Plaintiff is barred from recovering some or all of the costs alleged in the Amended Complaint because, upon information and belief, Plaintiff has failed to properly mitigate its damages or to take reasonable steps to prevent its damages.

7.      Defendant's acts did not cause any of the injuries, costs or damages of which the Plaintiff now complains; therefore, no liability exists on the part of Defendant for any such injuries, costs or damages.

8.      Plaintiff is barred from recovering the costs alleged in the Amended Complaint because Defendant is, at most, a *de micromis* party exempt from CERCLA liability. *See* 42 U.S.C. § 9607(o).

9.      In the alternative, in the event Defendant is found to be liable for response costs or response activity costs alleged by the Plaintiff, Defendant should be liable only for its proportionate share of such costs because the harms alleged by the Plaintiff are distinct and reasonably capable of division, and because there is a reasonable basis for determining the contribution of each party to the alleged harm or harms.

10.     Plaintiff's claims against Defendant are barred insofar as they are the result of intervening and superseding acts and omissions of Plaintiff and/or third-parties over whom Defendant had no control or due to an Act of God.

11.     Plaintiff is barred from recovering some or all of the costs alleged in the Amended Complaint because (a) such costs were caused by acts or omissions of a third-party other than an employee or agent of Defendant  or one with a contractual relationship with Defendant; (b) Defendant  exercised due care with respect to any alleged hazardous substances concerned; and (c) Defendant  took precautions against foreseeable acts or omissions of any third-party and the consequences that could foreseeably result from such acts or omissions.

12.     Defendant is not liable under CERCLA because there is no evidence that any hazardous substance allegedly generated by it was disposed of, released or threatened to be released at the Site.

13.     To the extent that Plaintiff has received payments of its claimed costs from others, the full amount of such payments should be credited to reduce the costs that the Plaintiff seeks to recover against Defendant.

14.     Plaintiff has failed to join all parties whose presence is needed for a just adjudication.

15.     Plaintiff's claims are barred based upon its own contributory negligence.

16.     Plaintiff is not entitled to relief to the extent it failed to exercise due care with respect to, or take reasonable steps to respond to, the releases or threatened releases of hazardous substances alleged in the Amended Complaint.

17.     Plaintiff's claims are barred by application of the equitable doctrines of waiver, estoppel and/or unclean hands.

18.     Plaintiff's claims are barred by prior release or settlement.

19.     Defendant reserves the right to assert and rely on any additional defenses as may become available or apparent through discovery and during the course of this action.

WHEREFORE, Defendant Flint CPS Inks Holdings LLC respectfully requests that this Court dismiss Plaintiff's Amended Complaint with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant; award Defendant its attorneys' fees and costs for having to defend this action; and award Defendant such further and other legal and equitable relief as this Court deems just and proper.

Dated:  August 5, 2021                          BARNES & THORNBURG LLP

                                                 */s/  Regina S.E. Murphy*
                                                 Regina S.E. Murphy (NJ Bar No. 031712010)
                                                 1000 N. West Street, Suite 1500
                                                 Wilmington, DE 19801
                                                 Tel:     (302) 300-3434
                                                 Fax:     (302) 300-3456
                                                 Email: gigi.murphy@btlaw.com

                                                 Charles M. Denton (admitted *pro hac vice*)
                                                 171 Monroe Avenue N.W., Suite 1000
                                                 Grand Rapids, MI 49503-2694
                                                 Tel:     (616) 742-3974

Fax:     (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant, Flint CPS Inks
Holdings LLC*

## AMENDED COUNTERCLAIMS

NOW COMES Defendant Flint CPS Inks Holdings LLC (f/k/a Flint Ink Corporation) ("Flint"), by and through its counsel of record Barnes & Thornburg LLP, and for its Amended Counterclaims against Plaintiff Occidental Chemical Corporation ("OxyChem") hereby alleges:

## JURISDICTION AND VENUE

1.      The Counterclaims set forth herein arise out of the same transactions and occurrences that are set forth in the Amended Complaint.

2.      If jurisdiction is proper with respect to the Amended Complaint, it is proper with respect to these Counterclaims.

3.      If venue is proper with respect to the Amended Complaint, it is proper with respect to these Counterclaims.

## THE PARTIES

4.      Upon information and belief, Plaintiff/Counter-Defendant OxyChem is a corporation organized and existing under the laws of the State of New York, with a principal place of business located at 5005 LBJ Freeway, Dallas, Texas 75380.

5.      Plaintiff/Counter-Defendant OxyChem is Diamond Alkali Company, or at least the corporate successor to all the liabilities of Diamond Alkali Company ("successor-in-interest"), which owned and/or operated the Diamond Alkali Plant at the time 2,3,7,8-TCDD and other Hazardous Substances were disposed and released into the Passaic River and other parts of the Diamond Alkali "Superfund" Site. OxyChem is the same entity as, or the successor-in-interest to, numerous other entities involved in the ownership and/or operation of the Diamond Alkali Plant,

14

including but limited to Kolker Realty Company, Kolker Chemical Works, Inc., Diamond Alkali
Organic Chemical Division, Inc., Diamond Alkali Company, Diamond Chemicals Company,
Diamond Shamrock Chemicals Company, Occidental Electrochemicals Corporation, Occidental
Diamond Alkali Corporation, and Occidental Agricultural Products, Inc. (with OxyChem
hereinafter at times collectively referred to as "OxyChem").

## GENERAL ALLEGATIONS

6.      Plaintiff OxyChem has refused to perform response activities and pay its share of
response costs at the Diamond Alkali "Superfund" Site, which is comprised of the former
pesticides manufacturing plant and surrounding properties at 80 and 120 Lister Avenue in Newark,
New Jersey (Operable Unit 1 ("OU-1")), the Lower Passaic River Study Area, the Newark Bay
Study Area and the areal extent of contamination. The United States Environmental Protection
Agency ("EPA") defines these areas as including the 17-mile stretch of the Lower Passaic River
and its tributaries from the Dundee Dam to Newark Bay, along with the Newark Bay and portions
of the Hackensack River, Arthur Kill and Kill Van Kull.

7.      Plaintiff is liable for all response costs caused by disposal, releases and/or
threatened releases of Hazardous Substances at and from facilities owned and/or operated by
OxyChem and its predecessors-in-interest at 80 and 120 Lister Avenue, Newark, New Jersey (the
"Diamond Alkali Plant") and facilities where OxyChem and its predecessors-in- interest disposed
of Hazardous Substances, including 2,3,7,8-tetrachlorodibenzo-p-dioxin ("2,3,7,8-TCDD"), a
particularly potent form of Dioxin. Releases and disposals from the Diamond Alkali Plant are the
driving force behind ongoing and future investigations and remedial actions at the Diamond Alkali
"Superfund" Site.

8.      If Defendant has any liability under Plaintiff's Amended Complaint, which is
denied, then Defendant seeks contribution from Plaintiff OxyChem pursuant to Section 113 of the

Comprehensive Environmental Response, Compensation and Liability Act ("CERCLA"), 42 U.S.C. § 9613.

9.      If Defendant is found to be liable pursuant to Plaintiff's CERCLA Section 107 claim for costs allegedly incurred pursuant to the RM 10.9 Removal UAO, as described in the Amended Complaint at ¶ 34, then Defendant is entitled to a set-off pursuant to Section 113 of CERCLA for the amounts found to be attributable to Plaintiff to the full extent of Plaintiff's equitable share of those costs considering the significant Dioxin concentrations at that location, the refusal of Plaintiff to participate in the EPA Consent Order for the removal action, and the lack of any U.S. EPA claim against this Defendant.

10.     Plaintiff has the burden to prove that each Defendant is not a CERCLA-exempt *de micromis* party as defined in CERCLA §107(o), and failing such proof Defendant is statutorily entitled to its attorneys' fees, expert witness fees and costs associated with defending this suit.

11.     In addition, Defendant seeks a declaration that Plaintiff OxyChem is liable under CERCLA for future costs that will be incurred as a result of releases of Dioxin and other Hazardous Substances to the Diamond Alkali Superfund Site by OxyChem and its predecessors- in- interest.

## FIRST COUNTERCLAIM

### Attorneys' Fees and Costs Pursuant to the Comprehensive Environmental Response, Compensation and Liability Act, 42 U.S.C. § 9607 (o)(4) and §9607 (p)(7)

12.     Congress enacted the Small Business Liability Protection Act because "too often, small-volume contributors of wastes at a Superfund site…have been sued to contribute to Superfund cleanups." See Small Business Liability Protection Act, May 21, 2001, H.R. Report No. 107-70, Part 2, at Background and Need for Legislation. Congress addressed this matter "by providing statutory exemptions from liability for certain parties, and by adjusting the burden of proof in actions against these parties."

16

13.     Accordingly, CERCLA contains a *de micromis* exemption from liability at Section 107(o), that applies, *inter alia*, to those who arranged for disposal of less than 110 gallons of liquid materials or 200 pounds of solid materials containing Hazardous Substances. *See* 42 U.S.C. § 9607(o).

14.     Section 107(o) of CERCLA provides that "[a] person shall not be liable, with respect to response costs at a facility on the National Priorities List, under this Act if liability is based solely on paragraph (3) [as "arranger"] or (4) [as "transporter"] of subsection (a) [Section 107(a)(3) or (4)] and the person, except as provided in paragraph (4) of this Section, can demonstrate that:

> (A)     the total amount of material containing hazardous substances that the person arranged for disposal or treatment of, or arranged with a transporter for transport for disposal or treatment of, or excepted for transport for disposal or treatment, at the facility was less than 110 gallons of liquid materials were less than 200 pounds of solid materials (or such greater or lesser amounts as the administrator may determine by regulation; and
>
> (B)     all or part of the disposal, treatment, or transport concerned occurred before April 1, 2001.

15.     In a contribution action, the burden of proof is on the party bringing the action to demonstrate that the *de micromis* exemption is not applicable. See CERCLA § 107(o)(4).

16.     CERCLA provides that a nongovernmental entity that commences a contribution action shall be liable to the defendant for all reasonable costs of defending the action, including all reasonable attorney's fees and expert witness fees, if defendant is not liable for contribution based on the *de micromis* exemption. See 42 U.S.C. § 9607(p)(7).

17.     While Defendant denies any liability on Plaintiff's Amended Complaint, Plaintiff has not alleged nor can it prove that Defendant is more than a *de micromis* party completely exempt from CERCLA liability. If Plaintiff OxyChem fails to meet its burden of proof, Defendant shall be

entitled to recover from Plaintiff the statutory costs and fees set forth in 42 U.S.C. § 9607(p)(7).

## SECOND COUNTERCLAIM

Contribution and Declaratory Judgment Pursuant to the Comprehensive EnvironmentalResponse,
Compensation and Liability Act, 42 U.S.C. § 9613(f)(1)

18.     Defendant repeats and reiterates the allegations set forth in the preceding paragraphs as if set forth fully herein.

19.     CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), provides that any person may seek contribution from any other person who is liable or potentially liable under CERCLA Section 107(a), 42 U.S.C. § 9607(a).

20.     CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), provides that any person may seek a declaration of liability for "response costs" or "damages," as these terms are defined in CERCLA Sections 101(23), (24), and (25), 42 U.S.C. §§ 9601(23), (24), and (25), and CERCLA Section 101(6), 42 U.S.C. § 9601(6).

21.     Defendant is alleged by Plaintiff to be a "person" as defined in CERCLA Section 101(21), 42 U.S.C. §§ 9601(21).

22.     To the extent that the Site is found to be a "Facility" as defined in CERCLA Section 101(9), 42 U.S.C. § 9601(9), and to the extent that the use, storage, discharge, release, and/or disposal of materials or substances upon, or adjacent to the Site is found to have resulted in a "release," or "threatened release," of a Hazardous Substance, as these terms are defined in CERCLA Section 101(22), 42 U.S.C. § 9601(22), which release has caused, continues to cause, and/or threatens to cause contamination of soil, surface water, or groundwater resources at, upon, or under the Diamond Alkali Site or the Lower Passaic River, then Plaintiff/Counter-Defendant, as the entity or successor-in-interest to the persons that released, discharged, and/or disposed and/or arranged for the treatment or disposal of Hazardous Substances, as defined under CERCLA

18

Section 101(14), 42 U.S.C. § 9601(14), is liable pursuant to CERCLA Section 107(a),42 U.S.C. § 9607(a), for response costs and damages, incurred at the Site not inconsistent with the National Contingency Plan.

23.     Plaintiff/Counter-Defendant OxyChem is liable under CERCLA Section 113 for response costs resulting from its disposal and releases of Hazardous Substances from the Diamond Alkali Plant and into the Passaic River and the surrounding area.

24.     Pursuant to CERCLA Section 113(f)(1), 42 U.S.C. § 9613(f)(1), if Defendant is held liable in connection with the Site, it is entitled to contribution from Plaintiff for all or part of the response costs and damages Defendant has incurred or may incur with regard to the Site.

25.     Pursuant to CERCLA Section 113(g)(2), 42 U.S.C. § 9613(g)(2), Defendant is entitled to a declaration that Plaintiff is liable to the Defendant for all or part of the response costs and damages which the Defendant has incurred or may incur in connection with the Site.

WHEREFORE, the Defendant respectfully requests that this Court:

a.     Dismiss Plaintiff's Amended Complaint against this Defendant;

b.     Enter a declaratory judgment that Plaintiff/Counter-Defendant OxyChem is aliable party under 42 U.S.C. § 9607(a)(2) &(3) for disposal and releases of Hazardous Substances at and from the Diamond Alkali Plant, other disposal areas within the LPRSA, and the Diamond Alkali "Superfund" Site, and that OxyChem is liable for any and all response costs that may be incurred in the future;

c.     Enter judgment under 42 U.S.C. § 9613 against Plaintiff/Counter-Defendant OxyChem finding that OxyChem is liable to Defendant for any and all response costs which may be incurred by Defendant in connection with the disposal and releases of Hazardous Substances at or from the Diamond Alkali Plant and other disposal areas within the LPRSA, to the LPRSA

(including the RM 10.9 Removal Area) and the Diamond Alkali "Superfund" Site, or, in the alternative, for a 100 percent allocation by the Court (using such equitable factors as the Court determines are appropriate) to OxyChem of response costs incurred and to be incurred in connection with the disposal and release of Hazardous Substances at or fromthe Diamond Alkali Plant and other disposal areas within the LPRSA to the LPRSA (includingthe RM 10.9 Removal Area) and the Diamond Alkali "Superfund" Site;

        d.       Enter a declaratory judgment against Plaintiff for Plaintiff's future share of work to be undertaken, past and future costs, and past and future damages;

        e.       Award damages against Plaintiff to this Defendant as no more than a CERCLA-exempt *de micromis* party for costs and fees incurred defending against the claims asserted by Plaintiff in the Amended Complaint;

        f.       Award Defendant all recoverable compensatory and other damages for which Plaintiff is responsible;

        g.       Award Defendant prejudgment interest, costs, and attorneys' and experts' fees; and

        h.       Award Defendant such further and other legal and equitable relief as this Court deems just and appropriate.

## CROSS-CLAIMS

Defendant denies any and all Cross-Claims filed or to be filed in this matter and reserves the right to assert Cross-Claims for contribution and other relief.


Dated:  August 5, 2021                    BARNES & THORNBURG LLP

                                          */s/ Regina S.E. Murphy*
                                          Regina S.E. Murphy (NJ Bar No. 031712010)
                                          1000 N. West Street, Suite 1500
                                          Wilmington, DE 19801
                                          Tel:    (302) 300-3434
                                          Fax:    (302) 300-3456
                                          Email: gigi.murphy@btlaw.com

                                          Charles M. Denton (admitted *pro hac vice*)
                                          171 Monroe Avenue N.W., Suite 1000
                                          Grand Rapids, MI 49503-2694
                                          Tel:    (616) 742-3974
                                          Fax:    (616) 742-3999
                                          Email: charles.denton@btlaw.com

                                          *Attorneys for Defendant, Flint CPS Inks*
                                          *Holdings LLC*