Regina S.E. Murphy (NJ Bar No. 031712010)
BARNES & THORNBURG, LLP
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel: (302) 300-3434
Fax: (302) 300-3456
Email: gigi.murphy@btlaw.com

Charles M. Denton (admitted *pro hac vice*)
BARNES & THORNBURG, LLP
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel: (616) 742-3974
Fax: (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant, Flint CPS Inks Holdings LLC*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
### NEWARK VICINAGE

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>Plaintiff and Counter-Defendant,<br><br>vs.<br><br>21ST CENTURY FOX AMERICA, INC.; 3M COMPANY; AKZO NOBEL COATINGS, INC.; ALDEN LEEDS INC.; ALLIANCE CHEMICAL INC.; AMERICAN INKS & COATINGS CORPORATION; ARKEMA INC.; ASHLAND LLC; ATLANTIC RICHFIELD COMPANY; ATLAS REFINERY, INC.; BASF CATALYSTS LLC; BASF CORPORATION; BATH IRON WORKS CORPORATION; BENJAMIN MOORE & CO.; BEROL CORPORATION; BORDEN & REMINGTON CORP.; CAMPBELL FOUNDRY COMPANY; CANNING GUMM LLC; CBS CORPORATION; CHARGEURS, INC.; CHEMTRADE CHEMICALS CORPORATION; CLEAN EARTH OF NORTH JERSEY, INC.; CNA HOLDINGS LLC; COATS & CLARK INC.; CONOPCO, INC.; COOPER INDUSTRIES, LLC; COVANTA ESSEX CO.; CRODA INC.; CURTISS-WRIGHT CORPORATION; DARLING INGREDIENTS INC.; DII INDUSTRIES, LLC; E.I. DU PONT DE | Civil Action No.: 2:18-cv-11273-JLL-JAD<br><br>**DEFENDANT FLINT CPS INKS HOLDINGS LLC'S ANSWER AND ADDITIONAL DEFENSES TO PLAINTIFF'S AMENDED COUNTERCLAIMS** |

| | |
|---|---|
| NEMOURS AND COMPANY; ELAN CHEMICAL CO., INC.; EMERALD KALAMA CHEMICAL, LLC; ENPRO INDUSTRIES, INC.; ESSEX CHEMICAL CORPORATION; EVERETT SMITH GROUP LTD.; FLINT CPS INKS HOLDINGS LLC; FORT JAMES LLC; FOUNDRY STREET CORPORATION; FOUNDRY STREET DEVELOPMENT, LLC; FRANKLIN-BURLINGTON PLASTICS, INC.; GARFIELD MOLDING COMPANY, INC.; GENERAL ELECTRIC COMPANY; GIVAUDAN FRAGRANCES CORPORATION; GOODRICH CORPORATION; HARRIS CORPORATION; HEXCEL CORPORATION; HEXION INC.; HOFFMANN-LA ROCHE, INC.; HONEYWELL INTERNATIONAL, INC.; HOUGHTON INTERNATIONAL INC.; INNOSPEC ACTIVE CHEMICALS LLC; INX INTERNATIONAL INK CO.; ISP CHEMICALS LLC; JOHNSON & JOHNSON CONSUMER INC.; KALAMA SPECIALTY CHEMICALS, INC.; KEARNY SMELTING & REFINING CORP.; LEEMILT'S PETROLEUM, INC.; LEGACY VULCAN, LLC; MALLINCKRODT LLC; MCKESSON CORPORATION; MELON LEASING CORPORATION, INC.; MELTSER TONNELE AVENUE LLC; MI HOLDINGS, INC.; NAPPWOOD LAND CORPORATION; NATIONAL-STANDARD LLC; NEU HOLDINGS U.S. CORPORATION; NEWELL BRANDS INC.; NOKIA OF AMERICA CORPORATION; NOVARTIS CORPORATION; NOVELIS CORPORATION; NOVEON HILTON DAVIS, INC.; OTIS ELEVATOR COMPANY; PABST BREWING COMPANY, LLC; PALIN ENTERPRISES L.L.C.; PFISTER URBAN RENEWAL CORPORATION; PHARMACIA LLC; PITT-CONSOL CHEMICAL COMPANY; PMC GLOBAL, INC.; PPG INDUSTRIES, INC.; PUBLIC SERVICE ELECTRIC AND GAS COMPANY; PURDUE PHARMA TECHNOLOGIES, INC.; QUALA SYSTEMS, INC.; QUALITY CARRIERS, INC.; REVERE | |

2

SMELTING & REFINING CORPORATION; REXAM BEVERAGE CAN COMPANY; ROSELLE MAUSOLEUM MAINTENANCE FUND, INC.; ROYCE ASSOCIATES, A LIMITED PARTNERSHIP; RTC PROPERTIES, INC.; SAFETY-KLEEN ENVIROSYSTEMS COMPANY; SEQUA CORPORATION; SETON COMPANY, INC.; SPECTRASERV, INC.; STANLEY BLACK & DECKER INC.; STWB INC.; SUN CHEMICAL CORPORATION; SUNOCO (R&M), LLC; SUNOCO PARTNERS MARKETING & TERMINALS L.P.; TATE & LYLE INGREDIENTS AMERICAS LLC; TEVAL CORPORATION; TEXTRON, INC.; THE HARTZ MOUNTAIN CORPORATION; THE NEWARK GROUP, INC.; THE OKONITE COMPANY, INC.; THE SHERWIN-WILLIAMS COMPANY; TIFFANY AND COMPANY; UNITED STATES STEEL CORPORATION; VANDERBILT MINERALS, LLC; WESTROCK-SOUTHERN CONTAINER, LLC; WIGGINS PLASTICS, INC.; AND ZENECA INC.,

   Defendants and Third-Party Plaintiffs,

v.

PASSAIC VALLEY SEWERAGE COMMISSIONERS,
BOROUGH OF EAST NEWARK,
BOROUGH OF EAST RUTHERFORD,
BOROUGH OF ELMWOOD PARK,
BOROUGH OF FAIR LAWN,
BOROUGH OF FRANKLIN LAKES,
BOROUGH OF GLEN RIDGE,
BOROUGH OF GLEN ROCK,
BOROUGH OF HALEDON,
BOROUGH OF HASBROUCK HEIGHTS,
BOROUGH OF HAWTHORNE,
BOROUGH OF LODI,
BOROUGH OF NORTH ARLINGTON,
BOROUGH OF NORTH CALDWELL,

| | |
|---|---|
| BOROUGH OF NORTH HALEDON,<br>BOROUGH OF PROSPECT PARK,<br>BOROUGH OF RUTHERFORD,<br>BOROUGH OF TOTOWA,<br>BOROUGH OF WALLINGTON,<br>BOROUGH OF WOODLAND PARK f/k/a<br>BOROUGH OF WEST PATERSON,<br>BOROUGH OF WOOD-RIDGE,<br>CITY OF CLIFTON,<br>CITY OF EAST ORANGE,<br>CITY OF GARFIELD,<br>CITY OF NEWARK,<br>CITY OF ORANGE TOWNSHIP,<br>CITY OF PASSAIC,<br>CITY OF PATERSON,<br>TOWNSHIP OF BELLEVILLE,<br>TOWN OF HARRISON,<br>TOWN OF KEARNY,<br>TOWN OF NUTLEY,<br>TOWNSHIP OF BLOOMFIELD,<br>TOWNSHIP OF CEDAR GROVE,<br>TOWNSHIP OF LITTLE FALLS,<br>TOWNSHIP OF LYNDHURST,<br>TOWNSHIP OF MONTCLAIR,<br>TOWNSHIP OF SADDLE BROOK,<br>TOWNSHIP OF SOUTH HACKENSACK,<br>TOWNSHIP OF SOUTH ORANGE VILLAGE,<br>TOWNSHIP OF WEST ORANGE, and<br>VILLAGE OF RIDGEWOOD,<br><br>    Defendants and Third-Party Defendants. | |

Defendant Flint CPS Inks Holdings LLC ("Defendant"), by and through its counsel of record, hereby Answers Plaintiff/Counter-Defendant Occidental Chemical Corporation's Amended Counterclaims (corrected), filed on August 31, 2021, ECF No. 1481 ("Counterclaim"), as set forth below. Except as specifically admitted herein, Defendant denies each and every allegation of the Counterclaim. Defendant expressly reserves the right to amend and supplement

4

its Answer and Defenses to Plaintiff's Counterclaim.  Defendant further responds paragraph-by-paragraph as follows:

    1.    The first sentence of Paragraph 1 of the Counterclaim references and purports to characterize and quote from Plaintiff's Amended Complaint, a document which speaks for itself. Defendant denies any statements or allegations in the first sentence of Paragraph 1 that mischaracterize or misquote the referenced Amended Complaint or take it out of context. Defendant further denies that Plaintiff's Amended Complaint was limited to claims related to the Lower 8.3 miles of the Lower Passaic River and denies any remaining allegations, characterizations, or implications in the first sentence of Paragraph 1. Defendant incorporates as if fully set forth herein its responses to all the allegations and claims in Plaintiff's Amended Complaint, as set forth in this Defendant's Amended Answer and Additional Defenses, ECF No. 1371 ("Answer to Amended Complaint").

    2.    Paragraph 2 of the Counterclaim references and purports to characterize and quote from Defendants' Amended Counterclaim filed in this matter. These documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 2 that mischaracterize or misquote Defendant's Amended Counterclaim or take them out of context.  Defendant denies any remaining allegations, characterizations, and implications in Paragraph 2 and re-asserts its claim for relief in Defendant's Amended Counterclaim and Answer to Cross-Claims (ECF No. 1371).

    3.    To the extent the allegations in Paragraph 3 and footnote 5 of the Counterclaim relate to persons or entities other than this Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 3 and footnote 5 of the Counterclaim contain references to and

characterizations of Plaintiff's Amended Complaint, Defendants' Amended Counterclaim, and a certain 2007 Standstill Agreement. Those documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 3 or footnote 5 that mischaracterize or misquote such documents or take them out of context. Defendant further denies that Defendants broadened the scope of this litigation. Paragraph 3 and footnote 5 of the Counterclaim contain legal conclusions and Plaintiff's characterization of its own claims, to which no response is required. However, Plaintiff's Cross-Claims, its CERCLA Section 113 counterclaim-in-rely, and declaratory judgment counterclaim-in-reply, except as they relate to the 2007 remedial investigation and feasibility study ("RI/FS") administrative settlement agreement and order on consent ("2007 RI/FS ASAOC"), have been dismissed pursuant to the Court's May 26, 2020 Order partially granting Defendants' Motion to Strike or Dismiss (ECF No. 968) ("May 26, 2020 Order"). With respect to Plaintiff's remaining declaratory judgment and Section 113 Counterclaim-in-Reply relating to the 2007 RI/FS ASAOC, Defendant denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief, and incorporates its Additional Defenses below. Footnote 5 contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in footnote 5 and expressly denies that Plaintiff has the "right" to amend its Counterclaim. Defendant denies any remaining allegations, characterizations, and implications in Paragraph 3 and footnote 5, including any which seek to impute liability to Defendant.

4.  Defendant incorporates as if fully set forth herein its responses to Paragraphs 1 through 59 of Plaintiff's Amended Complaint, as set forth in Paragraphs 1 through 59 of its Answer to Plaintiff's Amended Complaint (ECF No. 1371).

5.  To the extent the allegations contained in Paragraph 5 of the Counterclaim relate to

persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Paragraph 5 of the Counterclaim references and purports to characterize a 2016 Record of Decision for the Lower 8.3 Miles of the Lower Passaic River Part of the Diamond Alkali Superfund Site ("2016 ROD"), a document which speaks for itself in the appropriate context. Defendant denies any statements or allegations in Paragraph 5 that mischaracterize this document or take it out of context. Defendant denies any remaining allegations, characterizations, and implications in Paragraph 5.

6. To the extent the allegations in Paragraph 6 of Plaintiff's Counterclaim seek to paraphrase or characterize the 2004 RI/FS AOC and amendments thereto and the 2007 RI/FS ASAOC referred to in Paragraph 6, these documents speak for themselves in the appropriate context. Defendant denies any statements or allegations in Paragraph 6 that pertain to Defendant. Defendant denies any statements or allegations in Paragraph 6 that mischaracterize the referenced settlement agreements and amendments or take them out of context. To the extent the allegations in Paragraph 6 relate to persons or entities other than Defendant, Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of those allegations and therefore denies the same. Defendant admits that in Plaintiff's Counterclaim and Cross-Claims, Plaintiff seeks a money judgment for cost recovery and contribution for response costs allegedly incurred in connection with the 2007 RI/FS ASAOC but denies that Plaintiff has incurred recoverable costs or is entitled to any of the requested relief. Defendant denies any remaining allegations, characterizations, or implications in Paragraph 6, including any which seek to impute liability to Defendant.

7. In response to the allegations of Paragraph 7 of Plaintiff's Counterclaim, Defendant

refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 60 through 65 of its Answer to the Amended Complaint.

8. In response to the allegations of Paragraph 8 of Plaintiff's Counterclaim, Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 66 through 231 of its Answer to the Amended Complaint.

9. In response to the allegations of Paragraph 9 of Plaintiff's Counterclaim, Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 1 through 287 of its Answer to the Amended Complaint.

10. In response to the allegations of Paragraph 10 of Plaintiff's Counterclaim, Defendant refers to and specifically incorporates by reference as if fully set forth herein Paragraphs 232 through 328 of its Answer to Complaint.

### COUNT IV
### (Counterclaim against all Defendants for CERCLA Contribution Under Section 113(f))

11. Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 10 of Plaintiff's Counterclaim.

12. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other Defendants and therefore denies the same. Paragraph 12 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 12, including any which seek to impute liability to Defendant.

13. Paragraph 13 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 13.

14. Plaintiff's CERCLA Section 113(f) claim relating to the 2004 RI/FS AOC and the 2012 River Mile 10.9 Removal Unilateral Administrative Order ("2012 RM 10.9 Removal UAO) and Plaintiff's Cross-Claims have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to those administrative orders. Defendant further states that Paragraph 14 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 14. Additionally, no response is required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

### COUNT IV
### (Counterclaim against all Defendants for Declaratory Judgment – CERCLA)

15. Defendant refers to and specifically incorporates by reference its responses to Paragraphs 1 through 14 of Plaintiff's Counterclaim.

16. Defendant denies each and every allegation in Paragraph 16 to the extent directed to it. Defendant is without knowledge or information sufficient to form a belief as to the truth or accuracy of allegations as to other Defendants and therefore denies the same. Paragraph 16 of the Counterclaim contains one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies any remaining allegations, characterizations, or implications in Paragraph 16, including any which seek to impute liability to Defendant.

17. Paragraph 17 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 17.

18. Plaintiff's declaratory judgment counterclaim-in-reply, except as they relate to the 2007 RI/FS ASAOC and Plaintiff's Cross-Claims, have been dismissed pursuant to the Court's

May 26, 2020 Order, therefore no response is required to allegations relating to other administrative orders. Defendant further states that Paragraph 18 of the Counterclaim consists of one or more conclusions of law, to which no response is required. To the extent a response is required, Defendant denies the allegations in Paragraph 18.

19. Plaintiff's declaratory judgment Counterclaim-in-Reply, except as they relate to the 2007 RI/FS ASAOC and Plaintiff's Cross-Claims, have been dismissed pursuant to the Court's May 26, 2020 Order, therefore no response is required to allegations relating to other administrative orders. Defendant further states that Paragraph 19 of the Counterclaim consists of one or more conclusions of law, to which no response is required. Additionally, no response is required to Plaintiff's prayer for relief; to the extent a response is required, Defendant denies that Plaintiff is entitled to any relief.

WHEREFORE, Defendant Flint CPS Inks Holdings LLC respectfully requests that this Court dismiss Plaintiff's Amended Complaint and Counterclaim with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant Flint CPS Inks Holdings LLC; award Defendant Flint CPS Inks Holdings LLC its attorneys' fees and costs for having to defend this action; and award Defendant Flint CPS Inks Holdings LLC such further and other legal and equitable relief as this Court deems just and proper.

## ADDITIONAL DEFENSES

NOW COMES Defendant Flint CPS Inks Holdings LLC, by and through its counsel of record, and hereby asserts the following Additional Defenses in response to Plaintiff's Amended Counterclaim:

A. Defendant refers to and specifically incorporates by reference as if fully set forth herein each and every defense asserted in Defendant's Answer to the Amended Complaint

and Additional Defenses (ECF No. 1371).

B. Plaintiff has not alleged nor can it prove that Defendant is more than a *de micromis* party completely exempt from CERCLA liability; Defendant shall therefore be entitled to recover from Plaintiff the statutory costs and fees set forth in 42 U.S.C. § 9607(p)(7) incurred defending against the claims asserted by Plaintiff.

C. Defendant continues its objection that this Defendant is not a Michigan corporation and does not maintain its principal place of business in East Lansing, Michigan as alleged by Plaintiff.

D. Defendant reserves the right to assert further defenses that may become apparent during the course of discovery and pretrial proceedings.

WHEREFORE, Defendant Flint CPS Inks Holdings LLC respectfully requests that this Court dismiss Plaintiff's Amended Complaint and Counterclaim with prejudice or upon trial enter a Judgment of no cause of action against Plaintiff and in favor of Defendant Flint CPS Inks Holdings LLC; award Defendant Flint CPS Inks Holdings LLC its attorneys' fees and costs for having to defend this action; and award Defendant Flint CPS Inks Holdings LLC such further and other legal and equitable relief as this Court deems just and proper.

Dated:  September 14, 2021                         BARNES & THORNBURG LLP

/s/     *Regina S.E. Murphy*
Regina S.E. Murphy (NJ Bar No. 031712010)
1000 N. West Street, Suite 1500
Wilmington, DE 19801
Tel:    (302) 300-3434
Fax:    (302) 300-3456
Email:  gigi.murphy@btlaw.com

Charles M. Denton (admitted *pro hac vice*)
171 Monroe Avenue N.W., Suite 1000
Grand Rapids, MI 49503-2694
Tel:     (616) 742-3974
Fax:    (616) 742-3999
Email: charles.denton@btlaw.com

*Attorneys for Defendant, Flint CPS Inks Holdings LLC*