UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>       Plaintiff,<br><br>  v.<br><br>21ST CENTURY FOX AMERICA, INC., *et. al.*,<br><br>       Defendants. | Civil Action No. 18-11273 (MCA)(LDW)<br><br>**DECISION OF SPECIAL MASTER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION TO COMPEL DEFENDANTS TO PROVIDE A STATEMENT AND/OR PRODUCE RESPONSE COSTS** |

**INTRODUCTION**

This matter comes by way of a Motion to Compel filed by plaintiff, Occidental Chemical Corporation ("OxyChem"), on September 17, 2021, seeking an order pursuant to *Federal Rule of Civil Procedure* 37(a) compelling defendant, Small Parties Group (the "SPG"), to provide a statement setting forth whether additional documents exist that relate to the SPG's response costs and whether any such documents are being withheld on the basis of a joint defense or other privilege (ECF No. 1866) (the "Motion"). If such documents exist, OxyChem moves to compel the production of responsive documents related to the SPG's response costs, and a privilege log. Finally, the Motion requests that the Special Master preclude the SPG from relying on documents not produced in discovery at any hearing or at trial pursuant to *Federal Rule of Civil Procedure* 37(c).

OxyChem contends that the SPG: (1) has failed to acknowledge the existence of response cost documents; (2) mistakenly relies on a joint defense or other privilege to withhold responsive documents; and (3) has failed to meet its discovery obligation to produce documents related to response costs. The SPG opposes the Motion, contending that OxyChem makes incorrect

1

statements of fact and law, and fails to acknowledge that the SPG is still in the process of reviewing and producing documents responsive to OxyChem's request. On November 9, 2021, oral argument was held on the Motion. For the reasons set forth herein, the Motion is granted in part and denied in part.

### STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

**A.    The SPG's Counterclaims For Reimbursement of Costs Related to Work Performed by Environmental Consultants**

On August 14, 2019, the SPG filed counterclaims against OxyChem seeking response costs allegedly incurred by the SPG associated with two settlements executed through the Cooperating Parties Group (the "CPG"): the 2007 RI/FS and 2012 RM 10.9 ASAOC (the "OU4 Orders"). Performing the work required under those settlements purportedly has involved at approximately ten environmental consulting firms. The Motion seeks to obtain documents reflecting the work of these consulting firms.

OxyChem has attached to the Motion Defendant Pitt-Consol Chemical Company's ("Pitt-Consol") July 14, 2020 Corrected First Supplemental Responses and Objections to OxyChem's Standard Set of Interrogatories, wherein it is stated that the total cleanup costs for these consulting firms was $159,127,116.80. OxyChem has also attached to the Motion a project organizational chart prepared by the CPG that purportedly shows that the SPG directed the work of these consultants through the CPG Steering Committee and Technical Committee. According to OxyChem, these exhibits establish that environmental consultants performed work at the direction of the SPG.

**B.    OxyChem's Request for Discovery of Environmental Consultants' Work Performed in Accordance with OU4 Orders**

Prior to filing the Motion, OxyChem sought discovery of all relevant documents related to

2

environmental consultants' work including, but not limited to electronically stored information and communications through document requests, a subpoena to the CPG, and subpoenas to the CPG's consultants. In response, the SPG and CPG produced 17,197 documents related to environmental consultants' work to support their approximately $160 million claim, which, according to OxyChem, consists of the following: (i) 9,508 invoices to individual CPG members and bank statements; (ii) 5,333 publicly available correspondence, routine submissions, and final reports to EPA; (iii) 1,855 publicly available documents received in response to FOIA/OPRA requests; and (iv) 1,739 invoices from consultants. OxyChem claims that these documents merely scratch the surface of the extent of documents that may exist given the nature and size of the project.

C. **OxyChem's Motion to Compel the SPG to Provide a Statement and/or Produce Response Cost Documents**

On September 17, 2021, OxyChem filed the Motion pursuant to *Federal Rule of Civil Procedure* 37. In support of the Motion, OxyChem contends that the documents sought in the Motion are relevant to determining whether the SPG incurred response costs that were reasonable, necessary, and consistent with the National Contingency Plan as required by CERCLA Section 113.

OxyChem further argues that the existence of the requested documents is not speculative because, at minimum, invoices produced by the SPG refer to communications with and presentations to the CPG's Technical Committee on behalf of SPG Defendants. OxyChem also asserts that simply providing invoices is insufficient for SPG to meet its discovery obligations. Additionally, OxyChem argues that the SPG had initially refused to acknowledge that responsive documents exist, but now asserts that such documents, if they exist, are likely privileged. Neither argument, according to OxyChem, excuses the SPG's obligation to produce relevant documents

3

related to environmental consultants' work that purportedly support SPG's counterclaims or, at the very least, a privilege log. Finally, OxyChem contends that it is "fundamentally unfair" to permit SPG to "select for their own use documents from the CPG's files, and at the same time refuse to produce the related, discoverable documents that shed light on reasonableness, necessity, and consistency from those files to OxyChem."

Thus, according to OxyChem, the SPG has failed to meet its obligation under the *Federal Rules of Civil Procedure* to produce relevant information, which includes documents and communications related to environmental consultants' work allegedly incurred by the SPG through settlements with the Federal Government. As a result, OxyChem asserts that the SPG should be compelled to produce response cost documents, should they exist, or the Special Master should dismiss the SPG's counterclaims.

D.    **The SPG's Opposition to the Motion**

On September 29, 2021, the SPG filed its opposition (ECF No. 1842). In short, SPG asserts that the Motion should be denied on the following grounds:

>   (1)   The CPG is in the process of supplementing its production;
>
>   (2)   The CPG has produced significant documentation regarding SPG's response costs;
>
>   (3)   Under prevailing case law, costs incurred pursuant to a government order are presumptively compliant with the NCP;
>
>   (4)   The Motion is premature because OxyChem has not satisfied its obligations to engage in a good faith meet and confer prior to filing the Motion; and
>
>   (5)   The Motion seeks to contravene the agreement OxyChem made at the outset of discovery that attorney files are "off limits, even though these same documents might be available from other sources."

The SPG asserts that both the SPG and CPG have already provided extensive discovery

regarding costs claimed in the SPG's counterclaims. By way of example, the SPG states it has produced more than 770,000 pages of documents from CPG files, by way of productions made on January 29, March 4, and March 12, 2021. The SPG asserts that its prior document productions contain pertinent documents related to environmental consultants' work under the OU4 Orders. The SPG believes its production meets all discovery obligations as it relates to producing response cost information.

Moreover, the SPG contends that OxyChem is not entitled to either SPG or CPG's attorney files or joint-defense communications because Paragraph 4(c) of the ESI Protocol, which OxyChem agreed to in February 2019, provides:

> No party is required to search, produce, or include in its privilege logs: (1) the custodial files of counsel of record or outside attorneys advising in this litigation or with respect to the Diamond Alkali Superfund Site (or their associated attorneys and support staff, including paralegal and secretarial personnel); (2) the custodial files of in-house counsel advising in this litigation or with respect to the Diamond Alkali Superfund Site (or their associated attorneys and support staff, including paralegal and secretarial personnel); (3) joint defense communications pursuant to a joint defense agreement, provided that the date of the joint defense agreement and the parties to it are disclosed.

Finally, the SPG argues that OxyChem has provided no basis to assert that the SPG's counterclaims should be dismissed for its purported failure to produce documents related to response cost. Accordingly, the SPG urges that there is no prejudice in requiring OxyChem to work with the SPG to resolve this dispute.

E.  **Pitt-Consol Chemical Company's Submission**

On September 29, 2021, Pitt-Consol filed a letter joining in SPG's opposition and asserting additional arguments in opposition to the Motion (ECF No. 1841). Specifically, Pitt-Consol argues that the Motion should be denied because it fails to include: (i) a signed affidavit as required by

*Local Civil Rule* 37.1(b), which requires "a discovery motion to include a signed affidavit setting forth the date and method of communication used by the parties to confer and attempt to reach an agreement on discovery disputes[;]" (ii) a certification of counsel or an expert in cost analysis detailing any purported deficiencies in discovery responses; or (iii) an analysis related to whether the documents are proportional to the needs of the case. Thus, Pitt-Consol argues that the Motion should be denied because it is procedurally and legally deficient.

### F.  Oral Argument

On November 4, 2021, the SPG filed a letter with an update on the CPG production and requesting that the Special Master cancel oral argument on the Motion (ECF No. 1889) ("SPG Letter"). The SPG Letter asserted that CPG's document production is substantially complete and would be finalized shortly. The SPG Letter further reported that CPG produced more than 12,350 additional pages of documents and that a final production was under review and responsive, non-privileged documents would be produced in the near future. Finally, the SPG Letter asserted that the Motion is not ripe because the amount and recoverability of response costs in a CERCLA case is a subject requiring expert testimony.

On November 5, 2021, OxyChem filed a letter opposing the SPG's request to cancel oral argument (ECF No. 1891) ("OxyChem Letter"). The OxyChem Letter reiterated that the SPG's production related to response costs is not complete and that with depositions scheduled to begin, the documents should be produced. OxyChem also argued that regardless of the need for expert opinion, documents regarding response costs are properly discoverable in advance of the expert phase of the case.

On November 9, 2021, the Special Master held oral argument on the Motion. On the procedural arguments, OxyChem asserted that it engaged in meet-and-confers with the SPG, and

6

that an affidavit is not required to a motion letter under the Special Master's motion protocols (ECF No. 755), or for the submission of a discovery motion to the Special Master or a Magistrate Judge.

Substantively, OxyChem argued that the SPG has the documents in its possession, custody, or control; is aware that response cost documents exist and that those documents are relevant to the issues in the case; and that given the amount in controversy, the documents are proportional to the needs of the case. Thus, OxyChem argued that, pursuant to *Federal Rule of Civil Procedure* 34, the SPG is required to inform OxyChem whether such documents exists, if the SPG is withholding those documents, and produce anything that is not privileged.

The SPG argued that the Motion is procedurally deficient and that the SPG has already produced documents sufficient to support its counterclaims, including invoices that reflect payments made to CPG.

## LEGAL STANDARD

*Federal Rule of Civil Procedure* 26(b) (1) provides in pertinent part:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

[*Fed. R. Civ. P*. 26(b) (1).]

Importantly, "[i]nformation within this scope of discovery need not be admissible in evidence to be discoverable." *Id.*; *compare W. Elec. Co. v. Stern*, 544 F.2d 1196, 1199 (3d Cir. 1976). "The purpose of discovery is to uncover facts about the claims and defenses set forth in the pleadings and thus the boundaries of relevance under [*Federal Rule of Civil Procedure*] 26

depend on the context of each action." *In re Gerber Probiotic Sales Practices Litig.*, 306 F.R.D. 527, 528 (D.N.J. 2015). Therefore, courts construe *Federal Rule of Civil Procedure* 26 "broadly to encompass any matter that bears on, or that reasonably could lead to other matters that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978); *see also Nestle Foods Corp. v. Aetna Cas. & Sur. Co.*, 135 F.R.D. 101, 104 (D.N.J. 1990) (citation omitted).

Nevertheless, courts are vested with the discretion to determine the scope of discovery. *In re Gerber.*, 306 F.R.D. at 528; *see also Salamone v. Carter's Retail, Inc.*, 2011 U.S. Dist. LEXIS 41357, at *9-10 (D.N.J. Apr. 14, 2011) (affirming decision of Magistrate Judge "limiting the geographic scope of the discovery"). A party "seeking discovery has the burden of showing that the information sought is relevant to the subject matter of the action and may lead to admissible evidence." *Carver v. City of Trenton*, 192 F.R.D. 154, 159 (D.N.J. 2000) (citations omitted). "A court may limit or deny otherwise appropriate discovery when the information sought is not proportional to the needs of the case when certain factors are considered, including burden and expense." *In re EthiCare Advisors, Inc.*, 2020 U.S. Dist. LEXIS 144816, at *6 (D.N.J. Aug. 12, 2020) (citations omitted).

Accordingly, courts must determine if nonprivileged matters are relevant and proportional to the needs of the case when analyzing motions to compel.

## ANALYSIS

**A.      OxyChem's Failure to Include a Certification with the Motion**

Pursuant to *Federal Rule of Civil Procedure* 37(a), on notice, a party may move for an order compelling discovery. The moving party is required to include a certification stating that the movant has in good faith conferred or attempted to confer with the non-moving party in an effort to obtain discovery without court action. *Fed. R. Civ. P.* 37(a). Thus, a party must first prove that

8

it sought discovery from its opponent and conferred in good faith in attempting to obtain such discovery.

Similarly, *Local Civ. R.* 37.1(a)(1) imposes an obligation on the parties to confer to resolve any discovery dispute prior to presenting it to the Magistrate Judge. *Local Civ. R.* 37(a)(1). Pursuant to *Local Civ. Rule* 37.1(b), discovery motions "must be accompanied by an affidavit, or other document . . . certifying that the moving party has conferred with the opposing party in a good faith effort to resolve by agreement the issues by the motion without the intervention of the Court and the parties have been unable to reach agreement." Courts have denied motions that do not comply with *Local Civ. Rule* 37.1(b). *City of Atl. City v. Zemurray St. Capital, LLC*, 2019 U.S. Dist. LEXIS 206046, *3-4 (D.N.J. Oct. 18, 2019) (denying, without prejudice, motion to quash); *Ciarrocchi v. Unum Grp.*, 2010 U.S. Dist. LEXIS 152134, *5-6 (D.N.J. May 6, 2010) (denying motions to compel appearance of deposition witness and responses to interrogatories); *Hall v. Cole*, 2009 U.S. Dist. LEXIS 88635, *5-6 (D.N.J. Sept. 25, 2009) (denying, without prejudice, motion to compel discovery).

Failure to submit a certification, however, does not automatically warrant the denial of a motion. Indeed, courts have required moving parties to contact adversaries to "attempt to resolve the discovery deficiencies as required by *Local Civil Rule* 37.1(b)(1)[,]" even after a motion has been made. *Smith v. County of Monmouth*, 2006 U.S. Dist. LEXIS 45967, *3-4 (D.N.J. July 7, 2006). To be sure, the spirit of the *Rule* is that the moving party "confer" with the adversary "in a good faith effort to resolve by agreement the issues raised by the motion without the intervention of the Court." *Venner v. Burlington County Bd. of Soc. Servs.*, 2006 U.S. Dist. LEXIS 105361, *3-4 (D.N.J. Aug. 3, 2006). To that end, parties must attempt to resolve discovery disputes prior to filing discovery motions. Unless this takes place, motions to compel are denied without

prejudice. *Venner*, 2006 U.S. Dist. LEXIS 105361, at *4. Email and phone conversations are likely insufficient to satisfy a party's obligation under the *Rule*. *The Katiroll Co. v. Kati Roll and Platters, Inc.*, 2014 U.S. Dist. LEXIS 199131, *4-6 (D.N.J. April 7, 2014).

Here, the Motion is procedurally defective on its face because it lacks the required certification. However, the Special Master holds monthly conferences with all parties and this matter was raised before the Special Master. The parties were thus well aware of this dispute and had discussions regarding their procedural concerns. Although OxyChem failed to annex the required certification, it is not a sufficient basis on this record to disregard the merits of the Motion. Nevertheless, the parties are reminded of their obligations to certify to all efforts to resolve discovery disputes to ensure the record prior to formal submissions to the Special Master.

**B.    OxyChem's Request For a Statement Setting Forth Whether Additional Response Documents Exist, and If So, Whether Such Documents Are Being Withheld**

*Federal Rule of Civil Procedure* 37(a) allows a party to file a motion to compel discovery where the opposing party fails to respond adequately to a document request propounded pursuant to *Federal Rule of Civil Procedure* 34. *Fed. R. Civ. P.* 37(a)(3)(B)(iv). Ultimately, it is within the Court's discretion to grant a motion to compel. *In re Cendant Corp. Sec. Litig.*, 343 F.3d 658, 668 (3d Cir. 2003).

OxyChem moves pursuant to *Federal Rule of Civil Procedure* 37(a) to compel the SPG to make a statement setting forth whether additional documents exist that relate to the SPG's response costs, and whether any such documents are being withheld on the basis of a joint defense or other privilege.[1] If any documents do exist, OxyChem requests that the SPG be compelled to produce them.

---

[1] Because the presence of a legitimate privilege related to additional response cost documents, if they exist, is not presently before the Special Master, this Decision is limited to SPG's obligation under the *Federal Rules of Civil Procedure* to produce such documents or provide a privilege log.

10

The Special Master is unable to discern any specific requests that are deficient. OxyChem states in conclusory fashion that it has sought all relevant discovery, electronically stored information, and communications through document requests, a subpoena to the CPG, and subpoenas to the CPG's consultants without referencing any specific demands. Despite this, it is clear from a review of the requests that OxyChem did seek discovery related to response costs. OxyChem argues that without the requested information, it cannot assess whether the costs the SPG Defendants allegedly incurred through the CPG meet CERCLA's requirements to recover response costs. OxyChem cites *Trinity Indus., Inc. v. Greenlease Holding Co.*, 903 F.3d 333, 355-56 (3d Cir. 2018) (citations omitted) which asserts that "[a] plaintiff can obtain contribution from a PRP under § 113(f)(3)(B) of CERCLA only if it demonstrates a prima facie case of liability under § 107(a)," which requires that the plaintiff demonstrate that it incurred "necessary response costs consistent with the National Contingency Plan." According to OxyChem, without the requested information, neither OxyChem nor the Special Master can assess whether the "work underlying the SPG Defendants' claims for costs meets these requirements."

Whether the SPG has met its burden to demonstrate that response costs are consistent with the National Contingency Plan – or even if the burden is on the SPG – is not before the Special Master. However, the existence of documents and communications that support or undermine the SPG's burden or claim for damages at this stage is discoverable and proportional to the needs of the case.[2] The amount in controversy in this case is significant. Indeed, OxyChem and the SPG seek hundreds of millions of dollars in alleged damages. In the context of the Motion, documents and communications relating to response costs purportedly paid by the SPG for the performed work under settlements with the federal government directly relate to the counterclaims asserted

---

[2] Whether the consultant fees that the SPG claims are reimbursable are in fact recoverable under CERCLA is similarly not before the Special Master.

by the SPG, and thus, are relevant and proportional to the needs of this case.

Therefore, while the SPG and CPG must be afforded an opportunity to supplement the production of relevant documents, the SPG must nonetheless state in writing whether additional response cost documents exist and whether such documents are being withheld based on an applicable privilege. Such a statement is necessary not only in response to *Federal Rule of Civil Procedure* 34 requests, but also as a matter of course under *Federal Rule of Civil Procedure* 26(a)(1)(A)(iii), wherein parties must identify materials bearing on the nature and extent of damages.

Accordingly, the SPG is directed to, within 30 days, further respond to OxyChem's discovery requests pertaining to response cost documents by stating whether: (1) additional response cost documents exist that have not been produced; (2) such documents are being withheld on the basis of any privilege or other protection; and (3) the SPG will be further supplementing its document production with additional response cost documents and/or a privilege log. Any supplementation of discovery responses must be completed within 45 days.

C.   **OxyChem's Request to Sanction the SPG**

    1.   **OxyChem's Request to Preclude Undisclosed Documents**

Pursuant to the Order Appointing Special Master (the "Order"), the Special Master is authorized to impose sanctions for a party's failure to produce documents by precluding that party's use of the documents at a hearing or at trial. Specifically, the Order states that the Special Master is authorized to "impose on a party any non-contempt sanction provided by Rules 37 or 45 (including his own fees and expenses) and may recommend a contempt sanction against a party and sanctions against a nonparty." Moreover, pursuant to *Federal Rule of Civil Procedure* 37(c), if a party fails to disclose information, the party is not allowed to use such information on a motion,

12

at a hearing, or at trial, unless the failure is substantially justified or harmless. *Fed. R. Civ. P.* 37(c)(1). Furthermore, on a motion, the court may impose additional sanctions such as an order to pay reasonable expenses and fees, informing the jury of the party's failure or comply with discovery, or other appropriate sanctions. *Fed. R. Civ. P.* 37(c)(1)(A)-(C).

The Motion seeks an Order precluding the SPG from using withheld information at any hearing or at trial. Because the Motion seeks the entry of an Order for a non-contempt sanction against the SPG, it is clear that this application is within the authority of the Special Master. However, the *Federal Rules of Civil Procedure* provide that parties that fail to disclose information during discovery will be precluded from relying on such evidence unless the failure was substantially justified or is harmless. *Fed. R. Civ. P.* 37(c)(1); *see also ARC Dbpprop001, LLC v. Easton Buffet, LLC*, 842 Fed. Appx. 772, 776 (3d Cir. 2021). Such a decision is premature at this time since the SPG has been given an opportunity to supplement its discovery responses. Indeed, OxyChem will be permitted to seek such an order at the time of any future hearing or at trial, subject to a determination whether the failure to disclose documents was substantially justified or harmless.

### 2. OxyChem's Request for Dismissal of Counterclaims

Although OxyChem and the SPG lodge arguments regarding the recoverability of response costs under CERCLA, this is irrelevant to the Motion. The Special Master's role at this stage is limited to deciding whether the SPG has met its discovery obligations to produce response cost documentation, not whether such costs are ultimately recoverable.

The *Federal Rules of Civil Procedure* "authorize courts to impose sanctions for failure to provide discovery, obey court orders and/or prosecute a case." *Ucciardi v. E.I. DuPont de Nemours & Co.*, 2016 U.S. Dist. LEXIS 38082, *18 (D.N.J. Feb. 26, 2016) (citing *Fed. R. Civ. P.*

13

37(b)(2), 41(b)). "Where such failures have occurred, dismissal may be an appropriate penalty."

*Ibid.* The following factors guide courts in deciding whether such a sanction is appropriate:

> (1) The extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the plaintiff's conduct; (3) the history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim."
>
> [*Ucciardi*, 2016 U.S. Dist. LEXIS 38082, *18-19 (quoting *Poulis v. State Farm Casualty Co.*, 747 F.2d 863, 868 (3d Cir. 1984)).]

Not one "single *Poulis* factor is determinative and dismissal may be appropriate even if some of the factors are not met." *Ucciardi*, 2016 U.S. Dist. LEXIS 38082, *19 (citing *Mindek v. Rigatti*, 964 F.2d 1396, 1373 (3d Cir. 1992)); *see also Hicks v. Feeney*, 850 F.2d 152, 156 (3d Cir. 1988).

In cases where a party has failed to produce discovery meriting dismissal, the party had a "history of dilatoriness[,]" and the court had previously instructed the party to produce discovery. *Vanore v. Narragansett Bay*, 2014 U.S. Dist. LEXIS 139755, *7-11 (D.N.J. Sept. 12, 2014); *see also Ucciardi*, 2016 U.S. Dist. LEXIS 38082, *19-23; *Beck v. IBM*, 2018 U.S. Dist. LEXIS 140625, *4-7 (D.N.J. Aug. 20, 2018).

Courts have found dismissal is appropriate where a party's failure to comply with discovery obligations is prejudicial and there was evidence of bad faith. *Razzoli v. Jersey City Police Dep't*, 2019 U.S. Dist. LEXIS 108812, *10 (D.N.J. April 26, 2019) (noting that failure to comply with discovery obligations may prejudice adversary by "impeding a party's ability to prepare effectively a full and complete trial strategy . . . .") (quoting *Ware v. Rodale Press, Inc.*, 322 F.3d 218, 222 (3d Cir. 2003)). Prejudice has been demonstrated when a movant is "forced to file several motions and expend significant time and resources to obtain relevant discovery." *Malat v. Borough of Hadddon Heights*, 2011 U.S. Dist. LEXIS 121786, *6-7 (D.N.J. Oct. 3, 2011) (citation omitted).

The dismissal of a claim or counterclaim is a "drastic sanction[]" that is not routinely granted, unless the circumstances merit. *Poulis*, 747 F.2d at 867-68 (citations omitted). Indeed, such a sanction has been coined "extreme" by the Supreme Court of the United States. *NHL v. Metro. Hockey Club*, 427 U.S. 639, 643 (1976). Courts have found that dismissal is not appropriate when a "party['s] failure to produce information" is not done because the party "claims she does not possess" such information. *Matlin v. Langkow*, 2001 U.S. Dist. LEXIS 25046, *6 (D.N.J. May 9, 2001).

Here, dismissal is not an appropriate sanction. At this juncture, it is unknown whether additional documents exist. Moreover, the SPG and CPG are in the process of supplementing response cost documents. Given the stage of discovery, and the amount of discovery that remains to take place, there is no prejudice to OxyChem for any failure by the SPG to produce documents. Nor is there evidence of bad faith on the part of the SPG.

## CONCLUSION

OxyChem's motion to compel the SPG to provide a statement and/or produce response cost documents is hereby **GRANTED IN PART** and **DENIED IN PART** based on the reasons set forth herein. The SPG is directed to, within 30 days, further respond to *Federal Rule of Civil Procedure* 34 discovery requests pertaining to response cost documents in accordance with this Decision, and any supplementation by the SPG shall occur within 45 days.

*/s/ Thomas P. Scrivo*
**THOMAS P. SCRIVO**
**Special Master**
