

William S. Hatfield
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4511 Fax: 973-639-8320
whatfield@gibbonslaw.com

February 15, 2022

**VIA EMAIL AND ECF**
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

      Re:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al*
             Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

      On behalf of Givaudan Fragrances Corporation ("Givaudan"), we write in response to the letter filed late last night by Occidental Chemical Corporation ("OxyChem") (Dkt. 1983) related to the disclosure of a settlement in principle with the United States.[1] OxyChem's submission, which was unsolicited and improper, is just the latest in its pattern of ignoring the rules and procedures established by the Court. Further, as usual, OxyChem's letter is littered with false statements and half-truths in an attempt to distract from its own liability. It is well-established that OxyChem, as the corporate successor to Diamond Alkali, is the only party responsible for direct and intentional discharges of dioxin to the Passaic River and, as such, is liable for the vast majority of the cost to clean up the river. The government shares this view, and all the other parties to this litigation share this view. Indeed, the only party who remains in denial of this fact, not surprisingly, is OxyChem.

      Despite its decades of delay and spending millions of dollars on litigation and other activities to avoid cleaning up the river, including attempts to seed the academic literature with debunked theories on sources of contamination to the river, OxyChem has not been able to escape the fact that it alone is responsible for the cleanup costs to address the dioxin (and other pollution related to the Diamond Alkali site operations) in the river. With this in mind, OxyChem's repeated attempts to deflect responsibility (such as the letter filed last night) are not surprising, but are no less egregious and not worthy of the Special Master's time and attention.

      OxyChem's dissatisfaction with the current state of affairs does not give it the right to inappropriately speculate as to the Defendants' motives for seeking a stay collectively, nor does it justify the baseless attacks made against certain individual Defendants, including Givaudan. OxyChem makes a number of self-serving, unsupported, and blatantly false statements about Givaudan, its historic operations, and its alleged nexus to the river. OxyChem's statements

---

[1] Givaudan is among the Defendants that have reached a settlement in principle with EPA.

GIBBONS P.C.

Special Master Thomas P. Scrivo, Esq.
February 15, 2022
Page 2

are based on nothing more than its strained and misguided interpretation of certain documents wherein bits of information are cherry-picked, or purposefully jumbled, thereby leading to spurious conclusions. Givaudan reserves the right to more fully address all of the inaccuracies set forth in OxyChem's letter in a subsequent written response, if necessary. We did not feel it necessary, at the present time, as these issues are not before the Court.

In addition, OxyChem's statements about the Defendants needing to be deposed to "tell the truth" is laughable given OxyChem's repeated failure to respond to the most basic Requests for Admission (which is now the subject of a pending motion; Dkt. 1945), and other outstanding discovery demands, underscoring OxyChem's consistent pattern of gamesmanship throughout this litigation. Further, OxyChem's argument that this settlement has no impact on OxyChem's claims in this litigation is a clear misrepresentation of well-settled law.

While OxyChem is clearly unhappy to hear that a settlement in principle has been reached by most of the Defendants and the United States, and that EPA has committed to a second settlement process for the remaining parties, OxyChem's displeasure does not change the fact that such a settlement is supported by the policy and statutory provisions of CERCLA. Nor does it change the effect that this settlement would have on the litigation, as all settling parties will receive contribution protection from the United States and OxyChem will not be able to pursue its claims against any settling parties. (*See* 42 U.S.C. § 9613(f)(2)). Any representation by OxyChem to the contrary is not supported by law. The impending settlement with EPA (which will lay the basis for further settlements), along with the valid concerns and consideration of the unnecessary drain on court and party resources, are the reasons that Defendants firmly believe that a stay is appropriate.

With its back against the wall, we view OxyChem's letter as a desperate Hail Mary attempt to sway the Special Master and the Court (at the eleventh hour) to proceed with depositions and the litigation, notwithstanding the settlement. It should not be given any weight or consideration.

Sincerely,

*/s/ William S. Hatfield*

William S. Hatfield
Director

cc:   All Counsel of Record (via ECF)

2945449.2 111528-98968