**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

February 17, 2022

**VIA ECF AND EMAIL**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009

tscrivo@oslaw.com

      RE:    *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
             **Docket No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

The Small Parties Group ("SPG") writes regarding the Decision of Special Master Granting in Part and Denying in Part Plaintiff's Motion to Compel Defendants to Provide a Statement and/or Produce Response Costs (ECF No. 1932) (the "Decision") and the Order of Special Master regarding same (ECF No. 1933) ("Order").

The SPG does not seek to appeal the order or change the substantive ruling, rather, it respectfully requests correction of the Decision and Order's mistaken conflation of the SPG liaison group with the individual defendants who make up the SPG's membership, as well as other misstatements with respect to the role of the SPG.

The SPG is a group of defendants that formed a liaison group in this litigation. The SPG is separate and distinct from its individual members and separate and distinct from another group that is addressing certain remedial activities in the river called the Cooperating Parties Group ("CPG"). The purposes, roles, and membership of these two groups significantly differ. The SPG respectfully requests that the Special Master make certain revisions to the Decision and Order to clarify and correct the record related to this matter to avoid factual errors becoming part of the litigation record.

By way of background, the CPG is composed of a group of parties identified by the United States Environmental Protection Agency ("EPA") that agreed to perform the Remedial Investigation/Feasibility Study ("RI/FS") for the Lower Passaic River and other removal work at RM 10.9 in accordance with agreements entered into with EPA. At its formation, Occidental Chemical Corporation ("OxyChem") was a member of the CPG, as were several members of both the CSG and GRG liaison groups. The CPG is represented by K&L Gates as its group counsel, which firm assists the CPG in conducting the RI/FS and other activities related to the river.

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101 | PO Box 9546, Portland, ME 04112-9546 | Tel 207.791.3000 | www.preti.com

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
Page 2

In contrast, the SPG is a separate joint defense group that is represented by Preti Flaherty as liaison counsel in this litigation. It was formed at the behest of the Court to facilitate communications with the Court and other parties. It is a completely separate joint defense group from the CPG with a different purpose and membership, and it includes a number of members that are not a part of the CPG or were former CPG members. Further, these two groups run independently of one another and are governed by separate agreements.

With respect to the membership of these groups, the CPG includes some, but not all, of the members of the SPG, while the SPG includes most, but not all, of the CPG members, as well as certain other defendants in the litigation. The distinctions between these groups, and their membership, are important and should accurately be reflected in the Decision and Order.

In several instances, the Decision and Order conflates the SPG with the claims of certain of its individual members and confuses the separate SPG and the CPG groups. Below is a non-exhaustive list of occurrences of this type of error in the Decision and Order, along with an explanation of the nature of the error:

- The first sentence of both the Decision and the Order refer to the SPG as a "defendant." (Decision at 1; Order at 1.) The SPG is not a defendant; it is a joint defense and liaison counsel group that facilitates communications among parties and the Court and provides assistance in coordinating discovery.

- The Decision and Order both refer to "the SPG's response costs." (Decision at 1; Order at 1.) The SPG does not have response costs; certain of its individual members do.

- The Decision states that "the SPG filed counterclaims against OxyChem seeking response costs allegedly incurred by the SPG." (Decision at 2; *see also* Decision at 4-5, 7, 10-12 (referencing the SPG's "response costs" and "counterclaims").) It refers to "work that purportedly support the SPG's counterclaims." (Decision at 4.) The SPG does not have counterclaims against OxyChem; its individual members do. And those counterclaims seek response costs incurred by the individual members of the SPG, not by the SPG itself.

- The Decision states that exhibits submitted by OxyChem purport to show that the SPG directed the work of the Cooperating Parties Group's ("CPG") consultants through the CPG Steering Committee and Technical Committee. (Decision at 2.) The SPG never directed any of the work of the CPG. Although there is overlap between the membership of the SPG and the CPG, the SPG is not a member of the CPG, and never has been. Moreover, not all members of the SPG are current or former members of the CPG, and not all current or former members of the CPG are members of the SPG. In fact, OxyChem itself was a former member of the CPG until approximately 2012 and had an outsized role in the group's direction because of its responsibility for the greatest share of responsibility for contamination of the Lower Passaic River and the response costs resulting therefrom. In addition, the CPG has other members not in the SPG, including members of other liaison groups in the litigation.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
Page 3

- The Decision states, "the existence of documents and communications that support or undermine the SPG's burden or claim for damages at this stage is discoverable and proportional to the needs of the case." (Decision at 11.) It says "OxyChem and the SPG seek hundreds of millions of dollars in alleged damages." *Id.* The SPG has no burden of proof and is not seeking damages. It is the SPG's members, and members of other liaison groups, who have asserted individual claims and are seeking damages that *in aggregate* total hundreds of millions of dollars.

- The Decision states that "the SPG and CPG" produced documents "to support their approximately $160 million claim." (Decision at 2.) The CPG, like the SPG, is not a party to this case. Neither group has claims in this case. Rather, claims were asserted by individual defendants that incurred recoverable response costs related to the river.

This is not merely an issue of semantics. The mistaken wording creates the inaccurate impression that the SPG is a party to this case and is seeking the recovery of response costs. It also creates the inaccurate impression that the numerous counterclaims asserted by individual SPG Defendants belong to a single entity—the SPG—rather than the individual defendants asserting the counterclaims. The SPG has not performed or directed any remedial work in the river; another group, called the CPG, has done so. Because these misstatements are contained in a Decision and Order of the Special Master, there is a risk that the misstatements could be viewed as a matter of record in this case or could be cited in future court documents, further compounding the problem. This would cause confusion as well as severe and undue prejudice to Defendants in the SPG.

The SPG therefore respectfully requests that the Special Master withdraw the Decision and Order and reissue them with the errors identified herein corrected, as well correction of any other instances of conflation of the SPG or the CPG and their individual members.

Sincerely,

Jeffrey Talbert

cc:   All counsel of record