

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com
713.751.5253

February 22, 2022

*Via CM/ECF*
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

      Re:    *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
              **Civil Action No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

    Defendants' demands for a stay rest on a false premise.[1] They claim Congress so prefers the mere *possibility* of settlement—even an uninformed, unexecuted, and non-public one—that this Court should stay this case indefinitely, to the detriment of OxyChem and the non-settling Defendants. When Congress means a stay to apply, it says so.[2] CERCLA contains *no* stay provision. Instead, Congress *enacted* CERCLA to foster cleanups. It *permitted* litigation to ensure costs are borne fairly by all responsible parties. And Congress *mandated* that liability be allocated fairly *by the Court*—not an administrative agency—because evidence and due process matter.

    **1.**     **The Claimed "Agreement in Principle" Has No Effect Here.**

    OxyChem's claims *will proceed* even if Defendants settle with the United States.[3] And Defendants have no settlement agreement (in principle or otherwise). They lack *both* a signed agreement *and* completion of all steps required to bind the United States, including Department of Justice signature, publication in the Federal Register, and a public comment period, after which DOJ and EPA may "withdraw…if such comments disclose facts … which indicate the proposed settlement is inappropriate, improper, or inadequate." *See* 42 U.S.C. §9622(i)(1), (2) & (3).

    The District Court must also approve any proposed consent decree. Here, one has not been lodged, and drafting may not even have begun.[4] Once lodged, the Court must assess both

---

[1] OxyChem relies on its submissions to Magistrate Judge Wettre and the Special Master regarding the Defendants' demand for a stay at Dkt. 1953 (1/21/2022 Letter), Dkt. 1983 (2/14/2022 Letter), and Dkt. 1980 (2/11/2022 Letter).
[2] *See, e.g.*, 15 U.S.C. §78u-4 (stay of litigation under Private Securities Litigation Reform Act).
[3] *See* Dkt. 1953 (1/21/2022 Letter) at p. 5 (settlement of liability "to the United States" cannot bar OxyChem's claims).
[4] **Ex**. **A** (2/16/2022 conf. transcript) at 19:15-18 (". . . and *then the parties will move forward with the drafting of a settlement document*, which they refer to as a consent decree") (Emphasis added).

Special Master Thomas P. Scrivo, Esq.
February 22, 2022
Page 2

procedural and substantive fairness, gauge the proposed decree's "candor, openness, and bargaining balance," and consider "concepts of corrective justice and accountability" as well as "how much harm each PRP has done." *United States v. Cannons Eng'r Corp.*, 899 F.2d 79, 86 & 87 (1st Cir. 1990); *see also United States v. Montrose Chem. Corp.*, 50 F.3d 741, 747 (9th Cir. 1995); *United States v. Charles George Trucking*, 34 F.3d 1081, 1087 (1st Cir. 1994).

EPA and DOJ guidance is emphatic. Even where the United States *is* a party (and here, it is not), it "is bound only by the provision actually set forth in any consent decree." *See* DEP'T OF JUST., JUST. MANUAL § 5-12.613(E) (Updated Apr. 2018) (in "Settlement Policy in Suits Brought on Behalf of . . . the [EPA]"). In addition, "the pendency of settlement negotiations *should not cause a cessation of litigating activities*," because defendants "often are more amenable to settlements . . . when discovery and trial preparations proceed in parallel with settlement negotiations*." Id*. § 5-12-613(C) (emphasis added).

### 2. The Only "Risk of Discovery" is Disclosure of the Truth.

Defendants admit they seek a stay to spare themselves the "risk of discovery."[5] Uncovering the truth is not a risk of discovery: it is its purpose. *See United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (discovery makes "a trial less a game of blind man's bluff and more a fair contest"). "Mutual knowledge of all the relevant facts . . . is essential to proper litigation." *Hickman v. Taylor*, 329 U.S. 495, 507 (1947). Here, knowledge is *not* mutual. In prior actions, employees of the former Diamond Alkali Corporation were deposed extensively. Defendants were not. And Defendants have manipulated the resulting information deficit to their advantage ever since, in this case and in EPA's so-called "allocation process."

Tellingly, when their own liability to OxyChem is at issue, all Defendants favor intense discovery. They insist they require 95 depositions before a fair allocation can be reached at trial.[6] Yet no depositions are needed for a settlement they allege (wrongly) will bar *OxyChem's* claims *against them*. Both things cannot be true. But this much *is* true: Defendants demanded a stay at the first hearing in this case.[7] They have demanded one nearly every day since, because Defendants have never wanted the truth about their pollution of the Passaic River to come to light.

Truth matters. Discovery matters. This case should not be put on ice for a year or even longer so Defendants can avoid discovery while *some* (but not all) of them *try* to finalize a settlement with the United States that may never be approved.

Discovery should proceed. The stay should be denied.

---

[5] *Id*. at 47:23-48:9 (seeking to avoid "risks of discovery"); Dkt. 1943-3 (SPG brief in support of stay) at 12-13 ("significant risk" that EPA settlements will be inconsistent with Court's evidence-based allocation).

[6] Defendants claim to need 55 depositions and the Third-Party Defendants assert they need 40 more.

[7] Dkt. 295 (10/04/2018 Letter from SPG requesting adjournment of initial scheduling conference and entry of scheduling order); Dkt. 301 (10/09/2018 Letter from OxyChem opposing same); **Ex. B** (10/17/2018 transcript) at 103:2-17 (ordering Defendants to comply with Fed. R. Civ. P. 26 regarding discovery schedule); *see also* Dkt. 479 (Gibbons Defendants 9/12/2018 Motion to Dismiss) at 15 (arguing for stay in motion to dismiss).

Special Master Thomas P. Scrivo, Esq.
February 22, 2022
Page 3

                                                      Respectfully submitted,

                                                      */s/ Kathy Patrick*

                                                      Kathy D. Patrick


                                                      /s/ *John J. McDermott*

                                                      John J. McDermott

cc:    All counsel of record

223514442v1