**PretiFlaherty**

Portland, ME

Augusta, ME

Concord, NH

Boston, MA

Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

March 11, 2022

**VIA ECF AND E-MAIL**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009

tscrivo@oslaw.com

> RE:   ***Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.***
>       **Docket No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

I write on behalf of the Small Parties Group (the "SPG") in advance of the March 16, 2022, status conference to provide updates regarding outstanding issues and propose the following topics for inclusion on the agenda:

(1)   Document Discovery
    a.   OxyChem's Deficient Privilege Logs
    b.   OxyChem's Non-Compliance with Sampling Data Order
    c.   Consultant Productions
    d.   Supplemental ESI Productions
    e.   Fact Discovery End Date Extension
    f.   OxyChem's Second Requests for Production of Documents ("RFPs")
(2)   The SPG's Requests for Admission ("RFAs")
(3)   Depositions
(4)   Settlement Negotiations / Stay Request

**Overview of Pending Issues Requiring Decisions**

As outlined by topic in more detail below, the following discovery issues require decisions:

- Order Regarding OxyChem's Privilege Log, ECF No. 1251 (June 29, 2021) and SPG Motion to Compel Compliance with this Order, ECF No. 1898 (filed Nov. 15, 2021)
- Letter from the SPG to Special Master Scrivo re Motion to Compel Physical Water Column Data, ECF No. 1964 (filed Feb. 1, 2022)
- Letter from the SPG to Special Master re Motion for Protective Order re OxyChem's 2nd RFPs, ECF No. 1959 (filed Jan. 29, 2022)
- Notice of Motion for a Determination of a Sufficiency of OxyChem's Responses to the SPG's Request for Admission, ECF No. 1945-1 (filed Jan. 14, 2022)

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101   |   PO Box 9546, Portland, ME 04112-9546   |   Tel 207.791.3000   |   **www.preti.com**

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
March 11, 2022
Page 2

- Letter from the SPG to Special Master re Correction of Order on Motion to Compel re [1932] and [1933], ECF No. 1990 (filed Feb. 17, 2022)
- Determination regarding Final Proposed Amended Protocol for Depositions (filed via e-mail Mar. 4, 2022)
- ORDER that Defendants' [1268], [1844] Appeals of the Special Master's Decisions are GRANTED in part, ECF No. 2005, on remand (filed Mar. 10, 2022)

1. **Document Discovery**

   *a.  OxyChem's Deficient Privilege Logs*

Update: OxyChem has failed to rectify deficiencies with its privilege logs for over two years. The Special Master issued an order on June 29, 2021, requiring OxyChem to produce documents from its log by August 30, 2021.[1] OxyChem has still not fully complied.[2] As discussed at the last status conference, the Special Master has everything needed to decide this issue.[3]

On March 10, 2022, the Court issued an order regarding OxyChem's privilege logs.[4] The Court's order "directs OxyChem to present a fully responsive privilege log with all information, including dates, sender, and recipients," noting that "[t]he Special Master appropriately ordered that where OxyChem cannot set forth the author, sender, or recipient of any documents, they must be produced."[5] "The Court reiterate[d] that all documents on the privilege log must contain the appropriate information to allow the Special Master to make the necessary ruling and determine on what basis they are protected, otherwise those documents must be produced."[6] The Court's order remanded the issue to the Special Master to do a further review of documents and make specific findings relating to OxyChem's common interest privileges and whether OxyChem had clawed back the 66-page group of documents in the Spill Act litigation.

Finally, there are also issues with OxyChem's recent ESI privilege logs—logs 6 through 13. The SPG sent a letter to OxyChem on March 11, 2022, explaining that these logs contain deficiencies that the Special Master has already ruled are unacceptable and fail to provide information sufficient to allow the SPG to assess the claimed privilege.[7] The logs also contain entries relating to Tierra and Maxus's investigation into OxyChem's liability that do not fit within the scope of common interest privileges according to Judge Arleo's ruling.

Next Steps: A decision is needed on the SPG's pending motion to bring OxyChem into compliance with the June 2021 privilege order and award such other relief as deemed appropriate. Additionally, given the Court's recent order on the SPG's appeal of the Special Master's privilege

---

[1] ECF No. 1251.
[2] ECF Nos. 1898, 1970.
[3] 2/16/22 Status Conf. Tr., at 86:7-9.
[4] ECF No. 2005.
[5] *Id.* at 7 & n.6.
[6] *Id.* at 7 n.6.
[7] Letter from James W. Beers, Jr. to Kathy D. Patrick (Mar. 11, 2022), attached as **Exhibit A**.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
March 11, 2022
Page 3

order, OxyChem must present fully responsive privilege logs or otherwise those documents must be produced, and the Special Master should make further findings in accordance with the Court's order. OxyChem should also rectify issues with its recent privilege logs to comply with the standard set out in the Court's order.

### b. OxyChem's Non-Compliance with Sampling Data Order

Update: On October 3, 2019, the Special Master issued an Order requiring the production of all validated and unvalidated sampling data collected at the Site within 30 days.[8] On February 1, 2022, the SPG filed a motion to compel sampling data.[9] This is an issue the SPG first raised with OxyChem in April 2021 and has been discussed at several status conferences, with OxyChem always claiming that there was no missing data. For example, during the November 2021 status conference, OxyChem made the following representations to the SPG and the Special Master: "We have complied with the sampling data order. . . All of the sampling data in Oxy's possession has been produced;" "If Oxy has it, the SPG has it;" "The data that [the SPG] called out in their letter does not exist."[10]

Nevertheless, after the last status conference, OxyChem acknowledged that it has not produced the "unvalidated" sampling data that is the subject of the SPG's pending motion to compel.[11] This is data that was collected between June 2018 and July 2019, and was required to be produced within 30 days of the Special Master's October 3, 2019 Order.[12] Apparently, despite having claimed for months that all sampling data had been produced—and saying that its "consultant ha[d] confirmed" this assertion[13]—OxyChem *did not even ask its consultant to turn over the unvalidated data until the past week*, when pressed again by the SPG.

Next Steps: The Special Master should grant the SPG's motion and order OxyChem to produce the missing unvalidated sampling data within 10 days of the status conference and award such other relief as deemed appropriate.

### c. Consultant Productions

Update: On March 1, 2022, after an almost three-month delay, OxyChem finally responded to the SPG's December inquiry into the status of outstanding consultant subpoena productions.[14] OxyChem provided opt in forms for two additional consultants (Brown & Caldwell and Tetra Tech), bringing the number of OxyChem consultant participants in the joint stipulation to a total of four (Arcadis opted in on January 12, 2022, and an acknowledgment form for Exponent was provided on March 10, 2022). The SPG is currently reviewing the First Response indexes provided

---

[8] ECF No. 849, 850.
[9] ECF No. 1964 – 1964-7.
[10] 11/17/21 Status Conf Tr., at 41:5-7; 42:19-20.
[11] ECF No. 1964.
[12] ECF Nos. 849, 850.
[13] ECF No. 1964-4.
[14] Letter from Kathy D. Patrick to Jeffrey Talbert (Mar. 1, 2022), attached as **Exhibit B**.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
March 11, 2022
Page 4

for Brown & Caldwell and Tetra Tech and will provide designations to OxyChem by the April 2 deadline provided for under the stipulation. The SPG provided its designations of the Arcadis folders on February 27. Under the stipulation, OxyChem's Second Response with an estimate of costs to collect, review, and produce responsive documents from the designated folders is due on April 14.

In the March 1 letter, OxyChem also announced, more than a year after the SPG's subpoena was issued and six months after the consultant stipulation was entered, that its consultant Ramboll would not be opting into the stipulation. As the Special Master may recall, it was OxyChem's insistence on intervening in its consultants' document productions that led to the development of the stipulation in the first place.

Because of OxyChem's interference, a year has passed with no progress made on the production of these documents and now, even without further roadblocks placed by OxyChem, little time remains for the SPG to obtain documents from Ramboll in advance of depositions. As discussed at the prior status conference, Ramboll's documents are highly relevant in this case because, among other things, one of its former employees, Rick Wenning, authored a publication in December 2020 that purported to identify other non-OxyChem sources of contamination in the Passaic River.

As for the SPG's consultants, on February 11, 2022, the SPG submitted First Responses and opt in forms for eight subpoenas. The deadline for OxyChem to respond to these is March 14. The SPG intends to submit seven more next week and at that point will have substantially completed production of the indexes.

Next Steps: There are no pending issues relating to the consultant subpoenas for the Special Master to decide. However, as discussed at the last status conference, the parties may be prejudiced if the Special Master allows depositions to proceed before OxyChem's major consultants have completed their productions, the delay of which has been orchestrated by OxyChem over the past 18 months. Moreover, the SPG may need to move to compel production of documents from consultants that have not opted into the Stipulation.

d. *Supplemental ESI Productions*

Update: The second supplemental ESI production will consist of documents created between July 1, 2021, and December 31, 2021, with a production deadline of March 31, 2022.[15]

e. *Fact Discovery End Date Extension*

---

[15] Letter from Jeffrey D. Talbert to John J. McDermott (Feb. 18, 2022), attached as **Exhibit C**. All but one SPG party, the Okonite Company, Inc., have completed production of documents pulled through June 30, 2021.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
March 11, 2022
Page 5

Update: On June 29, 2021, the Special Master extended the Fact Discovery end date to March 31, 2022.[16] For the same reasons set out in that order, the end date should be further extended.

*f.   OxyChem's Second RFPs*

Update: The SPG's motion for a protective order related to OxyChem's second RFPs is fully briefed, and the parties are awaiting a decision on this issue from the Special Master.

**2.     The SPG's RFAs**

Update: On February 24, 2022, OxyChem filed a cross-motion for a protective order and opposition to the SPG's motion for a determination of the sufficiency of OxyChem's amended responses to the RFAs.[17] Although OxyChem also served its second amended responses to the RFAs, many of its responses remain deficient.

Next Steps: The SPG requests that it be given 30 days, until March 28, 2022, to file a response, which shall not exceed 25 pages. OxyChem does not oppose this request.

**3.     Depositions**

Update: On March 8, 2022, the Special Master issued a ruling that, "to provide all parties with more time to prepare for depositions and allow parties to continue in their parallel settlement negotiations with the EPA, all pending depositions will be rescheduled with the first deposition taking place no earlier than May 1, 2022."[18] The parties were "directed to meet-and-confer within 30 days to finalize a proposed deposition schedule."[19] Additionally, at the last status conference, the Special Master requested that the parties attempt to reach full agreement on the protocols for depositions.[20] The parties met and conferred, and on March 4, 2022, they jointly submitted a proposed amended protocol for depositions to the Special Master.[21] While agreement was reached on most issues, the parties still disagree on the presumptive limit on the number of fact-witness depositions for Plaintiff and Defendants.

Next Steps: The SPG will meet and confer with OxyChem regarding the rescheduling of all depositions. The SPG requests that the Special Master sign the proposed amended protocol submitted on March 4 and further rule that, given the number of third parties, 42 additional depositions are warranted.

---

[16] ECF No. 1248.
[17] ECF Nos. 1997 – 1997-13.
[18] ECF No. 2002.
[19] *Id.*
[20] 02/16/22 Status Conf. Tr., at 60:17-25; 61:1.
[21] Final Proposed Amended Protocol for Depositions, attached as **Exhibit D**.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
March 11, 2022
Page 6

### 4.    Settlement Negotiations / Stay Request

Update: As previously explained, the overwhelming majority of parties in this case have reached an agreement in principle with the United States that would fundamentally change and ultimately end this litigation. Although Defendants' and Third-Party Defendants' requests to stay this case were denied, Defendants collectively remain concerned that the high cost of OxyChem's requested discovery, which is not directly related to the standards for review of a settlement of CERCLA claims with the United States, is largely unnecessary, unwarranted, and inconsistent with the purposes of CERCLA, the public's interest, and judicial economy.[22]

Next Steps: The parties that have reached a settlement in principle with the United States will keep the Special Master informed of any important developments related to the settlements. Defendants reserve the right to renew their request for a stay of proceedings as the circumstances warrant.

*       *       *

I look forward to discussing these and other matters with you at the upcoming conference.

Sincerely,

Jeffrey D. Talbert

Attachments: Exhibits A – D

---

[22] Individual SPG parties reserve the right to object to individual depositions as being beyond the scope of discovery permitted by Rule 26. This is a particular issue with respect to depositions of corporations under Rule 30(b)(6) through designees who have no personal knowledge of the matters into which OxyChem seeks to inquire. The evidence may not as a practical matter be relevant to any claim or defense that will be heard in this civil action, or the expense of preparation may be disproportionate to the value of the testimony when the deponent corporation has settled with the United States and claims against it are unlikely in the present posture of this litigation to proceed.