

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com
713.751.5253

June 10, 2022

*Via CM/ECF*
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

  Re: *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
     Civil Action No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

At this stage of this case, the most important item before the Special Master is the *progression* of discovery and depositions in particular. Accordingly, OxyChem requests the following agenda items for the June 15, 2022 status conference.

**1. Deposition-Related Motions**

Depositions have begun: the depositions of two *non-SPG* defendants, Alliance Chemical and Spectraserv, proceeded on May 13 and June 9, respectively. But late-filed protective-order motions or delayed rulings on deposition-related motions may stall this progress, require rescheduling of depositions, and once again throw the parties into dispute over deposition scheduling (which to date is not yet fully resolved). The SPG Defendants have made no secret of their strategy to avoid depositions, and certain SPG Defendants have already asserted the deposition protocol's provision staying a deposition when a related motion for protection is filed. *See* Dkt. 2030 at 1, n.1.

  **a. Prospective Deposition-Related Motions**

The SPG has opposed OxyChem's request for a 40-day deadline for filing deposition-related motions. Dkt. 2070. OxyChem continues to believe that a deadline for such motions—which would apply to both plaintiff and defendants—would help the Special Master "oversee the schedule for completion of discovery and all discovery disputes and motions related thereto." Dkt. 633 at 3. The reality is that—as with the most basic step of *scheduling* the depositions—the process of conferring over the scope of depositions has transformed into another avenue by which many

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 2

Defendants seek to delay or avoid testifying under oath.[1] It appears to OxyChem that there are defendant-deponents who are sitting on protective-order motions that could be filed *now*.

**Action Requested**: Set a deadline of the Special Master's choosing for filing deposition-related motions and expedite resolution of any such motions to permit discovery to proceed.

### b. Pending Deposition-Related Motions

There are already three deposition-related motions before the Special Master, two of which are ready for a ruling and one that will be ready for adjudication after next Friday, June 17. There is also one additional deposition-related dispute for which OxyChem and Defendant Teval Corporation ("Teval") request the Special Master schedule a separate conference to resolve.

#### i. Dkt. 1959: The SPG's January 29, 2022 Motion for Protective Order

As OxyChem stated in its April and May agenda letters, the SPG's January 29, 2022 Motion for Protective Order will impact OxyChem's 30(b)(6) topics to Defendants, as well as the SPG's deposition notices to OxyChem. *See* Dkt. 2023 at 6-7. The motion is ready for a ruling.

#### ii. Dkt. 2030: The SPG's April 19, 2022 Motion for Protective Order

The SPG's April 19, 2022 motion for a protective order regarding the notices of subpoena served by OxyChem on the Cooperating Parties Group ("CPG") and four of its consultants for those entities' depositions (Dkt. 2030) is also ready for a ruling. On May 3, 2022, OxyChem filed its response. Dkt. 2040. No reply was filed.

#### iii. Dkt. 2075: TFCF America, Inc.'s June 3, 2022 Motion for Protective Order

On June 3, 2022, Defendant TFCF America, Inc. ("TFCF") moved for a protective order with respect to OxyChem's May 13, 2022 Amended Notice of Rule 30(b)(6) Deposition of

---

[1] The most recent example is certain defendant-deponents' objections to slight changes in deposition topics. *See* Dkt. 2075 at 5 & App. A (complaining of "entirely new topics" and the "rephras[ing]" of "many of the remaining topics" in the amended notice served on May 13, 2022 to TFCF—more than three months before TFCF's August 24, 2022 deposition date); *see also* Ex. A (May 27, 2022 Ltr. from Givaudan to OxyChem) at 2 (complaining *both* that a second amended notice served on May 12, 2022, to Givaudan did "not adequately amend the proposed topics" and "*expand[ed]* the scope of a few of the deposition topics"). Many changes were expressly discussed in a January 2022 meet and confer with the SPG and confirmed by letter. *Compare* Ex. B (Dec. 21, 2021 Ltr. from the SPG to OxyChem), *with* Ex. C (Jan. 13, 2022 Ltr. from OxyChem to the SPG). Similarly, certain "new" topics were raised and addressed in emails. *See* Ex. D (Jan. 14, 2022 email chain) at 1-2. And, in Givaudan's case, the expansion of one topic to "include costs incurred by Givaudan as a result of sampling and collection of hazardous substances," *see* Ex. A (May 27, 2022 Ltr. from Givaudan) at 2 n.1, was a direct result of the parties' meet and confer. *See* Ex. E (Apr. 7. 2022 Tr. of Givaudan meet and confer) at 40:16-41:7 (in response to statement that OxyChem was seeking witness to discuss costs in relation to sampling, Givaudan stated, "If you want to amend your deposition topics to include that, we will take it under advisement . . . ."). OxyChem has the right to amend, timely, the topics within the deposition notices that it serves, as the Amended Protocol for Depositions recognizes. *See* Dkt. 2060 at 8, § D(5) ("If the scope of any topic(s) is modified through the meet and confer process, then the Noticing Party shall serve by electronic mail . . . an amended deposition notice . . . .").

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 3

Defendant 21st Century Fox America, Inc. OxyChem's response is due today, June 10, 2022, and TFCF may file a reply on or before next Friday, June 17, 2022. Assuming no exceptional circumstances requiring a surreply, TFCF's motion will be ripe for the Special Master's adjudication as of that date. TFCF's Rule 30(b)(6) deposition is noticed for August 24, 2022, and the Special Master must rule on TFCF's motion for it to proceed.

**Action Requested**: Expedite resolution of the above motions for protection.

> iv. *Dispute regarding Teval's obligation to produce a live witness for deposition*

Defendant Teval has cooperated regarding the *scheduling* of its deposition, which is set for June 30, 2022, but has asserted that it cannot produce a Rule 30(b)(6) designee to testify regarding certain topics because no current or living former employees have knowledge of such topics. *See* Ex. F (Jun. 1, 2022 ltr. from L. Henig-Elona to L. Krohn). But Rule 30(b)(6) *requires* entities to produce a designee to "state the organization's position, knowledge, subjective beliefs, and opinions on identified topics." *In re Neurontin Antitrust Litig.*, No. 02-1390 (FSH), 2011 WL 253434, at *7 (citing *U.S. v. Taylor*, 166 F.R.D. 356, 361-62 (M.D.N.C. 1996)). *See* Ex. G (Jun. 7, 2022 letter from K. Patrick and J. McDermott to L. Henig-Elona).

OxyChem and Teval agree that the most efficient way to resolve this dispute is to schedule a brief conference with the Special Master to present their respective positions and proceed with the deposition in accordance with a ruling by the Special Master.

**Action Requested**: Schedule a conference with OxyChem and Teval to resolve this dispute and permit the deposition to proceed as scheduled.

**2. Deposition Scheduling**

Roughly a year after OxyChem first began requesting the Rule 30(b)(6) depositions of certain defendants, and over two months after the Special Master denied the SPG's motion to stay and adjourned all then-scheduled depositions, depositions have finally begun—but with *only one deposition in May* (the *de bene esse* deposition of Defendant Alliance Chemical Inc.) and *one deposition to-date in June* (Defendant Spectraserv, Inc.). Both of these defendants are members of liaison groups other than the SPG.

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 4

### a. Defendant-Deponents

Since last month's conference, the number of defendant-deponents with whom OxyChem has reached an agreement on dates has increased from fourteen to sixteen. *See* Dkt. 2052 at 2.

| Defendant-Deponent | Agreed Deposition Dates (as of June 10, 2022) |
|---|---|
| (1) Alliance Chemical | Deposition took place on May 13, 2022 |
| (2) Spectraserv | Deposition took place on June 9, 2022 |
| (3) Teval | June 30, 2022 |
| (4) Conopco | July 19, 2022 |
| (5) McKesson | July 28, 2022 |
| (6) Givaudan | August 23, 2022 |
| (7) BASF Corporation | August 31, 2022 |
| (8) CNA Holdings | September 7, 2022 |
| (9) Noveon Hilton Davis | September 19, 2022 |
| (10) MI Holdings | September 22 and 23, 2022 |
| (11) Sherwin-Williams | September 27, 2022 |
| (12) Covanta Essex | September 28, 2022 |
| (13) Nokia | October 4, 2022 |
| (14) Pharmacia | October 20, 2022 |
| (15) Sun Chemical | October 27, 2022 |
| (16) PSE&G | October |

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 5

OxyChem has continued to exercise its right under the Amended Protocol for Depositions to unilaterally notice depositions where necessary. As a result, the depositions of all but *two* defendant-deponents are scheduled.

| Defendant-Deponent | SPG Proposed Date[2] | Unilateral Notices (as of June 10, 2022) |
|---|---|---|
| (1) Legacy Vulcan | SPG proposed November 3, 2022 | Noticed for August 4, 2022 |
| (2) Ashland | SPG proposed October 11, 2022 | Noticed for August 11, 2022 |
| (3) Sequa | SPG proposed November 10, 2022 | Noticed for August 12, 2022 |
| (4) STWB | **No date provided** | Noticed for August 16, 2022 |
| (5) TFCF | **No date provided** | Noticed for August 24, 2022 |
| (6) PPG | SPG proposed November 15, 2022 | Noticed for August 25, 2022 |
| (7) Pitt-Consol | SPG proposed November 17, 2022 | Noticed for September 1, 2022 |
| (8) Benjamin Moore | **No date provided** | Noticed for September 8, 2022 |
| (9) Clean Earth | **No date provided** | Noticed for July 6, 2022; notice withdrawn by agreement[3] |
| (10) General Electric | SPG proposed December 18, 2022 | No agreement |
| (11) EnPro | SPG proposed November 8, 2022 | Noticed for September 28, 2022 |

---

[2] SPG proposed dates as of April 28, 2022. *See* Dkt. 2052 at 4. By June 8, 2022 email, EnPro offered November 1, 2022, rather than November 8, 2022. OxyChem has rejected that date and issued a notice for September 28, 2022.

[3] On May 20, 2022, OxyChem withdrew its Amended Notice of Deposition for the July 6, 2022 Rule 30(b)(6) deposition of Defendant Clean Earth of New Jersey, Inc. ("Clean Earth"), based on Clean Earth's agreement to withdraw its related Motion for Leave to File a Motion for Protective Order (Dkt. 2057) and provide dates in August 2022 for a fact witness deposition of its General Manager Robert Fixter, and based on the understanding that the parties would discuss setting a date for the Clean Earth Rule 30(b)(6) deposition at a later time. As of the filing of this letter, Clean Earth has not provided any dates for Mr. Fixter's deposition.

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 6

**Action Requested:** OxyChem again requests the Special Master expedite any deposition-related motions that may be filed to allow deposition discovery to proceed.

### b. CPG and CPG Consultants

As noted in OxyChem's May agenda letter, the SPG Defendants contend that the depositions of the CPG and its consultants are stayed until the Special Master rules on the SPG's protective-order motion. *See* Dkt. 2030 at 1 n.1. There has been no change in the proposed deposition dates of these entities:

| CPG or CPG-Consultant Deponent | SPG Proposed Date |
|---|---|
| (1) CPG | December 20, 2022 |
| (2) AECOM | October 13, 2022 |
| (3) Anchor QEA | November 29, 2022 |
| (4) De Maximis | December 13, 2022 |
| (5) FTI Consulting | December 15, 2022 |

**Action Requested**: Rule on the SPG's motion for a protective order (Dkt. 2030; 2040).

### c. SPG-Requested Depositions

After OxyChem provided the availability for all but three of the deponents requested by the SPG (for those three, OxyChem made explicit that the SPG could schedule them as they saw fit), the SPG confirmed deposition dates for five, and requested different dates for ten. *See* Ex. H (May 26, 2022 Ltr. from OxyChem to SPG) at 2-3. On May 26, 2022, OxyChem confirmed the SPG's requested dates for seven of those ten, proposing dates for two of the ten, and—with respect to OxyChem's Rule 30(b)(6) deposition, offering three possible dates for eleven different draft deposition topics. *See id.* at 1-2 & 7. As OxyChem indicated in its May 26 letter to the SPG, given the scope and complexity of the *41 topics* included in the SPG's deposition notices to OxyChem, it is working on confirming deposition dates for the corporate representatives it anticipates designating in response to the remaining topics on the SPG's draft 30(b)(6) notices. The SPG responded last night confirming certain deposition dates offered by OxyChem and informing OxyChem of dates on which it has scheduled depositions of third-party witnesses, including a former employee of NJDEP.

**Action Requested**: None.

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 7

### 3. Privilege Logs

The two pending motions related to privilege logs are now fully briefed.[4] OxyChem requests that any argument on these motions take place at a separate hearing dedicated to privilege log issues.

The SPG Defendants continue their practice of using purported "deficiencies" in OxyChem's privilege logs to halt progress in discovery. At the same time, the SPG Defendants refuse to address deficiencies and other issues with respect to their own privilege logs—even where such issues are the *same* as those complained about by the SPG. In response to a March 31, 2022 letter from OxyChem identifying specific issues regarding thousands of privilege log entries served by fourteen[5] of the SPG Defendants—and follow-up correspondence on April 14, 2022 and May 13, 2022[6]—only *four*[7] SPG Defendants have responded. Because SPG liaison counsel has refused to facilitate any global resolution of these common privilege log issues, OxyChem requests that the Special Master schedule a separate conference with the parties to efficiently resolve these issues. Further, because SPG liaison counsel should not be allowed to engage in "offense only" coordination against OxyChem on privilege issues while not fulfilling its obligation to facilitate communication amongst its members to address the reciprocal issues identified by OxyChem, OxyChem also requests that the Special Master stay consideration of any new SPG challenges of OxyChem's privilege logs until the SPG and its member defendants confer with OxyChem in good faith on a global resolution of outstanding ESI privilege log issues.

**Action Requested:** Schedule a separate conference with the parties to address outstanding privilege log disputes. Stay consideration of any new SPG challenges of OxyChem's privilege logs until a meet and confer on global privilege issues takes place.

---

[4] (1) OxyChem's Motion for Reconsideration and Clarification of the April 19, 2022 Order. *See* Dkt. 2037 (OxyChem's Motion for Reconsideration), Dkt. 2068 (SPG's Opposition). The Special Master has entered an Order partially staying compliance with the April 19, 2022 Order. *See* Dkt. 2062

(2) Briefing to Provide Additional Information pursuant to April 19, 2022 Order. *See* Dkt. 2053 (SPG's Brief regarding 66-Page Document); Dkt. 2054 (SPG's Brief regarding Maxus/Tierra); Dkt. 2056 (OxyChem's Brief regarding both 66-page Document and Maxus/Tierra) and Dkt. 2059 (OxyChem Declaration in Support), Dkt. 2069 (SPG's Opposition), Dkt. 2072 (OxyChem's Opposition).

[5] Ashland, Benjamin Moore, Cooper, Croda, DII Industries, Franklin-Burlington Plastics, ISP Chemicals, L3 Harris, McKesson, Pharmacia, Pitt-Consol, PPG, PSE&G, and The Okonite Company have served deficient privilege logs.

[6] *See* Ex. I (Mar. 31, 2022 ltr. from OxyChem to SPG); Ex. J (Apr. 14, 2022 email to SPG); Ex. K (May 13, 2022 ltr. from OxyChem to SPG); Ex. L (Jun. 10, 2022 ltr. from OxyChem to SPG).

[7] Ashland, Givaudan, and Pitt-Consol have provided amended privilege logs; Cooper has promised to provide an amended privilege log by June 30, 2022.

Special Master Thomas P. Scrivo, Esq.
June 10, 2022
Page 8

### 4. Consultant Production Update

The current and former OxyChem and Tierra consultants that received subpoenas from the SPG have complied with the document requests in those subpoenas or are complying with the stipulated process for resolving those subpoenas. Any suggestion to the contrary in the SPG's agenda letter or at next week's conference is simply not credible, and is intended by the SPG to advance their well-documented strategy of seeking at all costs to avoid depositions.[8]

In contrast, OxyChem has not received a *single* document in response to the subpoenas it served nearly a year ago on the LSRPs retained by certain SPG Defendants.

**Action Requested:** None at this time.

\* \* \* \* \*

Thank you for your consideration of these agenda items. We look forward to addressing these issues during the conference next week.

Sincerely,

Kathy D. Patrick

/s/ *John J. McDermott*

John J. McDermott

cc:    All counsel of record

---

[8] For example, during last month's conference counsel for the SPG repeatedly insisted that OxyChem has been in possession of documents from its former consultant Ramboll for more than a year without producing those documents to the SPG. *See, e.g.,* Ex. M (37:22-38:2) (MR. TALBERT: "I don't know what the excuse is for not producing those [Ramboll] documents that they've had since March of last year."). This was not accurate. To the contrary, OxyChem received the Ramboll documents in March *2022* and conducted a privilege review of thousands of those documents in less than two months before producing documents to the SPG. *See* Ex. N (Mar. 1, 2022 ltr. from OxyChem to SPG stating that OxyChem was in process of obtaining Ramboll documents). *See also* Ex. O (May 24, 2022 ltr. from OxyChem to Givaudan) (addressing misstatements at May 2022 conference regarding OxyChem's recent productions). Accordingly, the Special Master should view the SPG's statements regarding document productions for what they are: fabrications intended to mislead.