

Serving Our Clients and Community
For Over 100 Years

**Timothy I. Duffy**
*Admitted in NJ*
Direct Line: 973-798-4946
Email: Tid@spsk.com

220 Park Avenue
PO Box 991
Florham Park, NJ 07932
Telephone: 973-539-1000
Fax: 973-540-7300
www.spsk.com

June 27, 2022

***VIA ECF***
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

**Re: STWB, Inc.'s Opposition to Motion to Compel Rule 30(b)(6) Deposition of Defendant STWB, Inc. and Cross-Motion for Protective Order**
***Occidental Chemical Corp. v. 21st Century Fox America, Inc. et al.***
**Civil Action No. 2:18-cv-11273-MCA-LDW**
**SPSK File No.: 32350-4**

Dear Special Master Scrivo:

As you are aware, we represent STWB, Inc. ("STWB") in the above-referenced matter. Please accept this letter brief in lieu of a more formal brief in support of STWB's Opposition to Occidental Chemical Corporation's ("OxyChem's") Motion to Compel Rule 30(b)(6) Deposition of STWB's Cross-Motion for Protective Order. As you are aware, on June 22, 2022, OxyChem filed a Motion to Compel Rule 30(b)(6) Deposition of STWB ("Motion to Compel") following its May 9, 2022, Rule 30(b)(6) Deposition Notice ("Deposition Notice") to STWB. The Deposition Notice sought a live witness for examination from STWB to testify on many topics which have already been the subject of extensive deposition testimony in the *New Jersey Dep't of Environmental Prot. v. Occidental Chem. Corp., et al.*, litigation (the "State Litigation"). A true and accurate copy of the Deposition Notice is attached hereto as **Exhibit A**.

For the reasons set forth below, STWB respectfully requests the Court deny OxyChem's Motion to Compel and enter a Protective Order (1) barring OxyChem from pursuing a live deposition witness from STWB on topics which have already been the subject of prior deposition testimony in the State Litigation and (2) requiring STWB and OxyChem to stipulate to the relevant testimony of Paul B. Thomasset from his June 22, 2011, deposition (the "Thomasset Deposition") in the State Litigation, for the topics sought by OxyChem's Deposition Notice which were already covered by Mr. Thomasset's testimony. A true and accurate copy of the Thomasset Deposition is attached hereto as **Exhibit B**. Finally, STWB objects to OxyChem's unilateral deposition date of August 16, 2022, which was made without input from STWB and is a date which STWB is not available. STWB advised of the same in its June 14, 2022 letter to OxyChem. A true and accurate copy of STWB's June 14, 2022, letter is attached hereto as





**Exhibit C**. The Court's relief on this issue is necessitated by OxyChem's refusal to employ good faith efforts to meet and confer.

## BACKGROUND FACTS

In 2011, as part of the State Litigation, a matter with substantially similar facts to the instant matter, OxyChem's counsel, Archer & Greiner, P.C. attended a deposition whereby Mr. Thomasset was deposed regarding all, or substantially all, of the topics related to the "STWB site" identified in Attachment A of OxyChem's Deposition Notice. More specifically, Mr. Thomasset as deposed on: Topic 1 – The ownership and/or Operations at the STWB Site, including without limitation all Operations that used or produced Hazardous Substances, and the Hazardous Substances that were used or produced in those Operations; Topic 3 - STWB's storage, releases, and disposals of Hazardous Substances at or from the STWB Site during the years 1986 to present; Topic 5 - Remedial or other environmental investigations and actions pertaining to Hazardous Substances used, located, or found at the STWB Site, excluding air quality matters; Topic 7 - In connection with any sampling of soil, water, sediment, or wastes at the STWB Site, the existence, scope, and results of such sampling, including the reason why samples for particular Hazardous Substances were or were not collected, and the content of the reports of that sampling; Topic 9 - The use, manufacture, storage, and/or handling of dioxins/furans, hexachlorobenzene, dichlorobenzene, trichlorobenzene, PAHs, PCBs, PAHs, lead, copper, mercury, and any ROD COCs at the STWB Site during the years 1986 to present; Topic 11 - Any discharge routes from the STWB Site to the Passaic River, including but not limited to direct stormwater outfalls, process water discharge outfalls, and sewers; Topic 13 - Excluding reports regarding air quality, STWB's reporting or submission of data to EPA regarding the presence, use, or discharge of Hazardous Substances during the period of Operations at the STWB Site, including, without limitation, the Toxic Release Inventory, materials handling inventories, or investigations in connection with the closure of any portion of the facility; Topic 15 - Any Communications between STWB and any Governmental Agency regarding STWB's actual or possible liability to the United States associated with any operable unit of the Diamond Alkali Superfund Site, including without limitation STWB's response to any requests by any Governmental Agency for information about the STWB Site. See **Exhibit A**.

Mr. Thomasett is and was the person most knowledgeable of the historic operations at the STWB site and was examined with respect to his knowledge of the same. Mr. Thomasset, the only living person with any substantive knowledge of the topics at issue pertaining to STWB, accordingly provided comprehensive and complete responses on behalf of STWB to each of the aforementioned topics. Mr. Thomasset's deposition testimony from 2011 constitutes STWB's entire universe of knowledge on those topics and STWB, as an organization, has no other institutional knowledge on those topics other than what was testified to by Mr. Thomasset. See Certification of Mark Bowers ("**Bowers Cert.**"), at ¶ 3 attached hereto as **Exhibit D**. Furthermore, any institutional knowledge of these operations would have been maintained by STWB's predecessors, Eastman Kodak Company ("Kodak") and/or NPEC, Inc., and not STWB. See **Bowers Cert**. at ¶ 4. Kodak and NPEC are no longer in existence and thus, neither can provide any additional witnesses or information other than what was provided in the Thomasset





Deposition. See **Bowers Cert.** at ¶ 4. In addition, STWB has no further documents or information other than what has been produced in this litigation or the State Litigation. See **Bowers Cert.** at ¶ 5.

In or around August 2021, OxyChem and STWB engaged in discussions regarding OxyChem's intent to depose a Rule 30(b)(6) witness from STWB. During those discussions, STWB proposed designating the Thomasset Deposition in place of a Rule 30(b)(6) deposition due to its lack of any additional institutional information. It was STWB's understanding that OxyChem would consider this proposal and advise as to OxyChem's position. However, on December 6, 2021, OxyChem sent a letter requesting deposition dates in March or April 2022 for a Rule 30(b)(6) deposition from STWB. A true and accurate copy of OxyChem's December 6, 2021, letter is attached hereto as **Exhibit E**. Shortly thereafter, on at least two occasions, STWB made phone calls to OxyChem to discuss this matter but never received a return phone call. See Certification of Timothy I. Duffy, Esq. attached hereto as **Exhibit F**. Therefore, on December 21, 2021, STWB sent a letter to OxyChem reiterating its position and again setting forth the reasons for designating the Thomasset Deposition in lieu of a 30(b)(6) deposition in this matter. In the same letter, STWB also requested an opportunity to meet and confer in a good faith effort to facilitate a mutually agreeable resolution to this issue. A true and accurate copy of STWB's December 21, 2021, letter is attached hereto as **Exhibit G**.

On or about March 28, 2022, STWB received a letter from OxyChem advising that OxyChem would not accept STWB's request to designate the Thomasset Deposition in lieu of providing a corporate representative from STWB for a 30(b)(6) deposition. OxyChem also requested a meet and confer to discuss STWB's objections. On March 30, 2022, STWB sent a response to OxyChem, again reiterating its position that any such 30(b)(6) deposition would be a classic case of form over substance and an unnecessary expenditure of resources. STWB again advised that it would be more than willing to meet and confer with OxyChem to discuss the same. A true and accurate copy of STWB's March 30, 2022, letter to OxyChem is attached hereto as **Exhibit H**.

On May 5, 2022, STWB and OxyChem finally engaged in a meet and confer, whereby OxyChem again demanded STWB produce a "live" witness from STWB for a 30(b)(6) motion, despite the impracticality of the same. During the meet and confer, STWB again explained its inability to produce a witness who could offer any further testimony or information pertaining to Attachment A of OxyChem's Deposition Notice and that any such witness would simply refer to the testimony provided during the Thomasset Deposition. Notwithstanding the same, OxyChem refused to discuss this matter substantively, rejected STWB's proposal out of hand, and provided no basis other than stating that, "OCC is entitled to a date." STWB attempted to discuss a potential compromise and offered to substantively respond to any requests for further information that OxyChem did not believe was adequately covered by the Thomasset Deposition, however, OxyChem was not interested in this potential resolution.

On May 9, 2022, STWB received a letter from OxyChem advising that for the reasons previously set forth, OxyChem was again renewing its request for a "live witness… designee"





from STWB. Furthermore, OxyChem inaccurately claimed that STWB was "refusing" to comply with OxyChem's request and advised that it was "exercising its right under the Protocol for Depositions" (Dkt. 1167) to unilaterally schedule a 30(b)(6) deposition for STWB. As such, OxyChem attached thereto its 30(b)(6) Deposition Notice and Attachment A, identifying overly broad, vague, and ambiguous topics to which it intended to examine STWB's corporate designee. A true and accurate copy of OxyChem's May 9, 2022, letter is attached hereto as **Exhibit I**.

On May 12, 2022, STWB responded to OxyChem, again reiterating the fruitless exercise of a 30(b)(6) deposition, requesting OxyChem identify what it seeks to accomplish through the same, requesting OxyChem provide a list of topics not adequately covered by the Thomasset Deposition, and requesting OxyChem provide a list of all documents which OxyChem intends to rely upon to examine any potential 30(b)(6) designee. Furthermore, STWB advised that OxyChem's "Topics for Examination" in Attachment A are essentially document requests to which STWB has already produced all non-privileged documents in its possession, and do not "describe with reasonable particularity the matters for examination" pursuant to Fed. R. Civ. P. 30(b)(6). STWB again expressed its willingness to schedule another good faith meet and confer to discuss these issues. A true and accurate copy of STWB's May 12, 2022, letter is attached hereto as **Exhibit J**.

On May 31, 2022, OxyChem responded and proposed that STWB file a Motion for Protective Order, so that the Court may weigh in on this issue and determine whether STWB must produce a "live witness" for a 30(b)(6) deposition pursuant to OxyChem's demands. A true and accurate copy of OxyChem's May 31, 2022, letter is attached hereto as **Exhibit K**.

STWB unequivocally stands by its position that it has no additional institutional knowledge of the topics covered in the Thomasset Deposition and Mr. Thomasset's testimony, which covered substantially the same factual matters at issue in the instant litigation. Thus, STWB cannot produce another "live witness" with any further corporate knowledge regarding these historical operations, including the topics identified in Attachment A of OxyChem's Deposition Notice. See **Bowers Cert.** at ¶ 6. Any potential 30(b)(6) witness provided by STWB would simply refer to the prior deposition testimony of Mr. Thomasset as to all topics on which he was deposed. See **Bowers Cert.** at ¶ 6. As such, STWB submits the following brief in opposition to OxyChem's Motion to Compel and respectfully seeks relief from the Court for a protective order regarding this issue.





**LEGAL ARGUMENT**

Compelling STWB to produce a "live witness" as a designee for a 30(b)(6) deposition when that designee would possess no substantive knowledge of the relevant subject matters, and when that designee could only stipulate to the testimony of a prior witness, creates an undue burden STWB, and unnecessary expense to the parties, and is a colossal waste of time and judicial resources.

> The Court. "may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1).

Good cause exists and a protective order may be granted where the burden of discovery sought would outweigh the benefits if (1) it is "unreasonably cumulative or duplicative," (2) "the party seeking discovery had ample opportunity to obtain the information by other discovery," or (3) the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues" demands the same. *Koninklijke Philips Elecs. N.V. v. Hunt Control Sys., Inc.* 2014 U.S. Distr. LEXIS 157793, *5-6 (D.N.J. 2014). This rule aims "to guard against redundant or disproportionate discovery by giving the court authority to reduce the discovery that may be directed to matters that are otherwise proper subjects of inquiry." *Leksi, Inc. v. Fed. Ins. Co.*, 129 F.R.D. 99, 105 (D.N.J. 1989).

## I. <u>STWB HAS SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER BECAUSE STWB HAS ALREADY PRODUCED A WITNESS IN THE SUBSTANTIALLY SIMILAR STATE LITIGATION TO TESTIFY TO MANY OF THE SAME TOPICS SOUGHT IN THE INSTANT MATTER AND ANY FURTHER TESTIMONY ON THE SAME WOULD BE UNREASONABLY CUMULATIVE OR DUPLICATIVE.</u>

OxyChem already had an opportunity to depose an STWB corporate representative in the State Litigation and that witness has already provided responses to most of the topics sought by OxyChem in its Deposition Notice. "If further depositions on the same issues would yield information already provided in prior depositions, then those further depositions should be excluded as "unreasonably cumulative or duplicative." *EEOC v. Freeman*, 2012 U.S. Dist. LEXIS 86198, *5 (D.Md. June 21, 2012). *See generally, Nicholas v. Wyndham Int'l, Inc.* 373 F.3d 537, 543 (4th Circ. 2004). In 2011, during the discovery process in the State Litigation, Paul Thomasset, the only living person with knowledge of the historical operations at the STWB site, was fully deposed on the topics pertaining to this site as set forth in the Deposition Notice. Notably, OxyChem's counsel had ample opportunity to fully depose Mr. Thomasset on each one of the topics set forth in the Deposition Notice at the time of the Thomasset Deposition. However, OxyChem chose not to do so and now seeks to depose an arbitrary designee from






STWB instead, merely to recite the same testimony provided by Mr. Thomasset, simply for the sake of deposing a "live witness."

The Court may even grant a protective order based on the amount of discovery already produced. See generally *Johnson v. Geico Cas. Co.*, 269 F.R.D. 406, 415-16 (D. Del. July 9, 2010). In *Johnson*, the Court, in part, granted Geico's motion for a protective order as to a 30(b)(6) deposition because Geico had previously produced "thousands of documents" and the plaintiff had "already deposed witnesses with respect to the particular topic, finding that plaintiff's 30(b)(6) notice was "duplicative and unduly burdensome." *Id.* (citing *Munich Reinsurance Am., Inc. v. Am. Nat'l Ins. Co.*, 2011 U.S. Dist. LEXIS 41826 (D.N.J. April 18, 2011)). Like *Johnson*, a voluminous amount of discovery has already been exchanged between the parties in this matter and the State Litigation, and witnesses have already been deposed on many of the topics contained in the Deposition Notice pertaining to the STWB site.

STWB has no further knowledge of the historical operations / topics identified in the Deposition Notice other than what Mr. Thomasset testified to in his deposition. See **Bowers Cert.** at ¶ 3. In fact, any additional institutional knowledge regarding the historic activities at this site would have been maintained by STWB's predecessors, Kodak and/or NPEC, Inc., and not SWTB. See **Bowers Cert.** at ¶ 4. Kodak and NPEC are no longer in existence and thus, neither can provide any additional witnesses or information other than what was provided in the Thomasset Deposition. See **Bowers Cert.** at ¶ 4. In addition, STWB has no further documents or information other than what has been produced in this litigation or the State Litigation. See **Bowers Cert.** at ¶ 5.

Where a corporate entity has no knowledge concerning a particular 30(b)(6) topic other than what is contained in prior testimony, the entity "may also satisfy its Rule 30(b)(6) obligation by offering to be bound by prior deposition testimony regarding a noticed Rule 30(b)(6) topic." *EEOC v. Boeing Co.*, 2007 US Dist. LEXIS 29107 , at *4 (D. Ariz. Apr. 18, 2007). "Notably, in *Novartis Pharms. Corp v. Abbott Labs*, 203 F.R.D. 159, 162-63 (D. Del. 2001), the Court denied Novartis' motion to compel a 30(b)(6) deposition where Abbott Labs agreed to be bound by the testimony previously provided by an individual, who was deposed in his individual capacity, who would have been the designee for a 30(b)(6) deposition." *Munich Reinsurance Am., Inc.* 2011 U.S. Dist. LEXIS 41826 (D.N.J. April 18, 2011). Indeed, Mr. Thomasset testified in the same manner, in his individual capacity, and because STWB lacks any further institutional knowledge, STWB is willing to satisfy its 30(b)(6) obligations in this same fashion and thus, has offered to be bound by the Thomasset Deposition. However, OxyChem has flat our rejected this solution.

More specifically, the OxyChem Deposition Notice seeks deposition testimony from an STWB corporate designee on the following topics, all of which were already provided by STWB and Mr. Thomasset during the Thomasset Deposition as identified below:





**OXYCHEM'S NOTICE OF RULE 30(b)(6) DEPOSITION OF STWB**

| Topic No. | Topic | Responsive Thomasset Deposition Testimony |
|---|---|---|
| **1** | The ownership and/or Operations at the STWB Site, including without limitation all Operations that used or produced Hazardous Substances, and the Hazardous Substances that were used or produced in those Operations. | See generally, Thomasset Deposition. |
| **3** | STWB's storage, releases, and disposals of Hazardous Substances at or from the STWB Site during the years 1986 to present. | 65:24 – 66:12; 95:8 – 97:13 |
| **5** | Remedial or other environmental investigations and actions pertaining to Hazardous Substances used, located, or found at the STWB Site, excluding air quality matters. | See generally, Thomasset Deposition |
| **7** | In connection with any sampling of soil, water, sediment, or wastes at the STWB Site, the existence, scope, and results of such sampling, including the reason why samples for particular Hazardous Substances were or were not collected, and the content of the reports of that sampling. | 17:24 – 22:18; 71:3 – 72:2; 88:20 – 89:3; 117:13 – 118:6 |
| **9** | The use, manufacture, storage, and/or handling of dioxins/furans, hexachlorobenzene, dichlorobenzene, trichlorobenzene, PAHs, PCBs, PAHs, lead, copper, mercury, and any ROD COCs at the STWB Site during the years 1986 to present. | 13:21 – 22:18; 24:11 – 25:9; 33:1 – 34:20; 35:3 – 36:13; 65:18 – 65:23 |
| **11** | Any discharge routes from the STWB Site to the Passaic River, including but not limited to direct stormwater outfalls, process water discharge outfalls, and sewers. | 18:19 – 22:18; 31:9 – 32:18; 35:3 – 38:22; 41:11 – 41:21; 42:3 – 43:11; 48:8-48:12; 50:7 – 51:21; 55:18- 59:8; 63:24 – 67:4; 67:22 – 68:22; 75:18 – 76:3; 87:21 – 108:23; 118:14 – 118:19 |





| | | |
|---|---|---|
| **13** | Excluding reports regarding air quality, STWB's reporting or submission of data to EPA regarding the presence, use, or discharge of Hazardous Substances during the period of Operations at the STWB Site, including, without limitation, the Toxic Release Inventory, materials handling inventories, or investigations in connection with the closure of any portion of the facility. | 110:10 – 110:23; 121 – 122:8 |
| **15** | Any Communications between STWB and any Governmental Agency regarding STWB's actual or possible liability to the United States associated with any operable unit of the Diamond Alkali Superfund Site, including without limitation STWB's response to any requests by any Governmental Agency for information about the STWB Site or the L&F Site. | 118:7 – 118:13 |

Moreover, OxyChem has affirmatively designated the Thomasset Deposition for use in this litigation. See OxyChem's Notice of Potential Use of Transcripts of Prior Testimony, attached hereto as **Exhibit L**. As a result, OxyChem has acknowledged the relevance and importance of Mr. Thomasset's testimony as it relates to the issues in this litigation and acknowledges the substantive value of the Thomasset Deposition.

While our courts have often held that prior deposition testimony from individual fact witnesses do not relieve corporations from designating corporate representatives for 30(b)(6) depositions, this matter is distinguished from that general principle because (1) STWB cannot provide another witness who possesses knowledge different from Mr. Thomasset, (2) OxyChem has already had an opportunity to depose STWB on these topics, and (3) compelling STWB to produce an arbitrary designee would be unreasonably cumulative and duplicative of Mr. Thomasset's testimony and a waste of time and resources. Thus, OxyChem should be barred from re-deposing STWB on Topics 1, 3, 5, 7, 9, 11, 13, and 15, and the 30(b)(6) topics sought by OxyChem must be limited to topics not previously covered by the Thomasset Deposition.

## II. STWB HAS SHOWN GOOD CAUSE FOR A PROTECTIVE ORDER BECAUSE OXYCHEM HAS HAD AND STILL HAS AMPLE OPPORTUNITY TO OBTAIN THE INFORMATION BY OTHER DISCOVERY, SUCH AS WRITTEN DISCOVERY REQUESTS TO STWB.

The topics identified in the Deposition Notice are essentially discovery requests and could easily be requested by OxyChem via the appropriate channels for the same. OxyChem is





required to "describe with reasonable particularity the matters for examination" pursuant to Fed. R. Civ. P. 30(b)(6). "…Stating that the topics of discussion will correlate with the document requests is too broad, vague, and ambiguous to properly comply with Rule 30(b)(6)." *Scioneaux v. Elevating Boats*, LLC, 2010 U.D. Dist. LEXIS 64192, *9 (E.D. La. Oct. 20, 2010). As previously noted, STWB has already offered to provide OxyChem with any additional information not covered in the Thomasset Deposition. However, the topics provided in OxyChem's Deposition Notice are overly broad, vague, and ambiguous, making it impossible for STWB to ascertain what topics remain undeposed by the Thomasset Deposition and to prepare a witness on these topics. For example, OxyChem seeks information regarding:

- all "operations" at the site that "used or produced hazardous substances" without any restriction on the scope of the "substances" or a time frame for the same;
- "remedial or other environmental investigations and actions pertaining to Hazardous substances" without limitation as to the specific subject matters or hazardous substances at issue in this litigation or a time frame for the same;
- sampling at the sites without limitation as to the subject matter of this litigation or a time frame for the same;
- the reasoning for why or why not sampling was or wasn't collected (an impossible for task for any corporate designee without personal knowledge of the same to provide a response to); and
- any insurance policies associated with the sites without limitation as to scope or time frame.

"Rule 30(b)(6) recognizes that the task of educating and presenting a representative deponent to testify on the topics in the notice can be burdensome, and thus the rule requires the "matters for examination" to be "describe[d] with reasonable particularity." Fed. R. Civ. P. 30(b)(6). Courts have limited or narrowed Rule 30(b)(6) topics that were found not to describe the matters for examination with reasonable particularity." *Centurylink Communs. LLC v. Peerless Network, Inc.*, 2020 U.S. Dist. LEXIS 260276. (N.D. Ill. Jan. 28, 2020). "The Court must evaluate 'reasonable particularity' [of Rule 30(b)(6) topics] based on the nature of the topics listed in the deposition. 'Reasonable particularity' requires the topics listed to be specific as to subject area and to have discernible boundaries .... This means that the topics should not be listed as 'including but not limited to;' rather, they must be explicitly stated." *Winfield v City of New York*, 2018 U.S. Dist. LEXIS 22996 at *5, (S.D.N.Y. Feb. 12, 2018). OxyChem's requests are not described with "reasonable particularity" making it impossible for STWB to prepare a corporate representative to proffer testimony on the same. In fact, OxyChem's requests are so overly broad and not sufficiently descriptive to provide any meaningful insight as to the topics to be addressed at a 30(b)(6) deposition and simply amount to an open-ended fishing expedition.

In addition, OxyChem seeks information that is confidential, privileged, and/or wholly irrelevant, including:

- STWB's current and prospective use, if any, of the Navigation Channel;





- information pertaining to STWB's participation in the Batson Allocation Process; and
- any policies of insurance potentially applicable to the STWB Site, any Communications with insurers, notices of claims, reservation of rights letters, and any litigation over insurance coverage regarding STWB's actual or asserted liability to the United States associated with any operable unit of the Diamond Alkali Superfund Site.

If OxyChem provides proper written discovery requests, STWB is more than willing to produce any non-privileged information in its possession not already disclosed through the discovery process. However, identifying a series of broad topics without "reasonable particularity" is not suitable for a 30(b)(6) deposition. Fed. R. Civ. P. 30(b)(6).

The Court may exercise its discretion to strike certain topics outside the scope of permissible discovery and not proportional to the needs of the case, including for requests that should have been sought in written discovery. *See Tellis v. LeBlan*c, 2020 U.S. Dist. LEXIS 46677 (W.D. La. Mar. 17, 2020). Like the topics in *Tellis*, where the court found that information regarding "evidence" intended to be introduced at trial should have been sought in written discovery requests, the general topics identified by OxyChem in the Deposition Notice are much too broad, much more appropriate for written discovery requests, and should refined and narrowly tailored for the same.

Furthermore, parties who have had the opportunity to previously obtain the requested information only have one bite at the apple because allowing parties to repeatedly depose corporate witnesses would only lead to a colossal waste of time and resources. Therefore, parties are bound to obtain the information when that opportunity arises, or risk forever waiving their right to the same. In *Freeman*, the court found that the plaintiff could have obtained the requested information during the depositions of defendant's employees but failed to do so. The court held that a protective order was appropriate because the defendant "had ample opportunity to obtain the information from other sources." *Freeman*, 2012 U.S. Dist. LEXIS 86198, *5-6. Like in *Freeman*, Plaintiff OxyChem had the opportunity to examine Mr. Thomasset during his 2011 deposition on most of the topics set forth in the Deposition Notice, including Topics 1, 3, 4, 5, 7, 9, 11, 13, 14, 15, and 16. If OxyChem was not satisfied with scope of testimony given by Mr. Thomasset, OxyChem had every right to engage Mr. Thomasset on the same. However, OxyChem's decision not to do so when it had the opportunity constitutes grounds for a protective order for any 30(b)(6) deposition in the instant matter.

STWB remains willing to provide any non-privileged information to OxyChem, if OxyChem could adequately provide all information sought which is not covered by the Thomasset Deposition.





**III. <u>THE BENEFIT OF ALLOWING A 30(b)(6) DEPOSITIOIN OF AN STWB CORPORATE DESIGNEE IS FAR OUTWEIGHED BY THE BURDEN OF COMPELLING AN ARBITRARY WITNESS TO TESTIFY FOR THE SAME.</u>**

As previously mentioned, compelling STWB to produce a corporate designee who could only reiterate the testimony of Mr. Thomasset is a fruitless exercise by OxyChem which will not yield any probative value in this matter. A protective order may be granted based on "the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." *Koninklijke* 2014 U.S. Distr. LEXIS 157793, *5-6 (D.N.J. 2014). "The district court has wide discretion in determining the scope and effect of discovery," and does not abuse its discretion by limiting the scope of discovery if the parties are given "an opportunity to conduct adequate discovery." *Ameristar Jet Charter v. Inc., v. Signal Composites, Inc.* 244 F. 3d 189, 10 (1st Cir. Apr. 3, 2001). Thus, the district court has the discretion to limit discovery, and may choose to do so if it determines that the parties had an "opportunity to conduct adequate discovery" or if the discovery sought is "unreasonably cumulative or duplicative", or is obtainable from some other source that is more convenient, "less burdensome or less expensive.." Fed. R. Civ. Pro. 26(b)(2)(i). In this matter, for the reasons previously noted, a 30(b)(6) deposition will not resolve any issues, provide any additional information, or further the needs of any of the parties.

Furthermore, the burden of preparing a corporate designee with no knowledge of the particular and specific topics to be addressed at the 30(b)(6) deposition by OxyChem (topics which are related to historical operations from many decades ago) would be unduly burdensome to both STWB and the designee. To the extent OxyChem seeks to re-depose STWB on topics covered by Mr. Thomasset, the designee's corporate knowledge will thus be no more than Mr. Thomasset's knowledge and would simply refer to Mr. Thomasset's deposition testimony. Such an exercise will take many hours and cause an unnecessary burden and expense to STWB while OxyChem stands to gain no probative value from this sham 30(b)(6) deposition. Based on the foregoing, it is apparent that the benefit of allowing this 30(b)(6) deposition is outweighed by the burden posed to STWB.

Although STWB believes it makes a compelling case for a Protective Order pursuant to all three factors, the Court may issue a protective order if STWB meets its burden for just one of these factors: (1) the discovery request is "unreasonably cumulative or duplicative," (2) "the party seeking discovery had ample opportunity to obtain the information by other discovery," or (3) the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." In this case, a Protective Order should be issued because OxyChem's Motion to Compel a 30(b)(6) deposition notice is unreasonably cumulative of Mr. Thomasset's testimony, OxyChem had ample opportunity to obtain the information sought through other discovery and at the time of Mr. Thomasset's deposition, and the needs of the case favor STWB's position to deny the Motion to Compel and grant a Protective Order.





## IV. IF THE COURT SHOULD REQUIRE A 30(b)(6) DEPOSITION OF AN STWB CORPORATE REPRESENTATIVE, OXYCHEM AND STWB MUST DESIGNATE A MUTUALLY AGREEABLE DATE FOR THE SAME.

If a 30(b)(6) deposition is absolutely necessary, STWB will need adequate time to prepare any potential corporate designee due to scope of topics and issues sought by OxyChem. "A party who wants to depose a person by oral questions must give reasonable written notice to every other party." Fed. R. Civ. Pro. 30(b)(1). "The rule largely treats the depositions of corporations and individuals the same: they are subject to the same reasonable notice requirements under Rule 30(b)(1); the same advance notice requirement for the method of recording under Rule 30(b)(3)(A); and the same document production rules under Rule 30(b)(2)." *City of Las Cruces v. United States*, 2021 U.S. Dist. LEXIS 18467, *17-18 (D.N.M. Feb. 1, 2021). Implicit in "reasonable notice" is that the party producing the corporate representative must have a reasonable time to educate that individual on the topics to which he / she may need to testify. Otherwise, a 30(b)(6) deposition of a corporate representative not fully informed would be counterproductive for all parties involved. As the Court is aware, the scope of discovery sought by OxyChem is extensive, decades old, and relates to the historical operations of two sites owned by STWB. Preparing a witness to testify on the corporate knowledge regarding this time period, for two sites, and on the wide breath of topics sought by OxyChem, is a major undertaking and requires the appropriate limiting relief from the Court for a Protective Order.

Pending the outcome of this motion, if necessary, STWB must first identify a corporate designee and then prepare that corporate designee as a witness. The return date on this pending motion is July 18, 2022, leaving STWB with only twenty-nine (29) days to prepare any potential corporate designee for OxyChem's unilaterally designated August 16, 2022, date provided in the Deposition Notice. As the Special Master is aware, the Deposition Protocol requires ninety (90) days to prepare any potential corporate designee for a 30(b)(6) motion. For the reasons set forth herein, STWB cannot possibly designate and educate a corporate designee on the wide scope of the topics pursuant to the Deposition Notice in twenty-nine (29) days. As such, if necessary, STWB respectfully requests the Court adjourn any potential 30(b)(6) deposition of a corporate designee of STWB until at least October 2022.





**CONCLUSION**

For the reasons set forth herein, STWB respectfully requests that its Motion for Protective Order be granted, precluding Topics 1, 3, 5, 7, 9, 11, 13, and 15 and limiting any potential 30(b)(6) deposition to topics not previously addressed by the Thomasset Deposition; requiring OxyChem to provide more specific topics for any potential 30(b)(6) deposition; and adjourning any potential 30(b)(6) deposition to October 2022.

Respectfully submitted,

**SCHENCK, PRICE, SMITH & KING, LLP**

/s/ Timothy I. Duffy
Timothy I. Duffy, Esq.

TID/mts