**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>       Plaintiff,<br><br> v.<br><br>21ST CENTURY FOX AMERICA, INC., *et al.*,<br><br>       Defendants. | Civil Action No. 18-11273(MCA)(LDW)<br><br>**DECISION OF SPECIAL MASTER DENYING IN PART AND GRANTING IN PART PLAINTIFF OCCIDENTAL CHEMICAL CORPORATION'S MOTION FOR RECONSIDERATION AND CLARIFICATION** |

## INTRODUCTION

This matter comes by way of a Motion for Reconsideration and Clarification (the "Motion"), by Plaintiff, Occidental Chemical Corporation ("OxyChem"), seeking reconsideration and clarification of the Special Master's Decision and Order dated April 19, 2022 ("April Decision and Order"), which granted in part and denied in part the Motion to Compel Compliance brought by the Small Parties Group ("SPG").

OxyChem requests that the Special Master reconsider the April Decision and Order's requirement that undated work product be produced, and requests clarification on what OxyChem must do to comply with other requirements in the April Decision and Order. OxyChem argues that the April Decision and Order was based on an error of fact and law and the enforcement of the April Decision and Order would cause manifest injustice.

In opposition, SPG Defendants state that the April Decision and Order was based on extensive briefing, oral argument, multiple reviews of documents *in camera*, and post-order discussion and briefing. Given this, the SPG Defendants argue that the April Decision and Order is consistent with prior decisions and rulings of the Special Master. The SPG Defendants also

1

assert that no clarification of the April Decision and Order is necessary because it was explicit that the identity of authors, senders, and recipients needs to be established with specificity. The SPG Defendants further argue that OxyChem is not entitled to an advisory opinion as to compliance and the applicability of orders from the Special Master.

For the reasons herein, the Special Master **denies in part and grants in part** the Motion.

## STATEMENT OF PERTINENT FACTS AND PROCEDURAL HISTORY

### A.  The August 2020 Motion to Compel by the SPG Defendants

On August 10, 2020, the SPG Defendants filed a Motion to Compel the production of documents withheld as privileged as identified on OxyChem's First and Fourth Privilege Logs ("August 2020 Motion to Compel"). *See* ECF No. 1091. On October 28, 2020, the Special Master held oral argument on the August 2020 Motion to Compel. On November 4, 2020, the Special Master issued an interim order requiring OxyChem to produce a sampling of documents from its privilege logs for *in camera* review. *See* ECF No. 1124.

On March 18, 2021, after *in camera* review, the Special Master ordered that OxyChem provide further explanation and/or supplemental information to the Special Master related to certain documents to assist the Special Master in the *in camera* review process ("March 2021 Order"). *See* ECF No. 1186.

On June 29, 2021, after receipt of further explanation and supplemental information from OxyChem as to certain documents, the Special Master granted in part and denied in part the August 2020 Motion to Compel ("Final Order"). *See* ECF No. 1252. The Special Master ordered, among other things, that documents must be produced to the extent that OxyChem could not set forth the author, sender, or recipient. The Final Order also stated that OxyChem may withhold documents that are: (1) communications between counsel or a litigation consultant and Maxus, Tierra and/or

OxyChem within the privileged communication framework; (2) drafts of documents by counsel and/or a litigation consultant specifically for Maxus, Tierra and/or OxyChem eyes only; or (3) clearly and unequivocally prepared in anticipation of litigation and within a reasonable timeframe for which litigation was anticipated, and OxyChem's privilege log must demonstrate the temporal relationship to any anticipated litigation in order for defendants to assess the claim. *Id.* OxyChem was directed to comply with the Final Order within 60 days. *Id.*

The SPG Defendants appealed the March 2021 Order and Final Order to United States District Judge Madeline Cox Arleo. On March 10, 2022, Judge Arleo issued an order requiring OxyChem to "present a fully responsive privilege log with all information, including dates, sender, and recipients, to assist the Special Master in evaluating the documents" (the "Arleo Appeal Order"). *See* ECF No. 2005. The Arleo Appeal Order stated the Special Master appropriately ordered that documents must be produced if OxyChem cannot set forth the author, sender, or recipient of any documents. *Id.*

**B.      The November 2021 Motion to Compel Compliance by the SPG Defendants**

On August 30, 2021, OxyChem served amended versions of the two hard-copy privilege logs at issue and produced to the SPG Defendants 431 documents from those logs. On October 26, 2021, the SPG Defendants wrote to OxyChem purporting to identify approximately 2,000 entries on the privilege logs that either did not contain a date or did not set forth all three pieces of bibliographic information: author, sender, and recipient. On November 15, 2021, the SPG Defendants filed a Motion to Compel Compliance with the Final Order due to SPG Defendants' belief that OxyChem did not comply with the Final Order by producing certain documents ("November 2021 Motion to Compel Compliance"). *See* ECF No. 1898.

During a conference with the parties on January 25, 2022, the Special Master clarified the "0 for 3 rule" that was set forth in the Final Order. The Special Master stated that if OxyChem could not produce any of the three categories (author, sender, and recipient), and the privilege log entry had no information for any of the three categories, then the document must be produced.

On February 15, 2022, the parties participated in a conference with the Special Master during which the issue of whether generic and non-specific information for the three categories satisfied the 0 for 3 rule and Final Order. The Special Master stated the 0 for 3 issue was not cured by a generic reference to "consultant" without identifying the consultant. The Special Master also expressed concern with the generic nature of OxyChem's privilege log entries, and stated that further information should not be difficult to obtain. Subsequently, after meeting and conferring with the SPG Defendants, OxyChem served amended versions of the subject privilege logs.

On April 19, 2022, the Special Master issued the April Decision and Order granting in part and denying in part SPG Defendants' November 2021 Motion to Compel Compliance. The April Decision and Order detailed the clear requirements of OxyChem to provide proper privilege logs and the parameters for which a privilege log may be considered proper. Specifically, the April Decision and Order repeated the "0 for 3 rule" and ordered, among other things, that OxyChem produce all undated entries in its privilege logs over which OxyChem asserts protection under the work product doctrine. *See* ECF No. 2033. As further stated in the April Decision and Order, any undated entries over which OxyChem asserts work product protection must be produced since there was no evidence of a temporal relationship to anticipated litigation. *See* ECF No. 2034.

### C.   The Motion for Reconsideration and Clarification

On April 28, 2022, OxyChem filed this Motion for reconsideration and clarification of the April Decision and Order. OxyChem requests that the Special Master reconsider its order requiring

OxyChem to produce undated work product and requests clarification on what OxyChem must do to comply with other requirements in the April Decision and Order. OxyChem believes that the Special Master erred in applying the law and facts in rendering the April Decision and Order. Specifically, OxyChem argues that the Special Master overlooked earlier factual findings establishing the dates when joint representation existed and erred in applying law that allows undated documents to be withheld.

The SPG Defendants submitted opposition to the Motion on May 27, 2022. The SPG Defendants argue that the April Decision and Order contains no error of law or fact and does not cause any manifest injustice on OxyChem. The SPG Defendants further argue that OxyChem mischaracterizes the plain language of the April Decision and Order, and such order does not conflict with any prior orders or findings. Also, the SPG Defendants note that OxyChem focuses on case law analyzing the attorney-client privilege even though the subject portion of the April Decision and Order pertains to the work product doctrine.

## **LEGAL STANDARD**

A party moving for reconsideration must "set[ ] forth concisely the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked[.]" L. Civ. R. 7.1(i). "The only proper ground for granting a motion for reconsideration, therefore, is that the matters or decisions overlooked, if considered by the court, 'might reasonably have altered the result reached. . .'" *G-69 v. Degnan*, 748 F. Supp. 274, 275 (D.N.J. 1990) (citation omitted).

To prevail on a motion for reconsideration, the moving party must show at least one of the following grounds: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court [made its initial decision]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Cole v. Guardian Life Ins. Co. of Am.*,

5

594 F. App'x 752, 756 (3d Cir. 2014). "Motions for clarification and reconsideration are often evaluated under the same standard." *Garcia v. Corr. Med. Serv.*, 2018 WL 1317867, *1 (D.N.J. March 14, 2018).

## ANALYSIS

### A. There Is No Basis for Reconsideration of The April Decision and Order's Requirement to Produce Undated Work Product.

Under Federal Rule of Civil Procedure 26(b)(3), the work product doctrine protects "documents and tangible things that are prepared in anticipation of litigation or for trial by or for another party or its representative." FED. R. CIV. P. 26(b)(3)(A). Work product is defined as materials in anticipation of litigation, including mental impressions, legal theories, opinions, conclusions, litigation strategy, and other similar materials. *See* FED. R. CIV. P. 26(b)(3)(B). Documents that are routinely prepared in the ordinary course of business are outside the scope of work product protection. *See In re Gabapentin Litig.*, 214 F.R.D. 179, 184 (D.N.J. 2003).

The lynchpin for the application of the work product doctrine is the phrase "in anticipation of litigation." *Maertin v. Armstrong World Indus.*, 172 F.R.D. 143, 148 (D.N.J. 1997). To meet the anticipation of litigation standard, the party must show more than a "remote prospect" or "likely chance of litigation." *In re Gabapentin Litig.*, 214 F.R.D. at 183. It must be shown that "the document can fairly be said to have been prepared or obtained because of the prospect of litigation" given the nature of the document and factual situation of the particular case. *Maertin*, 172 F.R.D. at 148; *see also In re Gabapentin Litig.*, 214 F.R.D. at 184 (stating whether document is protected by work product doctrine depends on reason or purpose for documents creation").

The party asserting a privilege or protection bears the burden of establishing its applicability on a document-by-document basis. *United States v. Rockwell Int'l*, 897 F.2d 1255, 1265 (3d Cir. 1990) (stating "privilege must be asserted" on "document-by–document" basis); *In*

6

*re Human Tissue Prod. Liab. Litig.*, 255 F.R.D. 151, 163 (D.N.J. 2008) (same). The burden includes "demonstrating that the documents at issue were 'prepared in anticipation of litigation'" for purposes of the work product doctrine. *In re Gabapentin Litig.*, 214 F.R.D. at 183 (quoting *Conoco, Inc., v. United States Dep't of Justice*, 687 F.2d 724, 730 (3d Cir. 1982)).

The parties are in agreement that OxyChem continues to withhold undated documents based on the work-product doctrine despite the April Decision and Order and prior orders. OxyChem justifies its continued withholding by citing to *TransWeb, LLC v. 3M Innovative Properties Co.*, 2012 U.S. Dist. LEXIS 97534 (D.N.J. Apr. 12, 2012) and *SmithKline Beecham Corp. v. Apotex Corp.*, 232 F.R.D. 467 (E.D. Pa. 2005) for the proposition that allowing parties to withhold undated documents based on attorney-client privilege should also apply to protection under the work product doctrine.

The cases relied on by OxyChem are distinguishable because those courts found that there was other information provided in the documents that rendered the dates of documents insignificant for determining whether the attorney-client privilege applied. *See TransWeb, LLC*, 2012 U.S. Dist. LEXIS 97534, at *53 (finding applicability of attorney-client privilege where defendant presented sufficient evidence to establish when and for what purpose undated notes were taken); *SmithKline Beecham Corp.*, 232 F.R.D. at 475 (stating lack of dates on documents alone, given other information provided, does not vitiate attorney-client privilege claim). Courts in this District have specifically held that the work-product doctrine may not apply to documents that are undated. *See In re Gabapentin Patent Litig.*, 214 F.R.D. at 187 (stating "since it [is] impossible to tell when or why the undated documents were created, we are precluded from finding that they were created in anticipation of litigation and therefore order them produced").

7

Here, OxyChem had multiple opportunities to establish that undated documents were created in anticipation of litigation, providing a temporal relationship to any pending or anticipated litigation. Similar to *In re Gabapentin Patent Litig.*, the Special Master was given no evidence related to when or why the documents were created, making it impossible to find that they were created in anticipation of litigation. Without any such showing, the Special Master had no basis to find the subject documents were prepared in anticipation of litigation.

Unlike in *In re Gabapentin Patent Litig.*, OxyChem never established a definitive way by which litigation would have been anticipated or the reason why it would have been anticipated. Although OxyChem has been represented by counsel from 1988 through 2016, legal representation, without more, does not automatically confer the protection of the work product doctrine to undated documents. Moreover, it is clear that certain documents for which the work product privilege was asserted were prepared by attorneys, and that there were some periods of time when attorneys hired by OxyChem were preparing for litigation, However, it cannot be categorically decided, on this record, that these documents, authored by attorneys, were prepared in anticipation of litigation, and therefore, protected under the work-product doctrine.

The Special Master explained in the April Decision and Order that "OxyChem [is] to provide information in its privilege logs to demonstrate the temporal relationship to any anticipated litigation in order for SPG Defendants to assess the claim of work product protection," and "any undated entries over which OxyChem asserts the work product protection, must be produced *since there is no evidence of a temporal relationship to anticipated litigation*." (emphasis added). For those undated documents that identify authors and recipients but do not contain further contextual information within the privilege logs, there is simply no way to determine the temporal relationship to anticipated litigation.

Accordingly, OxyChem has not met its burden to establish an error of law or fact warranting reconsideration of the April Decision and Order. There is no manifest injustice in OxyChem providing this documentation because OxyChem was provided numerous opportunities to provide sufficiently responsive privilege logs, but has failed to do so. Discovery is a broad process whereby SPG Defendants are entitled to relevant documentation that is not otherwise privileged or protected. As OxyChem has failed to show a temporal relationship to anticipated litigation for the disputed documents, the documentation remains discoverable.

OxyChem must provide compliant discovery in accordance with this Decision and accompanying order within thirty (30) days or the SPG Defendants may move for sanctions.

**B.** **Clarification of the April Decision and Order.**

OxyChem seeks clarification of the April Decision and Order and asks the Special Master to answer three (3) questions:

1. Is evidence that a document *was* authored or sent by a law firm or consultant sufficient to support a privilege, where the document does not identify the specific person at that firm who authored or sent it?

2. Is "Maxus," "Tierra" or "File" a sufficient recipient when the document is privileged on its face but there is no indication of which particular person at those entities received it?

3. Which of OxyChem's privilege logs does the April Order apply to; does it apply to any log other than OxyChem's First and Fourth Logs, such as OxyChem's ESI logs?

The answer to the first question above is no. As noted throughout this decision, the work product doctrine requires a temporal relationship to anticipated litigation. The document is not *de facto* privileged or protected simply because it was authored by a lawyer. OxyChem must show the remaining requirements of the protection under the work product doctrine. Failure to do so results in the document being discoverable.

9

The answer to the second question above is yes, so long as there is evidence that Maxus, Tierra or File were the actual recipients. If the document is clearly privileged, Maxus, Tierra or File would be sufficient identifiers for the recipient. However, OxyChem cannot simply state that the recipient is Maxus, Tierra or File and expect such a statement, without further context, to be sufficient to establish a privilege or protection.

The answer to the third question is that the April Decision applies only to OxyChem's First and Fourth Privilege Logs. The decision rendered was based on the issue before the Special Master, of which an *in camera* review took place. Applying the April Decision to other logs not before the Court would be advisory. Nevertheless, OxyChem must substantiate the requirements for any privilege or protection sought, or face the consequences of failing to do so.

Accordingly, the Motion is granted with respect to the request for clarification.

## CONCLUSION

Based on the foregoing reasons and cited authority, the Motion for Reconsideration and Clarification by OxyChem is hereby **DENIED IN PART and GRANTED IN PART.**