**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| MALLINCKRODT PLC, *et al.*, | ) | Case No. 20-12522 (JTD) |
|  | ) |  |
| Debtors.[1] | ) | (Jointly Administered) |
|  | ) |  |
|  | ) |  |

**NOTICE OF OCCURRENCE OF EFFECTIVE DATE**
**OF FOURTH AMENDED JOINT PLAN OF REORGANIZATION**
**(WITH TECHNICAL MODIFICATIONS) OF MALLINCKRODT PLC AND**
**ITS DEBTOR AFFILIATES UNDER CHAPTER 11 OF THE BANKRUPTCY CODE**

PLEASE TAKE NOTICE that, on March 2, 2022, the United States Bankruptcy Court for the District of Delaware (the "***Bankruptcy Court***") entered the *Findings of Fact, Conclusions of Law, and Order Confirming Fourth Amended Joint Plan of Reorganization (with Technical Modifications) of Mallinckrodt plc and its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 6660] (the "***Confirmation Order***") confirming the *Fourth Amended Joint Plan of Reorganization (With Technical Modifications) of Mallinckrodt and Its Debtor Affiliates Under Chapter 11 of the Bankruptcy Code* [D.I. 6510] (as may be amended, modified, or supplemented from time to time, the "***Plan***")[2] in the above-captioned chapter 11 cases of Mallinckrodt plc and its debtor affiliates (collectively, the "***Debtors***").[3] On June 8, 2022, the Bankruptcy Court entered an order approving a minor modification to the Plan [Docket No. 7602].

PLEASE TAKE FURTHER NOTICE that the Plan has been substantially consummated and the Effective Date of the Plan occurred on June 16, 2022.

PLEASE TAKE FURTHER NOTICE that the Plan contains certain provisions regarding releases, exculpation, and injunctions, which are set forth in Article IX thereof, some of which are described herein. Pursuant to the Confirmation Order, such provisions are now in full force and effect. Creditors are encouraged to review the full text of the Plan and Confirmation Order relating to such release, exculpation, and injunction provisions.

---

[1]    A complete list of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at http://restructuring.ra.kroll.com/Mallinckrodt. The Debtors' mailing address is 675 McDonnell Blvd., Hazelwood, Missouri 63042.

[2]    Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to such terms in the Plan or Confirmation Order, as applicable.

[3]    Please note that this notice is intended to provide notice of the Effective Date and the entry of the Confirmation Order, among other things, and it does not, and shall not be construed to, limit, modify or interpret any of the provisions of the Plan or Confirmation Order. Some of the provisions of the Plan and Confirmation Order are included herein for the convenience of creditors; *however*, creditors should refer to the full text of the Plan and Confirmation Order and should not rely upon the summary provided herein.

US-DOCS\132118077.6

## RELEASE AND INJUNCTION PROVISIONS
## AFFECTING OPIOID CLAIMS AND OPIOID DEMANDS

**PLEASE TAKE FURTHER NOTICE** that Article IX.D of the Plan provides that each Opioid Claimant is deemed to grant releases to certain Protected Parties including the Debtors, the Reorganized Debtors, the Non-Debtor Affiliates, and their directors, officers, employees, and advisors. Pursuant to Article IX.D of the Plan, as of the Effective Date, each Opioid Claimant is deemed to have released and discharged, to the maximum extent permitted by law, as such law may be extended subsequent to the Effective Date, each Debtor, Reorganized Debtor, and Protected Party from any and all Claims (including Opioid Claims and Opioid Demands).

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Plan and the Confirmation Order, the Opioid MDT II and the Opioid Creditor Trusts have been established to, among other things, resolve all asserted Opioid Claims (including Opioid Demands) channeled to the Opioid MDT II or the Opioid Creditor Trusts, as applicable. Pursuant to the Plan and the Confirmation Order, all liabilities and responsibility for all Opioid Claims (including Opioid Demands) against the Debtors have been assumed by the Opioid MDT II or the Opioid Creditor Trusts and will be treated in accordance with the applicable trust distribution procedures.[4]

**PLEASE TAKE FURTHER NOTICE** that Article IX.H of the Plan contains the Opioid Permanent Channeling Injunction. Pursuant to Article IX.H of the Plan, from and after the Effective Date, the sole recourse of any Opioid Claimant on account of its Opioid Claims (including Opioid Demands) based upon or arising from the Debtors' pre-Effective Date conduct or activities shall be to the Opioid MDT II or the Opioid Creditor Trusts, and such Opioid Claimant shall have no right whatsoever at any time to assert its Opioid Claims (including Opioid Demands) against any Protected Party or any property or interest in property of any Protected Party.

**PLEASE TAKE FURTHER NOTICE** that Articles IX.I and IX.J of the Plan contain injunctions against Claims relating to any Opioid Insurance Policy. Pursuant to Articles IX.I and IX.J of the Plan, as of the Effective Date, all Holders of Claims based on, arising under or attributable to an Opioid Insurance Policy are permanently enjoined from taking any action for the purpose of collecting, recovering or receiving payment or recovery from an Opioid Insurer or Settling Opioid Insurer on account of such Claim.

## RELEASES BY THE DEBTORS AND NON-DEBTOR
## RELEASING PARTIES OTHER THAN OPIOID CLAIMANTS

**PLEASE TAKE FURTHER NOTICE** that Article IX.B of the Plan contains a release by the Debtors of certain Released Parties including the Debtors, the Reorganized Debtors, the

---

[4] Among other things, the Plan allows for the creation of the PI Trust to (a) assume all liability for the Personal Injury ("**PI**") and Neonatal Abstinence Syndrome PI ("**NAS PI**") claims (including PI Opioid Demands) that are channeled to the PI Trust, (b) collect Plan distributions to be made to the PI Trust for the PI Opioid Claims Share and the NAS Opioid Claims Share, (c) administer the PI/NAS Claims, (d) make distributions to Holders of allowed PI/NAS Claims in accordance with the PI Trust Documents, and (e) carry out other matters as set forth in the PI Trust Documents. Anyone with a potential PI or NAS PI Opioid Claim may go to www.MNKPITRUST.com for more information about the PI Trust, including when additional information will be available on how and when to file a claim.

Non-Debtor Affiliates, their directors, officers, employees, and advisors, the parties to the Restructuring Support Agreement, the Debtors' secured lenders and noteholders, the Opioid MDT II and the Opioid Creditor Trusts, and their respective advisors and representatives. Pursuant to Article IX.B of the Plan, as of the Effective Date, the Released Parties are deemed released from any Claims and Cause of Action held by the Debtors and their Estates.

PLEASE TAKE FURTHER NOTICE that Article IX.C of the Plan contains a release of the Released Parties by the Non-Debtor Releasing Parties, which generally includes Holders of Claims and Equity Interests, other than Opioid Claimants in their capacity as Opioid Claimants, to the maximum extent permitted by law and subject to certain exceptions as provided further in the Plan and Confirmation Order. Except as otherwise provided in the Plan or the Confirmation Order, Pursuant to Article IX.C of the Plan, the Non-Debtor Releasing Parties are deemed to release the Released Parties of all Claims and Causes of Action relating to, among other things, the Debtors and their restructuring and Chapter 11 Cases.

## EXCULPATION, DISCHARGE AND INJUNCTION

PLEASE TAKE FURTHER NOTICE that Article IX.F of the Plan contains provisions exculpating the Exculpated Parties, which include the Debtors, the Official Committee of Unsecured Creditors, the Official Committee of Opioid-Related Claimants, and the Future Claimants' Representative. Pursuant to Article IX.F, the Exculpated Parties shall have no liability to any person for any Claims or Causes of Action arising on or after the Petition Date and on or before the Effective Date and relating to, among other things, the Debtors and their restructuring and Chapter 11 Cases.

PLEASE TAKE FURTHER NOTICE that, as of the Effective Date, pursuant to the Plan and Confirmation Order, all Claims against and Interests in the Debtors are deemed settled, released and discharged to the fullest extent permitted under the Bankruptcy Code, except as otherwise provided in the Plan. Pursuant to Article IX.G of the Plan, except as otherwise provided in the Plan or the Confirmation Order, all persons are, to the fullest extent permitted under the Bankruptcy Code, enjoined from commencing or continuing any action to recover on any Claim against or Interest in the Debtors or any other Claim or Cause of Action released or discharged under the Plan.

## GENERAL UNSECURED CLAIMS TRUST

PLEASE TAKE FURTHER NOTICE that, pursuant to the Confirmation Order and the Plan, the General Unsecured Claims Trust has been established to, among other things, resolve all Claims assumed by the General Unsecured Claims Trust in accordance with the Plan, the General Unsecured Claims Trust Documents, and the Confirmation Order. Pursuant to the Confirmation Order and the Plan, the General Unsecured Claims Trust has assumed all liability and responsibility, financial and otherwise, for (a) all General Unsecured Claims and (b) any Trade Claim, the Holder of which votes to reject the Plan or does not agree to maintain Favorable Trade Terms in accordance with the requirements set forth in the Disclosure Statement Order. The Debtors, the Reorganized Debtors, and the Released Parties shall have no liability or responsibility, financial or otherwise, for any such Claims assumed by the General Unsecured Claims Trust. Except as otherwise provided in the Plan and the General Unsecured Claims Trust Documents, the

US-DOCS\132118077.6

3

General Unsecured Claims Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such assumed Claims that the Debtors or the Reorganized Debtors have or would have had under applicable law.

## ASBESTOS TRUST

**PLEASE TAKE FURTHER NOTICE** that, pursuant to the Confirmation Order and the Plan, the Asbestos Trust has been established to, among other things, resolve all Claims assumed by the Asbestos Trust in accordance with the Plan, the Asbestos Trust Documents, and the Confirmation Order. Pursuant to the Confirmation Order and the Plan, the Asbestos Trust has assumed all liability and responsibility, financial and otherwise, for all Asbestos Claims (but not, for the avoidance of doubt, Asbestos Late Claims, which have been assumed by the General Unsecured Claims Trust). The Debtors, the Reorganized Debtors, and the Released Parties shall have no liability or responsibility, financial or otherwise, for any such Claims assumed by the Asbestos Trust. Except as otherwise provided in the Plan and the Asbestos Trust Documents, the Asbestos Trust shall have all defenses, cross-claims, offsets, and recoupments, as well as rights of indemnification, contribution, subrogation, and similar rights, regarding such assumed Asbestos Claims that the Debtors or the Reorganized Debtors have or would have had under applicable law.

## PROFESSIONAL FEE CLAIMS AND ADMINISTRATIVE CLAIMS

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Confirmation Order and Article II.A.2 of the Plan, all final requests for payment of Professional Fee Claims for services rendered and reimbursement of expenses incurred prior to the Effective Date must be Filed no later than **August 1, 2022**.

**PLEASE TAKE FURTHER NOTICE** that, in accordance with the Confirmation Order and Article II.A.3 of the Plan, except as otherwise provided in the Plan or Confirmation Order, all requests for payment of an Administrative Claim that accrued on or before the Effective Date that were not otherwise satisfied in the ordinary course of business must be filed with the Bankruptcy Court and served on the Debtors no later than the Administrative Claims Bar Date, which is **August 15, 2022** unless otherwise provided in a separate order of the Bankruptcy Court. If a Holder of an Administrative Claim is required to, but does not, File and serve a request for payment of such Administrative Claim by the Administrative Claims Bar Date, such Administrative Claim shall be considered Allowed only if and to the extent that no objection to the allowance thereof has been interposed within three months following the subsequent filing and service of such request or as otherwise set by the Bankruptcy Court or such an objection is so interposed and the Claim has been Allowed by a Final Order; *provided* that any Claim Filed after entry of a decree closing the Debtors' Chapter 11 Cases shall not be Allowed unless the Holder of such Claim obtains an order of the Bankruptcy Court allowing such Claim.

## ASSUMPTION OF EXECUTORY CONTRACTS AND UNEXPIRED LEASES AND REJECTION DAMAGES CLAIMS

**PLEASE TAKE FURTHER NOTICE** that pursuant to Article V.A of the Plan, as of the Effective Date, except as otherwise provided in the Plan or Confirmation Order, each of the

Executory Contracts and Unexpired Leases not previously rejected, assumed, or assumed and assigned pursuant to an order of the Bankruptcy Court are deemed assumed as of the Effective Date pursuant to sections 365 and 1123 of the Bankruptcy Code *except* any Executory Contract or Unexpired Lease (a) identified on the Rejected Executory Contract/Unexpired Lease List (which shall initially be filed with the Bankruptcy Court on the Plan Supplement Filing Date) as an Executory Contract or Unexpired Lease to be rejected, (b) that is the subject of a separate motion or notice to reject pending as of the Effective Date, or (c) that previously expired or terminated pursuant to its own terms (disregarding any terms the effect of which is invalidated by the Bankruptcy Code).

**PLEASE TAKE FURTHER NOTICE** that any counterparty to an Executory Contract or Unexpired Lease that fails to object timely to the proposed assumption or Cure Cost will be deemed to have assented to such assumption and Cure Cost. Any timely objection to a proposed assumption or Cure Cost shall be resolved by a Final Order as further provided in Article V.B of the Plan; *provided* that the Debtors or Reorganized Debtors may settle any such dispute and shall pay any agreed upon Cure Cost without any further notice to any party or any action, order, or approval of the Bankruptcy Court; *provided*, *further*, that notwithstanding anything to the contrary in the Plan or Confirmation Order, the Reorganized Debtors reserve the right to reject any Executory Contract or Unexpired Lease previously designated for assumption within forty five (45) days after the entry of a Final Order resolving an objection to the assumption or to the proposed Cure Cost.

**PLEASE TAKE FURTHER NOTICE** that, unless otherwise provided by a Bankruptcy Court order, and except as otherwise provided in the Plan, any Proofs of Claim asserting Claims arising from the rejection of the Executory Contracts and Unexpired Leases pursuant to the Plan or otherwise must be filed with the Notice and Claims Agent within thirty (30) days of the effective date of the rejection of the applicable Executory Contract or Unexpired Lease (which shall be the Effective Date unless otherwise provided in an order of the Bankruptcy Court providing for the rejection of an Executory Contract or Unexpired Lease). Any Proofs of Claim arising from the rejection of the Executory Contracts and Unexpired Leases that are not timely filed shall be automatically disallowed without further order of the Bankruptcy Court.

## LATE-FILED PROOFS OF CLAIM

**PLEASE TAKE FURTHER NOTICE** that any Holder of a Claim, other than a Holder of an Opioid Claim or Opioid Demand, that existed on Petition Date that did not File a Proof of Claim on or before the applicable Claims Bar Date may file a motion seeking an order of the Bankruptcy Court permitting such Holder to file a late-filed Proof of Claim; *provided* that, except as otherwise provided in the Confirmation Order and the Plan, any Claim filed after entry of a decree closing the Debtors' Chapter 11 Cases shall not be Allowed unless the Holder of such Claim obtains an order of the Bankruptcy Court allowing such Claim.

## BINDING EFFECT

**PLEASE TAKE FURTHER NOTICE** that, as of the Effective Date, the terms of the Plan and the documents and instruments contained in the Plan Supplement are immediately effective and enforceable and deemed binding upon the Debtors, the Reorganized Debtors, and

any and all Holders of Claims and Interests (irrespective of whether Holders of such Claims or Interests are deemed to have accepted the Plan), all Entities that are parties to or are subject to the settlements, compromises, releases, discharges, and injunctions described in the Plan, each Entity acquiring property under the Plan and any and all non-Debtor parties to Executory Contracts and Unexpired Leases, and notwithstanding whether or not such Person or Entity (a) will receive or retain any property, or interest in property, under this Plan, (b) has filed a Proof of Claim in the Chapter 11 Cases or (c) failed to vote to accept or reject the Plan, affirmatively voted to reject the Plan, or is conclusively presumed to reject the Plan.

## BANKRUPTCY RULE 2002 NOTICE

**PLEASE TAKE FURTHER NOTICE** that, to the extent you filed a request for notice under Bankruptcy Rule 2002 prior to the Effective Date, you must file a renewed request with the Bankruptcy Court after the Effective Date to receive documents pursuant to Bankruptcy Rule 2002 after the date hereof.

## ACCESS TO DOCUMENTS

**PLEASE TAKE FURTHER NOTICE** that copies of the Confirmation Order, the Plan, the Opioid MDT II Documents and Opioid Creditor Trust Documents, the General Unsecured Claims Trust Documents, or any other pleadings or documents filed in the Chapter 11 Case may be obtained free of charge by visiting https://restructuring.ra.kroll.com/Mallinckrodt/ or, for a fee on the Bankruptcy Court's website (http://www.deb.uscourts.gov) by following the directions for accessing the ECF system on such website.

[*Remainder of Page Intentionally Left Blank.*]

US-DOCS\132118077.6

Dated: June 16, 2022

/s/ Michael J. Merchant
Mark D. Collins (No. 2981)
Michael J. Merchant (No. 3854)
Amanda R. Steele (No. 5530)
Brendan J. Schlauch (No. 6115)
**RICHARDS, LAYTON & FINGER, P.A.**
One Rodney Square
920 N. King Street
Wilmington, DE 19801
Telephone:     (302) 651-7700
Facsimile:     (302) 651-7701
Email:         collins@rlf.com
               merchant@rlf.com
               steele@rlf.com
               schlauch@rlf.com

- and -

George A. Davis (admitted *pro hac vice*)
George Klidonas (admitted *pro hac vice*)
Andrew Sorkin (admitted *pro hac vice*)
Anupama Yerramalli (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
1271 Avenue of the Americas
New York, New York 10020
Telephone:     (212) 906-1200
Facsimile:     (212) 751-4864
Email:         george.davis@lw.com
               george.klidonas@lw.com
               andrew.sorkin@lw.com
               anu.yerramalli@lw.com

- and -

Jeffrey E. Bjork (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
355 South Grand Avenue, Suite 100
Los Angeles, California 90071
Telephone:     (213) 485-1234
Facsimile:     (213) 891-8763
Email:         jeff.bjork@lw.com

- and -

Jason B. Gott (admitted *pro hac vice*)
**LATHAM & WATKINS LLP**
330 North Wabash Avenue, Suite 2800
Chicago, Illinois 60611
Telephone:     (312) 876-7700
Facsimile:     (312) 993-9767
Email:         jason.gott@lw.com

*Counsel for Debtors and Debtors in Possession*

US-DOCS\132118077.6