# Morgan Lewis

**John McGahren**
Partner
+1.609.919.6641
john.mcgahren@morganlewis.com

**VIA CM/ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

Re:   Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.
       Civil Action No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

I am writing in response to OxyChem's October 6, 2022 Court filing. ECF No. 2181. OxyChem's filing is not germane to any pending issue before the Court. It was not required or requested by the Court, nor is it responsive to any order, motion, or other filing. Rather, OxyChem has yet again abused the resources of the Court to gain the benefit of a public forum in its ongoing crusade to delay and impede the cleanup and restoration of the Passaic River by undermining the United States' CERCLA settlement process.

It is unclear how producing documents could validate OxyChem's baseless allegations that Sherwin-Williams is withholding or destroyed key records. Quite the opposite, it demonstrates Sherwin-Williams' commitment to meeting its discovery obligations, including its duty to supplement a request for production under Federal Rule of Civil Procedure 26(e) "if the party learns that in some material respect the disclosure or response is incomplete." Supplementation in complex litigation is routine, even where parties take all reasonable efforts to locate potentially responsive documents.

While there was clearly enough time for OxyChem to review the supplemental production and still proceed with the deposition, Sherwin-Williams offered, both verbally and in writing, to delay the deposition seven to fourteen days to provide OxyChem with additional time to review the documents in preparation of the deposition. OxyChem declined. OxyChem's own actions demonstrate that its relentless accusations against Sherwin-Williams amount to nothing more than an attempt to improperly sway the Court and public opinion against the EPA sponsored process to determine each party's share of responsibility to fund a cleanup of the Passaic River. Contrary to OxyChem's continued misrepresentations, Sherwin-Williams' productions in this litigation and submissions to EPA and DEP accurately reflect Sherwin-Williams' potential contribution of

Morgan, Lewis & Bockius LLP

502 Carnegie Center
Princeton, NJ  08540-6241          ⏺ +1.609.919.6600
United States                      ⏺ +1.609.919.6701

A Pennsylvania Limited Liability Partnership | Terry D. Johnson, Partner-in-Charge

Special Master Thomas P. Scrivo, Esq.
October 7, 2022
Page 2

contaminants of concern to the Passaic River. There is nothing in the supplemental document production or deposition testimony that suggests otherwise.

As you are already aware through previous email communications, OxyChem raised a dispute regarding Sherwin-Williams' claim of confidentiality over certain documents. However, the parties were able to resolve the issue without the intervention of the Court. So too here, Sherwin-Williams should be given the benefit of the procedures provided for in the Amended Protocol for Depositions (the "Protocol") (ECF No. 2060), including the requirement that a party seek a meet and confer ten days before noticing any deposition. Yet on October 3, OxyChem served notices of deposition without even attempting to comply with the scheduling provisions of the Amended Deposition Protocol. Then, OxyChem filed its letter with the Court before Sherwin-Williams had an opportunity to respond to the deposition notices within the time requested by OxyChem. Sherwin-Williams intends to meet and confer with OxyChem to address any objections and schedule the depositions. Sherwin-Williams hopes to resolve any potential disputes without Court intervention.

Respectfully submitted,

John McGahren

Cc: All counsel of record