**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

October 24, 2022

**VIA EMAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

      RE:    *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
                Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

      I write on behalf of the Small Parties Group (the "SPG") in response to OxyChem's letter to the Special Master dated October 14, 2022.[1] In the midst of agreeing that the Special Master's recent extension of the fact discovery deadline to April 2023 was appropriate,[2] OxyChem simultaneously suggests that this matter is somehow ripe for establishing all manner of additional deadlines, going so far as to request that the Special Master set a trial date. Given the significant uncertainty in the time needed for the fact discovery deadline alone, not to mention expert discovery, and the fact that the parties meet monthly with the Special Master, it does not make sense to establish additional speculative deadlines at this point in the case. Instead, the parties should continue to work to make progress with monthly updates and revisit the schedule, as needed, in January 2023.

      OxyChem's letter acknowledges and outlines the voluminous discovery still to be done. Many dozens of depositions remain to be taken by all parties;[3] OxyChem still has not produced responsive privilege logs or documents in connection with its first and fourth privilege logs—part of a dispute that has been pending for close to 3 years and that involves 30,000 documents, a third of which form the foundation for additional key depositions;[4] and OxyChem has provided drawn-out piecemeal objections to its own Rule 30(b)(6) depositions.[5] The parties are still in the process of negotiating substantial consultant productions (with 2.3 million documents to be provided), and although OxyChem represents again—as it has for months—that it "expects to be able to begin production [certain of its consultants' documents] on a rolling basis soon,"[6] just three days ago, OxyChem produced its first, incomplete tranche of documents from one of its consultants. OxyChem also identifies multiple discovery disputes that it anticipates raising before the Special

---

[1] ECF No. 2196.
[2] *See* ECF No. 2160 at 6.
[3] ECF No. 2196 at 3-8; *see* ECF No. 2160 at 4-5.
[4] ECF No. 2196 at 9; *see* ECF No. 2005; *see also* ECF No. 2160 at 2-3.
[5] ECF No. 2196 at 7; *see* ECF No. 2160 at 4-5.
[6] ECF No. 2196 at 9; *see* ECF No. 2160 at 3.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 24, 2022
Page 2

Master.[7]  In addition, absent from OxyChem's letter is any mention of third-party discovery, which is in its early stages,[8] or the Special Master's recent order regarding the SPG's Motion for Reconsideration and Clarification as to OxyChem's Second Request for Production of Documents, which may result in additional ESI productions.[9]

These are not the hallmarks of a case that is ready for a trial date or even an expert discovery deadline.  Rather, the scope of the remaining discovery, as well as the need to schedule depositions more than three months ahead, is what supported the Special Master's recent extension of the discovery deadline,[10] and it amply demonstrates why it is not yet necessary to schedule any further deadlines beyond it.  Instead of focusing on new deadlines, OxyChem should put more effort into meeting the deadlines that currently exist.

Contrary to OxyChem's assertion, the Special Master violates no rules of procedure by declining to set all deadlines and a trial date at this juncture.  Local Civil Rule 16.1(b)(1)(C) requires the entry of a scheduling order and then lists what a scheduling order "*may* include," such as "dates for completion of fact and expert discovery." (Emphasis added.)  Similarly, Fed. R. Civ. P. 16(b)(3)(B)(vi), (4) states that a scheduling order "*may* . . . set dates for pretrial conferences and for trial" but also allows for the court's modification of scheduling orders.  (Emphasis added.)  Rule 16 further allows, "At any pretrial conference, the court may consider and take appropriate action on," for example, "controlling and scheduling discovery"; "determining the form and content of the pretrial order"; or "adopting special procedures for managing potentially difficult or protracted actions that may involve complex issues, multiple parties, difficult legal questions, or unusual proof problems."  Fed. R. Civ. P. 16(c)(2)(F), (J), (L); *see Hale v. Leiss*, No. 1:21-CV-01028, 2022 WL 6250663, at *1 (M.D. Pa. Oct. 7, 2022) ("Federal courts have broad discretion to determine the scope of discovery and to manage the discovery process." (citing *Wisniewski v. Johns-Manville Corp.*, 812 F.2d 81, 90 (3d Cir. 1987))).

The duration, scope, and complexity of the discovery process with which OxyChem expresses its frustration is largely a function of OxyChem's choices.  Rather than participate in the organized settlement process to which the United States invited OxyChem years ago, OxyChem decided to sue 116 parties for the same response costs, advancing a host of claims for activities spanning many decades.[11]  Now, having instituted this very process, OxyChem complains that it is slow and cumbersome. Discovery in such a complicated case is—as any plaintiff should be able to predict—complex, voluminous, and sluggish at times, even in the best of circumstances.  This case is precisely the type of litigation that exemplifies why the Court is authorized to appoint a

---

[7] ECF No. 2196 at 7, 10.
[8] OxyChem itself has not issued any discovery requests to the third-party defendants.
[9] ECF No. 2091-1 at 12-13, 2188; *see* ECF No. 2160 at 3-4.
[10] ECF No. 2184.
[11] *See* ECF Nos. 1, 1247.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
October 24, 2022
Page 3

discovery Special Master, *see* Fed. R. Civ. P. 53, and demonstrates why the Court elected to do so in this case.[12]

Further, despite OxyChem's critiques, the SPG believes that the Special Master has been managing this litigation consistently throughout, addressing the need for discovery management issues as they arise, rather than according to a rigid and unworkable schedule that does not reflect the reality of a lawsuit of this magnitude.

For these reasons, the SPG respectfully requests that the Special Master decline at this time to impose additional deadlines beyond the April 2023 fact discovery deadline. The parties and the Special Master can discuss the setting of additional realistic case management order deadlines at a monthly status conference when the need becomes more concrete.

Respectfully Submitted,

Jeffrey D. Talbert

cc:  All counsel of record

---

[12] In appointing the Special Master, the Court reasoned that, "given the complexity of CERCLA litigation, the number of parties in the underlying action, and the volume and nature of discovery being produced and sought, the Court foresees that this case will demand a level of case management that is simply not sustainable." ECF No. 646 at 2-3 (citations omitted) (characterizing discovery in this matter as "complicated and contentious" (internal quotations omitted)).