

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com

October 28, 2022

<u>*Via CM/ECF*</u>
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

      Re:    *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*,
             **Civil Action No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

    Occidental Chemical Corporation ("OxyChem") opposes the SPG's motion to stay (Dkt. 2205) the Special Master's June 13, 2022 and October 11, 2022 Orders. The SPG Defendants cannot justify an *additional* delay in fulfilling their most basic discovery obligations. Granting their request would both harm OxyChem and hinder this case's forward momentum. The motion should be denied.

    The documents at issue were first requested by OxyChem in September 2021—more than a year ago—and the Special Master has now entered two Orders confirming that the SPG Defendants must produce or otherwise substantiate a claim of privilege for each responsive document. Despite this, many SPG Defendants continue to withhold a significant volume of responsive documents and have not served a privilege log. *See* Dkt. 2205 (10-25-2022 ltr. from J. Talbert to Special Master) at 1 ("Compliance with the decision would require a *significant effort* by a *large number of parties*...." (emphasis added)).

    The Special Master's June 13 and October 11 Orders require what the Federal Rules demand of *any* litigant, and there is no justification to stay compliance. "To grant a stay pending appeal, the court must determine: (1) whether the movant is likely to succeed on the merits of the appeal; (2) whether the movant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) whether the stay will harm the public interest." *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharms. Co.*, No. 00-5361 (WGB), 2001 WL 493266, at *1 (D.N.J. Jan. 17, 2001) (citing *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987)).

    None of the requirements for a stay are present here. The SPG Defendants cannot show they are likely to succeed on the merits of the appeal to the District Judge. To the contrary, the Special Master has already entered *two* Orders rejecting the SPG Defendants' arguments. In addition, the basis of the SPG's appeal—that the Special Master erred by not endorsing their

Special Master Thomas P. Scrivo, Esq.
October 28, 2022
Page 2

"categorical" claim of privilege as a license to opt out of discovery—is directly at odds with Judge Arleo's prior Orders. *See* Dkt. 2170 (9-26-22 Decision of the Special Master) at 7 ("The SPG Defendants have already successfully challenged the Special Master's authority to impose a blanket application of privilege through an appeal to the District Judge." (citing Dkt. 1268-1)).

Complying with the Special Master's Orders will result in no injury—irreparable or otherwise—to the SPG Defendants. The Special Master's Orders require that the SPG Defendants *comply with the Rules* by producing to OxyChem communications among a joint defense group made while OxyChem was a group member, and by producing or listing on privilege logs other responsive documents requested by OxyChem. The lack of any conceivable injury to the SPG Defendants is demonstrated by their motion, which cites only the "substantial effort" of engaging in document discovery as a basis to stay the Orders. *See* Dkt. 2205; *see also* Dkt. 2090 at 1 (requesting stay "[b]ecause compliance with the RFP Decision would require a significant effort by a large number of parties . . .").

On the other hand, entering a stay *will* substantially injure OxyChem. The SPG Defendants seek to recover from OxyChem more than *$150 million* in alleged past response costs—and to escape their own liability for future response costs potentially worth *billions*—based largely on the vague and unsupported refrain that they have cooperated with the government and OxyChem has not. Yet, tellingly, the SPG Defendants refuse to provide discovery regarding their purported cooperation. Allowing the SPG Defendants to continue that refusal will unquestionably injure OxyChem. Indulging the SPG Defendants' tactics to avoid their liability for polluting the Passaic River will injure both OxyChem *and* the public.

OxyChem respectfully requests that the Special Master *deny* the SPG Defendants' motion so that document discovery can proceed without additional, unnecessary delay.

Respectfully submitted,

*[signature: Kathy Patrick]*

Kathy D. Patrick

/s/ *John J. McDermott*

John J. McDermott

cc:    All counsel of record