

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com

November 9, 2022

<u>Via CM/ECF</u>
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

      Re:    *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*,
             **Civil Action No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

      Occidental Chemical Corporation ("OxyChem") respectfully requests protection from the Small Parties Group's ("SPG") notice of deposition of Frank Parigi, General Counsel for OxyChem affiliate Glenn Springs Holdings, Inc. ("GSH"). *See* **Ex. A** (Oct. 6, 2022 Notice of Oral Deposition to Frank Parigi ("Notice")). Mr. Parigi is not a fact witness. He is an in-house lawyer *who advises OxyChem in this litigation*. The SPG's attempt to depose Mr. Parigi individually is harassing and oppressive—the SPG can obtain the information it seeks elsewhere without intruding on OxyChem's attorney-client relationship, including by deposing Mr. Parigi as one of OxyChem's 30(b)(6) designees. Under Federal Rule of Civil Procedure 26(c)(1), the Special Master should grant OxyChem protection and quash the Notice.

**1.      Factual Background**

      *1.1.    As GSH General Counsel, Mr. Parigi Advises OxyChem <u>in this Action</u>.*

      Mr. Parigi is General Counsel and Vice President of GSH, where he has worked since 2005. *See* **Ex. B** (Declaration of Frank Parigi) ¶ 3. GSH is an OxyChem affiliate focused on environmental remediation. *Id.* ¶ 2. As GSH's General Counsel, Mr. Parigi oversees GSH's legal team in connection with environmental remediation, and related litigation involving GSH or its affiliates, including OxyChem. *Id.* ¶ 4. Mr. Parigi's work encompasses legal advice to OxyChem in relation to the Diamond Alkali Superfund Site ("DASS") and this lawsuit. *Id.* ¶ 5. Mr. Parigi does *not* manage chemical production or the technical components of remediation work. *Id.* ¶ 6. As OxyChem has previously informed the SPG, OxyChem intends to designate Mr. Parigi as its corporate representative for portions of the topics sought by the SPG in its 30(b)(6) deposition notice.

      *1.2.    The Notice is the SPG's Second Attempt to Seek Discovery from Mr. Parigi.*

      Two years ago, the SPG sought to compel OxyChem to collect and produce Mr. Parigi's custodial file. *See* Dkt. 1126 (Nov. 12, 2020 SPG Letter Motion). At that time, the SPG relied on a

Special Master Thomas P. Scrivo, Esq.
November 9, 2022
Page 2

false premise: that Mr. Parigi was more than a lawyer when working on DASS, because he had assumed some of the business responsibilities of former GSH President Jo Ellen Drisko. *Id.* at 1–2, 5. In fact, Ms. Drisko's role was assumed not by Mr. Parigi, but by then GSH President Mike Anderson. *See* Dkt. 1130 (Nov. 16, 2020 OxyChem Agenda Letter) at 2. As OxyChem explained: "[T]he SPG's contention that Mr. Parigi functions in a business role with respect to the Passaic River . . . is simply inaccurate—with respect to the issues relevant to this case, Mr. Parigi operates only as counsel." *Id.* at 2. The SPG subsequently agreed to withdraw its motion to compel, based in part on OxyChem's stipulation that it did not intend to and would not call Mr. Parigi as a fact witness. *See* **Ex. C** (Dec. 14, 2020 SPG Letter to OxyChem).

  *1.3. The SPG's Deposition Request and OxyChem's Objections.*

  Earlier this year, the SPG requested dates to depose 18 witnesses, including Mr. Parigi. *See* **Ex. D** (Mar. 18, 2022 SPG Letter to OxyChem) at 1. OxyChem provided dates for each witness—including a placeholder date for Mr. Parigi—but again objected to the renewed attempt to make Mr. Parigi a fact witness. **Ex. E** (Mar. 25 2022 OxyChem Letter to SPG) at 1–2; **Ex. F** (April 1, 2022 OxyChem Letter to SPG). OxyChem reminded the SPG of its previously abandoned attempt to seek discovery from Mr. Parigi, and advised that to proceed with a deposition of Mr. Parigi, "a witness whose knowledge is central to OxyChem's litigation strategy and its privileged advice from litigation counsel, the SPG bears the burden to show it has exhausted other means to obtain relevant and non-privileged information from OxyChem." *Id.* at 2.

  Over the summer, OxyChem worked with the SPG to schedule the SPG's other depositions, but maintained objections to Mr. Parigi's deposition. *See* **Ex. G** (Jul. 15, 2022 Email from J. McDermott). In September, OxyChem once again asked the SPG to explain the propriety of deposing an attorney who advises OxyChem in this litigation—while at the same time pursuing a Rule 30(b)(6) deposition on 40 topics that subsume entirely any non-privileged subject about which Mr. Parigi could possibly testify. *See* **Ex. H** (Sept. 14, 2022 OxyChem Letter) at 45. The parties discussed Mr. Parigi's deposition in a September 29, 2022 meet-and-confer, but failed to come to an agreement.

  The SPG served the Notice on October 6, 2022, listing eight topics of inquiry:

(1) "response activities of [OxyChem], including its predecessors, affiliates, and indemnitors, related to [DASS]";

(2) "the indemnity relationship between Maxus/Tierra and OCC relating to DASS";

(3) "the performance of obligations relating to DASS arising under settlement agreements with U.S. EPA and/or NJDEP";

(4) "the transition of DASS work and documents from Maxus/Tierra to OCC";

(5) "communications between OCC and [GSH] . . . and U.S. EPA and NJDEP . . . relating to the DASS";

(6) "costs incurred or estimated to be incurred by OCC, GSH, and/or Occidental Petroleum Corporation related to the DASS";

(7) "OCC's interrogatory answers in the above-captioned litigation that were verified by Mr. Parigi"; and

  (8) "public testimony and statements provided or made by Mr. Parigi relating to DASS."

**Ex. A**. Topics 1–6 are not unique to Mr. Parigi. The SPG included the same topics in its deposition notice to former GSH President Mike Anderson, and covered substantially the same topics in its deposition of GSH Director of Operations Enrique Castro, which occurred on August 9, 2022. *See* **Ex. I** (Oct. 6, 2022 Notice of Oral Deposition to Mike Anderson); **Ex. J** (July 20, 2022 Notice of Oral Deposition of Enrique Castro). It also covers those topics—among many others—in its *two* Rule 30(b)(6) deposition notices to OxyChem. *See* **Ex. K** (Oct. 6, 2022 Notice of 30(b)(6) Deposition to OxyChem); **Ex. L** (Oct. 6, 2022 [Second] Notice of 30(b)(6) Deposition to OxyChem).

**2. Legal Standard**

  The Court has authority to protect a party from unduly burdensome or oppressive discovery. FED. R. CIV. P. 26(c)(1). When a party moves for protection from a deposition of its counsel, "[i]t is well settled that care must be taken to assure" that the deposition is "necessary and appropriate and proportional to the needs of the case." *Younes v. 7-Eleven, Inc.*, No. 13-3500 (JS), 2015 WL 12843884, at *2 (D.N.J. Mar. 11, 2015).

  In the District of New Jersey, courts considering a motion for protection from a deposition of counsel apply the "*Shelton* test" or the "*Johnston* test." Both consider the unique burden a party faces when asked to present its own counsel for a deposition. *See Shelton v. Am. Motors Corp.*, 805 F.2d 1323, 1330 (8th Cir. 1986) (the "harassing practice of deposing opposing counsel (unless that counsel's testimony is crucial and unique)" is "an adversary trial tactic that does nothing for the administration of justice but rather prolongs and increases the costs of litigation, demeans the profession, and constitutes an abuse of the discovery process"); *Johnston Dev. Grp., Inc. v. Carpenters Loc. Union No. 1578*, 130 F.R.D. 348, 353 (D.N.J. 1990) (deposing a party's counsel "may extract a dear price from the healthy adversary process upon which our system places such heavy reliance").

  The *Shelton* test "places the burden of proof on the party seeking the deposition." *Memory Bowl v. North Pointe Ins. Co.*, 280 F.R.D. 181, 184 (D.N.J. 2012). Under *Shelton*, a deposition of an opposing party's in-house counsel may proceed only if:

  1. No other means exist to obtain the information.
  2. The information sought is relevant and non-privileged.
  3. The information sought is crucial to the preparation of the case.

*See Shelton*, 805 F.2d 1323 at 1327. The *Shelton* test is widely applied and has been explicitly applied by the Sixth and Tenth Circuits. *See Alomari v. Ohio Dep't of Pub. Safety*, 626 F. App'x 558, 573 (6th Cir. 2015); *Richards Thiessen v. Gen. Elec. Cap. Corp.*, 267 F.3d 1095, 1112 (10th Cir. 2001). Likewise, the District of New Jersey "uses the Shelton factors when considering whether an attorney should be deposed." *Mondis Tech. Ltd. v. LG Elec., Inc.*, No. 15-4431 (CLW), 2017 WL 4155121, at *2 (D.N.J. Sept. 19, 2017); *see also U.S. ex rel. Salomon v. Wolff*, No. 2:17-CV-05456-ES-CLW, 2022 WL 989317, at *2–3 (D.N.J. Mar. 23, 2022) (agreeing with the Department of Justice that *Shelton* is the applicable standard).

  Some District of New Jersey cases have preferred the rule articulated in *Johnston Dev. Grp., Inc. v. Carpenters Loc. Union No. 1578*, 130 F.R.D. 348 (D.N.J. 1990). *See, e.g.*, *Younes v. 7-Eleven, Inc.*, No. CV 13-3500 (RMB/JS), 2015 WL 12843884, at *2 (D.N.J. Mar. 11, 2015). The

Special Master Thomas P. Scrivo, Esq.
November 9, 2022
Page 4

*Johnston* test substantially overlaps with the *Shelton* test, but places the burden on the party seeking protection. *Id.* at 353. Under *Johnston*, undue burden is measured by "(1) the relative quality of information in the attorney's knowledge . . . ; (2) the availability of the information from other sources that are less intrusive into the adversarial process; and (3) the harm to the party's representational rights of its attorney if called upon to give deposition testimony." *Id.*

Under both *Shelton* and *Johnston*, the Special Master should quash the SPG's notice of deposition for attorney Mr. Parigi.

**3.    Argument**

Attorneys are advisors and advocates, not witnesses. Under both *Shelton* and *Johnston*, the SPG may only depose in-house counsel when the witness has important, non-privileged knowledge that cannot be obtained elsewhere. *See Shelton*, 805 F.2d at 1330; *Johnston,* 130 F.R.D. at 353. That is not the case here. *First*, the SPG has ample opportunity to obtain—and in fact is *concurrently pursuing*—the same information from OxyChem's Rule 30(b)(6) corporate representative(s), including Mr. Parigi, and from other individual, non-attorney witnesses with direct involvement in the underlying facts. *Second*, Mr. Parigi's personal knowledge of relevant facts is predicated on a privileged attorney-client relationship; the SPG's deposition of Mr. Parigi therefore does not seek "relevant and *non-privileged*" information as required by the second *Shelton* factor. *See Mondis Tech*, 2017 WL 4155121, at *2 (emphasis added). *Third*, even *if* Mr. Parigi could provide some additional information not already available from the non-attorney percipient witnesses SPG has and will depose, the SPG has no basis to claim that such additive information would be *crucial* in any way. In particular, the peripheral topics listed in the Notice—like indemnification, Maxus/Tierra's transition of work and documents to OxyChem, and "public testimony and statements" made by Mr. Parigi—are certainly not "crucial to the preparation of the case." *Id.*

*3.1.   The Information Sought Can be Obtained Elsewhere.*

The SPG has issued other deposition notices seeking the same information from persons other than Mr. Parigi. Indeed, the first *six* deposition topics in the Notice are *exact* duplicates of topics in the SPG's notice for Mike Anderson. *Compare* **Ex. A** (Parigi Notice), *with* **Ex. I** (Anderson Notice). And the deposition of Enrique Castro covered substantially the same topics as those described in the Notice. *Compare* **Ex. A** (Parigi Notice), *with* **Ex. J** (Castro Notice).

At best, the SPG can argue that its 7th and 8th deposition topics (Mr. Parigi's verification of interrogatory responses and his public testimony and statements) are unique to Mr. Parigi. But neither topic calls for Mr. Parigi's *personal knowledge*; when Mr. Parigi verified interrogatories or gave a public statement, he was speaking on behalf of GSH and OxyChem. *See* **Ex. B** (Parigi Declaration) ¶ 5.  Mr. Parigi's verifications also complied with Local Civil Rule 33.1(b) by identifying the sources of information on which OxyChem's interrogatory answers are based. *See* **Ex. M** (June 28, 2019 verification); **Ex. N** (Feb. 24, 2021 verification). As for public statements, the SPG *already has* the transcript of Mr. Parigi's April 18, 2017 public testimony on behalf of GSH and OxyChem before the New Jersey legislature's Assembly Environment and Solid Waste Committee related to a bill on foreign corporations' use of the bankruptcy process to avoid Superfund liabilities.

To the extent Topics 7 and 8 are relevant and discoverable at all, these topics are more proper for *OxyChem's* Rule 30(b)(6) deposition. Indeed, OxyChem intends to designate Mr. Parigi as OxyChem's corporate representative for portions of its 30(b)(6) deposition. The SPG's own proposed 30(b)(6) deposition topics for OxyChem *already subsume the Notice's topics*, demonstrating that the SPG can obtain the same information from Mr. Parigi in his representative capacity. For example:

| | PARIGI TOPIC | | 30(B)(6) TOPIC |
|---|---|---|---|
| 1 | "[R]esponse activities of Occidental Chemical Corporation" | 2.15 | "Your involvement in remediation activities at the DASS" |
| 2 | "[T]he indemnity relationship between Maxus/Tierra and OCC" | 1.13 | "[A]ll claims for indemnification under the SPA indemnification agreement" |
| 3 | "[T]he transition of DASS work and documents from Maxus/Tierra to OCC" | 2.15 | "Your activities and Communications related to the Site Transition Plan" |
| 4 | Communications with EPA and NJDEP | 2.14 | "Communications with state, federal, or local government agencies" |
| 5 | "[C]osts incurred or estimated to be incurred by OCC" | 1.16 | "[A]ll costs You are seeking contribution or cost recovery for" |

*See* **Ex. K** (Oct. 6, 2022 Notice of 30(b)(6) Deposition to OxyChem), Topics 13 & 16; **Ex. L** (Oct. 6, 2022 [Second] Notice of 30(b)(6) Deposition to OxyChem), Topics 14 & 15. Finally, Parigi Topic 6 (costs incurred by OxyChem) is not only subsumed by the SPG's 30(b)(6) topics—the SPG has *already taken a deposition on this issue*. *See* **Ex. J** (Jul. 20, 2022 Notice of Oral Deposition of Enrique Castro) at 2 (including among topics, "costs incurred to date by OxyChem"). *See also* **Ex. O** (OxyChem's Oct. 27, 2022 Third Amended Initial Disclosures) at 2-4 (identifying individual, non-attorney witnesses with knowledge regarding the Notice's topics).

The SPG need not depose Mr. Parigi individually when it has abundant access to alternative sources for the information it seeks. In terms of GSH alone, the SPG has ample other sources of information: After deposing current GSH employee Enrique Castro on August 9, the SPG seeks to depose former GSH employee Mike Anderson (noticed for December 8, 2022, *see* **Ex. I**); and current GSH employee Paul Bluestein (not yet noticed, *see* **Ex. E** at 1); and recently requested dates for three additional GSH employees: Juan Somoano (current GSH President), Brian Mikucki (Site Manager), and Lisa Waskom (Senior Project Manager). *See* **Ex. P** (Oct. 14, 2022 SPG Email). These depositions are *just six* of the multitude of depositions requested—but not yet taken—by the SPG. *See* Dkt. 2196 (Oct. 14, 2022 OxyChem Ltr.) at 7-8.

*3.2. Mr. Parigi as General Counsel of GSH is a Key Figure in OxyChem's Legal Team.*

There is virtually no benefit to the SPG of deposing Mr. Parigi individually regarding facts in which he was not directly involved—or was involved only as counsel—*and* which the SPG can obtain from other witnesses. But the cost to OxyChem is high. Mr. Parigi's *only connection to this case* is as General Counsel of GSH. *See* **Ex. B** (Parigi Declaration) ¶ 6. Mr. Parigi is directly involved in all aspects of OxyChem's litigation strategy, receives privileged advice from outside

Special Master Thomas P. Scrivo, Esq.
November 9, 2022
Page 6

litigation counsel, and communicates with in-house clients about that strategy and advice. *Id*. A deposition of counsel is most dangerous "where the subject matter of the deposition would be likely to be heavily intertwined with privileged or confidential information," as here. *Johnston*,130 F.R.D. 348 at 352.

### 3.3. The Information Sought is Not "Crucial" to the SPG's Preparation of the Case.

Even if relevant, *none* of the information the SPG might obtain by deposing Mr. Parigi is *crucial*. "[F]or information to be crucial, it must have some greater importance to the action than merely being relevant." *Ditech Fin. LLC v. SFR Invs. Pool 1, LLC*, No. 2:15-cv-476-JCM-VCF, 2016 WL 4370034, at *3 (D. Nev. Aug. 15, 2016) (citing *Shelton*, 805 F.2d at 1327). As explained above, the SPG has noticed or requested depositions of GSH personnel directly involved in the facts underlying the Notice's topics. Since Mr. Parigi's involvement is limited to his role as counsel, the SPG has no basis to assert that Mr. Parigi has any additional, non-privileged information beyond what other percipient witnesses have and will provide—let alone any reason to believe such information could be *crucial* to the SPG's preparation of its case.

The peripheral issues discussed above that are—arguably—unique to Mr. Parigi are no different. Given that Mr. Parigi's interrogatory answer verifications already identify the materials relied upon, and the transcript of Mr. Parigi's public testimony in 2017 about a tangential bankruptcy issue is already in the SPG's hands, it is apparent no "crucial" information on these subjects could be obtained that could justify a personal deposition of Mr. Parigi. Deposing an adverse attorney on "central factual issues" may be appropriate, but the SPG's "peripheral concerns" fall short. *See Johnston*, 130 F.R.D. 348 at 353.

### 4. Conclusion

The SPG's effort to depose Frank Parigi is a reboot of its previously abandoned efforts to invade OxyChem's privilege. The topics for Mr. Parigi's deposition are not critical to the SPG's case, are not unique to Mr. Parigi, and would be more appropriate for a 30(b)(6) deposition in any event. Because the SPG cannot overcome the strong presumption disfavoring depositions of opposing counsel, OxyChem respectfully requests the Special Master grant it protection and quash the SPG's notice of deposition of Mr. Parigi.

Respectfully submitted,

*[signature: Kathy Patrick]*

Kathy D. Patrick

/s/ *John J. McDermott*

John J. McDermott

cc:   All counsel of record