# PretiFlaherty

Portland, ME

Augusta, ME

Concord, NH

Boston, MA

Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

November 10, 2022

**VIA EMAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

> RE:   ***Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.***
> **Docket No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

I write on behalf of the Small Parties Group (the "SPG") in advance of the November 16, 2022, conference to update the Special Master on the progress of discovery and to request the following agenda items for discussion at the conference:

1. Document Discovery
   a. Consultant Productions
   b. Third Party Discovery
   c. Privilege Logs
2. Depositions
   a. Deposition Scheduling
   b. OxyChem's Rule 30(b)(6) Deposition
   c. Frank Parigi's Deposition
3. Case Management
4. OxyChem's FOIA Requests
5. Motions Awaiting the Special Master's Decision
6. Update on Settlement

**Overview**

With the Special Master's grant of an extension of the fact discovery deadline,[1] the parties have started discussing dates for depositions into early Spring 2023. The SPG has cooperated with OxyChem's request to reschedule certain depositions, even though OxyChem has refused to

---

[1] ECF No. 2184.

**Preti Flaherty**
**Beliveau & Pachios LLP**
Attorneys at Law

One City Center, Portland, ME 04101   |   PO Box 9546, Portland, ME 04112-9546   |   Tel 207.791.3000   |   **www.preti.com**

19682420.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 2

accommodate other parties' well-founded scheduling constraints.[2]   At this point, multiple document production issues continue to plague the orderly completion of discovery.

OxyChem's failure to produce highly relevant documents continues to impact the SPG's ability to schedule depositions.  In particular, OxyChem has still not produced a significant volume of documents from its consultants that the SPG subpoenaed years ago.  OxyChem has also thwarted discovery by refusing to honor the terms of agreed-to protocols and stipulations—most recently, the Amended Protocol for Depositions,[3] the Joint Stipulation and Order Regarding Production of Documents and Communications with Non-Party Consultants,[4] and OxyChem's commitment to provide copies of Site-related FOIA requests to Defendants.[5]  Given this background, OxyChem should stop its pattern of accusing the SPG of impeding discovery while at the same time delaying and frustrating other parties' discovery efforts.

## 1.  Document Discovery

### a.  Consultant Productions

Update:  OxyChem's delayed consultant productions remain a significant issue.  Although the SPG confirmed all document production requests for OxyChem's consultants (most in June or July 2022) under the Joint Stipulation that OxyChem proposed,[6] OxyChem has produced less than 10% of the documents designated in the last 4 months.  The following chart details the number of documents that OxyChem still has not produced, despite saying repeatedly to the SPG and the Special Master that these productions would be forthcoming:[7]

| OxyChem Consultants | SPG Confirmation | Documents Designated | Documents Produced | Production Date | Confirmation to Production | Unproduced Documents |
|---|---|---|---|---|---|---|
| Arcadis | June 30, 2022 | 800,000 | 42,215 | Oct. 21, 2022 | 113 days (partial) 133 days + | 757,785 |
| Brown and Caldwell | July 25, 2022 | 15,440 | 24,740 | Nov. 4, 2022 | 102 days | Undetermined[8] |

---

[2] As the Special Master knows, OxyChem refused to postpone the Rule 30(b)(6) deposition of MI Holdings, Inc., for example, when the deponent became unavailable due to a trial in another matter.  *See* ECF No. 2198.

[3] ECF No. 2060.

[4] ECF No. 1865.

[5] ECF No. 535.

[6] ECF No. 1865.

[7] *See* ECF No. 2159 at 8 (including OxyChem's representation in its September agenda letter that it "expects to produce [consultant documents] on a rolling basis in the coming weeks"); ECF No. 2159-7 at 2 (same); ECF No. 2196 at 9 (same).

[8] The SPG has not yet deciphered whether Brown and Caldwell's production was fully responsive to the documents designated in the SPG's confirmation.  That the production is incomplete is suggested by OxyChem's representation that the Brown and Caldwell production will be complete by December 16, 2022.

2

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 3

| Exponent | Oct. 13, 2022 | 135,000 | 0 | - | 28 days + | 135,000 |
| Tetra Tech | July 25, 2022; Oct. 13, 2022 (revised) | 11,639 | 0 | - | 108 days + | 11,639 |
| | Totals: | 962,079 | 66,955 | | | **904,424** |

OxyChem now promises it will complete the Brown and Caldwell and Arcadis productions by December 16 and 31, respectively.  OxyChem has given no indication about when it expects to complete the Exponent and Tetra Tech productions.

As for OxyChem's subpoenas, notwithstanding the fact that the SPG has provided second-response cost estimates for all requested CPG consultants, *OxyChem has yet to execute a single confirmation for any of the CPG consultants* per the process set forth in the Joint Stipulation and Order Regarding Production of Documents and Communications with Non-Party Consultants.[9] Instead, OxyChem has launched a months-long campaign to persuade the CPG consultants to veer from the Joint Stipulation and engage in a limited privilege review of the documents.[10]  The CPG consultants have declined this request due to concerns about producing confidential client information.[11]  All these consultants await a response from OxyChem.  By the estimates completed thus far, these productions, if made, would total more than 1.2 million documents.  OxyChem's approach to consultant subpoenas have caused the consultants and parties to incur many thousands of dollars in responding, only to be no closer to execution of the cost-shifting paradigm that was the point of the Joint Stipulation that OxyChem itself proposed.

Next Steps:  No action by the Special Master is requested at this time. The SPG will meet and confer with OxyChem over the next month so that, if necessary, the issues will be ripe for the Special Master's consideration at the next conference.

b.   *Third Party Discovery*

Update:  In an effort to minimize the discovery burdens on Third Party Defendants Passaic Valley Sewer Commission and the municipal defendants, the SPG is working with the Third Party Defendants as to the scope and timing of their responses to the SPG's document requests and interrogatories.

Next Steps:  No action by the Special Master is necessary at this time.

c.   *Privilege Logs*

Update:  One of the primary impediments to completing document discovery and moving forward with depositions of OxyChem witnesses is OxyChem's long-standing refusal to produce the documents that it wrongfully withheld from its first and fourth privilege logs, at least 10,000

---

[9] ECF No. 1865.
[10] *See* ECF No. 2159 at 8-9.
[11] *See* Letter from Alyse Berger Heilpern to Charles J. Dennen (Oct. 6, 2022), attached as **Exhibit A**.

19682420.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 4

of which are linked to witnesses[12] the SPG would like to depose.  These privilege log disputes date
back to January 2020, when OxyChem first claimed that its logs were sufficient to sustain its
privilege assertions,[13] a claim that has now been rejected by the Special Master on multiple
occasions.[14]  In March 2022, Judge Arleo ordered OxyChem to either provide responsive privilege
logs or produce the documents themselves.[15]  OxyChem again claimed its logs were already
sufficient, setting off a briefing process to make arguments that Judge Arleo had already rejected.[16]
In July 2022, the Special Master ordered OxyChem's compliance within 30 days.[17]  Once again,
rather than simply comply, OxyChem forced the parties and the Special Master into a protracted
*in camera* review process.  Notwithstanding orders from the Special Master and Judge Arleo, after
*33 months*, OxyChem still has not provided either fully responsive privilege logs or the documents
themselves.

        Next steps:  Completion of the *in camera* review process and issuance of a final decision
to address Judge Arleo's remand is necessary.  After that, OxyChem should expediently comply
with any resulting order.

        2.  **Depositions**

                a.  *Deposition Scheduling*

        Update:  Although the parties are still in the early stages of deposition discovery, dates for
depositions have been discussed and, in some cases, confirmed on the calendar through February
2023.  In scheduling some of these depositions over the past several months, OxyChem has
continued to set depositions without complying with the scheduling requirements of the Amended
Protocol for Depositions.[18]  Specifically, OxyChem has been either unilaterally setting dates or
coordinating dates with only counsel for the deponent, without involving any of the liaison counsel
in the case.[19]  For example, on November 8, without any advance notice to liaison counsel,
OxyChem served three notices for depositions to be held the week of November 14.  These notices
plainly violate the terms of the Protocol and threaten the fair opportunity of liaison counsel and

---

[12] The SPG has been forced to delay the depositions of Rick Wenning, Paul Bluestein, Hadley Bedbury,
David Rabbe, Mel Skaggs, and Cliff Firstenberg, for example.  The SPG has also had to delay depositions
of OxyChem consultants, who have information that is likely critical to assessing OxyChem's claims in
this case.
[13] *See* ECF Nos. 1091-1 at 4, 1091-2 at 3.
[14] ECF Nos. 2033, 2107.
[15] ECF No. 2005.
[16] *See* ECF Nos. 2056-1, 2107.
[17] ECF No. 2107 at 9.
[18] ECF No. 2060.
[19] This is in violation of the requirement in the Amended Protocol for Depositions that "[p]rior to noticing
or serving a subpoena for a deposition of any individual under Rule 30(b)(1), the party noticing the
deposition ('Noticing Party') shall meet and confer with counsel for the deponent, counsel for the Plaintiff,
Liaison Counsel for each Defendant, and Liaison Counsel for each Third-Party Defendant in an effort to
schedule the deposition at a mutually convenient date, time, and location."  ECF No. 2060 § A(1) at 1-2.

19682420.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 5

individual parties to participate in the depositions.  In a case involving more than 100 parties and their counsel, it is imperative that the parties coordinate scheduling among liaison counsel, as agreed in the Protocol.

As discussed above, OxyChem's continued failure to provide thousands of responsive documents subject to privilege disputes, as well as its delayed production of 900,000 consultant documents, further impedes the SPG's deposition discovery.

Next Steps:   Require OxyChem to comply with the scheduling requirements of the Amended Protocol for Depositions and involve all liaison counsel in the scheduling of depositions.

### b.   OxyChem's Rule 30(b)(6) Deposition

Update:   OxyChem stands in the way of the SPG's Rule 30(b)(6) deposition of OxyChem.  The SPG sent two deposition notices to OxyChem on April 1, 2022.  More than 6 weeks later, OxyChem objected to 7 of the noticed topics.[20]

After a meet-and-confer on July 1, 2022, OxyChem agreed to propose revisions to 4 of the topics, after which the SPG agreed to revisit 3 topics and serve amended notices.  OxyChem did not respond for nearly 3 months, and when it did, it advanced 7 new objections.[21]  On September 29, 2022, the parties held a second meet-and-confer regarding the topics to discuss a handful of remaining disputes. The SPG then served its final notices on October 6, which reflected a few additional revisions discussed in the meet-and-confer.  On November 9, however, OxyChem served a 43-page set of written objections, objecting to each of the definitions and topics on more than 173 grounds and wholly refusing to designate a witness on several topics, including some topics for which it had already indicated it would provide testimony.[22]

Similar to its privilege logging efforts and consultant production delays, OxyChem's approach to its own Rule 30(b)(6) deposition flies in the face of its counsel's oft-repeated protestation that OxyChem desires to move discovery forward as expeditiously as possible.  Indeed, in the more than 6 months since the SPG first noticed OxyChem's deposition, OxyChem has made a mockery of the meet-and-confer process by advancing the majority of its scores of objections many months *after* the parties met and conferred, failing to follow through on promised revisions, and squandering large chunks of time.  Incredibly, all the while, OxyChem has pointed to the SPG as delaying discovery.

Next Steps:   No action is requested at the status conference, but the SPG anticipates that the parties will need the Special Master's assistance soon in resolving disputes relating to the Rule 30(b)(6) deposition of OxyChem.

---

[20] Letter from Kathy D. Patrick to Jeffrey D. Talbert (May 26, 2022), attached as **Exhibit B**.

[21] Letter from Kathy D. Patrick to Jeffrey D. Talbert (Sept. 14, 2022), attached as **Exhibit C**.

[22] Occidental Chemical Corporations Objections to the SPG Defendants' Notices of Oral Deposition, attached as **Exhibit D**.

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 6

        *c.  Frank Parigi's Deposition*

Update:  On November 9, OxyChem filed a letter motion to block the SPG's deposition of Frank Parigi.[23]  This is another example of OxyChem paying lip service to the idea of pushing discovery forward while repeatedly frustrating and delaying over 70 parties' discovery efforts.  As noted above, OxyChem used the same approach with privilege logs, document productions, consultant subpoenas, requests for admission, and its Rule 30(b)(6) deposition.

Mr. Parigi is Vice President and General Counsel of OxyChem's remediation arm, Glen Spring Holdings (GSH).  In that capacity, Mr. Parigi undeniably wears two hats for GSH—one business and one legal.  He verified OxyChem's interrogatory responses; provided testimony relating to the Site to the New Jersey Legislature in 2017; has overseen remedial design work; has been the conduit for OxyChem's communications with EPA relating to the Site; and was the contact with OxyChem's indemnitor about indemnity issues and the preservation of historical Diamond Shamrock records.  Although OxyChem previously stipulated that it would not call Mr. Parigi as a witness in this case for any purpose (to resolve a motion to compel the production of his documents), OxyChem subsequently had him verify its interrogatory answers and then designated him as a Rule 30(b)(6) witness to cover topics that remain unspecified at this point.

Next Steps:  The SPG requests that the Special Master grant a one-week extension, until November 22, for the SPG to file a response. OxyChem does not oppose the requested extension.

## 3.  **Case Management**

Update:  As discussed in its letter of October 24, 2022,[24] the SPG opposes OxyChem's request for "entry of a *comprehensive* case management order"[25] as unnecessary and premature. OxyChem has yet to produce millions of documents, as discussed above.  Although depositions are proceeding, there are many more depositions yet to be taken.  Third-party discovery is in its early stages.  The SPG's appeal regarding OxyChem's requests for production further implicates the search for, logging of, and production of potentially large numbers of documents by more than 70 parties; meanwhile, those obligations are stayed pending appeal.[26]  Based on this current state of fact discovery and the scheduling roadblock in early January 2023, the Special Master appropriately granted an extension of the fact discovery deadline until at least April 15, 2023.[27] The Special Master need not set any further deadlines at this time.  The parties' monthly meetings with the Special Master provide ample structure and resolution in this complex discovery process.

Next Steps:  For the reasons explained in the SPG's letter of October 24, the Special Master should decline OxyChem's request to set additional speculative deadlines, especially with monthly conferences to discuss the schedule and status of ongoing tasks.  OxyChem cannot continue to

---

[23] ECF No. 2213.
[24] ECF No. 2202.
[25] ECF No. 2196 at 1.
[26] ECF No. 2212.
[27] ECF No. 2184.

19682420.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 7

both drag its feet in discovery *and* ask the Special Master to advance the case beyond fact discovery.

### 4.   OxyChem's FOIA Requests

Update:  As discussed in prior status conferences, OxyChem has an ongoing obligation to notify the SPG of any of its FOIA requests seeking information about the EPA-sponsored allocation completed as to the Diamond Alkali Superfund Site.[28]  Notwithstanding OxyChem's long-standing agreement to "send a copy of those requests to the Defendants at the same time,"[29] the SPG learned that OxyChem has in fact made multiple FOIA in the last few months as to the Site without providing the SPG copies.

Next Steps:  Remind OxyChem again of its obligations.[30]  If this pattern continues, the SPG will need relief.

### 5.   Motions Awaiting the Special Master's Decision

The following motions are awaiting decision by the Special Master:

(1)      Remand Order from Judge Arleo on SPG's Appeal of Decisions Denying Motion to Compel Production of Documents Withheld as Privileged or Protected, ECF No. 2005 (entered Mar. 10, 2022).  *In camera* review of a subset of the responsive documents remains in progress, but OxyChem has not provided appropriate privilege logs or responsive document productions in compliance with Judge Arleo's order issued more than 7 months ago.

(2)      OxyChem's Motion to Compel Ashland Sampling Results, ECF No. 2149 (filed Sept. 9, 2022).

(3)      OxyChem's Letter Request for a Case Management Order, ECF No. 2196 (filed Oct. 14, 2022).

(4)      OxyChem's Motion for Protection from the SPG's Notice of Deposition of Frank Parigi, ECF No. 2213 (filed Nov. 9, 2022).  This motion is not yet fully briefed for the Special Master's consideration.

### 6.   Update on Settlement

As previously reported, most parties in this matter have negotiated a consent decree with the United States that will dramatically alter this litigation.  The parties are in the final stages of

---

[28] ECF No. 535; *see* 1-28-19 Status Conf. Tr. 67-68.
[29] ECF No. 535.
[30] *See* 3-11-20 Status Conf. Tr. 88-89.

19682420.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
November 10, 2022
Page 8

that process, which the SPG hopes will be completed soon. When the consent decree is lodged, the SPG anticipates filing a renewed motion to stay this litigation.

*　　*　　*

I look forward to discussing these and other matters with you at the upcoming conference.

Respectfully Submitted,

Jeffrey D. Talbert

cc:      All counsel of record

8

19682420.1