

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com
713.751.5253

November 11, 2022

<u>*Via CM/ECF*</u>
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

      Re:    *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
                 **Civil Action No. 2:18-cv-11273-MCA-LDW**

Dear Special Master Scrivo:

OxyChem requests the following items be included on the agenda for the November 16, 2022 status conference.

### 1. Deposition-Related Disputes and Motions

There are several deposition-related disputes the parties have been unable to resolve. These have been or will be presented to the Special Master in the next few weeks.

#### a. Deposition of Donald McConnell, Former Counsel for Sherwin-Williams

The Special Master's intervention will be necessary regarding OxyChem's deposition notice to Donald McConnell, former in-house counsel for Defendant Sherwin-Williams, on narrow issues relating to a 1995 submission to EPA. That submission specifically identifies Mr. McConnell as the employee who assembled the relevant information about the company's century-long operation of its paint and pesticide plant on the Passaic River.

The response Mr. McConnell *prepared, signed, and submitted to EPA* was severely deficient and misleading. Sherwin-Williams' document production just days before its September Rule 30(b)(6) deposition in this case show that *entire categories* of responsive information were simply ignored in Mr. McConnell's 1995 submission and, as a result, that submission included substantial misrepresentations. *See* Dkt. 2181 (10-6-2022 ltr. from OxyChem to Special Master). At its deposition, Sherwin-Williams admitted the 1995 response to EPA was factually inaccurate, omitted information specifically requested by EPA, and failed to comply with EPA's instructions to investigate and correct or supplement as needed. *See id.* at 4. Sherwin-Williams' designee speculated that Mr. McConnell believed the submission's inaccuracies to be true in 1995, yet did not consult Mr. McConnell to prepare for the deposition and could not provide any details

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 2

regarding *what* information Mr. McConnell relied on, *who* provided that information, or *how* that response was assembled. *See id.* at 5.

Because Sherwin-Williams' 30(b)(6) designee was unable to provide this narrow, non-privileged, and factual information, on October 3, 2022 OxyChem served a notice for Mr. McConnell's deposition. *See* Ex. A (Notice of Oral Deposition of Donald McConnell). The topics in the October 3, 2022 notice are crucial to the issue of Sherwin-Williams' degree of cooperation with EPA—a "Gore factor" Sherwin-Williams has placed front-and-center in this litigation. *See* Ex. B (10-27-2022 OxyChem ltr. to Sherwin-Williams) at 2-3. They are also essential for determining whether Sherwin-Williams has destroyed or continues to withhold Newark plant records about the decades of operations about which Sherwin-Williams *still* has not produced material information. OxyChem has been unable to obtain the answers to these questions from any other source;[1] it appears they are known only by Mr. McConnell, the primary employee involved in Sherwin-Williams' 1995 response to EPA.

OxyChem has met and conferred with Sherwin-Williams and detailed the reasons for Mr. McConnell's deposition. *See id*. Sherwin-Williams refuses to produce Mr. McConnell. *See* Ex. C (11-2-2022 email from D. Carfora).

Action Requested: None at this time. OxyChem will file a motion for expedited consideration by the Special Master to compel Mr. McConnell's deposition.

### b. Deposition of Frank Parigi, Current General Counsel of OxyChem Affiliate GSH (*Nov. 9, 2022 Ltr. Motion for Protection Filed at Dkt. 2213*)

The SPG noticed the deposition of Frank Parigi, General Counsel and Vice President of OxyChem's environmental remediation affiliate Glenn Springs Holdings, Inc. (GSH). In contrast to OxyChem's narrow deposition notice to Mr. McConnell, the SPG's notice seeks to question Mr. Parigi regarding broad topics about which Mr. Parigi was only involved or has knowledge through his role as counsel, and that are the subject of non-lawyer depositions already taken or to be taken by the SPG.

The SPG has no legitimate basis to depose Mr. Parigi and cannot satisfy the burden to proceed with a deposition of counsel. Its claim that Mr. Parigi "has overseen remedial design work"[2]—are untrue and at odds with the facts.

---

[1] OxyChem's attempts to obtain this information through written discovery requests were met with obfuscation. *See, e.g.*, Ex. D (Sherwin-Williams' 7-20-2022 responses to OxyChem's Requests for Admission) at Responses 83 and 84 (admitting only "that Donald J. McConnell's name is among those listed" as a recipient of a memo conveying information about historical site operations, but not admitting that Mr. McConnell *received* the memo or the information it contained); *id.* at Response 69 (denying that Mr. McConnell did not consult with any Person who was a *former* employee of Sherwin-Williams in preparing the 1995 submission, which lists only then-current employees as sources of information).

[2] *See* Dkt. 2216 (11-10-2022 ltr. from J. Talbert to Special Master regarding November conference agenda). This is not the first time the SPG has overtly misrepresented the facts in an effort to invade OxyChem's privilege with respect

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 3

Action Requested: None at this time. After the SPG responds to OxyChem's letter motion for protection (Dkt. 2213), OxyChem requests the Special Master grant its motion for protection.

### c. SPG's Rule 30(b)(6) Deposition Notices to OxyChem

On October 6, 2022, the SPG served formal notices for a Rule 30(b)(6) deposition of OxyChem. Across two notices, the SPG seeks to depose OxyChem over the course of five days regarding a combined *forty* topics—implicating facts across more than 80 years, dozens of entities, and a broad range of complex and overlapping issues. OxyChem served formal objections to the SPG's notices on November 9, 2022. *See* Dkt. 2216-4 (OxyChem's 11-9-2022 objections).

The parties will likely need the Special Master's intervention on a number of issues relating to the SPG's deposition notices. Some issues are straightforward because the SPG's topics are improper on their face. For example, certain topics seek testimony on subjects the Special Master has *already* deemed outside the scope of discovery under Fed. R. Civ. P. 26(b)(1). These include:

- *Other* sites that are geographically remote from the Diamond Alkali Superfund Site that involve or could involve dioxin in some way. *See* Dkt. 2216-4 (OxyChem's 11-9-2022 objections) at Topics 2.10, 2.18, 2.19, 2.20, and 1.18 (seeking testimony regarding "other dioxin sites"). *Compare* Dkt. 1380 (8-11-2021 Decision of Special Master) at 10-11 (discovery regarding activities at unrelated sites "is overbroad and does not fit within any of the Gore Factors"); Dkt. 2006 (3-10-2022 Court Order affirming Special Master decision).

- OxyChem's and its corporate affiliates' financial condition and "environmental reserves." *See* Dkt. 2216-4 (OxyChem's 11-9-2022 objections) at Topic 1.07, 1.10, and 1.11. *Compare* Dkt. 1380 (8-11-2021 Decision of Special Master) at 12 ("If there are no claims or defenses relating to the inability to pay, then related requests are outside the scope of discovery.").

- The corporate structure of entities not involved in the Diamond Alkali Superfund Site. *See* Dkt. 2216-4 (OxyChem's 11-9-2022 objections) at Topic 1.06. *Compare* Dkt. 1380 (8-11-2021 Decision of Special Master) at 9 ("If the entities were not involved in the 1986 acquisition and operations, environmental inspection, and remediation of the Lister plant, . . . , then the information does not bear on, or could not reasonably lead to other matters that could bear on, any issue that is or may be in the case.").

OxyChem previously informed the SPG that such topics are plainly improper, and during a meet-and-confer counsel for the SPG committed to further evaluate those topics. *See* Dkt. 2216-2 (5-26-2022 ltr. form OxyChem to SPG) at 3-7 ("Please confirm the SPG Defendants will remove these

---

to Mr. Parigi. In its November 12, 2020 motion to compel documents from Mr. Parigi—which was ultimately withdrawn—counsel for the SPG seized on a misstatement by a former employee to insist that former GSH President Jo Ellen Drisko's responsibilities were assumed by *Mr. Parigi* rather than by Ms. Drisko's successor in that position, Mike Anderson. *See* Dkt. 1130 ("The SPG's letter clings to that mistake as license to ascribe Ms. Drisko's own testimony about her role as president to Mr. Parigi—while making no mention of Ms. Drisko's testimony that she was succeeded as president by Mike Anderson, the current president of GSH."). This obviously incorrect representation to the Special Master was never corrected by the SPG.

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 4

topics before formally serving their Rule 30(b)(6) deposition notices on OxyChem."); Dkt. 2216-3 (9-14-2022 ltr. from OxyChem to SPG) at 2-3 ("OxyChem requests a written response to its May 26, 2022 letter, which identified topics in the SPG's draft deposition notices that are wholly impermissible because they seek testimony regarding OxyChem's financial condition and other subjects already determined by the Special Master to be outside the scope of permissible discovery."). But other than a vague and unsupported argument that somehow the scope of discoverability is *different* for Rule 34 document requests and Rule 30(b)(6) deposition topics,[3] OxyChem heard nothing from the SPG on these issues until its final notices were served.

After the months-long chorus of objections to the "impossible" burdens of preparing for Rule 30(b)(6) depositions on their *own* sites and operations, the SPG seeks to depose OxyChem about not just Diamond Alkali's operations at the Lister Site but also *every SPG Defendant's* site and operations. Yet the SPG refuses to disclose to OxyChem potential exhibits ten days in advance and has not yet provided a "chemical list," both of which are concessions OxyChem made to individual defendants to alleviate the purported burden of preparing a designee on only a fraction of the topics the SPG has noticed for OxyChem.

Action Requested: None at this time. If the SPG continues to refuse to withdraw or modify topics that are improper or cannot be reconciled with the positions they have taken with respect to their own obligations under Rule 30(b)(6), OxyChem will move for protection.

2. **Deposition Scheduling and Status**

Without first reaching out to express their concerns to OxyChem, the SPG in its Nov. 10 agenda letter contends OxyChem has "continued to set depositions without complying with the scheduling requirements of the Amended Protocol for Depositions," by "either unilaterally setting dates or coordinating dates with only counsel for the deponent, without involving any of the liaison counsel in the case." Dkt. 2216 at 4. OxyChem will confer with the SPG to understand further and address its concerns.

With respect to the three notices served on November 8, 2022, however: *all three* related to Sherwin-Williams fact witnesses for whom OxyChem requested deposition dates by letter on October 3, 2022, addressed to Sherwin-Williams *and SPG counsel*, *copying all liaison counsel*. *See* Dkt. 2181-10 (Oct. 3, 2022 letter to counsel for Sherwin-Williams and J. Talbert, among others) at 2. The notices set depositions for dates *provided by SPG's member defendant, Sherwin-*

---

[3] This argument is also inconsistent with the caselaw. *See Bracco Diagnostics Inc. v. Amersham Health Inc.*, 2005 WL 6714281 at *1 (D.N.J. Nov. 7, 2005) ("Integral to any analysis concerning scope is the notion that Rule 30(b)(6) does not appear to set its own discovery standard. The Court should 'not read Rule 30(b)(6) as carving out a special limitation on the scope of discovery defined in [Fed. R. Civ. P.] 26(b)(1)."); *Hooker v. Norfolk S. Railway Co..*, 204 F.R.D. 124, 126 (S.D. Ind. 2001) ("Rule 30(b)(6) does not set its own discovery standard…[t]herefore [Rule] 26(b)(1) is the proper standard to resolve [the discovery] dispute.").

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 5

*Williams*. Ex. E (Nov. 8, 2022 Email from L. Krohn to Sherwin-Williams counsel, attaching subpoenas).[4]

OxyChem has noticed over 50 depositions and 21 of these depositions have occurred. While most scheduling (and rescheduling, where necessary) has proceeded without incident, OxyChem's effort to schedule or reschedule depositions for three defendants continues to be unfruitful: Benjamin Moore, Clean Earth, and L3Harris. Enclosed as Exhibit G is an updated chart reflecting the dates scheduled for or status of noticed depositions.

The SPG has noticed 22 depositions; only 2 of these depositions have proceeded as scheduled.

Action Requested: OxyChem respectfully requests the Special Master continue to expedite any deposition-related motions that may be filed.

### 3. Consultant Subpoenas and Productions

OxyChem continues to make progress toward production of the extraordinary volume of consultant files the SPG has requested. On October 21, 2022, OxyChem produced over 40,000 documents from its consultant Arcadis and on November 4, 2022. produced over 15,000 documents from consultant Brown & Caldwell. Additional productions are forthcoming.

With respect to documents produced by the Defendants to OxyChem, there is far less progress to report. As OxyChem observed in its October 14, 2022 status update letter, progress under the Consultant Stipulation continues to be impeded by the SPG Defendants' insistence on conducting linear, document-by-document reviews in virtually every instance, when a more efficient and less expensive approach would be adequate to protect any privileged information in those documents. The SPG Defendants have not budged from their position that OxyChem must pay more than *$3 million* for the processing and review of these documents by outside counsel (and in some instances for redundant reviews by multiple parties claiming to have an interest in the consultant documents at issue). This position is particularly glaring because most of the consultants at issue are LSRPs—which act as a stand-in for NJDEP to oversee environmental investigations and cleanups and as a result have little if any privileged relationship with PRPs. Others are the CPG consultants whose fees the SPG has repeatedly claimed are presumptively recoverable as "response costs" incurred for the purpose of furthering remedial work under administrative orders.

The cost-shifting provision of the consultant-subpoena stipulation works *only* if the parties adhere to its requirement of passing through those costs "***reasonably necessary***" to collect, review,

---

[4] Not only did OxyChem serve the three deposition notices for dates provided by SPG member Sherwin-Williams, but OxyChem also requested, and met and conferred, with Sherwin-Williams in advance, on October 27, 2022. SPG's liaison counsel was copied on emails scheduling the meet-and-confer. *See* Ex. F (Oct. 17-20, 2022 Email Chain re. "Sherwin-Williams deposition notices – meet and confer").

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 6

and produce the documents at issue. *See* Dkt. 1865, ¶ 6. Otherwise, that provision is a license for increased costs, delay, and avoidance of production obligations.

In the last month, OxyChem's efforts to resolve these disputes cooperatively have yielded little progress. Given the number of Defendants and consultants at issue, rather than file serial motions to compel, OxyChem requests that the Special Master schedule an informal conference to discuss the outstanding consultant-subpoena issues.

Action Requested: Schedule an informal conference with counsel for the parties involved in outstanding consultant-subpoena disputes to discuss the outstanding issues prior to formal motion practice.

### 4. Case Management Order

As discussed at the September 21, 2022 conference and in OxyChem's October 14, 2022 status update letter (Dkt. 2196), a comprehensive case management order with dates for expert discovery, final pretrial conference, and trial is both appropriate and necessary. Without a comprehensive schedule that imposes obligations on the parties to not just move forward, but to *complete* discovery, this case will continue to see the serial, iterative extensions that the SPG defendants have *already* suggested they will seek. *See* Dkt. 2196 at 1-2.

Action Requested: The Special Master should order the parties to confer on a comprehensive case management order, with dates for expert discovery, the final pretrial conference, and trial. The Special Master's order should direct the parties to submit a proposal in advance of the December conference.

### 5. FOIA Requests

The SPG's November 10, 2022 agenda letter raises for the first time its claim "that OxyChem has in fact made multiple FOIA in the last few months as to the Site without providing the SPG copies." OxyChem will confer with the SPG to understand further and address its concerns.

Action Requested: None at this time.

* * * * *

Thank you for your consideration of these items.

Respectfully submitted,

*Kathy Patrick*

Kathy D. Patrick

Special Master Thomas P. Scrivo, Esq.
November 11, 2022
Page 7

/s/ *John J. McDermott*

John J. McDermott

cc: All counsel of record