**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

OCCIDENTAL CHEMICAL
CORPORATION,

              Plaintiff,

      v.

21ST CENTURY FOX AMERICA,
INC., et al.,

              Defendants and
              Third Party Plaintiffs,

      v.

PASSAIC VALLEY SEWERAGE
COMMISSIONERS, et al.,

              Third-Party Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

Hon. Madeline Cox Arleo
Hon. Magistrate Leda D. Wettre

Civil Action No. 2:18-CV-11273
(MCA-LDW)

**REPLY IN SUPPORT OF THE
SMALL PARTIES GROUP'S
APPEAL OF THE SPECIAL
MASTER'S DENIAL OF MOTION
FOR PROTECTIVE ORDER AND
DENIAL OF MOTION FOR
RECONSIDERATION OF SAME**

Return Date: November 21, 2022
Oral Argument Requested

i

**TABLE OF CONTENTS**

**INTRODUCTION**................................................................................................1

**ARGUMENT**.....................................................................................................1

    **A.  The ESI Protocol is applicable here**. .....................................................1

    **B.  OxyChem is now prepared to narrow the temporal scope of its requests, but the Special Master's order is still erroneous**....................................3

    **C.  OxyChem cannot waive privilege as to third parties**...........................4

**CONCLUSION** .................................................................................................5

**INTRODUCTION**

OxyChem's Opposition fails to adequately explain why SPG Defendants must "substantiate their privilege claims" when an agreed-upon ESI Protocol, entered by the Court, relieves all parties of this burden as to joint-defense communications. To require SPG Defendants to identify, review, and produce materials subject to a joint defense agreement would render the ESI Protocol meaningless. Moreover, OxyChem concedes that CPG documents pre-dating its withdrawal from that group remain privileged as to third-parties—acknowledging that the Special Master's ruling to the contrary was erroneous. As explained in more detail below, the Special Master's decisions and orders on this issue should be reversed.

**ARGUMENT**

**A. The ESI Protocol is applicable here.**

The ESI Protocol applies to relieve SPG Defendants from any obligation to even search for documents that may be responsive to RFP Nos. 1, 2, and 6. OxyChem argues that the ESI Protocol "imposes a burden on each SPG Defendant to establish an attorney-client privilege to substantiate any claim of a joint interest privilege" (Opp. at 9), but that is entirely inconsistent with the plain language of the ESI Protocol that the parties to this litigation, including OxyChem, agreed upon. The Protocol plainly states the standard for parties to avail themselves of the exemption from searching for, producing, and logging joint defense communications: they must disclose "the date of the joint defense agreement and the parties to it."[1] That is all that the Protocol requires, and the SPG has on numerous occasions supplied that information for the CPG materials at issue here.[2] Not only does OxyChem seek to impose additional requirements beyond those agreed upon by the

---

[1] ECF No. 544.
[2] *See* Aff. of Dawn Lamparello (ECF No. 2091-2.)

parties, but the requirements it seeks to impose would eviscerate the very relief afforded by the plain language of the Protocol.

OxyChem's position is apparently that even though the parties have agreed that documents exchanged within the CPG are joint defense communications,[3] and even though the Special Master has in fact acknowledged that agreement,[4] SPG Defendants still must search for, collect, and list these documents on a privilege log. *See* Opp. at 8-9. There would be no utility in this provision of the ESI Protocol if parties were required to take additional steps to search for potentially responsive documents, collect those documents, and then prove their privilege claims over those documents in order to withhold joint-client communications. Not only is OxyChem's position in direct conflict with the ESI Protocol, but it is also contrary to OxyChem's prior actions. OxyChem has relied on this provision of the ESI Protocol to argue that it should not have to collect and produce documents that fall within the scope of the Protocol's provisions.[5] And it has not produced or logged the CPG documents in its possession up to its withdrawal from the group in May 2012, which is inconsistent with its demand that SPG Defendants produce confidential CPG materials in this action.

Although the ESI Protocol expressly governs how SPG Defendants are supposed to respond to requests like the ones at issue here, the Special Master erroneously applied an agreement related to third-party consultant subpoenas. OxyChem agrees with the Special Master that because the documents may have been subject to production as part of the third-party consultant subpoena

---

[3] *See* Letter from Kathy D. Patrick to David R. Erickson dated March 13, 2019 (ECF No. 1959-6) at 1 (OxyChem agreeing that the AROA imposes "confidentiality protections and joint interest privilege," and stating that the AROA provides "that all members of the CPG were required to protect the confidentiality of information exchanged for purposes of the joint-defense arrangement created under that agreement").
[4] ECF No. 2188 at 6; ECF No. 2080 at 21 (Special Master noting in both the October 11 Decision and the June 13 Decision, that there is "no dispute that communications related to the CPG were subject to a joint defense agreement").
[5] *See* ECF No. 1130 at 2.

agreement, there is no basis in the ESI Protocol to shield them from production. (Opp. at 12.) The point of the ESI Protocol is not to give the parties a free ticket to claim that certain potentially responsive materials are privileged in the abstract. Rather, the ESI Protocol was agreed to and entered by the Court so that parties would not have to spend unnecessary time and expense searching for, collecting, and logging documents that everyone agreed would not be subject to production. The procedures for a third-party consultant's response to a subpoena have no bearing on the SPG Defendants' obligations under the ESI Protocol and cannot require the SPG Defendants to search for or log joint defense communications in contravention of the ESI Protocol. OxyChem has already agreed to (and relied on) these terms, and the Court has entered them as an order. The Special Master erred by holding otherwise.

**B. OxyChem is now prepared to narrow the temporal scope of its requests, but the Special Master's order is still erroneous.**

The Special Master's order held that SPG defendants must produce responsive documents prior to May 29, 2012, but did not provide any direction regarding documents after that date. Nor did it provide any insight on why those documents were not addressed.[6] OxyChem now says that the issue has been resolved: "The Special Master did not need to address the documents dated on or after May 29, 2012 in his October 11 Order because he correctly recognized that those documents were *no longer at issue* in OxyChem's requests." (Opp. at 11.) As noted in the SPG's Appeal, OxyChem did agree to limit the scope of RFP No. 1 to documents generated on or before May 29, 2012, but there was no indication that OxyChem had agreed to similarly limit the scope of RFP Nos. 2 and 6.[7] And it is not at all clear from the Special Master's order that he considered the issue and determined that OxyChem had narrowed the scope of RFP Nos. 1, 2, and 6 to only

---

[6] ECF No. 2188 at 7.
[7] ECF No. 2204-1 at 12 n.36.

include documents prior to May 29, 2012. This is especially so with respect to RFP No. 6, which seeks documents regarding an allocation process that did not occur until 2015, three years later. Instead, the Special Master failed to address these documents altogether, which was error.

Now that OxyChem has in its Opposition explicitly agreed to narrow the scope of its requests, it has conceded that it is only seeking CPG documents from when it was a member of the CPG. OxyChem therefore knows that it is seeking privileged documents. What's more, OxyChem now only seeks documents that it already had access to or possesses. Applying the agreed-upon ESI Protocol here to save SPG Defendants from the time and expense of searching for and collecting joint-defense documents for OxyChem makes all the more sense where OxyChem had as much access to the documents during the relevant time period as SPG Defendants did. As discussed below, applying the ESI Protocol would also foreclose the legally impermissible disclosure of CPG joint defense materials to parties to this action who were never CPG members.

## C. OxyChem cannot waive privilege as to third parties.

In its Opposition, OxyChem again appears to acknowledge the validity of the SPG's position that OxyChem cannot waive the joint privilege among CPG members as to third parties. (Opp. at 11-12.) However, OxyChem suggests this does not matter and asks the Court to "affirm the Special Master's decision and direct the SPG to comply with the Special Master's Order to produce *to OxyChem* any relevant CPG documents dated on or before May 29, 2012." (Opp. at 12.) The problem with OxyChem's request is that that is not what the Special Master's order said. The Special Master held that "[c]onsidering OxyChem was a party to the CPG until May 29, 2012, *there is no attorney-client privilege during that period*, and thus, SPG Defendants must produce responsive documents prior to May 29, 2012."[8] If this erroneous no-privilege ruling were allowed

---

[8] ECF No. 2188 at 7 (emphasis added).

to stand, it would have serious implications and would lead to the production of CPG materials to many defendants that were never CPG members. Even OxyChem does not seem to want that result, which would not only be contrary to law but also at odds with OxyChem's express agreement to hold information shared among CPG members as privileged and confidential.[9]

## CONCLUSION

For these reasons, and those set out in the SPG's Appeal (ECF No. 2204-1), the SPG respectfully requests that the Court grant the relief requested in the Appeal.

Date: November 14, 2022                    Respectfully submitted,

                                           */s/ Jeffrey D. Talbert*
                                           **PRETI, FLAHERTY, BELIVEAU**
                                           **& PACHIOS, LLP**
                                           One City Center, PO Box 9546
                                           Portland, ME 04112
                                           Telephone: 207.791.3239
                                           Jeffrey D. Talbert, Esq. (NJ ID No. 333512021)
                                           James W. Beers, Jr., Esq. (admitted *pro hac vice)*
                                           Benjamin S. Piper, Esq. (admitted *pro hac vice)*

---

[9] ECF No. 2091-2.

## CERTIFICATE OF SERVICE

I, Jeffrey D. Talbert, hereby certify that on November 14, 2022, I caused a copy of the

foregoing document to be served via electronic filing on all counsel of record.


Dated: November 14, 2022              */s/ Jeffrey D. Talbert*
**PRETI, FLAHERTY, BELIVEAU**
**& PACHIOS, LLP**
One City Center, PO Box 9546
Portland, ME 04112
Telephone: 207.791.3239

6