**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
NEWARK VICINAGE**

| | | |
|---|---|---|
| OCCIDENTAL CHEMICAL CORPORATION, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Hon. Madeline Cox Arleo  Hon. Magistrate Leda D. Wettre  Civil Action No. 2:18-CV-11273 (MCA-LDW)  **THE SMALL PARTIES GROUP'S OPPOSITION TO OCCIDENTAL CHEMICAL CORPORATION'S MOTION FOR LEAVE TO FILE A SUR-REPLY** |
| Plaintiff, | | |
| v. | | |
| 21ST CENTURY FOX AMERICA, INC., et al., | | |
| Defendants and Third Party Plaintiffs, | | |
| v. | | |
| PASSAIC VALLEY SEWERAGE COMMISSIONERS, et al., | | |
| Third-Party Defendants. | | |

i

## **TABLE OF CONTENTS**

**TABLE OF AUTHORITIES**. ...................................................................................iii

**INTRODUCTION**..................................................................................................1

**ARGUMENT**.........................................................................................................1

    A.  OxyChem Cannot Meet the Standard for Leave to File a Sur-reply...................1

    B.  OxyChem's Additional Arguments Related to the Special Master's Failure to Consider Documents after May 2012 are Unpersuasive and Come Too Late. ...................................................................................................2

    C.  OxyChem's Points about Waiver are Either Irrelevant or are Already Fully Briefed. ............................................................................................4

**CONCLUSION**. ....................................................................................................6

## **TABLE OF AUTHORITIES**

**CASES**

*Harrington v. All Am. Plazas, Inc.*, No. CIV.A 08-3848(JLL), 2009 WL 2992538 (D.N.J. Sept. 16, 2009). ................................................................................................................................. 2

*Levey v. Brownstone Inv. Grp., LLC*, No. CIV.A. 11-395 ES, 2013 WL 3285057 (D.N.J. June 26, 2013), aff'd, 590 F. App'x 132 (3d Cir. 2014) ...................................................................... 1, 4

*Robbins v. Playhouse Lounge*, No. 119CV08387NLHKMW, 2021 WL 2525709 (D.N.J. June 21, 2021). ................................................................................................................................. 2

*Zahl v. Loc. 641 Teamsters Welfare Fund*, No. CIV.A. 09-1100, 2010 WL 3724520, at *3 (D.N.J. Sept. 14, 2010) ................................................................................................. 1, 4

## INTRODUCTION

The Court should reject OxyChem's belated attempt to offer additional arguments in opposition to the SPG's appeal of the Special Master's rulings related to certain requests for production of documents ("RFPs"). The SPG's appeal is fully briefed, the record before the Court is sufficient, and OxyChem has had an adequate opportunity to respond. OxyChem could have presented the points it now seeks to make in its opposition—and may wish it had done so—but it has not demonstrated any reason why it should be allowed to do so after the fact. The proposed sur-reply does nothing but sow confusion by piling on further baseless arguments regarding issues that have been fully briefed. The request for leave to file it should be denied.

## ARGUMENT

**A. OxyChem Cannot Meet the Standard for Leave to File a Sur-reply.**

OxyChem claims that the SPG "mischaracterize[s] the record in three ways that require correction."[1] This is not true, and it is also not material to the standard applicable for granting leave to file a sur-reply. "Sur-replies may not be submitted without the permission from the Court, and permission is generally denied where the record and prior submissions are deemed sufficient." *Levey v. Brownstone Inv. Grp., LLC*, No. CIV.A. 11-395 ES, 2013 WL 3285057, at *3 (D.N.J. June 26, 2013), aff'd, 590 F. App'x 132 (3d Cir. 2014) (citing L. Civ. R. 7.1(d)(6)). "[A] sur-reply is meant only to address new issues raised by the opposing party for the first time in a reply brief. It is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief." *Zahl v. Loc. 641 Teamsters Welfare Fund*, No. CIV.A. 09-1100, 2010 WL 3724520, at *3 (D.N.J. Sept. 14, 2010) (citation omitted); *see also Levey*, No. CIV.A. 11-395 ES, 2013 WL 3285057, at *3 ("This district has allowed sur-replies to address a

---

[1] OxyChem's Mot. for Leave (ECF No. 2224) at 2.

new issue in the interest of completeness, for complicated and novel legal questions, or for unusual circumstances.") (quotation marks omitted). Where a proposed sur-reply raises an issue already discussed in an opposition brief, or where the proposed sur-reply would not change the outcome of the Court's decision, the sur-reply should not be considered. *See Harrington v. All Am. Plazas, Inc.*, No. CIV.A 08-3848(JLL), 2009 WL 2992538, at *6 (D.N.J. Sept. 16, 2009).

When the party seeking leave has "failed to put forth any persuasive reason for why [it] should be permitted to file a sur-reply simply because [it] wishes another opportunity to respond to Defendant[s'] arguments," leave should be denied. *Robbins v. Playhouse Lounge*, No. 119CV08387NLHKMW, 2021 WL 2525709, at *3 (D.N.J. June 21, 2021). "The local rules exist for a reason, and the parties may not simply extend the briefing schedule with additional briefs whenever they decide that there were additional points, or additional pieces of evidence, that they wish they had put forward previously." *Id.* Because the arguments raised in OxyChem's proposed sur-reply (a) could have been addressed in OxyChem's opposition and (b) would not change the outcome of this appeal, OxyChem's request to file a sur-reply should be denied.

### B. OxyChem's Additional Arguments Related to the Special Master's Failure to Consider Documents after May 2012 are Unpersuasive and Come Too Late.

The proposed sur-reply presents further briefing on one of the primary issues that the SPG raised in its appeal to this Court—that the Special Master erred by not considering CPG documents that post-date OxyChem's departure from the CPG in May 2012, which SPG Defendants have no obligation to search for or log according to the ESI Protocol.[2] The SPG explained that the Special Master acknowledged that communications related to the CPG were joint-defense communications—so it logically follows that such documents are exempt from search, production, and logging under the ESI Protocol—but the October 11 Decision failed to address documents

---

[2] *See* SPG's Appeal (ECF No. 2204-1) at 12-13.

dated after May 29, 2012.[3] The SPG noted that while OxyChem had previously agreed to limit the scope of RFP No. 1 to documents generated on or before May 29, 2012, there was no indication that OxyChem had, by that point in time, limited the scope of RFP Nos. 2 and 6.[4]

Although misguided, OxyChem squarely addressed the SPG's argument in its opposition, claiming that the "issue has already been resolved" because it was not seeking documents post-dating May 29, 2012.[5] Specifically, OxyChem argued that "[t]he Special Master did not need to address the documents dated on or after May 29, 2012 in his October 11 Order because he correctly recognized that those documents *were no longer at issue* in OxyChem's requests."[6] OxyChem did not suggest that its statements were limited to RFP No. 1, instead specifically referring to its *requests* (plural). If OxyChem did not actually intend to limit the scope of its requests to documents before May 29, 2012, then OxyChem's opposition fails to respond to the SPG's argument that the Special Master did not address documents dated on or after May 29, 2012—in particular those that may be responsive to RFP Nos. 2 and 6.

That being so, OxyChem now uses its proposed sur-reply to offer a new argument, belatedly addressing RFP Nos. 2 and 6.[7] Rather than continuing to claim that "[t]he Special Master did not need to address the documents dated on or after May 29, 2012"[8]—as it did in its opposition—OxyChem now argues that "the Special Master *did* address documents generated after May 29, 2012 when he ordered each SPG Defendant to produce *all* responsive documents, regardless of date, and to serve a privilege log listing any withheld documents."[9] OxyChem could have made this argument in its opposition—but it did not. There is no basis for allowing OxyChem

---

[3] *Id.* at 13.
[4] *Id.* at 12-13 n.26.
[5] OxyChem's Opp. to SPG's Appeal (ECF No. 2211) at 11.
[6] *Id.* (emphasis in original).
[7] *See* OxyChem's Sur-Reply (ECF No. 2224-1) at 3-4.
[8] OxyChem's Opp. to SPG's Appeal (ECF No. 2211) at 11.
[9] OxyChem's Sur-Reply (ECF No. 2224-1) at 3 (emphasis in original).

to make new arguments on this issue now. *See Zahl*, 2010 WL 3724520, at *3. Regardless of whether OxyChem did or did not narrow the scope of its requests, the fact remains that the Special Master did not address and apply the ESI protocol to these documents, and this was error.

### C. OxyChem's Points about Waiver are Either Irrelevant or are Already Fully Briefed.

OxyChem also now claims that "the SPG argues for the first time in their Reply that the Special Master erroneously held that the SPG Defendants 'waived' certain privileges."[10] This makes no sense, for a number of reasons.

First, this issue was in fact specifically raised in the SPG's opening brief. There, the SPG argued that even if certain CPG members shared a privilege with OxyChem prior to May 29, 2012, OxyChem did not, and could not, waive that privilege as to third parties by suing members of the CPG.[11] Just because OxyChem may be willing to waive the joint privilege does not mean it can unilaterally waive the privilege as to third parties.[12]

Although OxyChem responded to this very argument *in its opposition*,[13] it somehow now claims that the issue was not raised until *the SPG's reply brief*.[14] This is nonsensical. OxyChem cannot now use a sur-reply to provide additional argument on an issue that has been fully briefed. *See Levey*, 2013 WL 3285057, at *3 (permission for leave to file a sur-reply "is generally denied where the record and prior submissions are deemed sufficient"); *Zahl*, 2010 WL 3724520, at *3 (a sur-reply "is not meant to be used as a vehicle for providing the Court with arguments that could have been included in the earlier opposition brief").

---

[10] OxyChem's Mot. for Leave (ECF No. 2224) at 3.
[11] SPG's Appeal (ECF No. 2204-1) at 10-12.
[12] *Id.*
[13] OxyChem's Opp. to Appeal (ECF No. 2211) at 11-12.
[14] *See* OxyChem's Mot. for Leave (ECF No. 2224) at 3.

4

Second, OxyChem's proposed sur-reply obfuscates the prior briefing of this issue by misconstruing the SPG's waiver argument. OxyChem addresses an entirely unrelated (and unsubstantiated) waiver concept. In its opposition to the SPG's initial motion for a protective order, OxyChem argued that

> [T]he Defendants involved in the CPG's actions to eject OxyChem have waived any applicable joint-defense and attorney-client privilege when they put the advice of counsel at issue. It is the SPG's burden—not OxyChem's—to demonstrate that a privilege protects the documents at issue, notwithstanding their breach of contract claim.[15]

The Special Master rejected this argument, ruling that "OxyChem's cursory argument that SPG Defendants waived any applicable privilege has no merit."[16] The SPG, of course, did not challenge this favorable ruling, and it is not at issue here. Permitting OxyChem to resuscitate this issue in a sur-reply would be clearly erroneous and would confuse the issues on appeal. The only waiver issue that matters is that there has been no waiver as to parties outside of the joint-defense arrangement, and the Special Master's ruling would result in disclosure of privileged materials to third parties.

---

[15] OxyChem's Opp. to Mot. for Protective Order (ECF No. 1965) at 4 (citations omitted).
[16] Special Master Decision Denying Mot. for Protective Order (ECF No. 2080) at 19.

5

## CONCLUSION

For these reasons, OxyChem's motion for leave to file a sur-reply (ECF No. 2224) should be denied.

Date: December 5, 2022　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　　*/s/ Jeffrey D. Talbert*
　　　　　　　　　　　　　　　　　　　　**PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
　　　　　　　　　　　　　　　　　　　　One City Center, PO Box 9546
　　　　　　　　　　　　　　　　　　　　Portland, ME 04112
　　　　　　　　　　　　　　　　　　　　Telephone: 207.791.3239
　　　　　　　　　　　　　　　　　　　　Jeffrey D. Talbert, Esq. (NJ ID No. 333512021)
　　　　　　　　　　　　　　　　　　　　James W. Beers, Jr., Esq. (admitted *pro hac vice*)
　　　　　　　　　　　　　　　　　　　　Benjamin S. Piper, Esq. (admitted *pro hac vice*)

## **CERTIFICATE OF SERVICE**

      I, Jeffrey D. Talbert, hereby certify that on December 5, 2022, I caused a copy of the foregoing document to be served via electronic filing on all counsel of record.

Dated: December 5, 2022                                 */s/ Jeffrey D. Talbert*
                                                             **PRETI, FLAHERTY, BELIVEAU**
                                                             **& PACHIOS, LLP**
                                                             One City Center, PO Box 9546
                                                             Portland, ME 04112
                                                             Telephone: 207.791.3239