**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

December 20, 2022

**VIA U.S. MAIL AND ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:   *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
              **Docket No. 2:18-cv-11273-MCA-LDW**

Dear Magistrate Judge Wettre:

     Pursuant to L. Civ. R. 16.1 and 37.1 and the Court's judicial preferences, all Defendants[1] in the above-referenced matter (collectively, the "Moving Parties") respectfully request leave to file the accompanying Unopposed Motion for a Stay of Proceedings.[2] The Moving Parties seek a six-month stay of this matter that can be extended because most of the Defendants have executed a settlement agreement with the United States that addresses their responsibility for costs at issue in this litigation; the United States lodged the resulting consent decree ("CD") with this Court in *United States v. Alden Leeds, Inc.*, No. 2:22-cv-07326 (D.N.J. filed Dec. 16, 2022)

---

[1] The Defendants comprise the Small Parties Group ("SPG"), the Gordon Rees Group, the CSG Group, the PVSC Group, and the King Group. Defendant SPG members Nokia of America Corporation and Pharmacia LLC join the Motion for a Stay and accompanying proposed form of Order filed this date by counsel for the SPG but do not join the Brief in support thereof.

[2] Because OxyChem does not oppose the Motion for a Stay, the Moving Parties have not submitted a joint certification of its meet-and-confer with OxyChem. *Cf.* L. Civ. R. 16.1(g)(1) (requiring submission of an affidavit certifying that the moving party has conferred in good faith with the opposing party only when "the parties have been unable to reach agreement").

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101 | PO Box 9546, Portland, ME 04112-9546 | Tel 207.791.3000 | www.preti.com

19823408.1

(the "CD Action"); and the CD, if approved, will have sweeping effects on this litigation that will either end or significantly impact the scope of the litigation.

Occidental Chemical Company ("OxyChem") initiated this suit against more than one hundred Defendants seeking response costs associated with the Diamond Alkali Superfund Site (the "Site") pursuant to CERCLA, 42 U.S.C.A. §§ 9601-9675 ("OxyChem's Litigation"). ECF No. 1, 1247. While defending OxyChem's Litigation, eighty-five Settling Defendants[3] have now executed an aggregate $150 million settlement[4] with the United States to resolve their collective share of liability for all costs associated with the remediation of the Lower Passaic River, including costs that OxyChem seeks in this litigation. That settlement is embodied in a CD that the United States lodged with this Court on December 16, 2022, and it is supported by an EPA-sponsored allocation report that finds OxyChem 99.4% responsible for cleanup costs.

Although the settlement should effectively lead to the end of OxyChem's Litigation, for the purposes of meeting the standard to obtain a stay, it is enough that the CD could significantly impact this litigation and the claims asserted therein. *See Bechtel Corp. v. Loc. 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976) ("In the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues.").

There is no question that the CD, if approved, will fundamentally transform OxyChem's Litigation in at least the following ways: (1) it will preclude OxyChem from maintaining contribution claims against Settling Defendants through operation of "contribution protection," by which CERCLA shields parties that settle with the government from private party actions for covered response costs, 42 U.S.C.A. §§ 9613(f)(2), 9622(h)(4); (2) it will streamline the issues and parties involved in discovery; (3) it will lead to motions that should either end OxyChem's Litigation or

---

[3] The Settling Defendants comprise most of the parties named in OxyChem's complaint and a few others not named in the complaint. A list of the Settling Defendants in the CD Action cross-referenced with the list of primary defendants in OxyChem's Litigation is attached as **Exhibit A**.

[4] This is in addition to sums that the Settling Defendants contributed to the Site before reaching this settlement.

Preti Flaherty

December 20, 2022
Page 3

substantially narrow the remaining issues with respect to any claims and parties that remain for the Court's consideration; and (4) it will allow for the remaining defendants that did not participate in the initial allocation and/or settlement process to fully engage with EPA on a follow-up settlement process modeled after this CD.

With OxyChem's agreement, the Moving Parties therefore seek a six-month stay of all proceedings in OxyChem's Litigation to allow the Court to review the settlement in the CD Action. *See Akishev v. Kapustin*, 23 F. Supp. 3d 440, 445 (D.N.J. 2014) (discussing this Court's "inherent discretion to stay a proceeding whenever the interests of justice mandate such action" (quotation marks omitted)). Prioritizing approval of the CD by imposing a stay on OxyChem's Litigation also supports the deliberate policy choice made by Congress to encourage government settlement of CERCLA claims over private party litigation. *See, e.g.*, 42 U.S.C.A. § 9622(a); *United States v. DiBiase*, 45 F.3d 541, 545-46 (1st Cir. 1995); *United States v. Occidental Chem. Corp.*, 200 F.3d 143, 148, 150 n.8 (3d Cir. 1999); *United States v. E.I. Du Pont de Nemours & Co. Inc.*, 432 F.3d 161, 175-76 (3d Cir. 2005).

In addition, the Moving Parties respectfully request that this Court decide the Motion for a Stay to avoid potential conflicts of interest and any appearance of impropriety pursuant to 28 U.S.C.A. § 455 in view of the Special Master's disclosure of an ongoing affiliation with eleven Defendants that would benefit from the grant of a stay.[5]  *See* ECF Nos. 659, 1177, 2087.  Moreover, the order appointing the Special Master expressly limits the Special Master's authority to "oversee[ing] the schedule for completion of discovery and all discovery disputes and motions related thereto."  ECF No. 646 at 3; *see* ECF No. 633; Fed. R. Civ. P. 53(a)(1)(C).  The Motion for a Stay, in contrast, more broadly regards *all* proceedings, not just discovery.

---

[5] The eleven parties are as follows: (1) Honeywell International, Inc., which the Special Master's law firm, O'Toole Scrivo, represents in a toxic torts matter; (2) R.T. Vanderbilt Holding Company, Inc. ("RTV"), which O'Toole Scrivo also represents in a toxic torts matter; (3) Congoleum Corporation, which the Special Master's prior law firm represented in the development of property unrelated to the Site; (4) City of Clifton; (5) City of East Orange; (6) City of Orange; (7) City of Paterson; (8) Borough of Wallington; (9) Sun Chemical Corporation; (10) Sequa Corporation; and (11) City of Montclair.  ECF Nos. 659, 1177, 2087.

PRETI FLAHERTY

December 20, 2022
Page 4

   For these reasons, the Moving Parties seek leave to file the Unopposed Motion for a Stay of Proceedings for decision by this Court.

                  Respectfully Submitted,

                  Jeffrey D. Talbert

cc:  All counsel of record