

Camille V. Otero
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4509 Fax: (973) 596-0545
cotero@gibbonslaw.com

January 6, 2023

**VIA CM/ECF**
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009
tscrivo@oslaw.com

    Re: *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al*.
       Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

  We represent Defendant MI Holdings, Inc. ("MIH") in the above-captioned matter. We write to oppose the letter-motion by Plaintiff Occidental Chemical Corporation ("OCC") seeking protection from the Federal Rule of Civil Procedure 30(b)(6) deposition notices served upon it by the Small Parties Group ("SPG"). *See* OCC motion, ECF No. 1227.

## Preliminary Statement

  While MIH is a member of the SPG and joins in the SPG's papers that oppose OCC's motion, MIH is compelled to submit this letter in further opposition to OCC's motion to highlight two issues of critical importance to MIH.[1]

  *First*, OCC must be required to testify about the various subject areas as they relate to Newark Bay under the SPG's Rule 30(b)(6) deposition notices. OCC's own pleadings allege that Newark Bay provides the nexus between MIH's Jersey City facility and the Passaic River, thus making the Bay a central issue for MIH in this case. OCC is wrong that discovery concerning the Bay is precluded by a 2021 Stipulation. *See* ECF No. 1233. OCC itself has acknowledged that it has "discovery obligations" related to the Bay; it has produced certain documents related to the Bay in discovery; and it recently sought Bay discovery in its Rule 30(b)(6) deposition notice to MIH and during questioning at MIH's deposition.

---

[1] MIH incorporates by reference the factual and procedural background and arguments set forth in the SPG's opposition papers.

GIBBONS P.C.

Special Master Thomas P. Scrivo. Esq.
January 6, 2023
Page 2

*Second*, OCC's arguments about undue burden concerning the topics in the SPG Rule 30(b)(6) notices fall flat.  OCC cannot plausibly argue that it would be unduly burdensome for it to testify about its own allegations against individual defendants, like MIH.  MIH in particular needs to probe OCC's allegations regarding alleged discharges to Newark Bay and migration to the Passaic River.  Also, OCC's position that time periods for certain topics in the SPG's notices are unduly burdensome is entirely baseless, particularly given OCC's objections to similar arguments made by MIH with respect to topics and time periods in the Rule 30(b)(6) deposition notice that OCC served on MIH.

The scope and process for fact deposition discovery was heavily negotiated by the parties in this action and is set forth in an Amended Deposition Protocol entered by the Court, which is a stipulated procedure that is binding on the parties.  *See* ECF No. 2060.  MIH is entitled to question OCC at depositions noticed by the SPG, pursuant to that Protocol.  *See id.*, Sections A(5) and D(6); *see also* ECF No. 2225 (Special Master's Decision recognizing the binding nature of the parties' stipulated Joint Sampling Protocol).  Notwithstanding the above, MIH reserves the right to issue its own Rule 30(b)(6) deposition notice to OCC if the Special Master (or the Court) determines that the SPG notices to OCC do not permit questioning about Newark Bay or OCC's allegations against individual defendants.

## Factual and Procedural Background

### I. MIH's Jersey City Facility Was Not Located Near the Passaic River and Does Not Belong in this Case

For reasons that have yet to be sufficiently explained, OCC elected to identify MIH's former facility in Jersey City in its Amended Compliant, ECF No. 1247, even though the facility was located inland about a half-mile to the east of Newark Bay near the mouth of the Hackensack River.  The Passaic River, which is the subject of this case, is located on the western side of Newark Bay and on information and belief lies more than a mile from MIH's former Jersey City facility.  Indeed, during a recent meet and confer, OCC has acknowledged that "We don't know of any documents that specifically address your facility's connection to [the] Passaic [River]." **Exhibit A**, Meet-and Confer Tr., 41:11-13, Aug. 4, 2022; *accord id.* at 42:6-8; 43:3-5.

The image at **Exhibit B** depicts the approximate location of MIH's former Jersey City facility in relation to Operable Units ("OUs") 1, 2, and 3 of the Diamond Alkali Superfund Site (the "Site").[2]  OU4 includes the full 17 miles of the Lower Passaic River, which extends to the north to Dundee Dam.  As seen in the image, the Newark Bay Study Area ("NBSA"), which includes Newark Bay and portions of the Hackensack River, Arthur Kill, and Kill Van Kull, was designated as OU3 of the Site by EPA.  There is no dispute that MIH's former Jersey City facility was located outside of OU2 and OU4 of the Site, which cover the full 17 miles of the Lower Passaic River, the remedial costs and cleanup of which are the subject of this case.  The remedial

---

[2] The image is from Figure 1-1 in the May 2022 Remedial Investigation Report for the Newark Bay Study Area.  *See* https://sharepoint.ourpassaic.org/Public_Documents/NBSA_RIR_Rev 4_Text, Tables, Figures.pdf.  MIH inserted the approximate location of its former Jersey City facility.

GIBBONS P.C.

Special Master Thomas P. Scrivo. Esq.
January 6, 2023
Page 3

costs and cleanup of the NBSA (OU3) are not part of this action. The parties entered a Stipulation in 2021 that confirmed that understanding relating to OU3 with respect to damages, but it did not affect discovery related to the Bay. *See* ECF No. 1233.

### II. Newark Bay is Implicated by OCC's Claims

OCC alleges that from 1887 to 1993, hazardous substances were released from MIH's facility into "the public waters at the confluence of the Passaic River, Hackensack River, and Newark Bay, which has a tidal influence on the Passaic River." OCC's Amended Complaint and Third Party Complaint, ECF No. 1247 at 83-84 ¶ 255. OCC further alleges that these releases "contaminated and continue to contaminate the sediments in the Lower Passaic River." *Id.* at 84. In short, OCC's Complaint alleges that Newark Bay provides a nexus between MIH's former Jersey City facility and contamination in the Passaic River. To date, however, OCC has not shown that MIH discharged any hazardous substances to the Bay or established that there is a connection from such alleged discharges to the Bay and any contamination in the Passaic River. It is MIH's position that it was improperly named by OCC as a defendant in this case for the Jersey City facility, which is located outside the Passaic River watershed. Indeed, MIH raised this issue with OCC before the 2021 Stipulation carved Newark Bay damages—but not discovery—out of this case. OCC, however, refused to dismiss MIH (without prejudice) from this action, asserting that OCC has a right to pursue MIH for damages related to pollution in the Passaic River.[3] MIH therefore must be able to question OCC to determine whether it can show a connection between MIH's facility and pollution in the Passaic River, as MIH is differently situated from the other defendants with facilities located within the Passaic River watershed. If OCC cannot do so, then its claims against MIH are improper and must fail.[4]

### III. Newark Bay Has Been the Subject of Discovery in this Action

In March 2019, the SPG and other defendant groups served a request for the production of documents upon OCC. Request 53 sought, *inter alia*, documents concerning pathways between defendants' sites and the Passaic River. *See* **Exhibit C**, Request 53(d)-(e), Defendants' First Joint Request for Production of Documents to OCC. OCC responded to the requests and initially produced one document regarding the alleged nexus between the Bay and the Passaic River,

---

[3] In the Summer of 2021, MIH offered to enter into a tolling agreement with OCC in exchange for OCC's agreement to dismiss MIH from the Passaic River action without prejudice, but OCC refused to do so. OCC advised that it would provide evidence of MIH's alleged liability for contamination in the Passaic River and provide MIH with an opportunity during discovery to test these allegations. After several years of litigation and MIH's corporate representative having appeared at a Rule 30(b)(6) deposition in November 2022, OCC still has not provided "evidence" of a nexus. MIH respectfully submits that now is the time to provide the alleged evidence linking MIH's former Jersey City facility to damages in the Passaic River. MIH is entitled to discover through deposition testimony what evidence OCC purportedly has to support its claims against MIH.

[4] MIH notes that OCC has chosen not to sue dozens of other parties with current or former facilities in or around Newark Bay and the Hackensack River in this action, which is incongruous with its decision to name MIH's former Jersey City facility in this suit. That decision, along with various other issues, places a significant burden of proof on OCC in its CERCLA Section 113 action, and will result in both a significant orphan share and an unassigned share of liability being assigned to OCC in any allocation that may be conducted by the Court.

Case 2:18-cv-11273-MCA-LDW   Document 2256   Filed 01/07/23   Page 4 of 5 PageID: 64978

GIBBONS P.C.

Special Master Thomas P. Scrivo. Esq.
January 6, 2023
Page 4

consisting of scientific modeling. See **Exhibit D**, OCC letter to MIH (May 16, 2022) at 2 (discussing one document); **Exhibit E**, MIH letter to OCC (June 29, 2022) at 2 (similar). In June 2021, the parties entered into a Stipulation regarding the scope of claims concerning the NBSA. See **Exhibit F**, Stipulation, ECF No. 1233 at 2. The Stipulation did not address discovery and it did not "waive, narrow, or limit any parties' defenses." *Id.* at 2 ¶ 5. The Stipulation provided that the parties "do not seek contribution or cost recovery" or "declarations of liability" concerning the NBSA, "but such claims are hereby preserved." *Id.* at 2 ¶¶ 3-4. The Stipulation was entered into "[b]ecause certain of the pleadings could be interpreted to encompass claims related to the [NBSA]." *Id.* at 1 ¶ 1.

After entering into the Stipulation, the parties continued conducting Bay discovery and OCC produced more modeling documents on this topic. At a meet-and-confer in August 2022, MIH asked OCC whether it was withholding documents regarding Newark Bay based on the 2021 Stipulation. **Exhibit A**, Meet-and-Confer Tr., 39:24-41:2, Aug. 4, 2022. OCC responded: "No, no, no, we're not." *Id.*, 41:3; *accord id.* at 49:6-24; 52:11-17; 53:5-19. OCC indicated that it would produce additional modeling documents regarding the Bay shortly, *id.* at 31:24-32:1, and it did so. See **Exhibit G**, OCC letter to all counsel (Aug. 9, 2022). Regarding MIH's Jersey City facility, OCC stated that "We don't know of any documents that specifically address your facility's connection to [the] Passaic [River]." **Exhibit A**, 41:11-13; *accord id.* at 42:6-8; 43:3-5. OCC noted in a separate letter that it had produced discovery regarding the Bay both before and after the 2021 Stipulation, "in substantial compliance with its discovery obligations in this regard." **Exhibit H**, OCC letter to MIH (July 16, 2022). OCC's Rule 30(b)(6) deposition notice to MIH included a topic regarding Newark Bay. See **Exhibit I** at 6 ¶ 6. Specifically, Topic No. 6 concerned: "Any discharge routes from the Jersey City Facility to the Passaic River and/or Newark Bay, including but not limited to direct stormwater outfalls, process water discharge outfalls, process sewer and storm sewers." *Id.* OCC questioned MIH about the Bay at MIH's deposition. *See, e.g.*, **Exhibit J**, MIH Dep. 148:8-149:15, Nov. 18, 2022.

## Argument

### I.   OCC May Be Questioned About Newark Bay at its Rule 30(b)(6) Deposition

The SPG's Rule 30(b)(6) deposition notices to OCC include topics that concern the nexus between MIH's former Jersey City Facility and the Passaic River. *See, e.g.*, Topic 16 ("Factual bases for [OCC's] claims in this litigation against each of the SPG defendants . . . ."). It is critical that MIH be afforded the opportunity to take the deposition of OCC regarding Newark Bay. OCC has produced essentially no evidence of a nexus between the Bay and the Passaic River and no evidence of discharges from MIH's facility to the Bay. OCC does not dispute that discovery regarding Newark Bay is relevant nor does OCC argue that testifying about it would somehow cause OCC serious injury. OCC's only argument is that this discovery is barred by the parties' 2021 Stipulation. However, the Stipulation addressed only the scope of the parties' claims. It did not address discovery, and it did not "waive, narrow, or limit any parties' defenses." Exhibit F at 2 ¶ 5. Accordingly, the Stipulation does not bar this discovery. Additionally, since entering into the Stipulation, OCC has recognized it has "discovery obligations" regarding the Bay; it has produced Bay discovery; and it has sought such discovery in this action, including from MIH.

GIBBONS P.C.

Special Master Thomas P. Scrivo. Esq.
January 6, 2023
Page 5

OCC's argument that the Stipulation bars Bay discovery therefore rings hollow. It is essential to MIH's defense that it be able to question OCC about Newark Bay.

## II. The Deposition Topics Are Not Unduly Burdensome

MIH must be afforded the usual opportunity to take the deposition of its adversary regarding the alleged factual (non-expert) bases for its claims. This testimony is critical to MIH given the lack of a demonstrated nexus between MIH's facility and the Passaic River. OCC argues that it would be unduly burdensome to question OCC about "*Defendants' own sites*." Motion at 4-5 (emphasis in original). But MIH is not seeking to question OCC about its Jersey City facility – it is seeking to question OCC about what evidence it has linking the Jersey City facility to alleged damages in the Passaic River. OCC fails to cite a single case where a defendant was not entitled to depose the plaintiff to test its theory of the case and the allegations against that defendant. OCC's argument that a prior Decision by the Special Master regarding contention interrogatories means this line of deposition questioning should not occur lacks any merit. That Decision stated that document discovery should "be completed expeditiously and depositions get underway shortly thereafter," with responses to contention interrogatories to be served "by the close of fact discovery." ECF No. 1249 at 9; *accord id.* at 6 ("if defendants want to receive immediate answers under oath, they may question plaintiffs at depositions") (citation omitted). Nothing in that Decision precluded deposition questioning.

OCC's objection to the time periods specified for some of the topics in the SPG's Rule 30(b)(6) notices is baseless. *See* Motion at 1 n. 2, 12. Those time periods range from thirty-seven years to approximately eighty years. As noted above, OCC's Rule 30(b)(6) deposition notice to MIH required it to extensively prepare regarding an ownership and operational period spanning more than 100 years. MIH objected to this time period, but OCC refused to accommodate this objection. If a 100-year period was not too burdensome for MIH's deposition, then OCC should be required to testify regarding shorter time periods. Further, the time periods indicated in the SPG's topics are reasonable for the information sought.

## Conclusion

For the foregoing reasons, OCC's motion should be denied.

Respectfully submitted,

*/s/ Camille V. Otero*

_____
Camille V. Otero
Director

cc:   All counsel of record

3053213.1 005593-98890