**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

January 13, 2023

**VIA EMAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

      RE:    *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
              Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

I write on behalf of the Small Parties Group (the "SPG") to provide the Special Master with an update on the status of this litigation and to suggest topics for discussion at the January 18, 2023, conference:

1. Case Status
    a. Settlement
    b. Stay
2. Motions Awaiting the Special Master's Decision

**Overview**

The status of this case has changed considerably since the conference in November 2022. The majority of Defendants named by OxyChem have now executed a settlement agreement with the United States for costs that are the subject of OxyChem's complaint. The United States lodged the resulting consent decree ("CD") with the Court, initiating a new action that is governed by a set procedure. Because the CD, if approved by the Court, would have a significant effect on OxyChem's litigation, all Defendants—including the Third-Party Defendants—moved for a stay of proceedings in this matter, which OxyChem does not oppose.[1] All parties to this matter have also agreed to a temporary stay of all discovery pending the Court's decision on the motion to stay all proceedings. With the CD lodged, the unopposed motion to stay pending, and an agreement reached as to a stay of discovery, the parties have paused discovery efforts.

---

[1] In view of the Special Master's potential conflicts, including disclosure of an ongoing affiliation with eleven Defendants that would benefit from the grant of a stay, the Unopposed Motion for a Stay of Proceedings and the Letter Seeking Leave to File the Motion were directed to the Court rather than the Special Master, thus complying with the Special Master's established procedure to avoid potential conflicts of interest and any appearance of impropriety pursuant to 28 U.S.C.A. § 455. *See* ECF No. 659 at 2, 1177, 2087.

Preti Flaherty Beliveau & Pachios LLP Attorneys at Law | One City Center, Portland, ME 04101 | PO Box 9546, Portland, ME 04112-9546 | Tel 207.791.3000 | www.preti.com

19910314.1

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
January 13, 2023
Page 2

1. **Case Status**

    *a. Settlement*

Update: Since the last status conference, eighty-five Settling Defendants—including most of the Defendants named in OxyChem's litigation—have executed a settlement agreement with the United States resolving their liability for CERCLA cleanup costs associated with the Lower Passaic River within the Diamond Alkali Superfund Site, including costs that OxyChem seeks in this litigation. According to established statutory procedures, the United States lodged the resulting CD with the Court on December 16, 2022, in the matter of *United States v. Alden Leeds, Inc.*, No. 2:22-cv-07326 (D.N.J. filed Dec. 16, 2022).[2] With the lodging of the CD in this second action, the United States made public the Allocation Report that is the result of EPA's four-year process to assign shares of responsibility for the Lower Passaic River remediation.[3] The Allocation Report assigns more than 99% of cleanup costs to OxyChem.[4]

The United States published notice of the CD lodging in the Federal Register, triggering a statutorily-prescribed public comment period.[5] That public comment period is set to expire on March 22, 2023.[6] If EPA determines that the comments reveal no "facts or considerations which indicate that the proposed judgment is inappropriate, improper or inadequate,"[7] the SPG anticipates that the United States will file in *Alden Leeds, Inc.*, a motion for entry of the CD.[8] In deciding whether to grant the motion, the Court in *Alden Leeds, Inc.*, will consider whether the CD is "fair, reasonable, and consistent with CERCLA's goals."[9]

Next Steps: No action is necessary by the Special Master.

---

[2] ECF Nos. 1, 2, 2-1 in *Alden Leeds, Inc.*; *see* 42 U.S.C.A. § 9622(a), (d)(1)(A), (2)(A); 28 C.F.R. § 50.7(b).
[3] AlterEcho, Final Allocation Recommendation Report for OU2 Lower Passaic River Study Area for the Diamond Alkali Superfund Site (Dec. 28, 2020) ("Allocation Report"), semspub.epa.gov/src/document/ 02/609904.
[4] Allocation Operations Spreadsheet, Att. K to Allocation Report, semspub.epa.gov/src/document/ 02/609904.
[5] Notice of Lodging of Proposed Consent Decree Under the Comprehensive Environmental Response, Compensation, and Liability Act, 87 Fed. Reg. 78,710 (Dec. 22, 2022); 42 U.S.C.A. § 9622(d)(2)(B), (i)(1), (2); 28 C.F.R. § 50.7(b).
[6] Notice of Lodging of Proposed Consent Decree Under the Comprehensive Environmental Response, Compensation, and Liability Act, 88 Fed. Reg. 2133 (Jan. 12, 2023).
[7] 42 U.S.C.A. § 9622(i)(3); *accord* 28 C.F.R. § 50.7(b).
[8] *See* 42 U.S.C.A. § 9622(d)(1)(A).
[9] *In re Tutu Water Wells CERCLA Litig.*, 326 F.3d 201, 207 (3d Cir. 2003); *see* 42 U.S.C.A. § 9613(j)(2).

Preti Flaherty

Special Master Thomas P. Scrivo, Esq.
January 13, 2023
Page 3

b. *Motion to Stay*

Update: Through operation of "contribution protection," a statutory mechanism under CERCLA,[10] approval of the settlement should effectively end OxyChem's suit, but at the very least, it would result in a substantial reduction of the claims that remain in OxyChem's suit and thus what discovery is appropriate. Based on the significant potential effect of entry of the CD on OxyChem's litigation, all Defendants, including Third-Party Defendants, requested permission from the Court in this matter seeking permission to file a motion for a six-month stay of all proceedings while the Court evaluates the CD in *Alden Leeds, Inc.*[11] OxyChem does not oppose the requested six-month stay.[12]

As the parties indicated in their letter update to the Special Master dated December 21, 2022, while the Court considers the motion to stay, "all parties—including OxyChem—have agreed to stay all pending or scheduled discovery and discovery disputes, effective immediately."[13] The purpose of the temporary stay of discovery pending a decision on the unopposed motion to stay all proceedings is to avoid any waste of resources that could result from continuing with discovery as to claims that could soon be stayed by the Court or made moot by the settlement. During this agreed-to temporary stay, parties have continued to comply with briefing deadlines only so as not to miss deadlines or waive any arguments pending a decision on the stay motion.[14]

Next Steps: The parties do not believe that any action is necessary to effectuate the agreed-to temporary stay of discovery, but if the Special Master concludes otherwise, the SPG respectfully requests entry of an order memorializing the agreement to pause all discovery in this matter until the Court issues a decision on the unopposed motion to stay all proceedings.

**2. Motions Awaiting the Special Master's Decision**

The following motions are awaiting decision by the Special Master:

(1) Remand Order from Judge Arleo on SPG's Appeal of Decisions Denying Motion to Compel Production of Documents Withheld as Privileged or Protected, ECF No. 2005 (entered Mar. 10, 2022). *In camera* review of a subset of responsive documents remains in progress.

(2) OxyChem's Motion for Protection from the SPG's Notice of Deposition of Frank Parigi, ECF No. 2213 (filed Nov. 9, 2022).

---

[10] 42 U.S.C.A. §§ 9613(f)(2), 9622(h)(4); *see, e.g.*, *United States v. BP Amoco Oil PLC*, 277 F.3d 1012, 1020-21 (8th Cir. 2002); *United States v. Occidental Chem. Corp.*, 200 F.3d 143, 150 n.8 (3d Cir. 1999); *Port of Seattle v. The Boeing Co.*, No. C22-0993JLR, 2022 WL 17176858, at *4, 6 & nn.12 &14 (W.D. Wash. Nov. 23, 2022).
[11] ECF No. 2246.
[12] *See* ECF Nos. 2246 at 1 & n.2, 2246-3 at 1.
[13] Letter from Jeffrey D. Talbert to Special Master Thomas P. Scrivo (Dec. 21, 2022).
[14] *E.g.*, ECF No. 2256, 2257.

Preti Flaherty

Special Master Thomas P. Scrivo, Esq.
January 13, 2023
Page 4

   (3) OxyChem's Motion for Protection from the SPG's Rule 30(b)(6) Deposition Notices to OxyChem, ECF No. 2227 (filed Dec. 2, 2022).

   (4) OxyChem's request for a conference to address SPG consultant cost estimates, ECF No. 2231 (filed Dec. 9, 2022).

   (5) Nokia, Pharmacia, and PSEG's motion for leave to serve discovery regarding OxyChem's financial condition.  ECF No. 2245 (filed Dec. 19, 2022).

   \*  \*  \*

   I look forward to discussing these and other matters with you at the upcoming conference.

Respectfully Submitted,

Jeffrey D. Talbert

cc: All counsel of record

19910314.1