

Kathy D. Patrick
Partner
kpatrick@gibbsbruns.com
713.751.5253

January 18, 2023

<u>*Via Email and ECF*</u>
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

   Re: *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
      Civil Action No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

  We write to follow up on the discussion during today's status conference.

  As we indicated during the conference, on January 9, 2023, two days after the SPG and MI Holdings filed on January 7, 2023, their Oppositions (Dkt. 2256 and 2257) to OxyChem's Motion for Protection from the SPG's 30(b)(6) Notices (Dkt. 2227), OxyChem informed the Special Master by email that—if the contemporaneously filed motion for stay was not granted or after the stay of this matter was lifted—OxyChem intended to seek leave to reply to the SPG's and MI Holdings' briefs. OxyChem informed the Special Master in this manner because the parties had previously agreed to stay all discovery disputes, per the parties' letter to the Special Master dated December 21, 2022.

  We hereby confirm that, as indicated in our January 9, 2023 email, OxyChem seeks leave to reply to MI Holdings' brief because it raises new arguments to which OxyChem is entitled to respond before the Court considers the Motion for Protection. In particular, despite a stipulation between the parties that Newark Bay is not at issue and outside the scope of discovery in this case, MI Holdings contends it is entitled to pursue discovery about Newark Bay. If MI Holdings is permitted to proceed over OxyChem's objection, this would reopen discovery as to a number of parties on this issue.

  Similarly, the SPG's opposition brief asserts new arguments, including in regard to their demand for discovery of the financial condition of OxyChem, which is also the subject of a separate—and not yet fully briefed—motion filed by Defendants Nokia, Pharmacia, and PSE&G seeking leave to pursue discovery of OxyChem's financial condition (Dkt. 2245), as well as an expected motion for protection by OxyChem on that issue.

Langsam Stevens Silver & Hollaender · 1818 Market St · Philadelphia, PA 19103  T 215.732.3255 · F 215.732.3260 · jmcdermott@lssh-law.com
Gibbs & Bruns LLP · 1100 Louisiana · Houston, Texas 77002 · T 713.650.8805 · F 713.750.0903 · www.gibbsbruns.com

Special Master Thomas P. Scrivo, Esq.
January 18, 2023
Page 2

    Finally, as we noted in our letter of January 13, 2023 (Dkt. 2263), the Defendants have impermissibly rested their arguments in these pleadings on the allocation report prepared by David Batson—an allocation that EPA admits is non-binding and that CERCLA prohibits any party from offering in evidence. The Defendants' use of this report in this manner is wholly improper and CERCLA divests the Court of subject matter jurisdiction even to consider it. *See* 42 U.S.C. § 9622(e)(3)(C).

    Very truly yours,

    Kathy D. Patrick

    /s/ *John J. McDermott*

    John J. McDermott

cc:    Liaison Counsel (via ECF)