


Kathy D. Patrick
Partner
713.751.5253
kpatrick@gibbsbruns.com

January 26, 2023

**_Via Email and ECF_**
Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

      Re:    *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
              Civil Action No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

      We write to respond to certain Defendants' letters opposing OxyChem's request for leave to file a reply in support of its motion for protection from the SPG's Rule 30(b)(6) deposition notices. *See* Dkt. 2265 & 2266.

### Counsel agreed to stay *all* discovery disputes.

      All parties agreed to stay the resolution of "all pending or scheduled discovery or discovery disputes."[1]

      Breaching this agreement, MIH now argues OxyChem's request for leave should be denied because OxyChem "did not actually request leave to file a reply until January 18, 2023—twelve days after MIH and the SPG served their oppositions." Dkt. 2265 at 2. This gamesmanship should be rejected for three reasons.

      First, "all means without exception." *In re Biscayne Park,* LLC, 540 Fed App'x 952, 956 (11th Cir. 2013); *see also* Merriam Webster Dictionary (defining "all" as "the whole amount, quantity, or extent of," "as much as possible," and "every member or component of.") An

---

[1] At *the SPG's request*, the parties agreed on December 21, 2022, that "all pending or scheduled discovery or discovery disputes" would be stayed—"effective immediately"—pending the Court's determination on the SPG's motion for a stay of proceedings. *See* **Ex. A** (Dec. 21, 2022 SPG Ltr. to Special Master Scrivo); Dkt. 2246 (Dec. 20, 2022 SPG Ltr. regarding stay request). The SPG's first draft of this agreement covered "discovery," OxyChem specifically requested—and the SPG expressly agreed—it would extend to "discovery *disputes.*" *See* **Ex. B** (Dec. 21, 2022 Email to SPG); **Ex. C** (Dec. 21, 2022 Email from SPG, stating, "No issues with these edits.").

Special Master Thomas P. Scrivo, Esq.
January 26, 2023
Page 2

agreement to stay all disputes necessarily includes a stay of any dispute over whether OxyChem should be granted leave to address entirely new arguments made in response to a discovery motion.

Second, OxyChem informed the Court promptly that it was seeking leave but (adhering to the parties' agreement) said it would do so when and if the stay was lifted. OxyChem emailed the Special Master on January 9, 2022 (copying liaison counsel)—two days after MIH filed its opposition—confirming that, per the parties' agreement, no further response from OxyChem was then required. *See* Dkt. 2265-1. In that submission, OxyChem "expressly reserve[d]" its right to seek leave to file replies, *id.*, and MIH *said nothing in response*. OxyChem reiterated this reservation of rights in its January 13 preconference agenda letter. *See* Dkt. 2263 at 2. And the same day the Special Master requested it, OxyChem made a formal request for leave. Dkt. 2264. Defendants' gamesmanship in breaching their agreement to stay all disputes should not be rewarded with a denial of leave any more than OxyChem's actions in compliance with the agreement to stay proceedings should be punished by denying it leave to address arguments material to the resolution of this dispute. The Special Master should reject MIH's argument.[2]

Finally, the interests of justice require the Court to permit OxyChem leave to address entirely new, unanticipated, and defendant-specific arguments regarding the Newark Bay complex—a part of the Site that has also, by stipulation of the parties, been *excluded* from discovery up to now. *See* Dkt. 1233 ("Joint Stipulation and Proposed Order Regarding Scope of Claims"). We begin with what is undisputed. On June 16, 2021, all parties—including the SPG and MIH—agreed to a stipulation excluding the Newark Bay, designated as Operable Unit 3 of the Site, from this case. *See id.* ¶ 5 ("The sole purpose and effect of this stipulation is to clarify that the Newark Bay Study Area, also referred to as OU3, is not at issue in this litigation.").

In its motion for protection from the SPG's Rule 30(b)(6) deposition notices, OxyChem pointed to this stipulation as precluding the discovery sought by 18 of the topics in the SPG's notices. *See* Dkt. 2227 at 11. OxyChem's motion also requested protection—on grounds separate and distinct from the Newark Bay Stipulation—from the SPG's Topic 1.16, which broadly seeks testimony regarding "OxyChem's contentions" about the facts relating to the operational histories at the Defendants' own sites, discharges at or from those sites, and environmental investigations and remediations at those sites. *See id.* at 5-6.

MIH then submitted a separate, additional opposition conflating these issues and arguing it should not be bound by the Newark Bay Stipulation (to which it had previously agreed) for

---

[2] MIH itself did not request an extension for its opposition until seventeen days *after* the December 7 deadline for responses had passed. To obtain that extension, on December 24—a Saturday and Christmas Eve—MIH's counsel emailed OxyChem's counsel to ask for an "extension" until January 6. **Ex. D** (12-24-2022 email from M. Sinkman to D. Romine). Forty minutes later, MIH wrote the Special Master with the same request, reporting "I have contacted counsel for OCC about MIH's request, but I have not yet received a response." Dkt. 2248.

Special Master Thomas P. Scrivo, Esq.
January 26, 2023
Page 3

reasons *specific to itself and its location. See generally* Dkt. 2256. But MIH had not previously raised this argument during the meet-and-confer process regarding the SPG's deposition notices. Instead, MIH raised its "individual issues" as they relate to the deposition of OxyChem for the first time in its separate opposition, collaterally attacking (in the process) both the binding stipulation and the extensive meet-and-confer efforts between OxyChem and the SPG to narrow the matters in dispute.

MIH is a member of the SPG and jointly served on OxyChem broad deposition topics intended to generically cover all issues relevant to the dozens of Defendants in the SPG. OxyChem's objections and motion for protection addressed the topics as they were served in those joint notices. MIH now raises in its separate response ostensibly individual issues that are distinct from those raised by the SPG. *See* Dkt. 2248 ("While MIH is a member of the SPG, MIH plans to separately oppose OCC's motion to highlight issues of critical importance *to MIH* and to provide *MIH's unique perspective on arguments in OCC's motion*." (emphasis added)).

This history confirms leave should be granted, not denied. Had MIH raised its individual issues timely during the meet and confer, OxyChem could and would have addressed them in its original motion for protection from the SPG's deposition topics—which did not call out MIH or its purportedly "unique" issues. Instead, MIH laid behind the log, waited to raise its allegedly "critical" issues until its unilateral response, and then sought to preclude OxyChem from addressing these issues at all. That is not how the discovery process works. The Special Master has been clear that parties are required to meet and confer *before* raising discovery disputes. OxyChem did that; MIH did not. The Court thus has two options. It can strike MIH's response entirely, for failure to comply with the meet-and-confer requirement; in the alternative, it can grant OxyChem leave to address these arguments in a reply brief when the stay is lifted.

### **The SPG—with its members Nokia, Pharmacia, and PSE&G—has made new arguments for discovery regarding OxyChem's financial condition that warrant a reply.**

The SPG is at least consistent. Throughout this case, it has urged that the burden of discovery should be placed *on* OxyChem while the Defendants produce nothing, do nothing, and angle for delay. Reprising the same tactic, the SPG now urges the Court to allow financial discovery pertaining to only one party: OxyChem.

The SPG's argument states no ground on which discovery of this issue would be appropriate in this case. Citing a letter to EPA, which is not a party to this case, SPG claims that OxyChem somehow "opened the door to inquiry regarding its financial condition" by submitting a "letter to the United States in which it disclaimed its ability to pay for the cleanup." *See* Dkt. 2257 at 13-14. As with MIH, this is a new argument and one OxyChem has not been permitted to brief. Whether OxyChem "opened the door" to financial-condition discovery is an issue raised for the first time by the SPG's opposition, warranting a reply.

The SPG injected this new argument in conjunction with the submission—more than two weeks after OxyChem moved for protection on December 2, 2022—*by SPG members* Nokia, Pharmacia, and PSE&G, seeking leave to serve financial-condition discovery. *See* Dkt. 2245. If

Special Master Thomas P. Scrivo, Esq.
January 26, 2023
Page 4

permitted a reply, OxyChem would be able to inform the Court of a number of matters critical to the assessment of these arguments, including:

- The law establishing that pre-judgment discovery of a party's financial condition is almost always denied, save in circumstances that do not apply here;
- The risible claim that the SPG's purported "financial expert" cannot read or understand Occidental Petroleum's public financial statements or the disclosures pertaining to its "chemicals segment" that is defined as "Occidental Chemical"; and,
- The many ways in which the SPG and its members have materially and, apparently, intentionally, misstated the content of OxyChem's letter to EPA to conjure a false specter of financial distress when OxyChem's letter made no such claim.

Lastly, these submissions violate CERCLA. In their December 19, 2022 letter, these SPG Defendants submitted information from a non-binding allocation of responsibility conducted as an ADR process. *See* Dkt. 2245 at 1. Nokia, which offered the content of this report in its letter, pleaded in another case that the information it offered here was developed in "a confidential process to establish a non-binding allocation of shares for OU2, the lower 8.3-mile reach of the LPRSA." *See* ECF No. 94-1, Brief of Nokia of America Corp. at 11 in Case No. 2:22-cv-07326, *United States of America v. Alden Leeds, Inc.*, et al. CERCLA Section 122(e), 42 U.S.C. §9622(e)(3)(C), is emphatic: the contents of a non-binding allocation of responsibility or its contents "shall not be admissible in evidence in any proceeding." To ensure this cannot happen, Congress prohibited the Court even from *reviewing* such information: "no court shall have jurisdiction to review the nonbinding preliminary allocation of responsibility." *Id.* Nokia, Pharmacia, PSE&G, and the other SPG Defendants are bound by this provision, as is the Court. But Nokia, Pharmacia, and PSE&G (all SPG members) offered this material in evidence and urged the Court to review it anyway.

The same is true of the SPG as a whole. While the SPG this week disclaimed any citation to or reliance on the Batson report to support its opposition, *see* Dkt. 2266 at 2, it *cited that report* and its contents in the same breath, on the same page of the same brief. *See* Dkt. 2266 at 2 n. 1. Congress prohibited the SPG from doing this, just as it prohibited Nokia, Pharmacia, and PSE&G. 42 U.S.C. §9622(e)(3)(C). Removing any doubt on the matter, Congress was also emphatic that such a report "shall not constitute an apportionment or other statement on the divisibility of harm or causation." 42 U.S.C. § 9622(e)(3)(C). Ignoring all three prohibitions, the SPG puts this material directly before the Court, for this precise and improper reason. *See* Dkt. 2266 at 2.

When new submissions or arguments are made in a response, the movant should have an opportunity to file a reply brief. *See Doe v. Univ. of Mich.*, No. 18-11776, 2021 WL 9059411, at *2 (E.D. Mich. Nov. 19, 2021) (granting leave to file sur-reply where reply attached a revised billing chart and otherwise the respondent would have no way to respond to chart). Reply briefs are also permitted when it would be "helpful for the Court" and in "the interest of completeness." *See, e.g., N.C. Cap., LLC v. Metabolomic Techs., Inc.*, 594 F. Supp. 3d 1073, 1076-77 (C.D. Ill. 2022) (granting motion for leave to file reply brief); *Guajardo v. Skechers USA, Inc.*, 503 F. Supp. 3d. 746, 751 (C.D. Ill. 2020). OxyChem respectfully submits that it *must* be granted leave to

Special Master Thomas P. Scrivo, Esq.
January 26, 2023
Page 5

address the issues and misconduct evident in the responses of MIH and the SPG, and in the related submission by SPG Defendants Nokia, Pharmacia, and PSE&G. OxyChem's request for leave to file a reply is also timely, reasonable, and justified. Accordingly, leave should be granted.

Very truly yours,

Kathy D. Patrick

/s/ *John J. McDermott*

John J. McDermott

cc:   All counsel of record (via ECF)