

Camille V. Otero
Director

Gibbons P.C.
One Gateway Center
Newark, NJ 07102-5310
Direct: 973-596-4509 Fax: (973) 596-0545
cotero@gibbonslaw.com

January 31, 2023

**VIA EMAIL and CM/ECF**
Special Master Thomas P. Scrivo, Esq.

    Re:    *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al*.
             Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

    We represent Defendant MI Holdings, Inc. ("MIH") in the above-captioned matter. I write to address inaccuracies and a reference to alleged misconduct in the January 26, 2023 letter from Plaintiff Occidental Chemical Corporation ("OCC") regarding its request for leave to file a reply on its motion for protection from the Federal Rule of Civil Procedure 30(b)(6) deposition notices served upon it by the Small Parties Group ("SPG"). *See* ECF No. 2271 ("OCC Letter"); ECF No. 2227 ("OCC's Motion"); ECF No. 2256 ("MIH Opp'n").

**I. MIH and OCC Have Conferred About Newark Bay Discovery for More than a Year**

    OCC's letter attempts to rewrite history by arguing that MIH's request to depose OCC regarding Newark Bay raises "entirely new, unanticipated, and defendant-specific arguments," and that MIH did not confer with OCC prior to its motion. OCC Letter at 2-3.

    In fact, MIH has been conferring with OCC about issues specific to MIH and Newark Bay prior to June 2021, when the parties entered into a Stipulation regarding the Bay. *See* ECF No. 1233. The Stipulation clarified that the parties do not assert "cost recovery, contribution, and declaratory judgment claims related to the Newark Bay Study Area," since the pleadings were unclear on this matter. *Id.* at 1 ¶ 1. The Stipulation also provided that it did "not amend or foreclose claims that any party's alleged liability for the claims at issue in this litigation is related to properties located at or near the Newark Bay Study Area (OU3) or any defenses thereto." *Id.* at 3 ¶ 5(b). In connection with the Stipulation, MIH discussed with OCC whether MIH should be dismissed without prejudice from the case because MIH's facility was located away from the Passaic River across the Bay (and inland a half-mile). *See, e.g.*, **Exhibit A**, MIH letter to OCC (Nov. 4, 2021) at 2; **Exhibit B,** Meet-and-Confer Tr., 14:2-15:2, 21:23-22:3, Apr. 6, 2022 (referencing discussions between OCC and MIH in the Summer of 2021); **Exhibit C**, MIH letter to OCC (May 24, 2022) at 3 ("We request that OxyChem dismiss its claims related to the Jersey

GIBBONS P.C.

City facility without prejudice."). While OCC refused to dismiss MIH from the case, MIH repeatedly expressed concern that OCC was not producing discovery regarding the Bay – which is the alleged nexus between the Passaic River and MIH's former facility. *See, e.g.*, Exhibit B at 11:12-17. MIH needs discovery about this alleged nexus to defend itself, and OCC repeatedly acknowledged that it was obligated to produce this discovery. *See, e.g.*, MIH Opp'n at 2; Exhibit B at 15:6-26:12; *id.* at 26:4-10 ("But in terms of information and documents that may be relevant to issues particularly for [B]ay-related parties *like MI Holdings*, that looks like that's pretty clearly is part of that case.") (emphasis added). OCC and MIH engaged in prolonged back-and-forth regarding whether OCC was actually meeting these discovery obligations. *See* MIH Opp'n, Exhibits A, D, E, H; **Exhibit D**, MIH letter to OCC (June 8, 2022) at 2 n.1, 3 n.2; **Exhibit E**, OCC letter to MIH (June 14, 2022); **Exhibit F**, MIH letter to OCC (July 7, 2022) at 2 n.1; **Exhibit G**, MIH letter to OCC (Aug. 1, 2022). The other points raised in MIH's opposition to OCC's motion were not "individual issues that are distinct from those raised by the SPG." OCC Letter at 3.

OCC has frequently argued that "discovery is a two-way street." *See, e.g.*, OCC's Motion at 2. OCC questioned MIH about Newark Bay at its deposition, and MIH is entitled to ask OCC about this critical topic at its deposition. This is not a new issue warranting a reply.

**II. OCC Improperly References "Misconduct" by MIH, the SPG, and Other Defendants**

OCC improperly argues that it should be granted leave to file a reply to address alleged "misconduct evident in the response of MIH and the SPG, and in the related submission by" other SPG defendants, without any evidence of the sort. OCC Letter at 2-3. It is unclear what the alleged "misconduct" by MIH consisted of. In any event, MIH disclaims this baseless allegation, which goes beyond any disagreements counsel may have about the scope of discovery and OCC's motion. OCC's request to file a reply based on this phantom assertion should be emphatically rejected by the Special Master.

## Conclusion

OCC's request for leave to file a reply should be denied.

Respectfully submitted,

*/s/ Camille V. Otero*
_____

Camille V. Otero
Director

cc: All counsel of record

2