**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

February 1, 2023

**VIA EMAIL AND ECF**

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, NJ 07009
tscrivo@oslaw.com

      RE: *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
           Docket No. 2:18-cv-11273-MCA-LDW

Dear Special Master Scrivo:

    I write on behalf of the Small Parties Group (the "SPG") in response to OxyChem's January 26, 2023 letter (ECF No. 2271), which replies (without leave) to the SPG's opposition to OxyChem's request for leave to reply to the SPG's and MI Holdings, Inc.'s Oppositions (ECF Nos. 2256 and 2257) to OxyChem's Motion for Protection from the SPG's 30(b)(6) Notices (ECF No. 2227). The SPG writes to correct the record regarding OxyChem's claimed inability to pay and OxyChem's continued incorrect assertions regarding an EPA-sponsored allocation that is not at issue before the Special Master.

    The SPG's assertion that OxyChem opened the door for discovery concerning its financial condition is not a new issue that OxyChem was unable to address in its opening brief. More than four months before filing its motion for protective order, OxyChem submitted its letter to the United States disclaiming its ability to provide financial assurance for the cleanup of OU2 and OU4. OxyChem filed that letter on the docket in this action.[1] SPG Defendants Nokia of America Corp. ("Nokia"), Pharmacia LLC ("Pharmacia"), and Public Service Electric and Gas Company ("PSE&G") informed OxyChem of their intention to seek financial information discovery in light of OxyChem's letter and met and conferred with OxyChem on November 18, 2021.[2] OxyChem did not file its motion for protection until two weeks later. That the SPG's Opposition drew attention to a known issue that OxyChem chose to ignore in its own papers is not grounds to grant OxyChem a reply brief.

    In any event, permitting OxyChem a reply brief on that basis would be futile for two reasons. First, OxyChem's claimed inability to financially assure the cleanup of OU2 and OU4 is a matter of public record. The SPG should be entitled to explore that claim notwithstanding whatever spin OxyChem might wish to put on its own statements. Second, if and when the Court conducts an equitable allocation, the Court may see fit to consider OxyChem's financial condition,

---

[1] ECF No. 2100-1 at 4, 7.
[2] *See* ECF No. 2245 at 3.

Preti Flaherty
Beliveau & Pachios LLP
Attorneys at Law

One City Center, Portland, ME 04101 | PO Box 9546, Portland, ME 04112-9546 | Tel 207.791.3000 | www.preti.com

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
February 1, 2023
Page 2

as that is a factor courts have discretion to consider.[3] The parties should be entitled to build a record regarding issues relevant to that allocation.

Furthermore, permitting a reply would only invite further mischief from OxyChem regarding the EPA-sponsored allocation report. Implicitly conceding that the SPG's Opposition nowhere raises the EPA-sponsored allocation report, OxyChem acknowledges that the report was referenced in Nokia, Pharmacia, and PSE&G's motion to compel discovery.[4] That the report was referenced in a *different motion* by *different movants* is no basis for a reply brief on *this motion*. Not only do OxyChem's assertions regarding the EPA-sponsored allocation report distract the Special Master and the parties with irrelevant issues, they are simply and categorically wrong.

OxyChem falsely postulates that the Allocation Recommendation Report is a CERCLA Section 122(e) "nonbinding preliminary allocation of responsibility" ("NBAR"). *See* ECF No. 2271. And each assertion that follows relies on that faulty premise. The record is clear that the Allocation Recommendation Report is not an NBAR.

EPA has repeatedly stated that it was not pursuing an NBAR with the participating allocation parties and that the Allocation Recommendation Report is not an NBAR. An NBAR is a specific type of report developed pursuant to special procedures prescribed by CERCLA and EPA guidelines. 42 U.S.C. § 9622(e). In the general notice letters EPA sent in 2016, EPA stated that it had "decided not to use [Section 122(e)'s] special notice procedures as EPA does not believe that those procedures would facilitate an agreement or expedite remedial action as the Site."[5] Just yesterday, the United States confirmed in a filing in the Consent Decree action that the Allocation Recommendation Report is not an NBAR.[6]

EPA pointed out that the procedures it followed in implementing its allocation differ in several ways from an NBAR.[7] In particular, the EPA-sponsored allocation did not follow EPA's Interim Guidelines for Preparing Nonbinding Preliminary Allocations of Responsibility.[8] For example, (1) the EPA-sponsored allocation was conducted by a third-party neutral, not by EPA personnel; (2) participating allocation parties ("PAPs") were not free to adjust the third-party neutral's allocation shares among themselves; (3) EPA did not notify PAPs that it intended to prepare an NBAR; and (4) EPA did not endeavor to complete the allocation prior to issuance of

---

[3] *See* SPG Opp'n (ECF No. 2257) at 14-15.
[4] *See* ECF No. 2271. OxyChem faults the SPG for referencing the Allocation Recommendation Report in its January 23 letter, *see* ECF No. 2271, ignoring that the SPG did so only *in response* to OxyChem putting the report at issue in its January 18 letter, ECF No. 2266 at 2.
[5] *See United States of America v. Alden Leeds, Inc.*, Case No. 2:22-cv-07326, ECF No. 84-1 (Alice Yeh Dec.), Att. A at 4 (D.N.J.).
[6] *Alden Leeds*, ECF No. 119-1 at 5 n.4 ("Contrary to OxyChem's assertions, the Allocation Recommendation Report is not a 'nonbinding preliminary allocation of responsibility' (a.k.a 'NBAR') as that term is used in Section 122(e)(3)").
[7] *Id.*
[8] *See* 52 Fed. Reg. 19,919 (May 28, 1987), *available at* www.epa.gov/sites/default/files/2013-10/documents/non-bind-fr.pdf (the "NBAR Guidelines").

PRETI FLAHERTY

Special Master Thomas P. Scrivo, Esq.
February 1, 2023
Page 3

the Record of Decision.[9] In short, EPA has repeatedly stated that the EPA-sponsored allocation was not an NBAR proceeding, and its actions confirm that.

Rather, the EPA-sponsored allocation was an alternative dispute resolution proceeding, which EPA has long used to reach settlement at Superfund sites.[10] Courts routinely review and consider these types of allocations in consent decree approval proceedings. *See, e.g.*, *United States v. Kramer*, 19 F. Supp. 2d 273, 278-86, 289 (D.N.J. 1998) (examining the terms of an allocation report and concluding that it provided a rational basis to support entry of a proposed CERCLA consent decree); *United States v. Acton Corp.*, 733 F. Supp. 869, 871-73 (D.N.J. 1990) (concluding that it is not the court's place to conduct "a de novo examination of the liability allocation" and using an underlying allocation to determine the fairness of a proposed consent decree); *United States v. Charles George Trucking, Inc.*, 34 F.3d 1081, 1088-89, 1091 (1st Cir. 1994) (embracing and approving the underlying allocation and allocation methodology in affirming the District Court's entry of a consent decree). OxyChem's reference to the EPA-sponsored allocation are both incorrect and irrelevant to the issues before the Special Master.

Finally, the SPG is compelled to address OxyChem's accusation of unspecified "misconduct" on the part of the SPG and certain SPG Defendants.[11] The accusation is wholly unsupported and is belied by the SPG's straightforward arguments and record support: (1) the record is clear that the issues OxyChem claims are new were ripe before OxyChem filed its motion for protection; (2) the Allocation Recommendation Report is not at issue in OxyChem's motion for protection or the responses thereto; and (3) OxyChem blatantly mischaracterizes the Allocation Recommendation Report. OxyChem's overheated rhetoric is unfortunate and only betrays the lack of legitimate grounds for its requested reply.

Respectfully Submitted,

Jeffrey D. Talbert

cc:     All counsel of record

---

[9] *Cf. id.* at 19,919-19,920.
[10] Final Guidance on Use of Alternative Dispute Resolution Techniques in Enforcement Actions, (Aug. 14, 1987) *available at* nepis.epa.gov/Exe/ZyPDF.cgi/9100UDS6.PDF?Dockey=9100UDS6.PDF (the "ADR Guidance") (describing the ADR process and explaining that a neutral should not serve in any other capacity in the case).
[11] *See* ECF No. 2271 at 4-5.