

David R. Erickson

2555 Grand Blvd.
Kansas City, Missouri 64108
**t** 816.474.6550
**f** 816.421.5547
derickson@shb.com

February 1, 2023

**VIA EMAIL:** tscrivo@oslaw.com

Special Master Thomas P. Scrivo, Esq.
O'Toole Scrivo, LLC
14 Village Park Road
Cedar Grove, New Jersey 07009

**RE:** *Occidental Chemical Corp. v. 21st Century Fox Am., Inc.,*
**Civil Action No. 2:18-cv-11273-MCA-LDW (D.N.J.)**

Dear Special Master Scrivo:

Small Parties Group ("SPG") members Nokia of America Corp. ("Nokia"), Pharmacia LLC ("Pharmacia"), and Public Service Electric and Gas Company ("PSE&G") write in response to Occidental Chemical Corporation's ("OxyChem") January 26, 2023 letter. Dkt. No. 2271 ("OxyChem's Letter"). OxyChem's Letter appears to be a reply (without leave) in support of its earlier motion for leave to file a reply (Dkt. No. 2256) ("Motion for Leave to File a Reply") in support of its motion for a protective order (Dkt. No. 2227), related to the SPG's 30(b)(6) deposition notice of OxyChem. Because OxyChem's Letter goes beyond the scope of its Motion for Leave to File a Reply, and also implicates a separate Motion for Leave to Serve Discovery Regarding Financial Condition filed by Nokia, Pharmacia, and PSE&G (Dkt. No. 2245) ("Motion for Leave"), we write to address briefly three points.

*First*, Despite OxyChem's attempt to implicate it, Nokia, Pharmacia and PSE&G's Motion for Leave is not the subject of or related to OxyChem's Motion for Leave to File a Reply, nor is any consideration of it at this point timely. Nokia, Pharmacia, and PSE&G filed their Motion for Leave on December 19, 2022; the next day, all parties agreed to stay all pending or scheduled discovery and discovery disputes. *See* OxyChem's Letter at 1 n.1 & Exs. A-C. All briefing related to Nokia, Pharmacia, and PSE&G's Motion for Leave is therefore stayed by agreement of the parties. OxyChem's inappropriate attempt to argue now its opposition to the Motion for Leave during the agreed-upon stay should be disregarded. Nokia, Pharmacia and PSE&G reserve the right to address OxyChem's



opposition to their Motion for Leave, if filed, after the parties' agreed stay of discovery and any Court-ordered stay is lifted.

*Second*, to the extent OxyChem's Letter implies otherwise, Nokia, Pharmacia, and PSE&G have never suggested the parties did not agree to a stay of discovery and discovery disputes. Nor have they suggested that, after the parties' agreed stay of discovery and any Court-ordered stay are lifted, OxyChem cannot attempt to seek leave to file a reply in support of its motion for protective order related to the Rule 30(b)(6) deposition. Nokia, Pharmacia and PSE&G reserve their right to respond to any such request at the appropriate time.

*Third*, OxyChem's Letter is a misplaced attempt to argue about the admissibility of the EPA-sponsored allocation that formed the basis of the Consent Decree filed in *United States of America v. Alden Leeds, Inc.*, Case No. 2:22-cv-07326 (D.N.J.). OxyChem argues that the EPA-sponsored allocation is a nonbinding preliminary allocation of responsibility ("NBAR") under 42 U.S.C. § 9622(e) (CERCLA § 122(e)), and, as such, is inadmissible pursuant to the specific terms of § 122(e)(3)(C). OxyChem's argument is legally and factually wrong.

The EPA-sponsored allocation was explicitly *not* a CERCLA § 122(e) NBAR. In 2016, when EPA first initiated its efforts toward settlement with PRPs for Operable Unit 2, EPA expressly stated that it was *not* using the procedures of CERCLA § 122(e), because "EPA does not believe that those procedures would facilitate an agreement or expedite remedial action at the Site." *Alden Leeds*, Dkt. No. 84-1 (Alice Yeh Dec.), Att. A, at 4. At no point has EPA changed its mind. Instead, EPA hired a third-party neutral to conduct the allocation using an alternative dispute resolution process, which EPA has the discretion to do *outside of* the CERCLA § 122(e) process.[1] In any event, as noted in the SPG's letter of January 23, 2023 (Dkt. No. 2266), neither the allocation report's admissibility nor the Court's jurisdiction to consider it in this case are currently before the Court.

---

[1]    Had EPA ever intended that the allocation be a CERCLA § 122(e) NBAR as OxyChem asserts, it would have followed a much different path, as set forth in its Interim Guidelines for Preparing Nonbinding Preliminary Allocations of Responsibility. *See* 52 Fed. Reg. 19,919 (May 28, 1987), *available online at* www.epa.gov/sites/default/files/2013-10/documents/non-bind-fr.pdf (the "NBAR Guidelines"). For example, under its NBAR Guidelines, EPA would have attempted to "complete the NBAR *before* selection of a preferred remedy and public comment, or at least prior to the Record of Decision," not after the ROD issuance as in this case. And EPA would not have retained a third-party neutral to develop the facts and allocation recommendations, but would have conducted the allocation through EPA personnel responsible for the Site, as called for in the NBAR Guidelines.



Best regards.

Respectfully submitted,

David R. Erickson
DRE/kga