# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>21ST CENTURY FOX AMERICA, INC., *et al.*,<br><br>Defendants and Third-Party Plaintiffs,<br><br>v.<br><br>PASSAIC VALLEY SEWERAGE COMMISSIONERS, *et al.*,<br><br>Third-Party Defendants. | Civil Action No.<br><br>18-11273 (MCA) (LDW)<br><br>**ORDER AND ADMINISTRATIVE TERMINATION ORDER** |

**THIS MATTER** having come before the Court by way of the unopposed motion of all defendants and third-party defendants in this matter – the Small Parties Group, the Gordon Rees Group, the CSG Group, the PVSC Group, and the King Group (the "Moving Parties") – for a stay of the above-captioned litigation pending consideration of the United States' request for approval and entry of a Consent Decree in the matter of *United States v. Alden Leeds, Inc.*, Civ. A. No. 22-7326 (MCA) (LDW).  (ECF No. 2246); and

**WHEREAS** in 2017, the Environmental Protection Agency ("EPA") retained a third-party to conduct an allocation process recommending the relative responsibility of a large number of potentially responsible parties for contamination in the Lower Passaic River in the Diamond Alkali Superfund Site for settlement purposes; and

**WHEREAS** in lieu of participating in the EPA's settlement process, Occidental Chemical Corporation ("OxyChem") initiated this private action pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA") seeking cost recovery and contribution from 116 parties for environmental clean-up costs OxyChem has incurred or will incur in the future in response to the contamination of the Lower Passaic River in the Diamond Alkali Superfund Site; and

**WHEREAS** 85 of the defendants named in this action recently entered into a $150 million settlement agreement with the United States to resolve their alleged liability for response costs incurred in connection with the contamination of the Lower Passaic River in the Diamond Alkali Superfund Site; and

**WHEREAS** the United States memorialized the settlement in a Consent Decree which has been lodged with the Court for approval in *United States v. Alden Leeds, Inc.*, Civ. A. No. 22-7326 (MCA) (LDW); and

**WHEREAS** pursuant to the terms of the Consent Decree, those defendants that have settled with the United States are "entitled, as of the Effective Date, to protection from contribution actions or claims as provided by Section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the 'matters addressed' in this Consent Decree," (Consent Decree ¶ 23, Civ. A. No. 22-7326, ECF No. 2-1), such that approval of the Consent Decree would effectively resolve some or all of OxyChem's CERCLA claims against 85 defendants; and

**WHEREAS** accordingly, the Moving Parties now seek to stay the parallel private action pending the outcome of the request for judicial approval of the Consent Decree in *United States v. Alden Leeds, Inc.*; and

**WHEREAS** "[i]n the exercise of its sound discretion, a court may hold one lawsuit in abeyance to abide the outcome of another which may substantially affect it or be dispositive of the issues." *Bechtel Corp. v. Local 215, Laborers' Int'l Union of N. Am., AFL-CIO*, 544 F.2d 1207, 1215 (3d Cir. 1976); and

**WHEREAS** when determining whether to issue a stay pending the outcome of parallel litigation, the Court considers whether the parties would be prejudiced by a stay, as well as "the interests of justice and judicial economy, including avoiding inconsistent results, the duplication of efforts, and the waste of judicial resources." *MEI, Inc. v. JCM Am. Corp.*, Civ. A. No. 09-351, 2009 WL 3335866, at *5 (D.N.J. Oct. 15, 2009) (quotation omitted); and

**WHEREAS** there is no question that resolution of the *Alden Leeds* action could substantially affect this matter because the Consent Decree, if approved, would result in the dismissal of some or all of OxyChem's claims against at least 85 defendants, substantially reducing the scope of any remaining cost recovery and contribution claims for contamination in the Lower Passaic River in the Diamond Alkali Superfund Site; and

**WHEREAS** continuing the massive effort and expense of discovery in this action for CERCLA clams that may become moot if the Consent Decree is approved would impose a significant burden not only on the Moving Parties but also on the Court, which – given the complexity of the claims presented and that there are over 100 defendants in this action – has been presented with an inordinate number of discovery disputes; and

**WHEREAS** the Court finds that the interests of justice and judicial economy are best served by a stay of this action; and

**WHEREAS** OxyChem does not oppose entry of a stay; therefore,

**IT IS** on this day, March 1, 2023, **ORDERED** that the unopposed Motion to Stay this action pending the outcome of the United States' request for judicial approval of the Consent Decree in *United States v. Alden Leeds, Inc.* is **GRANTED**; and it is further

**ORDERED** that this action and any pending motions are hereby administratively terminated; and it is further

**ORDERED** that this shall not constitute a dismissal Order under Federal Rule of Civil Procedure 41; and it is further

**ORDERED** that any party may request that this action be reopened and restored to the Court's active docket following adjudication of *United States v. Alden Leeds, Inc.* or for other good cause shown by filing a letter to that extent.

                     *s/ Leda Dunn Wettre*
                     Hon. Leda Dunn Wettre
                     United States Magistrate Judge