

May 17, 2023

*Via CM/ECF*
The Honorable Leda Dunn Wettre, U.S.M.J.
United States District Court for the District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street, Room 4015
Newark, NJ 07102

> Re: *Occidental Chemical Corp. v. Givaudan Fragrances Corp., et al.*
> **Civil Action No. 2:23-cv-01699**
>
> *United States v. Alden Leeds, Inc., et al.*
> **Civil Action No. 2:22-cv-07326**
>
> *Occidental Chemical Corp. v. 21st Century Fox Am., Inc., et al.*
> **Civil Action No. 2:18-cv-11273**

Dear Magistrate Judge Wettre:

We write on behalf of Occidental Chemical Corporation (OxyChem) to provide the concise status letter requested in the *Givaudan* matter and to provide an update regarding the *Alden Leeds* and *21st Century Fox* matters.

### OxyChem v. Givaudan Fragrances Corp., et al.

OxyChem and the Defendants have agreed to the following proposed briefing schedule for a motion to dismiss, deferring the Defendants' obligation to file responsive pleadings until after that motion is resolved:

- Defendants will file a motion to stay by **July 5, 2023**;
- OxyChem will file its opposition to the motion by **August 7, 2023**;
- Defendants will file a reply in support of the motion by **August 28, 2023**;
- Pleadings responsive to OxyChem's Complaint will be filed within 45 days of the Court's decision on the motion to stay.

If this briefing schedule is acceptable, the parties will submit a proposed Order for the Court's consideration.

Langsam Stevens Silver & Hollaender · 1818 Market St · Philadelphia, PA 19103  T 215.732.3255 · F 215.732.3260 · jmcdermott@lssh-law.com
Gibbs & Bruns LLP · 1100 Louisiana · Houston, Texas 77002 · T 713.650.8805 · F 713.750.0903 · www.gibbsbruns.com

The Honorable Leda Dunn Wettre, U.S.M.J.
May 17, 2023
Page 2

OxyChem disputes that any stay can or should be granted, regardless of the proposed *Alden Leeds* settlement. Reserving its right to brief any proposed stay further, OxyChem notes the following:

- This Court has ruled that when a party performs environmental response work under a unilateral order issued by EPA, its right to recover costs from other responsible parties is limited to a request for cost recovery under CERCLA Section 107. Dkt. 647 in *21st Century Fox* (Jul. 31, 2019 Order) at 8 ("[T]his Court agrees with the reasoning of the Second Circuit and finds that involuntarily incurred costs are recoverable under Section 107(a).").

- On March 2, 2023, the United States issued a new unilateral order to OxyChem directing it to perform the remedial design of EPA's selected interim remedy in the upper nine miles of the Passaic River in OU4. This was a new scope of work, involving a new order and new costs. None of these costs was (or could have been) at issue in OxyChem's existing contribution action involving the design of the remedy in the lower 8.3 miles of the Passaic River in OU2, which was filed almost five years ago.[1]

- If it is ultimately filed for Court approval, the proposed decree in *Alden Leeds* contemplates a request to enter a limited judicial decree that would bar only **contribution** claims under CERCLA Section 113 for the matters addressed in the settlement. However, as the Department of Justice stated in the May 5, 2023 Joint Status letter, the proposed decree may be withdrawn or modified at an unspecified and uncertain date in the future.

- The proposed decree does not address, does not seek to bar and, as a matter of law, cannot bar OxyChem's separate and distinct claims for **cost recovery** under CERCLA Section 107, the statute under which OxyChem has sued in the *Givaudan* matter. *See United States v. Atl. Rsch. Corp.*, 551 U.S. 128, 140 (2007) ("Finally, permitting PRPs to seek recovery under § 107(a) will not eviscerate the settlement bar set forth in § 113(f)(2). That provision prohibits § 113(f) contribution claims against '[a] person who has resolved its liability to the United States or a State in an administrative or judicially approved settlement . . . .' 42 U.S.C. § 9613(f)(2). *The settlement bar does not by its terms protect against cost-recovery liability under § 107(a).*" (emphasis added)).

- No part of CERCLA, in Section 113 or elsewhere, authorizes the United States to propose—or the Court to approve—entry of a decree barring cost recovery claims under CERCLA Section 107.

- To the contrary, the statute is clear and limited in affording a bar *only* to contribution claims: "A person who has resolved its liability to the United States …in an administrative or judicially approved settlement ***shall not be liable for claims for contribution*** regarding matters addressed in the settlement." 42 U.S.C. § 9613(f)(2) (emphasis added). "Where

---

[1] OxyChem does not dispute that the cases are related, but notes this point to emphasize the fundamentally *different* scope of work, costs, and remedy at issue in *Givaudan*.

The Honorable Leda Dunn Wettre, U.S.M.J.
May 17, 2023
Page 3

> Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *See Immigr. & Naturalization Serv. v. Cardoza-Fonseca*, 480 U.S. 421, 432 (1987). *Accord Fried v. JP Morgan Chase & Co.*, 850 F.3d 590, 601 (3d Cir. 2017) ("when Congress uses different language in the same act, we usually presume…that different language points to a different result.").

- Because OxyChem's Section 107 cost recovery claim cannot be barred by any settlement, no purpose is served by staying OxyChem's right to prosecute these claims now.[2]

### *United States v. Alden Leeds, et al.*

**Schedule.** The parties have previously submitted the requested joint status letter proposing a schedule in that matter.

**Public Comments.** The question ripe for decision (or for briefing, if the Court requests it) is whether the United States should be directed to file all public comments it has received on the settlement now, rather than waiting to file them after the United States decides how it wishes to respond to them. CERCLA Section 122(d)(2) mandates that public comments be made available to the public by filing them with the Court: "The Attorney General **shall** consider, **and file with the court**, any written comments, views, or allegations relating to the proposed judgment." *Id.* (emphasis added). The purpose of *public* comments is to ensure the public is informed of concerns expressed about the proposed settlement. That purpose is wholly defeated if the United States does not file the comments publicly, on the docket, where they are readily accessible without either the need to file a FOIA request or track down counsel to the United States to ask for them.[3] No part of the statute permits the United States to delay informing the Court and the public of comments received on the settlement until after the United States decides whether and how it wishes to

---

[2] The fact that OxyChem's Section 107 cost recovery claim cannot be barred raises distinct issues for the Defendants in the *Givaudan* matter. One possible defense to Section 107 claims is a claim for contribution against other responsible parties under CERCLA Section 113. Some or all such contribution claims may, however, be barred if the *Alden Leeds* settlement is approved. *See* Dkt. 2-1 in *Alden Leeds* (proposed consent decree) at 14 ¶ 20 ("Settling Defendants shall not assert any claims and waive all claims or causes of action (including claims or causes of action under Section 107(a) or 113 of CERCLA) that they may have for response costs regarding OU2 or OU4 against each other or any other person who is a potentially responsible party under CERCLA for OU2 or OU4."). The parties to the *Givaudan* matter may well wish to know, soon and before *Alden Leeds* is submitted for judicial approval, whether OxyChem's Section 107 claim will be stayed as it may affect their own willingness to proceed with the *Alden Leeds* settlement.

[3] Though in a different, rule-making context, the Third Circuit has emphasized that the right of the public to comment—and to obtain access to comments—is critically important. "The essential purpose of according §553 notice and comment opportunities is to reintroduce *public participation and fairness* to affected parties after governmental authority has been delegated to unrepresentative agencies. Notice and comment avoids the inherently arbitrary nature of unpublished, ad hoc determinations." *Compare United States v. Reynolds*, 710 F.3d 498, 519-20 (3d Cir. 2013) (internal quotations omitted), *quoting Dia Navigation Co., Ltd. v. Pomeroy*, 34 F.3d 1255, 1265 (3d Cir. 1994), and *Morton v. Ruiz*, 415 U.S. 199, 232 (1974). As the Third Circuit noted in *Reynolds* about rulemaking, the same is true here: "…without public participation, all that is left before an agency [acts] is the agency's ipse dixit that its determination will not be arbitrary and that it is fair to affected parties."

The Honorable Leda Dunn Wettre, U.S.M.J.
May 17, 2023
Page 4

respond to them. The United States should be ordered to file all comments it has received within five days of the conference.[4]

### *OxyChem v. 21st Century Fox America, Inc.*

We have discussed with OxyChem the Court's comments during the May 10, 2023 telephone conference about aligning the schedule for the continued stay in the *21st Century Fox* matter with the *Alden Leeds* proceeding. While OxyChem maintains that no stay is warranted as to parties (or sites) not included in the tentative *Alden Leeds* settlement, it understands the Court's comments and will not object to a further, time-limited stay of six additional months in *21st Century Fox*, subject to any party's right to seek to reopen that matter sooner if circumstances warrant.

OxyChem provided the Defendants a proposed form of order to implement this and received Defendants' redlined response this afternoon. OxyChem hopes to submit an agreed order—or, at a minimum, an order agreed to in large part—shortly.

Respectfully submitted,

Kathy D. Patrick

/s/ *John J. McDermott*

John J. McDermott

cc:   All counsel of record (via ECF)

---

[4] The United States has already responded to a FOIA request for public comments and has them readily available. Counsel for the United States has indicated that the comments will be made available to anyone who asks for them, without the need for a formal FOIA request. Congress, however, mandated public access—without the need to make a request of the United States—by imposing the filing requirement. The United States should be ordered, therefore, to comply by filing the comments now on the public docket.