**PretiFlaherty**

Portland, ME
Augusta, ME
Concord, NH
Boston, MA
Washington, DC

Jeffrey D. Talbert
jtalbert@preti.com
207.791.3239

May 18, 2023

**VIA CM/ECF**

Hon. Leda Dunn Wettre, U.S.M.J.
United States District Court
District of New Jersey
Martin Luther King Building & U.S. Courthouse
50 Walnut Street
Newark, New Jersey 07102

      RE:    *Occidental Chemical Corp. v. Givaudan Fragrances Corp., et al.*
                **Docket No. 2:23-cv-01699-MCA-LDW**

             *United States v. Alden Leeds, Inc., et al.*
             **Docket No. 2:22-cv-07326-MCA-LDW**

             *Occidental Chemical Corp. v. 21st Century Fox America, Inc., et al.*
             **Docket No. 2:18-cv-11273-MCA-LDW**

Dear Magistrate Judge Wettre:

      The Small Parties Group ("SPG") Defendants submit this response to OxyChem's May 17 letter, which was filed in all three of the above-captioned cases and veered significantly from the Court's May 10 request in the conference in *Occidental Chemical Corp. v. 21st Century Fox America*.[1] Instead of simply informing the Court of the parties' agreed-upon scheduling proposal, as the Court requested, OxyChem used its letter to pre-brief its positions on the SPG Defendants' anticipated motion to stay in *Givaudan* and to argue about when the United States should file public comments in *United States v. Alden Leeds*.[2] The fact that OxyChem chose to file the same letter in each case only underscores that—contrary to what it argues in its letter—OxyChem knows that these are all closely related matters.

      Indeed, *Givaudan* is so similar to *21st Century Fox* that the factors justifying a stay in *21st Century Fox* apply with equal force to *Givaudan*. The two actions share the following core attributes:

---

[1] No. 2:18-cv-11273-MCA-LDW (D.N.J.) ("*21st Century Fox*"); *see* ECF No. 56 at 2-4 in *Occidental Chemical Corp. v. Givaudan Fragrances Corp.*, No. 2:23-cv-01699 (D.N.J.) ("*Givaudan*").

[2] No. 2:22-cv-07326-MCA-LDW (D.N.J.) ("*Alden Leeds*").

Preti Flaherty Beliveau & Pachios LLP   Attorneys at Law   One City Center, Portland, ME 04101  |  PO Box 9546, Portland, ME 04112-9546  |  Tel 207.791.3000  |  www.preti.com

20486932.1

PRETI FLAHERTY

Hon. Leda Dunn Wettre, U.S.M.J.
May 18, 2023
Page 2

- **Same parties:** All thirty-seven *Givaudan* defendants are also parties in *21st Century Fox* as to largely the same facilities and the same alleged discharges.[3]

- **Same Superfund Site and Same Operable Unit:** Both actions are for costs associated with the Lower Passaic River Study Area, also known as Operable Unit ("OU") 4, within the Diamond Alkali Superfund Site. As in *Givaudan*, every party in *21st Century Fox* asserts claims as to OU4 and as to OU2, which is part of OU4.[4] Moreover, in its initial complaint in *21st Century Fox*, OxyChem expressly reserved the right to assert future costs for the same or different OUs based on subsequent assessments by EPA—precisely what it now seeks in *Givaudan*.[5]

- **Same cause of action/same elements:** OxyChem's claims in *Givaudan* require that it prove the exact same elements according to the same standard of proof as in *21st Century Fox* under CERCLA, with only the precise costs at issue to distinguish the claims.[6]

- **Same defenses:** The defendants in *Givaudan* will be required to assert similar counterclaims under Section 113 of CERCLA as were asserted in *21st Century Fox* for contribution and defenses associated with OxyChem's liability for substantially all of the costs to clean up the Lower Passaic River. Both cases would require the Court to allocate overlapping costs within OU4.

- **Same discovery:** Because the cases involve the same facilities, alleged discharges, and costs, the discovery in *Givaudan* will duplicate that taken or potentially to be taken in *21st Century Fox*. A portion of the damages also overlap (*e.g.*, with respect to counterclaims).

Based on the shared—indeed, almost identical—aspects of *21st Century Fox* and *Givaudan* and the duplication of discovery and waste of Court and party resources that would result from

---

[3] *See* ECF Nos. 1, 1170 in *21st Century Fox*.

[4] That *Givaudan* is based on costs incurred under a Unilateral Administrative Order ("UAO") for OU4 does not distinguish it: OxyChem's claims in *21st Century Fox* include a claim for costs incurred under a UAO for River Mile 10.9, which is in OU4. *See* ECF No. 1 at ¶¶ 271-87 in *21st Century Fox*; ECF No. 763 at ¶¶ 11, 15-17, 19-297 in *21st Century Fox*.

[5] ECF No. 1 at ¶ 287 in *21st Century Fox*.

[6] *See* 42 U.S.C.A. §§ 9601, 9607(a), 9613(f).

P<small>RETI</small> F<small>LAHERTY</small>

Hon. Leda Dunn Wettre, U.S.M.J.
May 18, 2023
Page 3

maintaining both as separate actions, *Givaudan* should be on the same schedule as *21st Century Fox* for as long as *Alden Leeds* is pending.[7]

OxyChem also takes an unreasonably narrow (and incorrect) view of the effect of contribution protection on *21st Century Fox* and then applies that flawed view to the prospect of a stay in *Givaudan*. In imposing the stay in *21st Century Fox*, the Court correctly reasoned that entry of the CD could result in the dismissal of some or all claims.[8] Such dismissal could occur by multiple means. One is through contribution protection—whereby a party cannot maintain a claim against a settling party for the same costs that the settling party has already resolved via settlement with the government.[9] Contribution protection is a core feature of CERCLA, but its application to bar certain of OxyChem's claims is only one source of dismissal. The resolution of *Alden Leeds* could also result in the dismissal of the defendants' counterclaims, cross-claims, and third-party claims against OxyChem and each other.

More broadly as to all claims, however, the Court recognized that "continuing the massive effort and expense of discovery" in *21st Century Fox* while even some of those claims could be mooted by the outcome of *Alden Leeds* "would impose a significant burden" on the Court and the parties alike.[10] The entry of the CD in *Alden Leeds* would further affect *21st Century Fox* in that CERCLA reduces a non-settlor's potential liability by the amount of the settlement, meaning that entry of the CD would offset the total response costs that remain at issue in *21st Century Fox*.[11] These rationales equally apply to *Givaudan*. Thus, even aside from the similarities between *21st Century Fox* and *Givaudan*, the resolution of *Alden Leeds* will affect the claims—including likely counterclaims, cross-claims, and third-party claims—and cost calculations in *Givaudan* in the same way that they will affect the claims in *21st Century Fox*. A stay is therefore independently warranted in *Givaudan*.

The SPG Defendants look forward to discussing this with the Court at the conference scheduled for May 19, 2023.

---

[7] If the Court accepts the United States' proposed schedule in *Alden Leeds* to provide a status update on June 30, 2023, the result of that update could affect the need for or the terms of the requested stay in *Givaudan*. *See* ECF No. 226 in *Alden Leeds*.

[8] ECF No. 2289 at 2-3 in *21st Century Fox*.

[9] 42 U.S.C.A. §§ 9613(f)(2), 9622(h)(4); *see Port of Seattle v. The Boeing Co.*, No. C22-0993JLR, 2022 WL 17176858, at *4, 6 & nn.12 & 14 (W.D. Wash. Nov. 23, 2022).

[10] ECF No. 2289 at 3 in *21st Century Fox*.

[11] *See* 42 U.S.C.A. §§ 9613(f)(2), 9622(h)(4).

Preti Flaherty

Hon. Leda Dunn Wettre, U.S.M.J.
May 18, 2023
Page 4

    Respectfully submitted,

    *s/ Jeffrey D. Talbert*
    **PRETI, FLAHERTY, BELIVEAU & PACHIOS, LLP**
    One City Center, PO Box 9546
    Portland, ME 04112
    Tel: 207.791.3239
    jtalbert@preti.com

    *Common Counsel for the Small Parties Group Defendants*

cc:    All counsel of record