**FBT GIBBONS LLP**
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
*Attorneys for MI Holdings, Inc.*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY
## NEWARK VICINAGE

|  |  |
|---|---|
| OCCIDENTAL CHEMICAL CORPORATION, <br><br> Plaintiff, <br><br> v. <br><br> 21ST CENTURY FOX AMERICA, INC., et al., <br><br> Defendants. | Civil Action No. 2:18-cv-11273-MCA-LDW |

## MEMORANDUM OF LAW IN SUPPORT OF
## MOTION TO WITHDRAW AS COUNSEL FOR MI HOLDINGS, INC.

G005593.G098890  4908-7808-8081v2

**Preliminary Statement**

FBT Gibbons LLP[1] ("Gibbons") respectfully submits this Memorandum of Law in support of its Motion for leave of Court to withdraw as counsel for MI Holdings, Inc. ("MIH") pursuant to Local Civil Rule 102.1.[2]  As discussed in more detail below, MIH and its debtor affiliates voluntarily filed their respective bankruptcy petitions in the United States Bankruptcy Court for the District of Delaware.  Pursuant to the confirmed Chapter 11 Plan of Liquidation in that case, all of the Debtors' remaining assets, including the assets of MIH, have been transferred to a Liquidation Trust for the payment of claims.  Gibbons thus no longer has a functioning client or any prospect of being paid to litigate this case or to even file the within Motion.  Additionally, all of the factors that the Court should consider on this Motion are satisfied: Gibbons has good and sufficient cause to withdraw, its withdrawal will not harm other litigants in this case or the administration of justice, and its withdrawal will not delay resolution of this case.

**Background**

On August 12, 2024 (the "Petition Date"), Avon Products, Inc., a United States non-operational holding company of the Avon beauty brand, and certain of its U.S. subsidiaries, including MIH, filed voluntary petitions under chapter 11 of title 11 of the United States Code, 11 U.S.C. § 101, *et seq*. (the "Bankruptcy Code") in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").  *See In re AIO US, Inc.*, Case No. 24-11836-CTG (Bankr. D. Del), ECF No. 2 (motion for joint administration of related chapter 11 cases).  On October 25, 2024, an additional sixteen (16) U.S. subsidiaries of debtors (collectively with the

---

[1] FBT Gibbons LLP was formerly known as Gibbons P.C.  Because this case is marked as closed, this name change is not reflected on the docket.

[2] The attorneys from Gibbons that have appeared in this case on behalf of MIH and that seek to withdraw those appearances are: Adam Arnold, William S. Hatfield, Camille V. Otero, and Matthew J. Sinkman.

original bankruptcy petitioners, "Debtors") filed for bankruptcy under chapter 11 of the Bankruptcy Code. *See id.*, ECF No. 297. Debtors' cases have been jointly administered under Case No. 24-11836 before the Honorable Craig T. Goldblatt, United States Bankruptcy Judge. *See id.*, ECF Nos. 50, 389 (Orders approving motions for joint administration). The Debtors initiated bankruptcy to address their debt and legacy talc liabilities and "to implement a sale of all or substantially all of the Debtors' assets to maximize value for the estates and their creditors." *See id.*, ECF No. 2 at 2-3 ¶ 4, 6 ¶ 14; *accord id.*, ECF No. 297 at 8 ¶ 8.

As discussed below, the Bankruptcy Court has approved the sale of all or substantially of Debtors' assets and the transfer of Debtors' remaining assets into a Liquidating Trust to be liquidated for the payment of claims. Accordingly, MIH no longer exists as a functioning entity and Gibbons no longer has a viable client.

On August 14, 2024, two (2) days following the initial Petition Date, the original Debtors filed with the Bankruptcy Court a motion seeking the entry of an order approving bidding procedures for the sale of substantially all of their assets pursuant to section 363 of the Bankruptcy Code. *See id.*, ECF No. 64. On October 29, 2024, the Bankruptcy Court approved the bidding procedures. *See id.*, ECF No. 319 (the "Bid Procedures Order"). Among other things, the Bid Procedures Order authorized the Debtors to designate Natura & Co Holding, S.A. ("Natura") as the Stalking Horse Bidder and set November 15, 2024 as the deadline for the submission of competing qualified bids (the "Bid Deadline"). *See id.* at 7, 10. The Debtors did not receive any qualified bids by the Bid Deadline. *See id.*, ECF No. 415 at 2. On November 18, 2024, in consultation with the Official Committee of Unsecured Creditors and the Special Committee of the Debtors, the Debtors cancelled the auction. *See id.* The Debtors also provided notice that they intended to move before the Bankruptcy Court for the entry of an Order

2

Approving the Sale Transaction to Natura pursuant to section 363 of the Bankruptcy Code.  *See id.*

On November 21, 2024, the Bankruptcy Court entered the *Order (I) Establishing Bar Dates for Filing Proofs of Claim, (II) Approving Proposed Proof of Claim Forms and Procedures for Filing Proofs of Claim, (III) Approving Proposed Forms of Bar Date Notice and Procedures for Providing Notice of Bar Dates, and (IV) Granting Related Relief* (the "Bar Date Order").  *See id.*, ECF No. 482.  Pursuant to the Bar Date Order, in order to provide notice of the Bar Dates, the Debtors were required only "to mail the Bar Date Notice to their reasonably ascertainable creditors"; "publish Notice of the Bar Date once in the national editions of *The Wall Street Journal* and *USA Today*, and any other publications the Debtors deem appropriate"; and "post the Claims Form and Bar Date on the Debtors' Claims Website."  *See id.* at 10-11 ¶¶ 11, 13.

On December 6, 2024, the Bankruptcy Court entered the *Order (I) Approving the Sale of Substantially All of the Debtors' Assets Free and Clear of All Non-Assumed Liens, Claims, Encumbrances and Interests, (II) Approving the Assumption and Assignment of Certain Executory Contracts and Unexpired Leases, and (III) Granting Related Relief* (the "Sale Order").  *See id.*, ECF No. 582.  As set forth in the Sale Order, the Bankruptcy Court found that good and sufficient notice of the proposed sale to Natura had been provided to interested parties. *See id.* at 4-5 ¶¶ C-E.  The Bankruptcy Court found that:

> With respect to entities or persons whose identities are not reasonably ascertainable by the Debtors, publication of the Sale Notice on the Debtors' case information website (located at http://dm.epiq11.com/case/aiousinc/info) and in *The Wall Street Journal*, was sufficient and reasonably calculated under the circumstances to reach all such entities and persons.

*Id.* at 5 ¶ E.

G005593.G098890   4908-7808-8081v2

On September 24, 2025, the Bankruptcy Court confirmed a Plan of Liquidation ("Plan"), which provided for, among other things, the transfer of all of Debtors' remaining assets into a Liquidation Trust, the payment of claims against Debtors' estates from the Trust, and the appointment of the Hon. Melanie L. Cyganowski (Ret.) as Liquidating Trustee. *See id.*, ECF No. 1550 (Order Confirming Plan (attached as <u>Exhibit A</u> to the Certification of Camille V. Otero, dated April 6, 2026 and submitted herewith ("Otero Cert.") at 14-15 ¶¶ 7-8. The Plan provided that "as of the Effective Date, the Avon Liquidation Trust shall assume sole and exclusive responsibility and liability for all liabilities of the Liquidating Debtors arising after the Effective Date". *See id.*, ECF No. 1577 (Notice of Occurrence of Effective Date and Entry of Order Confirming Plan (attached as <u>Exhibit B</u> to the Otero Cert.)) at 2 ¶ 5 (discussing the Plan). On November 12, 2025, the Liquidating Trustee, through her counsel, informed Gibbons that she does not object to its withdrawal from this matter, given that the Debtors have no assets and are required to be dissolved under the Chapter 11 Plan. *See* Otero Cert. ¶ 5.

## Argument

Under Local Civil Rule 102.1, "[u]nless other counsel is substituted, no attorney may withdraw an appearance except by leave of Court." Permission to withdraw under Rule 102.1 is "within the discretion of the Court." *Aganan v. Rodriguez*, No. 23-21410 (JKS) (JBC), 2024 U.S. Dist. Lexis 103429, at *4-5 (D. N.J. June 11, 2024). "In deciding whether to permit withdrawal, courts in this district consider: (1) the reasons withdrawal is sought; (2) the prejudice withdrawal may cause to other litigants; (3) the harm withdrawal might cause to the administration of justice; and (4) the degree to which withdrawal will delay the resolution of a case." *Id.*; *accord Gray v. University Correctional Healthcare Rutgers*, No. 21-970 (RMB/SAK), 2025 U.S. Dist. Lexis 150090, at *4-5 (D. N.J. Aug. 5, 2025). Additionally, Rule

4

1.16(b) of the New Jersey Rules of Professional Conduct ("RPC") provides circumstances in which counsel may withdraw their appearance. *Id.*

As to the first factor, Gibbons has good reason to withdraw. As of the Effective Date, Gibbons effectively no longer had a client with any ability to pay its fees. *See* RPC 1.16(b)(6) (permitting withdrawal if "the representation will result in an unreasonable financial burden on the lawyer"). This is because pursuant to the confirmed Plan, MIH has transferred all of its remaining assets to the Liquidation Trust. As a result, there is no longer a client on whose behalf Gibbons could litigate this case. Further, the Hon. Melanie Cyganowski (Ret.), the Liquidation Trustee, has consented to Gibbons' withdrawal. Accordingly, there is good reason for Gibbons to withdraw from its representation of MIH. *See Banyan Licensing, Inc. v. Orthosupport Int'l, Inc.*, No. 3:00CV7038, 2002 U.S. Dist. Lexis 17341, at *11 (N.D. Ohio Aug. 15, 2002) (authorizing withdrawal of counsel without substitute counsel due to unpaid attorneys' fees; defendant filed for bankruptcy and was subject to bankruptcy stay); *Portscher v. Ohio Industries, Inc.*, No. 00-CV-0675E(Sr), 2007 U.S. Dist. Lexis 19692, at *12-13 (W.D.N.Y. March 16, 2007) (similar; attorneys were unable to make contact with client that was subject to the bankruptcy stay and alleged that they had unpaid legal fees).

Second, Gibbons' withdrawal would not harm any other litigants in this case. When MIH filed for bankruptcy, the within case was automatically stayed against MIH pursuant to section 362 of the Bankruptcy Code. The parties herein were on notice of the bankruptcy and in turn were free to pursue their respective claims and rights against MIH in the Bankruptcy Court in Delaware.[3] Additionally, this case has been stayed as to all parties pending a decision in a related case. *See* ECF No. 2351 (staying case pending a decision in *United States v. Alden*

---

[3] Pursuant to the Bar Date Order, a suggestion of bankruptcy was not required to be filed in the instant case.

5

G005593.G098890  4908-7808-8081v2

*Leeds*, No. 2:22-cv-07326-MCA-LDW).  Further, significant discovery has already been obtained from MIH, including pursuant to Fed. R. Civ. P. 30(b)(6), so the other litigants would not be harmed from a lack of discovery from MIH.  *See* Otero Cert. ¶ 7.  Third, for similar reasons, nothing indicates that Gibbons' withdrawal would harm the administration of justice, and as noted above, the Trustee has consented to Gibbons' withdrawal.  *See* RPC 1.16(b)(1) (permitting withdrawal if it "can be accomplished without material adverse effect on the interests of the client").

Fourth, Gibbons' withdrawal would not delay resolution of this case.  As noted above, in addition to the bankruptcy stay, the case overall is stayed pending a decision in *Alden Leeds*.  A decision in that case is being appealed, so the stay of the instant case may be in place for some time.  *See Alden Leeds*, ECF No. 402 (Notice of Appeal).  Additionally, significant discovery has already been obtained from MIH, so if or when this case becomes active again, nothing relating to MIH should delay the case.  Moreover, to the extent necessary, the Liquidating Trustee is now in the process of taking possession of the Debtors' books and records as part of the transfer of the Debtors' remaining assets to the Liquidation Trust.  *See* Otero Cert. ¶ 6.

## Conclusion

For the foregoing reasons, it is respectfully requested that this Court grant Gibbons' Motion to withdraw as counsel for MIH.

6

Respectfully submitted,

**FBT GIBBONS** LLP


By:     */s/ Camille V. Otero*
Camille V. Otero
One Gateway Center
Newark, New Jersey 07102-5310
(973) 596-4500
cotero@fbtgibbons.com
*Attorneys for MI Holdings, Inc.*

April 10, 2026

7

G005593.G098890   4908-7808-8081v2

**CERTIFICATE OF SERVICE**

I hereby certify that on April 10, 2026, the foregoing Memorandum of Law was served upon (1) all counsel of record via the CM/ECF Electronic filing system of the United States District Court for the District of New Jersey, and (2) the Hon. Melanie L. Cyganowski (Ret.) via email and FedEx.

**FBT GIBBONS LLP**

By:    */s/ Camille V. Otero*
          Camille V. Otero
          One Gateway Center
          Newark, New Jersey 07102-5310
          (973) 596-4500
          cotero@fbtgibbons.com
          *Attorneys for MI Holdings, Inc.*

April 10, 2026

8

G005593.G098890   4908-7808-8081v2